

# SUBSCRIPTION AGREEMENT

SUBSCRIBER: LI Lan

Palm House Hotel, LLLP
a Florida Partnership
197 S. Federal Highway, Suite 200, Boca Raton, FL 33432

RE:   Offering by Palm House Hotel, LLLP of Partnership interests

The undersigned Subscriber hereby subscribes to and agrees to purchase an equity interest in Palm House Hotel, LLLP, a Florida limited liability Partnership ("Partnership") consisting of a $500,000 equity investment in Partnership ("Investment") as set forth below on the signature page hereof. The investment in Partnership, and indirectly in the Hotel Project ("Project") is described in the Private Placement Memorandum ("Memorandum"). The Partnership will be managed by South Atlantic Regional Center, LLC ("General Partner"). All capitalized terms not otherwise defined herein shall have the meaning specified in the Memorandum.

In addition to the $500,000 investment, each Subscriber will pay concurrently to General Partner an organizational and administration fee of $40,000, as described in the Memorandum and LP Agreement. Upon General Partner's acceptance of the Subscription, the entire $540,000 shall be wired into an Escrow.

Subscriber, by executing this Subscription Agreement, does hereby certify and agree as follows:

1.   I have had a personal interview (the "Interview") with the representative of General Partner. During the course of the Interview, we discussed the information concerning the Partnership, General Partner, and their business in great detail and I had the opportunity to obtain any additional information I believed I needed in order to evaluate the risks and merits of the investment. I have also been provided with the Memorandum that provides certain

**EXHIBIT A**

information concerning an investment in the Partnership. In addition, I have undertaken such independent due diligence activities as I feel necessary in order to determine the viability of the Partnership's and the Project. No oral representations have been made or oral information furnished to the undersigned or his advisor(s) in connection with the offering of this investment, which were in any way inconsistent with the Memorandum.

2. I understand, acknowledge and agree that the proceeds to be received by the Partnership from my investment will be used for development of the Project that is described in the Memorandum and that I am relying on the abilities of the management of General Partner with respect to such investment.

3. I, or my competent professional advisors, if any, have such knowledge and experience in business and financial matters to enable me to utilize the information made available to me in connection with the offering of the Investment to evaluate the merits and risks of the proposed investment and to make an informed investment decision.

4. I understand that I or my authorized representatives have had the opportunity to obtain from General Partner any additional information, such as documents, records, and books pertaining to this investment to the extent possessed or obtainable without unreasonable effort or expenses, necessary to evaluate the merits and risks of the proposed investment and I have concluded, based on information presented to me, my own understanding of investments of this nature and the advice of such consultants as I deem appropriate, that I wish to subscribe for the amount of the Investment set forth below.

5. I understand that the investment has tax implications, and that any income therefrom may be subject to U.S. or Florida State income tax withholding. I further understand that I am advised to consult with a tax professional on tax-related aspects of the Investment.

6. I understand that the Investment being acquired hereby has not been registered under the Securities Act of 1933 (the Act) or the securities laws of the State of Florida or any other state and therefore, I must bear the economic risks of the investment for an indefinite period of time since the Investment cannot be sold or offered for sale unless subsequently so registered or an exemption from such registration is available. Finally, it is my understanding that there is virtually no market for the resale of investments such as this and that any realization on the value of my investment will, in all probability, be solely from the distribution of cash realized upon the liquidation of the Partnership or from operations.

7. I agree not to transfer or assign this Subscription Agreement, or any of my interest herein. I understand that any certificate evidencing the Investment purchased will bear a restrictive legend and that the transfer records of the Partnership will indicate the restrictions on transferability and sale noted in Paragraph 7 above. I agree that I will not dispose of any of the Investment subscribed for hereunder unless I have complied with the terms of the LLC Agreement and delivered to the Partnership an opinion of counsel in form acceptable to the Partnership that the proposed disposition does not violate the Act and the rules and regulations of the Securities and Exchange Commission or any applicable state blue sky or securities laws.

8. The Investment is being purchased for my own account, for investment purposes only, and not for the account of any other person, and not with a view to distribution, assignment, or resale to others or to fractionalize in whole or in part and that the offering and sale of the Investment is intended to be exempt from registration under the Act by virtue of Section 4(2) of the Act. In furtherance thereof, I represent, warrant, and agree as follows: (i) no other person has or will transfer such Investment except in accordance with the Act, the LLC Agreement of the Partnership and applicable state securities laws or unless, in the opinion of

counsel for the Partnership, an exemption from the registration requirements of the Act and such laws is available; and (ii) the Partnership is under no obligation to register the Investment on my behalf or to assist me in complying with any exemption from registration.

9. I am aware of and understand that the Investment is a speculative investment, which involves a high degree of risk of loss by me of my entire investment. In this connection, I have carefully considered the information furnished to me during the Interview and contained in the Memorandum.

10. I ACKNOWLEDGE THAT I AM NOT RELYING ON ANY REPRESENTATIONS OR PROJECTIONS CONCERNING THE OPERATIONS OF THE OWNER OR THE PARTNERSHIP, EXPRESS OR IMPLIED, ORAL OR WRITTEN, AND FURTHER ACKNOWLEDGE THAT I HAVE BEEN ADVISED TO CONSULT MY OWN TAX ADVISOR CONCERNING THE TAX ASPECTS OF AN INVESTMENT IN THE PARTNERSHIP. MY DECISION TO PURCHASE IS BASED UPON MY OWN INDEPENDENT ANALYSIS OF THE BUSINESS PROSPECTS OF THE OWNER AND THE PARTNERSHIP. I FURTHER ACKNOWLEDGE THAT I UNDERSTAND THAT ANY ESTIMATES OF THE PARTNERSHIP'S ECONOMIC PERFORMANCE PROVIDED TO ME MERELY REPRESENT THE PARTNERSHIP'S ESTIMATES OR RESULTS OF OPERATION AND THERE CAN BE NO ASSURANCE WHATSOEVER THAT THE ESTIMATED RESULTS CAN OR WILL BE ACHIEVED.

11. I shall indemnify and hold harmless from and against all demands, damages, losses, liabilities, costs and expenses the Partnership and General Partner, and any of their officers, employees, directors, and control persons as well as affiliates, representatives, attorneys, accountants and agents who were or are a party or are threatened to be made a party of any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, by reason of or arising from my actions, my failure to be an accredited investor, to fulfill any of the terms or conditions of this Subscription Agreement, by my breach of the representations and warranties I have made herein, or in the LP Agreement, or in any other document I have provided to General Partner, or any actual or alleged misrepresentation or misstatement of facts or omission to represent or state facts made by me to the Partnership concerning myself or my financial position or otherwise made herein in connection with the offering or sale of the Investment including any violation of the Securities Act of 1933 or the Securities and Exchange Act of 1934, from and against all demands, damages, losses, liabilities, costs and expenses (including attorneys fees, judgments, fines and amounts paid in settlement) as actually and reasonably are incurred in connection with such action, suit, or proceeding.

12. I understand that this Subscription may be rejected, in whole or in part, by the Partnership in its sole discretion, at any time prior to the Offering termination, notwithstanding prior receipt by me of notice of acceptance of my subscription.

13. I understand the risks associated with the EB-5 immigration program. These risks include, but are not limited to: (1) my immigration status is not guaranteed by the Partnership or any other entity, and is wholly reliant on a determination by the USCIS, (2) my entire investment is "at risk" and is not guaranteed by any party, (3) that if the requisite number of jobs (10 per investor) are not created, then my I-829 application to have conditions removed will be denied by the USCIS. I understand that I am advised to seek independent immigration counsel.

14. This Subscription is and shall be irrevocable. I agree that I may not cancel or terminate or revoke this Agreement, or any agreement I make hereunder. I agree that this Agreement shall survive my death or disability, and shall be binding upon my heirs, executors,

administrators, successors and assigns. However, I shall have no obligations hereunder in the event that (i) this Subscription is rejected for any reason or (ii) the terms of the Offering have not been satisfied.

**15.**   I am aware that no federal or state agency has made any finding or determination as to the fairness of this Offering for investment, nor any recommendation or endorsement of the Investment. I AM AWARE AND UNDERSTAND THAT (A) THERE ARE NO FINANCIAL STATEMENTS FOR THE PARTNERSHIP; AND (B) NO DUE DILIGENCE HAS BEEN PERFORMED BY ANY COUNSEL OR ACCOUNTANT FOR THE PARTNERSHIP WITH RESPECT TO THE ISSUANCE AND SALE OF THE INVESTMENT TO ME.

**16.**   I acknowledge that the information given to me during the interview and the information set forth in the Memorandum is confidential and non-public and agree that all such information shall be kept in confidence by me and neither used by me to my personal benefit (other than in connection with my subscription for Investment) nor disclosed to any third party for any reason; provided that this obligation shall not apply to any such information which (i) is part of the public knowledge or literature and readily accessible at the date hereof; (ii) becomes part of the public knowledge or literature and readily accessible by publication (except as a result of a breach of these provisions); or (iii) is received from third parties (except third parties who disclose such information in violation of any confidentiality agreements including, without limitation, any Subscription Agreement they may have with the Partnership).

**17.**   All information which I have provided concerning myself, my financial position and my knowledge of financial and business matters and that of my representatives is correct and complete as of the date hereof, and if there should be any material change in such information prior to the acceptance of the subscription, I will immediately provide the officers of General Partner with such information.

**18.**   If I am an individual, I am 21 years of age or older.

**19.**   I acknowledge and agree that I have (i) read, (ii) fully understand, personally or through the advice from my competent professional advisors, and (iii) specifically accept and adopt, each and every provision of the Partnership LP Agreement, a copy of which is annexed to the Memorandum as Exhibit A and do simultaneously with executing this Subscription Agreement, execute such LP Agreement subject to acceptance by General Partner.

**20.**   This Agreement shall be enforced, governed and construed in all respects in accordance with the laws of the State of Florida.

**21.**   Within ten (10) days after receipt of a written request from General Partner, I agree to provide such information and to execute and deliver such documents as reasonably may be necessary to comply with any and all laws and ordinances to which the Partnership is subject.

**22.**   I have read and understand the LP Agreement, including the section concerning the Executive Order on Terrorist Financing issued September 23, 2001 by President George W. Bush (Order). (The Order is available on-line at: www.whitehouse.gov/news/releases/2001/09/20010924-1.html). The term Terrorist as used herein shall have the same meaning as the phrase following persons in Section 1 of the Order. The Order includes named organizations (e.g. Al Qaida) and persons (e.g. Osama bin Laden) as well as others determined by federal officials to be controlled by, providing assistance to or associates of such organizations and persons. Among other things, the Order provides that: all property and interests in property of the following persons ... are blocked, any transaction or

dealing ... in property or interests in property blocked ... is prohibited, any transaction ... that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions set forth in this order is prohibited, and any conspiracy formed to violate any of the prohibitions set forth in this order is prohibited. The phrase following persons (hereinafter referred to as Terrorists) is generally defined in the Order as meaning terrorists, including a specified list or persons and organizations. I hereby represent and warrant that I am not a Terrorist as described above.

**23.** I am a resident of: _____
(list U.S. state or province/country).

**24.** I AM AN ACCREDITED INVESTOR! I am aware that the Investment is being offered to accredited investors only. I acknowledge and warrant that I am an accredited investor because (check appropriate category):

a. [✓] My individual net worth (without any exclusions), or joint net worth together with my spouse (if any), is in excess of $1,000,000 (exclusive of my or my spouse's primary residence).

b. [ ] My individual income was in excess of $200,000 in each of the past two years (excluding my spouse's income), or my joint income with my spouse was in excess of $300,000 in each of the past two years, and I expect to have an income in excess of that amount in the current year.

**25.** I hereby provide you with the following information and representations:

1. Employer and Position: Chongqing Dachuan Holding (Group) Co., Ltd. /Vice President

2. Business Address and Telephone Number: No. 105-97, Dayanggongqiao, Shapingba District, Chongqing City /86-23-89851916

3. Business or professional education and degrees: _____
Chongqing MBA College / MBA

4. Prior Employment (5 Years):

| EMPLOYER | NATURE OF DUTIES | DATES OF EMPLOYMENT |
|---|---|---|
| Chongqing Dachuan Holding (Group) Co., Ltd. | Mainly takes charge of planning and finance department of the group, investment and financing department, and subordinate guarantee company, and undertakes checking, taxation, financing, and fund allocation work of group finance system. | June 2006 |

5. Prior Investments of Purchaser (cumulative amount):

Real Estate:   None: [✓]   Up to $100,000: [ ]   Over $100,000: [✓]

Oil and Gas:   None: [✓]   Up to $100,000: [ ]   Over $100,000: [ ]

Other:         None: [ ]    Up to $100,000: [ ]   Over $100,000: [✓]

THE INFORMATION CONTAINED IN THIS SUBSCRIPTION AGREEMENT WILL BE TREATED CONFIDENTIALLY. However, I agree that you may present this Subscription Agreement to such parties as you deem appropriate if the Partnership is called upon to establish that the proposed offer and sale of the Investment is exempt from registration under the Act, or meets the requirements of applicable state securities laws.

IN WITNESS WHEREOF, the undersigned has executed this Subscription Agreement.

Signature: _____

Date: Aug 1, 2013

Amount of Investment: $500,000

Ownership interest to be vested in the name(s) as follows:

Name Typed or Printed: LI Lan

Social Security Number: _____

Phone Number: 13608325046    Email: 2669773@QQ.com

Street Mailing Address: No. 4-4-2, Building B2, Shimahe Yijiangcheng, Jiangbei District

City: Chongqing    State or Province: _____

Country: P.R. China    Zip / Postal Code: 400021

The initial $40,000 check will be deposited into escrow and should be made payable to:

"PNC Bank, as Escrow Agent for Palm House Hotel, LLLP."

**If your subscription is not accepted, please indicate your beneficiary bank to return your investment:**
Wire Instructions for payments to Beneficiary Bank:
Beneficiary Name: _____
Beneficiary Address: _____
Beneficiary Bank Account Number: _____
Beneficiary Phone Number: _____
Beneficiary ID (Passport Number): _____
Beneficiary Bank Name: _____
Beneficiary Bank Address: _____
Branch SWIFT Code: _____

*If required* Intermediary Bank Name: _____
*If required* Intermediary Bank Address: _____
*If required* Intermediary Bank SWIFT Code: _____