UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-81871-KAM

LAN LI, an individual; YING TAN, an individual;
TAO XIONG, an individual; et al.,

      Plaintiffs,

vs.

JOSEPH WALSH, et al.,

      Defendants.

_____/

### ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendants Ali Herischi and Herischi & Associates, LLC (collectively the "Herischi Defendants") file their Answer and Affirmative Defenses to the Plaintiffs' Amended Complaint dated August 30, 2017 (ECF No. 181) as follows:

### ANSWER

In Answer to the Amended Complaint, the Herischi Defendants state as follows:

### INTRODUCTION

1.    The Herischi Defendants deny the allegations contained in paragraph 1 of the Amended Complaint.

2.    The Herischi Defendants deny the allegations contained in paragraph 2 of the Amended Complaint.

3.    The Herischi Defendants admit that the Herischi Defendants and the Iranian Plaintiffs were informed that the Iranian Plaintiff's funds were to be held in escrow pending approval of their applications, but otherwise deny the allegations contained in paragraph 3 of the Amended Complaint.



4.      The Herischi Defendants deny the allegations contained in paragraph 4 of the Amended Complaint (including the allegations contained in subsections (a) through (c)).

5.      The Herischi Defendants deny the allegations contained in paragraph 5 of the Amended Complaint.

6.      The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Amended Complaint.  The Herischi Defendants deny that they removed or received any of the funds described in paragraph 6 of the Amended Complaint.

7.      The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Amended Complaint.  The Herischi Defendants deny that they removed or received any of the funds described in paragraph 7 of the Amended Complaint.

8.      The Herischi Defendants deny that they removed or received any of the funds described in paragraph 8 of the Amended Complaint.  The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations contained in paragraph 8 of the Amended Complaint (including the allegations contained in subsections (a) through (c) of that paragraph).

9.      The Herischi Defendants admit that the no EB-5 visa was issued to Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, or Ali Adampeyra.  The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations contained in paragraph 9 of the Amended Complaint.



10. The Herischi Defendants deny the allegations contained in paragraph 10 of the Amended Complaint.

11. The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. The Herischi Defendants acknowledge that the Plaintiffs come to this Court seeking relief. The Herischi Defendants, however, deny that the Plaintiffs are entitled to any of the relief they seek as it pertains to the Herischi Defendants.

13. The Herischi Defendants deny the allegations contained in paragraph 13 of the Amended Complaint (including the allegations contained in subsections (a) through (f) of that paragraph and all subsections thereto).

14. The Herischi Defendants deny the allegations contained in paragraph 14 of the Amended Complaint.

15. The Herischi Defendants admit that no EB-5 visas were issued to Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra. The Herischi Defendants deny the remaining allegations contained in paragraph 15 of the Amended Complaint.

16. The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the allegations contained in paragraph 16 of the Amended Complaint. The Herischi Defendants deny that they removed or received any of the funds described in paragraph 16 of the Amended Complaint.

17. The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18. The Herischi Defendants lack knowledge sufficient to form a belief about the



truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.     The Herischi Defendants admit that no EB-5 visas were issued to Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra.  The Hersichi Defendants deny the remaining allegations contained in paragraph 23 of the Amended Complaint.

24.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations in paragraph 24 of the Amended Complaint related to the existence of an insurance policy guaranteeing the completion of construction of the Palm House Hotel Project.  The Herischi Defendants otherwise deny the allegations contained in paragraph 24 of the Amended Complaint.

25.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.     The Herischi Defendants lack knowledge sufficient to form a belief about the



truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Amended Complaint.

## PARTIES, JURISDICTION, AND VENUE

29.     The Herischi Defendants acknowledge that the Plaintiffs attempt to state claims for common law and securities fraud, theft, conspiracy, and breach of fiduciary duty, among other things, but deny that the Plaintiffs are entitled to any of the relief requested with respect to the Herischi Defendants.   The Herischi Defendants otherwise deny the allegations contained in paragraph 29 of the Amended Complaint.

30.     The Herischi Defendants acknowledge that the Plaintiffs attempt to state claims for common law and securities fraud, theft, conspiracy, and breach of fiduciary duty, among other things, but deny that the Plaintiffs are entitled to any of the relief requested with respect to the Herischi Defendants and otherwise deny the allegations contained in paragraph 30 of the Amended Complaint.

31.     The Herischi Defendants deny the allegations contained in paragraph 31 of the Amended Complaint.

32.     The Herischi Defendants admit that Palm House Hotel, LLLP is a Florida limited liability limited partnership with its principal place of business in Palm Beach County, Florida. The Herischi Defendants deny the remaining allegations contained in paragraph 32 of the Amended Complaint.

33.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34.     The Herischi Defendants lack knowledge sufficient to form a belief about the

BFW
BRODSKY FOTIU-WOJTOWICZ

truth of the allegations contained in paragraph 34 of the Amended Complaint.

35.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37.     The Herischi Defendants admit that the South Atlantic Regional Center, LLC ("SARC") is a Florida limited liability company with its principal place of business in Palm Beach County, Florida, and that SARC holds itself out as a Federally approved Regional Center.  The Herischi Defendants otherwise deny the allegations contained in paragraph 37 of the Amended Complaint.

38.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the Amended Complaint.

40.     The Herischi Defendants admit that Ali Herischi is an attorney admitted to practice in the state of Maryland, that he speaks Farsi, and that he is the principal of Defendant Herischi & Associates, LLC.  The Herischi Defendants otherwise deny the allegations contained in paragraph 40 of the Amended Complaint (including the allegations contained in footnote 3 to that paragraph).

41.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42.     The Herischi Defendants admit that Palm House, LLC is a Delaware limited liability company.  The Herischi Defendants lack knowledge sufficient to form a belief about



the truth of the remaining allegations contained in paragraph 42 of the Amended Complaint.

43.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47.    The Herischi Defendants admit that 160 Royal Palm LLC is a Florida limited liability company and that it owns the property located at 160 Royal Palm Way, Palm Beach Florida.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 47 of the Amended Complaint.

48.    The Herischi Defendants admit that Palm House PB, LLC was a Florida limited liability company.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 48 of the Amended Complaint.

49.    The Herischi Defendants admit that Mirabia, LLC is a Delaware limited liability company.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 49 of the Amended Complaint.

50.    The Herischi Defendants admit that Bonaventure 22, LLC is a Florida limited



liability company and that Mia Matthews is listed as its Manager.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 50 of the Amended Complaint.

51.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52.     The Herischi Defendants admit that Leslie Robert Evans is an attorney licensed to practice in Florida with offices in Palm Beach County, Florida.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 52 of the Amended Complaint.  However, the Herischi Defendants deny that they received any of the funds discussed in paragraph 52 of the Amended Complaint.

53.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.     The Herischi Defendants admit that New Haven Contracting South, Inc. is a Florida for-profit corporation and that Nicholas Laudano is listed as its CFO.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 54 of the Amended Complaint.

55.     The Herischi Defendants admit that NJL Development Group, LLC is a Delaware limited liability company and that Botticelli Advisors, LLC is a Florida limited liability company.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 55 of the Amended Complaint.

56.     The Herischi Defendants admit that KK-PB Financial, LLC is a Florida limited



liability company.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 56 of the Amended Complaint.

57.     The Herischi Defendants admit the allegations contained in paragraph 57 of the Amended Complaint for purposes of jurisdiction and venue only. The Herischi Defendants otherwise deny the allegations contained in paragraph 57 of the Amended Complaint.

58.     The Herischi Defendants admit the allegations contained in paragraph 58 of the Amended Complaint for purposes of jurisdiction and venue only. The Herischi Defendants otherwise deny the allegations contained in paragraph 58 of the Amended Complaint.

59.     The Herischi Defendants admit the allegations contained in paragraph 59 of the Amended Complaint for purposes of jurisdiction and venue only. The Herischi Defendants otherwise deny the allegations contained in paragraph 59 of the Amended Complaint and deny that the Plaintiffs are entitled to any of the relief sought in the Amended Complaint.

60.     The Herischi Defendants admit the allegations contained in paragraph 60 of the Amended Complaint for purposes of jurisdiction and venue only. The Herischi Defendants otherwise deny the allegations contained in paragraph 60 of the Amended Complaint and deny that the Plaintiffs are entitled to any of the relief sought in the Amended Complaint.

61.     The Herischi Defendants admit the allegations contained in paragraph 61 of the Amended Complaint for purposes of jurisdiction and  venue only. The Herischi



Defendants otherwise deny the allegations contained in paragraph 61 of the Amended Complaint and deny that the Plaintiffs are entitled to any of the relief sought in the Amended Complaint.

62.    The Herischi Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

63.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 63 of the Amended Complaint.

## GENERAL ALLEGATIONS

### EB-5 Visa Program in General

64.    The allegations of paragraph 64 of the Amended Complaint consist of legal conclusions regarding the Immigration and Nationality Act and related statutory provisions and regulations.   Thus, the allegations contained in paragraph 64 of the Amended Complaint are denied.  The provisions of the Immigration and Nationality Act and related statutory provisions and regulations speak for themselves.

65.    The allegations of paragraph 65 of the Amended Complaint consist of legal conclusions regarding the Immigration and Nationality Act and related statutory provisions and regulations.   Thus, the allegations contained in paragraph 65 of the Amended Complaint are denied.  The provisions of the Immigration and Nationality Act and related statutory provisions and regulations speak for themselves.

66.    The allegations of paragraph 66 of the Amended Complaint consist of legal conclusions regarding the Immigration and Nationality Act and related statutory provisions and regulations.   Thus, the allegations contained in paragraph 66 of the Amended Complaint are denied.  The provisions of the Immigration and Nationality Act and related

BFW
BRODSKY FOTIU-WOJTOWICZ

statutory provisions and regulations speak for themselves.

67.     The allegations of paragraph 67 of the Amended Complaint consist of legal conclusions regarding the Immigration and Nationality Act and related statutory provisions and regulations.   Thus, the allegations contained in paragraph 67 of the Amended Complaint are denied.  The provisions of the Immigration and Nationality Act and related statutory provisions and regulations speak for themselves.

**EB-5 Practice and Procedure**

68.     The allegations of paragraph 68 of the Amended Complaint consist of legal conclusions regarding the Immigration and Nationality Act and related statutory provisions and regulations.   Thus, the allegations contained in paragraph 68 of the Amended Complaint are denied.  The provisions of the Immigration and Nationality Act and related statutory provisions and regulations speak for themselves.

69.     The allegations of paragraph 69 of the Amended Complaint consist of legal conclusions regarding the Immigration and Nationality Act and related statutory provisions and regulations.   Thus, the allegations contained in paragraph 69 of the Amended Complaint are denied.  The provisions of the Immigration and Nationality Act and related statutory provisions and regulations speak for themselves.

**EB-5 at the Palm House Hotel**

70.     The Herischi Defendants admit the allegations contained in paragraph 70 of the Amended Complaint.

71.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 71 of the Amended Complaint.

72.     The Herischi Defendants lack knowledge sufficient to form a belief about the



truth of the allegations contained in paragraph 72 of the Amended Complaint.

73.      The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 73 of the Amended Complaint.

74.      The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 74 of the Amended Complaint.

75.      The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 75 of the Amended Complaint.

76.      The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 76 of the Amended Complaint.

77.      The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 77 of the Amended Complaint.

78.      The Herischi Defendants deny the allegations contained in paragraph 78 of the Amended Complaint.

79.      The Herischi Defendants admit that Ali Herischi is an attorney admitted to practice in the state of Maryland, that he speaks Farsi, and that he is the principal of Defendant Herischi & Associates, LLC.  The Herischi Defendants otherwise deny the allegations contained in paragraph 79 of the Amended Complaint.

80.      The Herischi Defendants deny the allegations contained in paragraph 80 of the Amended Complaint.

81.      The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 81 of the Amended Complaint.

82.      The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 82 of the Amended Complaint.



83.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 83 of the Amended Complaint.

84.     The Herischi Defendants admit that the documents attached as Exhibits B, D, and F of the Amended Complaint were distributed by the Palm House Hotel project, but otherwise deny the allegations contained in paragraph 84 of the Amended Complaint (including the allegations contained in subsection (a) through (c) of that paragraph).

85.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 85 of the Amended Complaint.

86.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 86 of the Amended Complaint.

87.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 87 of the Amended Complaint.

88.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 88 of the Amended Complaint.

89.     The Herischi Defendants deny the allegations contained in paragraph 89 of the Amended Complaint.

90.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 90 of the Amended Complaint.

**Nefarious Lies**

91.     The Herischi Defendants deny the allegations contained in paragraph 91 of the Amended Complaint.

92.     The Herischi Defendants deny the allegations contained in paragraph 92 of the Amended Complaint.



93.     Herischi Defendants admit that Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra each provided $500,000 for a limited partnership unit in Palm House, along with an administrative fee of $40,000, but deny the remaining allegations contained in paragraph 93 of the Amended Complaint.

94.     The Herischi Defendants admit that the Herischi Defendants and the Iranian Plaintiffs were informed that the Iranian Plaintiffs' funds were to be held in escrow pending the approval of their applications, but otherwise lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 94 of the Amended Complaint.

95.     The Herischi Defendants admit that the Herischi Defendants and the Iranian Plaintiffs were informed that the Iranian Plaintiffs' funds were to be held in escrow pending the approval of their EB-5 applications, but otherwise lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 95 of the Amended Complaint.

96.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 96 of the Amended Complaint.

97.     The terms of PPM speak for themselves.   The Herischi Defendants otherwise lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 97 of the Amended Complaint.

98.     The terms of the Limited Partnership Agreement speak for themselves.  The Herischi Defendants otherwise lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 98 of the Amended Complaint.

99.     The terms of the Loan Documents speak for themselves.   The Herischi

BFW
Brodsky Fotiu-Wojtowicz

Defendants otherwise lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 99 of the Amended Complaint.

100.    The Herischi Defendants admit that the Herischi Defendants and the Iranian Plaintiffs were informed that the Iranian Plaintiffs' funds were to be held in escrow pending the approval of their EB-5 applications, but otherwise lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 100 of the Amended Complaint.

101.    The terms of the Offering Documents speak for themselves.  The Herischi Defendants otherwise deny the allegations contained in paragraph 101 of the Amended Complaint (including the allegations contained in subsections (a) through (p) of that paragraph).

102.    The Herischi Defendants deny the allegations contained in paragraph 102 of the Amended Complaint.

103.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 103 of the Amended Complaint.

104.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 104 of the Amended Complaint.

105.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 105 of the Amended Complaint.

106.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 106 of the Amended Complaint.

107.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 107 of the Amended Complaint.



108.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 108 of the Amended Complaint (including the allegations of subsections (a) through (u) of that paragraph).

109.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 109 of the Amended Complaint.

110.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 110 of the Amended Complaint.

111.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 111 of the Amended Complaint.

112.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 112 of the Amended Complaint.

113.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 113 of the Amended Complaint.

114.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 114 of the Amended Complaint.

115.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 115 of the Amended Complaint.

116.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 116 of the Amended Complaint.

117.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 117 of the Amended Complaint.

118.     The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 118 of the Amended Complaint.



119.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 119 of the Amended Complaint.

120.    The Herischi Defendants deny the allegations contained in paragraph 120 of the Amended Complaint.

121.    The Herischi Defendants deny the allegations contained in paragraph 121 of the Amended Complaint.

122.    The Herischi Defendants deny the allegations contained in paragraph 122 of the Amended Complaint.

123.    The Herischi Defendants deny the allegations contained in paragraph 123 of the Amended Complaint.

124.    The Herischi Defendants deny the allegations contained in paragraph 124 of the Amended Complaint (including the allegations contained in subsections (a) through (t) of that paragraph).

125.    The Herischi Defendants deny the allegations contained in paragraph 125 of the Amended Complaint.

126.    The Herischi Defendants deny the allegations contained in paragraph 126 of the Amended Complaint.

127.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 127 of the Amended Complaint.

128.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 128 of the Amended Complaint.

129.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 129 of the Amended Complaint.



130.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 130 of the Amended Complaint.

131.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 131 of the Amended Complaint (including the allegations contained in subsections (a) through (p) of that paragraph).

132.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 132 of the Amended Complaint.

133.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 133 of the Amended Complaint.

134.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 134 of the Amended Complaint.

135.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 135 of the Amended Complaint.

136.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 136 of the Amended Complaint.

137.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 137 of the Amended Complaint.

138.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 138 of the Amended Complaint.

139.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 139 of the Amended Complaint.

140.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 140 of the Amended Complaint.



**Plaintiffs are Fraudulently Induced to Invest in the Palm House EB-5 Offering**

141.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 141 of the Amended Complaint.

142.    The Herischi Defendants admit that Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra each provided $500,000 for a limited partnership unit in Palm House, along with an administrative fee of $40,000, but deny the remaining allegations contained in paragraph 142 of the Amended Complaint.

143.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 143 of the Amended Complaint.

144.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 144 of the Amended Complaint.

145.    The Herischi Defendants admit that Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra each received confirmation that their $500,000 had been received, but deny the remaining allegations contained in paragraph 142 of the Amended Complaint.

146.    The Herischi Defendants deny the allegations contained in paragraph 146 of the Amended Complaint.

147.    The Herischi Defendants deny the allegations contained in paragraph 147 of the Amended Complaint.

148.    The Herischi Defendants deny the allegations contained in paragraph 148 of the Amended Complaint.

149.    The Herischi Defendants deny the allegations contained in paragraph 149

BFW
BRODSKY FOTIU-WOJTOWICZ

of the Amended Complaint.

150. The Herischi Defendants deny the allegations contained in paragraph 150 of the Amended Complaint.

151. The Herischi Defendants deny the allegations contained in paragraph 151 of the Amended Complaint.

152. The Herischi Defendants deny the allegations contained in paragraph 152 of the Amended Complaint.

153. The Herischi Defendants deny the allegations contained in paragraph 153 of the Amended Complaint.

154. The Herischi Defendants deny the allegations contained in paragraph 154 of the Amended Complaint.

155. The Herischi Defendants deny the allegations contained in paragraph 155 of the Amended Complaint.

156. The Herischi Defendants deny the allegations contained in paragraph 156 of the Amended Complaint.

157. The Herischi Defendants deny the allegations contained in paragraph 157 of the Amended Complaint.

158. The Herischi Defendants deny the allegations contained in paragraph 158 of the Amended Complaint.

159. The Herischi Defendants deny the allegations contained in paragraph 159 of the Amended Complaint.

160. The Herischi Defendants deny the allegations contained in paragraph 160 of the Amended Complaint.



161.    The Herischi Defendants deny the allegations contained in paragraph 161 of the Amended Complaint.

162.    The Herischi Defendants deny the allegations contained in paragraph 162 of the Amended Complaint.

163.    The Herischi Defendants deny the allegations contained in paragraph 163 of the Amended Complaint.

164.    The Herischi Defendants deny the allegations contained in paragraph 164 of the Amended Complaint.

165.    The Herischi Defendants deny the allegations contained in paragraph 165 of the Amended Complaint.

166.    The Herischi Defendants deny the allegations contained in paragraph 166 of the Amended Complaint.

167.    The Herischi Defendants deny the allegations contained in paragraph 167 of the Amended Complaint.

168.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 168 of the Amended Complaint.

169.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 169 of the Amended Complaint.

170.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 170 of the Amended Complaint.

171.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 171 of the Amended Complaint.

172.    The Herischi Defendants lack knowledge sufficient to form a belief about the

BFW
BRODSKY FOTIU-WOJTOWICZ

truth of the allegations contained in paragraph 172 of the Amended Complaint.

173.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 173 of the Amended Complaint.

174.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 174 of the Amended Complaint.

175.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 175 of the Amended Complaint.

176.    The Herischi Defendants deny the allegations contained in paragraph 176 of the Amended Complaint.

177.    The Herischi Defendants deny the allegations contained in paragraph 177 of the Amended Complaint.

178.    The Herischi Defendants deny the allegations contained in paragraph 178 of the Amended Complaint.

**Plaintiffs' I-526 Applications are Denied by USCIS**

179.    The Herischi Defendants admit that the Herischi Defendants and Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra were notified that the applications of Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra were accepted within SARC's program for the Palm House investment, but otherwise deny the allegations contained in paragraph 179 of the Amended Complaint.

180.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 180 of the Amended Complaint.

181.    The Herischi Defendants admit that the applications of Mohammad Zargar,



Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra were denied by USCIS, but otherwise deny the allegations contained in paragraph 181 of the Amended Complaint.

182.    The denial letter to each individual Plaintiff speaks for itself, such as Exhibit M, and thus the Herischi Defendants deny the allegations contained in paragraph 182 of the Amended Complaint.

183.    The denial letter to each individual Plaintiff speaks for itself, such as Exhibit M, and thus the Herischi Defendants deny the allegations contained in paragraph 183 of the Amended Complaint.

184.    The denial letter to each individual Plaintiff speaks for itself, such as Exhibit M, and thus the Herischi Defendants deny the allegations contained in paragraph 184 of the Amended Complaint.

185.    The Herischi Defendants admit that, with the assistance of the Herischi Defendants, Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra demanded the return of their funds.

186.    The Herischi Defendants deny the allegations contained in paragraph 186 of the Amended Complaint.

187.    The Herischi Defendants deny the allegations contained in paragraph 187 of the Amended Complaint.

188.    The Herischi Defendants deny the allegations contained in paragraph 188 of the Amended Complaint.

189.    The Herischi Defendants deny the allegations contained in paragraph 189 of the Amended Complaint.



190.    The Herischi Defendants deny the allegations contained in paragraph 190 of the Amended Complaint.

191.    The Herischi Defendants deny the allegations contained in paragraph 191 of the Amended Complaint.

192.    The Herischi Defendants deny the allegations contained in paragraph 192 of the Amended Complaint.

193.    The Herischi Defendants deny the allegations contained in paragraph 193 of the Amended Complaint.

194.    The Herischi Defendants deny the allegations contained in paragraph 194 of the Amended Complaint.

195.    The Herischi Defendants deny the allegations contained in paragraph 195 of the Amended Complaint.

196.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 196 of the Amended Complaint.

197.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 197 of the Amended Complaint.

198.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 198 of the Amended Complaint.

199.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 199 of the Amended Complaint.

200.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 200 of the Amended Complaint.

201.    The Herischi Defendants lack knowledge sufficient to form a belief about the

BFW
BRODSKY FOTIU-WOJTOWICZ

truth of the allegations contained in paragraph 201 of the Amended Complaint.

202.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 202 of the Amended Complaint.

203.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 203 of the Amended Complaint.

204.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 204 of the Amended Complaint.

205.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 205 of the Amended Complaint.

206.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 206 of the Amended Complaint.

207.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 206 of the Amended Complaint.

208.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 208 of the Amended Complaint.

209.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 209 of the Amended Complaint.

210.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 210 of the Amended Complaint.

211.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 211 of the Amended Complaint.

212.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 212 of the Amended Complaint.



BRODSKY FOTIU-WOJTOWICZ

213.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 213 of the Amended Complaint.

214.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 214 of the Amended Complaint.

215.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 215 of the Amended Complaint.

216.    The Herischi Defendants admit that, with the assistance of the Herischi Defendants, Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra hired legal counsel to investigate the Palm House, the project, and the individuals involved.   The Herischi Defendants otherwise deny the allegations contained in paragraph 216 of the Amended Complaint.

**The Fraud and Theft are Discovered**

217.    The Herischi Defendants deny that they made any fraudulent misrepresentations to the Plaintiffs but otherwise lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 217 of the Amended Complaint.

218.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 218 of the Amended Complaint.

219.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 219 of the Amended Complaint.

220.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 210 of the Amended Complaint.

221.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 221 of the Amended Complaint.



222.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 222 of the Amended Complaint.

223.    The Herischi Defendants deny that they received any of the funds described in paragraph 223 of the Amended Complaint. The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 223 of the Amended Complaint (including the allegations contained in subsections (a) through (c) of that paragraph)

224.    The Herischi Defendants deny the allegations contained in paragraph 224 of the Amended Complaint.

225.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 225 of the Amended Complaint.

226.    The Herischi Defendants deny the allegations contained in paragraph 226 of the Amended Complaint.

227.    The Herischi Defendants deny the allegations contained in paragraph 227 of the Amended Complaint.

228.    The Herischi Defendants deny the allegations contained in paragraph 228 of the Amended Complaint.

229.    The Herischi Defendants deny the allegations contained in paragraph 229 of the Amended Complaint.

230.    The Herischi Defendants deny the allegations contained in paragraph 230 of the Amended Complaint.

231.    The Herischi Defendants deny the allegations contained in paragraph 231 of the Amended Complaint.



232.    The Herischi Defendants deny the allegations contained in paragraph 232 of the Amended Complaint.

233.    The Herischi Defendants deny the allegations contained in paragraph 233 of the Amended Complaint.

234.    The Herischi Defendants deny the allegations contained in paragraph 234 of the Amended Complaint.

235.    The Herischi Defendants deny the allegations contained in paragraph 235 of the Amended Complaint.

236.    The Herischi Defendants deny the allegations contained in paragraph 236 of the Amended Complaint.

237.    The Herischi Defendants deny the allegations contained in paragraph 237 of the Amended Complaint.

238.    The Herischi Defendants deny the allegations contained in paragraph 238 of the Amended Complaint.

239.    The Herischi Defendants deny the allegations contained in paragraph 239 of the Amended Complaint.

240.    The Herischi Defendants deny the allegations contained in paragraph 240 of the Amended Complaint.

241.    The Herischi Defendants deny the allegations contained in paragraph 241 of the Amended Complaint.

242.    The Herischi Defendants deny the allegations contained in paragraph 242 of the Amended Complaint.

243.    The Herischi Defendants deny the allegations contained in paragraph 243

BFW
BRODSKY FOTIU-WOJTOWICZ

of the Amended Complaint.

244. The Herischi Defendants deny the allegations contained in paragraph 244 of the Amended Complaint.

245. The Herischi Defendants deny the allegations contained in paragraph 245 of the Amended Complaint.

246. The Herischi Defendants deny the allegations contained in paragraph 246 of the Amended Complaint.

247. The Herischi Defendants deny the allegations contained in paragraph 247 of the Amended Complaint.

248. The Herischi Defendants deny the allegations contained in paragraph 204 of the Amended Complaint.

249. The Herischi Defendants deny the allegations contained in paragraph 249 of the Amended Complaint.

250. The Herischi Defendants deny the allegations contained in paragraph 250 of the Amended Complaint.

251. The Herischi Defendants deny the allegations contained in paragraph 251 of the Amended Complaint.

252. The Herischi Defendants deny the allegations contained in paragraph 252 of the Amended Complaint.

253. The Herischi Defendants deny the allegations contained in paragraph 253 of the Amended Complaint.

254. The Herischi Defendants deny the allegations contained in paragraph 254 of the Amended Complaint.



255.    The Herischi Defendants deny the allegations contained in paragraph 255 of the Amended Complaint.

256.    The Herischi Defendants deny the allegations contained in paragraph 256 of the Amended Complaint.

257.    The Herischi Defendants deny the allegations contained in paragraph 257 of the Amended Complaint.

258.    The Herischi Defendants deny the allegations contained in paragraph 258 of the Amended Complaint.

259.    The Herischi Defendants deny the allegations contained in paragraph 259 of the Amended Complaint.

**Defendants' Receipt of Stolen Funds**

260.    The Herischi Defendants deny the allegations contained in paragraph 260 of the Amended Complaint.

261.    The Herischi Defendants admit that, with the assistance of the Herischi Defendants, Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra deposited their money in the Escrow Account at PNC Bank.  The Herischi Defendants otherwise deny the allegations contained in paragraph 261 of the Amended Complaint.

262.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 262 of the Amended Complaint.

263.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 263 of the Amended Complaint.

264.    The Herischi Defendants deny that they received any of the funds described

BFW
BRODSKY FOTIU-WOJTOWICZ

in paragraph 264 of the Amended Complaint. The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations contained in paragraph 264 of the Amended Complaint.

265.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 265 of the Amended Complaint.

266.    The Herischi Defendants deny that they received any of the funds described in paragraph 266 of the Amended Complaint. The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations contained in paragraph 266 of the Amended Complaint.

267.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 267 of the Amended Complaint.

268.    The Herischi Defendants deny that they received any of the funds described in paragraph 268 of the Amended Complaint. The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations contained in paragraph 268 of the Amended Complaint.

269.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 269 of the Amended Complaint.

270.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 270 of the Amended Complaint (including the allegations contained in subsections (a) through (h) of that paragraph).

271.    The Herischi Defendants deny that they received any of the funds described in paragraph 271 of the Amended Complaint. The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations contained in

BFW
BRODSKY FOTIU-WOJTOWICZ

paragraph 271 of the Amended Complaint.

272.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 272 of the Amended Complaint.

273.    The Herischi Defendants deny the allegations contained in paragraph 273 of the Amended Complaint.

274.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 274 of the Amended Complaint.

275.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 275 of the Amended Complaint.

276.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 276 of the Amended Complaint.

277.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 277 of the Amended Complaint.

278.    The Herischi Defendants deny the allegations contained in paragraph 278 of the Amended Complaint.

279.    The Herischi Defendants deny the allegations contained in paragraph 279 of the Amended Complaint.

**Where Things Stand Now**

280.    The Herischi Defendants admit that lawsuits are pending related to the Palm House Project, but otherwise deny the allegations contained in paragraph 280 of the Amended Complaint.

281.    The Herischi Defendants deny the allegations contained in paragraph 281 of the Amended Complaint.



282.    The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 282 of the Amended Complaint

283.    The Herischi Defendants deny that they received any of the funds described in paragraph 283 of the Amended Complaint. The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations contained in paragraph 283 of the Amended Complaint.

284.    The Herischi Defendants admit that Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra have not received an EB-5 visa or an I-526 petition approval.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 284 of the Amended Complaint.

285.    The Herischi Defendants deny the allegations contained in paragraph 285 of the Amended Complaint.

286.    The Herischi Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 286 of the Amended Complaint.

287.    The Herischi Defendants admit that Ali Herischi sent the letter attached as Exhibit O to the Amended Complaint but deny that they had any role in any scheme, and otherwise deny the allegations contained in paragraph 287 of the Amended Complaint.

288.    The Herischi Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 288 of the Amended Complaint.

289.    The Herischi Defendants admit that Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra have not received an EB-5 visa or an I-526 petition approval.  The Herischi Defendants lack

BFW
BRODSKY FOTIU-WOJTOWICZ

knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 289 of the Amended Complaint.

290.    The Herischi Defendants admit that the Plaintiffs come to the Court seeking relief, but deny that they Plaintiffs are entitled to any of the relief sought in the Amended Complaint as it pertains to the Herischi Defendants.

**COUNT I - Injunctive Relief Against All Defendants Under Fla. Stat. §§ 812.035(1),(6)**

291.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

292.    The Herischi Defendants admit that Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra provided $500,000 plus $40,000 in administrative fees.  The Herischi Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 292 of the Amended Complaint.

293.    The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the allegations contained in paragraph 293 of the Amended Complaint.

294.    The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the allegations contained in paragraph 294 of the Amended Complaint.

295.    The Herischi Defendants deny the allegations contained in paragraph 295 of the Amended Complaint.

296.    The Herischi Defendants deny the allegations contained in paragraph 296 of the Amended Complaint.

297.    The Herischi Defendants deny the truth of the allegations contained in paragraph 297 of the Amended Complaint.



298.    The Herischi Defendants deny the allegations contained in paragraph 298 of the Amended Complaint.

299.    The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the allegations contained in paragraph 299 of the Amended Complaint.

300.    The Herischi Defendants deny the allegations contained in paragraph 300 of the Amended Complaint.

301.    The Herischi Defendants deny the allegations contained in paragraph 301 of the Amended Complaint.

302.    The Herischi Defendants deny the allegations contained in paragraph 302 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count I of the Amended Complaint as it pertains to the Herischi Defendants.

## COUNT II - Dissolution of Palm House Hotel LLP

303.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

304.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

305.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

306.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

307.    Count II of the Amended Complaint does not seek relief against the Herischi

BFW
Brodsky Fotiu-Wojtowicz

Defendants, and thus no response is required.

308.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

309.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

310.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

311.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

312.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

313.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

314.    Count II of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

**COUNT III - Conversion Against All Defendants (excluding Palm House)**

315.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

316.    The Herischi Defendants deny the allegations contained in paragraph 316 of the Amended Complaint.

317.    The Herischi Defendants deny the allegations contained in paragraph 317 of the Amended Complaint.

318.    The Herischi Defendants deny the allegations contained in paragraph 318

BFW
Brodsky Fotiu-Wojtowicz

of the Amended Complaint.

319.   The Herischi Defendants deny the allegations contained in paragraph 319 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count III of the Amended Complaint as it pertains to the Herischi Defendants.

### COUNT IV - Fraud in the Inducement against SARC, USREDA, JJW Consultancy Ltd., Walsh, Walsh Jr., Payne, Derrico, Ryan Black, and Robert Matthews

320.   The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

321.   Count IV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

322.   Count IV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

323.   Count IV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

324.   Count IV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

325.   Count IV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

326.   Count IV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

327.   Count IV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.



328.    Count IV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

329.    Count IV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

### COUNT V - Fraud in the Inducement Against SARC, USREDA, JJW Consultancy Ltd., Walsh, Walsh Jr., Payne Derrico, Ryan Black, Robert Matthews, Ali Herischi, and Herischi & Associates, LLC

330.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

331.    The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the allegations contained in paragraph 331 of the Amended Complaint.

332.    The Herischi Defendants deny the allegations contained in paragraph 332 of the Amended Complaint.

333.    The Herischi Defendants deny the allegations contained in paragraph 333 of the Amended Complaint.

334.    The Herischi Defendants deny the allegations contained in paragraph 334 of the Amended Complaint.

335.    The Herischi Defendants deny the allegations contained in paragraph 335 of the Amended Complaint.

336.    The Herischi Defendants deny the allegations contained in paragraph 336 of the Amended Complaint.

337.    The Herischi Defendants deny the allegations contained in paragraph 337 of the Amended Complaint.

338.    The Herischi Defendants deny the allegations contained in paragraph 338

BFW
Brodsky Fotiu-Wojtowicz

of the Amended Complaint.

339.    The Herischi Defendants deny the allegations contained in paragraph 339 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count V of the Amended Complaint as it pertains to the Herischi Defendants.

**COUNT VI - Fraud in the Inducement Against SARC, USREDA, JJW Consultancy Ltd., Walsh, Walsh Jr., Payne, Derrico, Ryan Black, Robert Matthews, and Eric Erkan Nur**

340.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

341.    Count VI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

342.    Count VI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

343.    Count VI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

344.    Count VI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

345.    Count VI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

346.    Count VI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

347.    Count VI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.



348.    Count VI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

### Count VII - Fraud Against SARC, USREDA, Walsh, Walsh Jr., Payne, and JJW Consultancy Ltd.

349.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

350.    Count VII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

351.    Count VII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

352.    Count VII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

353.    Count VII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

### COUNT VIII - Fraud Against SARC, USREDA, Walsh, Walsh Jr., Payne, Ali Herischi and Herischi & Associates, LLC

354.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

355.    The Herischi Defendants deny the allegations contained in paragraph 355 of the Amended Complaint.

356.    The Herischi Defendants deny the allegations contained in paragraph 356 of the Amended Complaint (including the allegations contained in subsections (a) through (d) of that paragraph).

357.    The Herischi Defendants deny the allegations contained in paragraph 357

BFW
BRODSKY FOTIU-WOJTOWICZ

of the Amended Complaint.

358.    The Herischi Defendants deny the allegations contained in paragraph 358 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count VIII of the Amended Complaint as it pertains to the Herischi Defendants.

## COUNT IX - Aiding and Abetting Fraud Against Robert Matthews, Maria a/k/a Mia Matthews, Gerry Matthews, Ryan Black, and Nicholas Laudano

359.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

360.    Count IX of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

361.    Count IX of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

362.    Count IX of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

363.    Count IX of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

364.    Count IX of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

365.    Count IX of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

366.    Count IX of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.



367.    Count IX of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

368.    Count IX of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

### COUNT X - Breach of Fiduciary Duty Against SARC, Walsh, and Payne

369.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

370.    Count X of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

371.    Count X of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

372.    Count X of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

373.    Count X of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

374.    Count X of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

375.    Count X of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

376.    Count X of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

### COUNT XI - Breach of Fiduciary Duty Against Herischi and Herischi & Associates LLC

377.    The Herischi Defendants incorporate their responses set forth in paragraphs


BFW
Brodsky Fotiu-Wojtowicz

1-290 above as if stated fully herein.

378.    The Herischi Defendants admit that they were engaged by Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra in connection with the submission of their immigration applications.  The Herischi Defendants' responsibilities were explicitly defined by the Engagement Agreement between the parties as follows:

> 1 -    If required, apply to acquire a license from Office of Foreign Asset Control (OFAC) for an Iranian to invest in a Regional Center.
>
> 2 -    Open necessary bank accounts to accommodate the money transfer, including an escrow account.
>
> 3 -    File applicable USCIS forms for the applicant and his/her family in regards to the EB-5 application.  Client has chosen South Atlantic Regional Center for his investment.
>
> 4 -    Facilitate the return of the investment to the investor upon the distribution by the Regional Center.
> . . .
> Note.  This Engagement letter **does not** cover the removal of condition after two years of residency.

The Herischi Defendants deny that they had any attorney-client relationship with Mohammad Reza Sedaghat, or any other of the Plaintiffs.  The Herischi Defendants deny that  they were business advisors to any of the Plaintiffs in any way.  Indeed, any such relationship is expressly disclaimed in each client's Engagement Agreement as follows:

> The firm is not retained to provide investment advice. We are working with Client to evaluate the Regional Center business opportunity, but limited to the Immigration laws governing the EB-5 application. Our scope of engagement does not cover any investment advice or evaluation of an investment opportunity. We are not responsible for Client's business decisions. The firm does not and never have guaranteed any investment outcome. In addition, the Eb-5 application's

BFW
Brodsky Fotiu-Wojtowicz

approval is also not guaranteed by our firm.

The Herischi Defendants otherwise deny the allegations contained in paragraph 378 of the Amended Complaint.

379.    The Herischi Defendants admit that they had fiduciary responsibilities to Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra  as limited by the terms of the Engagement Agreement.  The Herischi Defendants deny any fiduciary relationship with MohammadReza Sedaghat or any of the other Plaintiffs.  The Herischi Defendants deny the existence of any fiduciary relationship related to the Plaintiffs' business or investment decisions, which is beyond the scope of the terms of the Engagement Agreement, and otherwise deny the allegations contained in paragraph 279 of the Amended Complaint.

380.    The  Herischi Defendants admit that they had fiduciary responsibilities to Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra  as limited by the terms of the Engagement Agreement.  The Herischi Defendants deny  any fiduciary relationship with MohammadReza Sedaghat or any of the other Plaintiffs.  The Herischi Defendants deny the existence of any fiduciary relationship related to the Plaintiffs' business or investment decisions, which is beyond the scope of the terms of the Engagement Agreement, and otherwise deny the allegations contained in paragraph 280 of the Amended Complaint.

381.    The Herischi Defendants deny the allegations contained in paragraph 381 of the Amended Complaint.

382.    The Herischi Defendants deny the allegations contained in paragraph 382 of the Amended Complaint.



383.     The Herischi Defendants deny the allegations contained in paragraph 382 of the Amended Complaint.

384.     The Herischi Defendants deny the allegations contained in paragraph 384 of the Amended Complaint.

385.     The Herischi Defendants deny the allegations contained in paragraph 385 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count XI of the Amended Complaint with respect to the Herischi Defendants.

### COUNT XII - Aiding and Abetting Breach of Fiduciary Duty Against Robert Matthews, Maria a/k/a Mia Matthews, Gerry Matthews, Ryan Black, and Nicholas Laudano

386.     The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

387.     Count XII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

388.     Count XII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

389.     Count XII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

390.     Count XII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

391.     Count XII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.



392.    Count XII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

### COUNT XIII - Avoidance of Fraudulent Transfers Pursuant to Fla. Stat. § 726.105(1)(a) Against USREDA, KK-PB Financial LLC, Evans Defendants, New Haven Contracting South Inc. and 160 Royal Palm Way LLC

393.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

394.    Count XIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

395.    Count XIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

396.    Count XIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

397.    Count XIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

398.    Count XIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

399.    Count XIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

400.    Count XIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

401.    Count XIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

402.    Count XIII of the Amended Complaint does not seek relief against the

BFW
Brodsky Fotiu-Wojtowicz

Herischi Defendants, and thus no response is required.

403.    Count XIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

### COUNT XIV - Avoidance of Fraudulent Transfers Pursuant to Fla. Stat. § 726.105(1)(b) Against USREDA, KK-PB Financial LLC, Evans Defendants, New Haven Contracting South Inc. and 160 Royal Palm Way LLC

404.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

405.    Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

406.    Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

407.    Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

408.    Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

409.    Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

410.    Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

411.    Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

412.    Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.



413.   Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

414.   Count XIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

## COUNT XV - Avoidance of Fraudulent Transfers Pursuant to Fla. Stat. § 726.106 Against USREDA, KK-PB Financial LLC, Evans Defendants, New Haven Contracting South Inc. And 160 Royal Palm Way LLC

415.   The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

416.   Count XV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

417.   Count XV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

418.   Count XV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

419.   Count XV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

420.   Count XV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

421.   Count XV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

422.   Count XV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

423.   Count XV of the Amended Complaint does not seek relief against the

BFW
Brodsky Fotiu-Wojtowicz

Herischi Defendants, and thus no response is required.

424.    Count XV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

## COUNT XVI - Violation of Florida Securities and Investor Protection Act, Fla. Stat. § 517.011 et seq. Against SARC, USREDA, Walsh, Walsh Jr. , Payne Derrico, and Robert Matthews

425.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

426.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

427.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

428.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

429.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

430.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

431.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

432.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

433.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.



434.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

435.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

436.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

437.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

438.    Count XVI of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

**COUNT XVII - Violation of Florida Securities and Investor Protection Act. Fla. Stat. § 517.011 et. Seq. Against SARC, USREDA, Walsh, Walsh Jr., Payne, Derrico, and Herischi**

439.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

440.    The Herischi Defendants admit that the Plaintiffs purport to bring an action for the Florida Securities and Investor Protection Act ("FSIPA"), but deny both that the Herischi Defendants committed any violations of that Act and that Plaintiffs are entitled to any of the relief requested in this Count.

441.    The allegations contained in paragraph 441 consist of legal conclusions and thus no response is required from the Herischi Defendants.

442.    The allegations contained in paragraph 442 consist of legal conclusions and thus no response is required.

443.    The allegations contained in paragraph 443 consist of legal conclusions and

BFW
Brodsky Fotiu-Wojtowicz

thus no response is required from the Herischi Defendants.

444.    The allegations contained in paragraph 444 consist of legal conclusions and thus no response is required from the Herischi Defendants.

445.    The Herischi Defendants deny the allegations contained in paragraph 445 of the Amended Complaint.

446.    The Herischi Defendants deny the allegations contained in paragraph 446 of the Amended Complaint.

447.    The Herischi Defendants deny the allegations contained in paragraph 447 of the Amended Complaint.

448.    The Herischi Defendants deny the allegations contained in paragraph 448 of the Amended Complaint.

449.    The Herischi Defendants deny the allegations contained in paragraph 449 of the Amended Complaint.

450.    The Herischi Defendants deny the allegations contained in paragraph 450 of the Amended Complaint.

451.    The Herischi Defendants deny the allegations contained in paragraph 451 of the Amended Complaint.

452.    The Herischi Defendants deny the allegations contained in paragraph 452 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count XVII of the Amended Complaint as it pertains to the Herischi Defendants.

BFW
Brodsky Fotiu-Wojtowicz

**COUNT XVIII - Violation of Florida Securities and Investor Protection Act. Fla. Stat. § 517.011 et seq. Against SARC, USREDA, Walsh, Walsh Jr., Payne, Derrico, and Erkan Nur**

453.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

454.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

455.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

456.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

457.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

458.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

459.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

460.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

461.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

462.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

463.    Count XVIII of the Amended Complaint does not seek relief against the

BFW
Brodsky Fotiu-Wojtowicz

Herischi Defendants, and thus no response is required.

464.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

465.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

466.    Count XVIII of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

### COUNT XIX - Unjust Enrichment Against All Defendants

467.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

468.    The Herischi Defendants deny the allegations contained in paragraph 468 of the Amended Complaint.

469.    The Herischi Defendants deny the allegations contained in paragraph 469 of the Amended Complaint.

470.    The Herischi Defendants deny the allegations contained in paragraph 470 of the Amended Complaint.

471.    The Herischi Defendants deny the allegations contained in paragraph 471 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count XIX of the Amended Complaint as it pertains to the Herischi Defendants.

BFW
BRODSKY FOTIU-WOJTOWICZ

**COUNT XX - Violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et. seq., Against All Defendants (excluding Palm House, Evans Defendants, Derrico, and Eric Erkan Nur)**

472.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

473.    The Herischi Defendants deny the allegations contained in paragraph 473 of the Amended Complaint.

474.    The allegations contained in paragraph 474 of the Amended Complaint consist of legal conclusions and thus no response is required.

475.    The Herischi Defendants deny the allegations contained in paragraph 475 of the Amended Complaint.

476.    The Herischi Defendants deny the allegations contained in paragraph 476 of the Amended Complaint.

477.    The Herischi Defendants deny the allegations contained in paragraph 477 of the Amended Complaint (including the allegations contained in subparagraphs (a) through (h) of that paragraph).

478.    The Herischi Defendants deny the allegations contained in paragraph 478 of the Amended Complaint.

479.    The Herischi Defendants deny the allegations contained in paragraph 479 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count XX of the Amended Complaint as it pertains to the Herischi Defendants.

BFW
Brodsky Fotiu-Wojtowicz

### COUNT XXI - Equitable Accounting Against All Defendants

480.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

481.    The Herischi Defendants lack sufficient knowledge to form a belief about the truth of the allegations contained in paragraph 481 of the Amended Complaint.

482.    The Herischi Defendants deny the allegations contained in paragraph 482 of the Amended Complaint.

483.    The Herischi Defendants deny the allegations contained in paragraph 483 of the Amended Complaint.

484.    The Herischi Defendants deny the allegations contained in paragraph 484 of the Amended Complaint.

485.    The Herischi Defendants admit that, with the assistance of the Herischi Defendants, Mohammad Zargar, Shahriar Ebrahimian, Reza Simak Nia, Sarah Salehin, Sanaz Salehin, and Ali Adampeyra demanded the return of their funds.  The Herischi Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations contained in paragraph 485 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count XXI of the Amended Complaint as it pertains to the Herischi Defendants.

### COUNT XXII - Civil Conspiracy Against All Defendants (excluding Palm House and the Evans Defendants)

486.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

487.    The Herischi Defendants deny the allegations contained in paragraph 487



of the Amended Complaint.

488.   The Herischi Defendants deny the allegations contained in paragraph 488 of the Amended Complaint.

489.   The Herischi Defendants deny the allegations contained in paragraph 489 of the Amended Complaint.

490.   The Herischi Defendants deny the allegations contained in paragraph 490 of the Amended Complaint.

491.   The Herischi Defendants deny the allegations contained in paragraph 491 of the Amended Complaint.

492.   The Herischi Defendants deny the allegations contained in paragraph 492 of the Amended Complaint.

493.   The Herischi Defendants deny the allegations contained in paragraph 493 of the Amended Complaint.

494.   The Herischi Defendants deny the allegations contained in paragraph 494 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count XXII of the Amended Complaint as it pertains to the Herischi Defendants.

## COUNT XXIII - Constructive Fraud Against All Defendants (excluding Palm House and the Evans Defendants)

495.   The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

496.   The Herischi Defendants deny the allegations contained in paragraph 496 of the Amended Complaint.



497.    The Herischi Defendants deny the allegations contained in paragraph 497 of the Amended Complaint.

498.    The Herischi Defendants deny the allegations contained in paragraph 498 of the Amended Complaint.

499.    The Herischi Defendants deny the allegations contained in paragraph 499 of the Amended Complaint.

500.    The Herischi Defendants deny the allegations contained in paragraph 500 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count XXIII of the Amended Complaint as it pertains to the Herischi Defendants.

## COUNT XXIV - Equitable Lien Against Robert Matthews

501.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

502.    Count XXIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

503.    Count XXIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

504.    Count XXIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

505.    Count XXIV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

506.    Count XXIV of the Amended Complaint does not seek relief against the

BFW
Brodsky Fotiu-Wojtowicz

Herischi Defendants, and thus no response is required.

## COUNT XXV - Equitable Lien Against 160 Royal Palm LLC and KK-PB Financial, LLC

507.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

508.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

509.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

510.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

511.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

512.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

513.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

514.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

515.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

516.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

517.    Count XXV of the Amended Complaint does not seek relief against the

BFW
BRODSKY FOTIU-WOJTOWICZ

Herischi Defendants, and thus no response is required.

518.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

519.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

520.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

521.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

522.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

523.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

524.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

525.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.  To the extent that paragraph 525 contains allegations against the Herischi Defendants, such allegations are denied.

526.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

527.   Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

528.   Count XXV of the Amended Complaint does not seek relief against the



Herischi Defendants, and thus no response is required.

529.    Count XXV of the Amended Complaint does not seek relief against the Herischi Defendants, and thus no response is required.

**COUNT XXVI - Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against SARC, USREDA, Walsh, Walsh Jr., Payne, Derrico, Robert Matthews, Ali Herischi, JJW Consultancy Ltd., and Eric Erkan Nur**

530.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

531.    The Herischi Defendants deny the allegations contained in paragraph 531 of the Amended Complaint.

532.    The Herischi Defendants deny the allegations contained in paragraph 532 of the Amended Complaint.

533.    The Herischi Defendants deny the allegations contained in paragraph 533 of the Amended Complaint.

534.    The Herischi Defendants deny the allegations contained in paragraph 534 of the Amended Complaint.

535.    The Herischi Defendants deny the allegations contained in paragraph 535 of the Amended Complaint.

536.    The Herischi Defendants deny the allegations contained in paragraph 536 of the Amended Complaint.

537.    The Herischi Defendants deny the allegations contained in paragraph 537 of the Amended Complaint.

538.    The Herischi Defendants deny the allegations contained in paragraph 538 of the Amended Complaint.



539.    The Herischi Defendants deny the allegations contained in paragraph 539 of the Amended Complaint.

540.    The Herischi Defendants deny the allegations contained in paragraph 540 of the Amended Complaint.

The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count XXVI of the Amended Complaint as it pertains to the Herischi Defendants.

**COUNT XXVII - Violations of Section 20(a) of the Exchange Act Against SARC, USREDA, Walsh, Walsh Jr., Payne, Derrico, Robert Matthews, Ali Herischi, JJW Consultancy Ltd., and Eric Erkan Nur**

541.    The Herischi Defendants incorporate their responses set forth in paragraphs 1-290 above as if stated fully herein.

542.    The Herischi Defendants deny the allegations contained in paragraph 542 of the Amended Complaint.

543.    The Herischi Defendants deny the allegations contained in paragraph 543 of the Amended Complaint.

544.    The Herischi Defendants deny the allegations contained in paragraph 544 of the Amended Complaint.

545.    The Herischi Defendants deny the allegations contained in paragraph 545 of the Amended Complaint.

546.    The Herischi Defendants deny the allegations contained in paragraph 546 of the Amended Complaint.

547.    The Herischi Defendants deny the allegations contained in paragraph 547 of the Amended Complaint.



The Herischi Defendants deny that the Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Count XXVII of the Amended Complaint as it pertains to the Herischi Defendants.

548.   The Herischi Defendants deny that they had any contact or interactions with any of the Chinese Plaintiffs or the Turkish Plaintiff.

549.   All allegations not specifically addressed are denied.

### AFFIRMATIVE DEFENSES

### First Defense

As and for their first affirmative defense, the Herischi Defendants asserts that the Amended Complaint fails to state a claim upon which relief may be granted, as the Defendants are not properly identified in the causes of action, and the Plaintiff fails to state with specificity any of its related claims.  As a result, the Amended Complaint fails to comport with the requirements of Rule 8 of the Federal Rules of Civil Procedure.

### Second Defense

As and for their second affirmative defense, the Herischi Defendant assert the defense of laches or unreasonable delay.  The Plaintiffs' delay was not excusable; and the Herischi Defendants will be unduly prejudiced by the claims asserted against them.

### Third Defense

As and for their third affirmative defense, the Herischi Defendants assert that the equitable claims made in the Plaintiffs' Amended Complaint are barred by the doctrine of unclean hands.

### Fourth Defense

As and for their fourth affirmative defense, the Herischi Defendants assert that the



equitable claims made in the Plaintiffs' Amended Complaint are barred by the doctrine of estoppel.

## Fifth Defense

As and for their fifth affirmative defense, the Herischi Defendants assert that the claims in the Plaintiffs' Amended Complaint are barred by the doctrine of accord and satisfaction.

## Reservation Regarding Additional Claims

The Herischi Defendants explicitly reserve their right to amend their Answer and Affirmative Defenses to the Plaintiff's Amended Complaint dated August 30, 2017 (ECF No. 181) and to bring his Counter-Claim and/or Third Party Complaint in this case after receiving appropriate discovery from the Plaintiffs and Co-Defendants.

Respectfully submitted,

By:   /s/ Alaina Fotiu-Wojtowicz
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No.: 0084179
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Co-Counsel for Defendants*
169 E. Flagler Street, Suite 1224
Miami, Florida  33131
Tel:  305-503-5054
Fax:  305-677-5089
alaina@bfwlegal.com
ismary@bfwlegal.com
docketing@bfwlegal.com

BFW

BRODSKY FOTIU-WOJTOWICZ

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s/ Alaina Fotiu-Wojtowicz
ALAINA FOTIU-WOJTOWICZ

BFW
BRODSKY FOTIU-WOJTOWICZ

**<u>SERVICE LIST</u>**

G. Joseph Curley, Esq.
jcurley@gunster.com
Devin Radkay, Esq.
dradkay@gunster.com
David J. George, Esq.
Dgeorge@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401-6194
*Attorneys for Plaintiffs*

John F. Mariani, Esq.
jmariani@kammerermariani.com
Christopher W. Kammerer, Esq.
ckammerer@kammerermariani.com
Kammerer Mariani PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
*Attorneys for Defendants, Robert*
*Matthews, Maria Matthews, Bonaventure*
*22, LLC, Mirabia LLC, Alibi, LLC, Palm*
*House, LLC, 160 Royal Palm, LLC and*
*Palm House PB, LLC*

Larry A. Zink, Esq.
zinklaw3711@yahoo.com
kim.zinklaw@yahoo.com
Zink, Zink & Zink Co., LPA
1198 Hillsboro Mile, Suite 244
Hillsboro Beach, FL 33062
*Attorneys for Defendant*
*KK-PB Financial, LLC*

C. Brooks Ricca, Jr, Esq.
bricca@riccalawyers.com
C. Brooks Ricca, Jr. & Associates, P.A.
The Barristers Building
1615 Forum Place, Suite 200
West Palm Beach, FL 33401
bricca@riccalawyers.com
*Attorneys for Defendant, Ryan Black*

Gregory R. Elder, Esq.
gelderlaw@gmail.com
Law Offices of Gregory R. Elder, LLC
108 SE 8th Avenue, Suite 114
Fort Lauderdale, Florida 33301
*Attorneys for Defendants Leslie Robert*
*Evans and Leslie Robert Evans &*
*Associates, P.A.*

Adam T. Rabin, Esq.
arabin@mccaberabin.com
Robert C. Glass, Esq.
rglass@mccaberabin.com
e-filing@mccaberabin.com
McCabe Rabin, P.A.
1601 Forum Place, Suite 505
West Palm Beach, FL 33401
*Attorneys for Defendant Gerry Matthews*

Henry B. Handler, Esq.
hbh@whcfla.com
jn@whcfla.com
David K. Friedman, Esq.
dkf@whcfla.com
jh@whcfla.com
filings@whcfla.com
2255 Glades Road, Suite 218A
Boca Raton, FL 33431
*Attorneys for Defendants South Atlantic*
*Regional Center, LLC, USREDA, LLC,*
*Palm House Hotel, LLLP, Joseph Walsh,*
*Joseph Walsh, Jr. And JJW Consultancy,*
*Ltd.*

Mr. Nicholas J. Laudano
17 Hoadley Road
Branford, CT 06405
*Via U.S. Mail*

BFW
BRODSKY FOTIU-WOJTOWICZ

Botticelli Advisors, LLC
c/o Leslie Robert Evans, Esq.,
 Registered Agent
214 Brazilian Avenue, Suite 200
Palm Beach, FL 33480
*Via U.S. Mail*

Mr. David Derrico
5163 Deerhurst Crescent Circle
Boca Raton. FL 33486
*Via U.S. Mail*

BFW
Brodsky Fotiu-Wojtowicz