# EXHIBIT C

83025-9

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLO50-2015-CA-014480-XXXX-MB ABRIDA

PALM HOUSE HOTEL, LLLP, a
Florida limited liability limited
partnership,

Plaintiff,

vs.

ROBERT MATTHEWS et. al.,

Defendants.
_____/

CIRCUIT CIVIL DIVISION

CASE NO.  50-2015-CA-014480-XXXX-MB
AG

## **MOTION TO OVERRULE PLAINTIFF'S OBJECTIONS**

The Defendants, LESLIE EVANS and LESLIE ROBERT EVANS &
ASSOCIATES, by and through the undersigned attorneys, requests this Honorable Court
to overrule the Plaintiff's Objections to the Defendant's Interrogatories, Requests to
Produce, and Requests for Admissions.

1. The Defendant propounded Interrogatories, Requests to Produce, and Requests
   for Admissions to the Plaintiff on January 8, 2018.

2. The Plaintiff responded to the Interrogatories, Requests to Produce, and Request
   for Admissions on February 8, 2018.

3. Notably, the Plaintiff objected to 6 out of the 13 Interrogatories, 4 out the 14
   Requests for Admissions, and 32 out of the 70 Requests to Produce.

4. Shortly after receiving the Plaintiff's abundant objections, the Defendant Noticed
   the Objections for Hearing to take place on May 14, 2018.

CASE NO. 50-2015-CA-014480-XXXX-MB AG

5. In preparation for the hearing and in attempts to narrow the issues, the Defendant sought a conference call with the Plaintiff's attorney to discuss the numerous objections to discovery.

6. Per the telephone conversation which took place on April, 16, 2018, it was understood by the Defendants that the Plaintiff would supplement the Responses as follows:

    a. The Plaintiff would provide Answers to Interrogatories #4 and #5 for Palm House Hotel, LLLP.

    b. The Plaintiff would produce materials or provide a privilege log in Response to Defendants' Request #2.

    c. The Plaintiff would Respond to Defendants' Request #3 and Defendants' Request #7.

    d. The Plaintiff would provide a Response to Defendants' Request #30 and #31.

    e. The Plaintiff would supplement its Responses to Request to Produce #32 and #33 to state whether all responsive documents have been produced or supplement to provide a complete response.

7. Per the Defendant's understanding, the objections that remain at issue for the hearing are as follows:

    a. The Plaintiff's Answers to Interrogatories #6, #7 and #8

    b. The Plaintiff's Responses to Requests for Admissions #3 and #4

CASE NO. 50-2015-CA-014480-XXXX-MB AG

    c.  The Plaintiff's Responses to Requests to Produce #10, #12, #13, #14, #15, #16, #17, #18, #19, #20, #21, #22, #23, #24, #25, #26, #27, #28, #29, #34, #51, #52, #53, #54, and #56.

8. However, since the phone conversation, the Defendants' have not received confirmation from the Plaintiff regarding the agreement despite multiple attempts to confirm same.

9. On April 16, 2018, the Defendant sent a confirmatory e-mail to Plaintiff's Counsel with an attached Proposed Agreed Order which received no response. (See e-mail correspondence attached hereto as Exhibit "**A**").

10. On May 1, 2018, the Defendant sent a follow-up e-mail requesting that the Plaintiff advise as to whether the Proposed Agreed Order could be submitted to the Court.  (See e-mail correspondence attached hereto as Exhibit "**B**")

11. Again, the Plaintiff did not respond.

12. On May 3, 2018, the Defendant sent another follow-up but to no avail.  (See e-mail correspondence attached hereto as Exhibit "**C**")

13. Pending a confirmatory response from the Plaintiff, the Defendants request that the Court overrule the Plaintiff's discovery requests and objections that have been highlighted for the Court's reference. (See discovery requests and responses attached hereto as Composite Exhibit "**D**" ).

14. However, should the Plaintiff fail to confirm the agreement as outlined by the Defendants in their several e-mails, the Defendants request that this Court overrule the entirety of the Plaintiff's objections in the Plaintiff's Answers to

CASE NO. 50-2015-CA-014480-XXXX-MB AG

Interrogatories, Responses to Requests to Produce, and Responses to Requests for Admissions.

WHEREFORE, the Defendants, LESLIE EVANS and LESLIE ROBERT EVANS & ASSOCIATES, request this Court enter an Order overruling the Plaintiff's Objections to the Defendants' Interrogatories, Requests to Produce, and Responses to Requests to Produce.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Christopher W. Kammerer, Esquire, ckammerer@kammerermariani.com, eservice@kammerermariani.com, jmariani@kammerermariani.com; Rachel E. Walker, Esquire, rachel.walker@gmlaw.com, jeffrey.backman@gmail.com, khia.joseph@gmlaw.com; Henry B. Handler, Esq., hbh@whcfla.com, filings@whcfla.com, jn@whcfla.com; Gregg H. Glickstein, Esquire, ghgpa@bellsouth.net; Devin Radkay, Esq., ksonderling@gunster.com, cstgeorge@gunster.com, dradkay@gunster.com; on this 3rd day of May, 2018.

/s/ Rachel Studley
Rachel Studley, Esquire
Florida Bar No. 0578088
Kelly W. Brandon, Esquire
Florida Bar No. 112285
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Leslie Robert Evans & Associates, P.A.
515 N. Flagler Dr. Suite 1600
West Palm Beach, FL 33401
Phone: (561) 689-3800
Fax: (561) 689-9206
wpbcrtpleadings@wickersmith.com

## Brandon, Kelly

| | |
|---|---|
| **From:** | Studley, Rachel |
| **Sent:** | Monday, April 16, 2018 6:50 PM |
| **To:** | Henry B. Handler |
| **Cc:** | Brandon, Kelly |
| **Subject:** | Palm House Hotel, LLP vs. Leslie Robert Evans |
| **Attachments:** | 16125936.PDF |

Henry,

Per our conversation from earlier today, please see attached our Proposed Agreed Order regarding Plaintiff's objections to the Evans Defendants' Discovery.

As you can see, the Proposed Order outlines our agreement as follows:

- The Plaintiff will provide Answers to Interrogatories #4 and #5 for Palm House Hotel, LLLP.
- The Plaintiff will produce materials or provide a privilege log in Response to Defendants' Request #2.
- The Plaintiff will Respond to Defendants' Request #3 and Defendants' Request #7.
- The Plaintiff will provide a Response to Defendants' Request #30 and #31.
- The Plaintiff will supplement its Responses to Request to Produce #32 and #33 to state whether all responsive documents have been produced or supplement to provide a complete response

I have included language that Plaintiff has 30 days to respond but please advise if this is agreeable.

Otherwise, the Objections that remain at issue are as follows:

- The Plaintiff's Answers to Interrogatories #6, #7 and #8
- The Plaintiff's Responses to Requests for Admissions #3 and #4
- The Plaintiff's Responses to Requests to Produce #10, #12, #13, #14, #15, #16, #17, #18, #19, #20, #21, #22, #23, #24, #25, #26, #27, #28, #29, #34, #51, #52, #53, #54, and #56.

As we discussed, we are willing to limit Requests #20 to #29 to responsive documents between the years of 2012 and 2016.  Additionally, you stated that you would discuss the redactions to your responsive materials to Requests #12 through #16 with your client and advise if you would be willing to provide further documents regarding the incoming transfers to the SARC account.

At this juncture, we are set for hearing on May 14th at 10:30 a.m. for the "at issue" responses noted above.  However, please contact us if upon discussion with your client, you feel we may be able to reach any further agreements.

Best Regards,
Rachel


**Rachel Studley | Partner**
West Palm Beach Office | Ext. 6945



**Brandon, Kelly**

| | |
|---|---|
| **From:** | Studley, Rachel |
| **Sent:** | Thursday, May 03, 2018 2:25 PM |
| **To:** | Henry B. Handler |
| **Cc:** | Brandon, Kelly |
| **Subject:** | RE: Palm House Hotel, LLP vs. Leslie Robert Evans   THIRD REQUEST |
| **Attachments:** | 16125936.pdf |

Henry,

To follow up, please advise whether the proposed Agreed Order that we drafted and attached on 4/16 is agreeable for submission.

Please advise.  Thank you.

Regards,
Rachel



**Rachel Studley | Partner**
West Palm Beach Office | Ext. 6945

**From:** Studley, Rachel
**Sent:** Tuesday, May 01, 2018 5:12 PM
**To:** Henry B. Handler <hbh@whcfla.com>
**Cc:** Brandon, Kelly <Kbrandon@wickersmith.com>
**Subject:** RE: Palm House Hotel, LLP vs. Leslie Robert Evans

Henry,

To follow up, please advise whether the proposed Agreed Order that we drafted and attached two weeks ago is agreeable for submission.

Please advise.  Thank you.

Regards,
Rachel


**Rachel Studley | Partner**
West Palm Beach Office | Ext. 6945

**From:** Studley, Rachel
**Sent:** Monday, April 16, 2018 6:50 PM
**To:** Henry B. Handler <hbh@whcfla.com>
**Cc:** Brandon, Kelly <Kbrandon@wickersmith.com>
**Subject:** Palm House Hotel, LLP vs. Leslie Robert Evans



1

Henry,

Per our conversation from earlier today, please see attached our Proposed Agreed Order regarding Plaintiff's objections to the Evans Defendants' Discovery.

As you can see, the Proposed Order outlines our agreement as follows:

- The Plaintiff will provide Answers to Interrogatories #4 and #5 for Palm House Hotel, LLLP.
- The Plaintiff will produce materials or provide a privilege log in Response to Defendants' Request #2.
- The Plaintiff will Respond to Defendants' Request #3 and Defendants' Request #7.
- The Plaintiff will provide a Response to Defendants' Request #30 and #31.
- The Plaintiff will supplement its Responses to Request to Produce #32 and #33 to state whether all responsive documents have been produced or supplement to provide a complete response

I have included language that Plaintiff has 30 days to respond but please advise if this is agreeable.

Otherwise, the Objections that remain at issue are as follows:

- The Plaintiff's Answers to Interrogatories #6, #7 and #8
- The Plaintiff's Responses to Requests for Admissions #3 and #4
- The Plaintiff's Responses to Requests to Produce #10, #12, #13, #14, #15, #16, #17, #18, #19, #20, #21, #22, #23, #24, #25, #26, #27, #28, #29, #34, #51, #52, #53, #54, and #56.

As we discussed, we are willing to limit Requests #20 to #29 to responsive documents between the years of 2012 and 2016. Additionally, you stated that you would discuss the redactions to your responsive materials to Requests #12 through #16 with your client and advise if you would be willing to provide further documents regarding the incoming transfers to the SARC account.

At this juncture, we are set for hearing on May 14th at 10:30 a.m. for the "at issue" responses noted above. However, please contact us if upon discussion with your client, you feel we may be able to reach any further agreements.

Best Regards,
Rachel


**Rachel Studley | Partner**
West Palm Beach Office | Ext. 6945

**Brandon, Kelly**

| | |
|---|---|
| **From:** | Studley, Rachel |
| **Sent:** | Tuesday, May 01, 2018 5:12 PM |
| **To:** | Henry B. Handler |
| **Cc:** | Brandon, Kelly |
| **Subject:** | RE: Palm House Hotel, LLP vs. Leslie Robert Evans |
| **Attachments:** | 16125936.pdf |

Henry,

To follow up, please advise whether the proposed Agreed Order that we drafted and attached two weeks ago is agreeable for submission.

Please advise.  Thank you.

Regards,
Rachel


**Rachel Studley | Partner**
West Palm Beach Office | Ext. 6945

**From:** Studley, Rachel
**Sent:** Monday, April 16, 2018 6:50 PM
**To:** Henry B. Handler <hbh@whcfla.com>
**Cc:** Brandon, Kelly <Kbrandon@wickersmith.com>
**Subject:** Palm House Hotel, LLP vs. Leslie Robert Evans

Henry,

Per our conversation from earlier today, please see attached our Proposed Agreed Order regarding Plaintiff's objections to the Evans Defendants' Discovery.

As you can see, the Proposed Order outlines our agreement as follows:

- The Plaintiff will provide Answers to Interrogatories #4 and #5 for Palm House Hotel, LLLP.
- The Plaintiff will produce materials or provide a privilege log in Response to Defendants' Request #2.
- The Plaintiff will Respond to Defendants' Request #3 and Defendants' Request #7.
- The Plaintiff will provide a Response to Defendants' Request #30 and #31.
- The Plaintiff will supplement its Responses to Request to Produce #32 and #33 to state whether all responsive documents have been produced or supplement to provide a complete response

I have included language that Plaintiff has 30 days to respond but please advise if this is agreeable.

Otherwise, the Objections that remain at issue are as follows:

- The Plaintiff's Answers to Interrogatories #6, #7 and #8
- The Plaintiff's Responses to Requests for Admissions #3 and #4



1

- The Plaintiff's Responses to Requests to Produce #10, #12, #13, #14, #15, #16, #17, #18, #19, #20, #21, #22, #23, #24, #25, #26, #27, #28, #29, #34, #51, #52, #53, #54, and #56.

As we discussed, we are willing to limit Requests #20 to #29 to responsive documents between the years of 2012 and 2016. Additionally, you stated that you would discuss the redactions to your responsive materials to Requests #12 through #16 with your client and advise if you would be willing to provide further documents regarding the incoming transfers to the SARC account.

At this juncture, we are set for hearing on May 14th at 10:30 a.m. for the "at issue" responses noted above. However, please contact us if upon discussion with your client, you feel we may be able to reach any further agreements.

Best Regards,
Rachel

**Rachel Studley |** Partner
West Palm Beach Office | Ext. 6945

83025-9

## IN THE CIRCUIT COURT OF THE
## FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
## PALM BEACH COUNTY, FLORIDA

PALM HOUSE HOTEL, LLLP, a
Florida limited liability limited
partnership,

CASE NO. 50-2015-CA-014480-XXXX-MB AG

      Plaintiff,

vs.

ROBERT MATTHEWS, MARIA
SNEDEN MATTHEWS a/k/a MIA
MATTHEWS, NICHOLAS
LAUDANO, JENNIFER JADE YU,
LESLIE ROBERT EVANS, LESLIE
ROBERT EVANS & ASSOCIATES,
P.A., a Florida professional association,
NEW HAVEN CONTRACTING
SOUTH, INC., a Florida corporation;
ALIBI, LLC, a Delaware limited
liability company, ALIBI, LTD, a
Cayman Islands corporation; MIRABIA,
LLC, a Delaware limited liability
company; BOTTICELLI ADVISORS,
LLC, a dissolved Florida limited
liability company; 160 ROYAL PALM,
LLC, a Florida limited liability
company; PALM HOUSE PB, LLC, a
dissolved Florida limited liability
company, and NJL DEVELOPMENT
GROUP, LLC, a Delaware limited
liability company,

      Defendants.

_____/

## NOTICE OF HEARING

    YOU WILL PLEASE TAKE NOTICE that the undersigned will call up for

hearing, Plaintiff's Notice of Service of Objections and Answers to Evans Defendants'



CASE NO. 50-2015-CA-014480-XXXX-MB AB

Interrogatories; Plaintiff's Objections and Response to Evans Defendants' Request to Produce and Plaintiff's Responses and Objections to Evans Firm's Request for Admissions, before Honorable Donald W. Hafele on May 14, 2018 at 10:30 a.m. at the Palm Beach County Courthouse, 205 N. Dixie Highway Room 10.1216, Courtroom 10D West Palm Beach, FL 33401.

PLEASE GOVERN YOURSELF ACCORDINGLY.

<u>**CERTIFICATE OF COMPLIANCE**</u>

_____ Movant's attorney has spoken in person or by telephone with the attorney(s) for all parties who may be affected by the relief sought in the motion in a good faith effort to resolve or narrow the issues raised.

__X__ Movant's attorney has attempted to speak in person or by telephone with the attorney(s) for all parties who may be affected by the relief sought in the motion.

_____ One or more of the parties who may be affected by the motion are self-represented.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Henry B. Handler, Esq., David K. Friedman, *Attorneys for Plaintiff,* 2255 Glades Road, Suite 218-A, Boca Raton, FL, 33431 at hbh@whcfla.com; dkf@whcfla.com; with copies to filings@whcfla.com; and jn@whcfla.com; Esq.Christopher W. Kammerer, Esq. and John F. Mariani, Esq. of Kammerer Mariani, PLLC, *Attorneys for Matthews Defendants*, 1601 Forum Place, Suite 500, West Palm Beach, FL 33401, at ckammerer@kammerermariani.com and jmariani@kammerermariani.com; Gregg J. Glickstein, Esq., *Attorney for Receiver Cary Glickstein*, 54 S Boca Raton Boulevard, Boca Raton, FL 33432 at ghgpa@bellsouth.net; Jeffrey A. Backman, Esq. and Rachel E. Walker, Esq. of Greenspoon, Marder P.A., *Attorney for Nicholas J. Laudano, New Haven Contracting South, Inc. and NJL Development*, 200 East Broward Blvd., Suite 1800, Ft. Lauderdale, Florida, 33301, at Jeffrey.Backman@gmlaw.com and Rachel.Walker@gmlaw.com with copy to Khia.Joseph@gmlaw.com; and Gerard Joseph Curley, Jr., Esq., Keith E. Sonderling, Esq. and Devin Sean Radkay, Esq., of Gunster, Yoakley & Stewart, P.A., *Attorneys for*

2

CASE NO. 50-2015-CA-014480-XXXX-MB AB

*Intervenors,* 777 South Flagler Dr., Suite 500 East, West Palm Beach, FL 33401-6194 at jcurley@gunster.com; ksonderling@gunster.com; cstgeorge@gunster.com, and dradkay@gunster.com; with copies to mjadotte@gunster.com; tboske@gunster.com; crossodivita@gunster.com; on this 26th day of February, 2018.

/s/ Rachel Studley
Rachel Studley, Esquire
Florida Bar No. 0578088
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.
515 N. Flagler Dr. Suite 1600
West Palm Beach, FL 33401
Phone: (561) 689-3800
Fax: (561) 689-9206
wpbcrtpleadings@wickersmith.com

cc:     Judicial Assistant for Honorable Donald W. Hafele



"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusvalida</u> que necesita algtin acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; telefono numero (561) 355-4380, por lo menos 7 dias antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente

CASE NO. 50-2015-CA-014480-XXXX-MB AB

despues de recibir esta notificacion si el tiempo antes de la comparecencia que se ha programado es menos de 7 dias; si usted tiene discapacitacion del oido o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kek ed. Tanpri kontakte Tammy Anton, koodonate pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefen li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou paret nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si le ou gen pou w paret nan tribinal la mwens ke 7 jou; si ou gen pwoblem pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

PALM HOUSE HOTEL, LLLP, a Florida
limited liability limited partnership,

      Plaintiff,

                                     CASE NO. 502015CA014480XXXXMB

vs.

                                     DIVISION: AH

ROBERT MATTHEWS, *et al.*,

      Defendants.
_____/

**PLAINTIFF'S NOTICE OF SERVICE OF OBJECTIONS AND
ANSWERS TO EVANS DEFENDANTS' INTERROGATORIES**

      Plaintiff, PALM HOUSE HOTEL, LLLP, by and through its undersigned attorneys and

pursuant to Fla. R. Civ. P. 1.340, gives notice of serving its unverified answers to the

*Interrogatories* served January 5, 2018 by Defendants, LESLIE ROBERT EVANS and ROBERT

EVANS & ASSOCIATES, P.A. (the "Evans Defendants").

                            WEISS, HANDLER & CORNWELL, PA
                            *Attorneys for Plaintiff*
                            *Palm House Hotel, LLLP*
                            2255 Glades Road Suite 218-A
                            Boca Raton, Florida 33431
                            Telephone: (561) 997-9995
                            Facsimile: (561) 997-5280

                BY: _____
                      HENRY B. HANDLER, ESQ.
                      Florida Bar No. 259284
                      hbh@whcfla.com
                      jn@whcfla.com
                      filings@whcfla.com
                      DAVID K. FRIEDMAN, ESQ.
                      Florida Bar No. 307378
                      dkf@whcfla.com
                      jh@whcfla.com
                      ma@whcfla.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished in compliance with Rule 2.516, Florida Rules of Judicial Administration, via __X__ eService Portal to Rachel Studley, Esq. and Kelly W. Brandon, Esq. of Wicker Smith O'Hara McCoy & Ford, PA, *Attorneys for Defendants Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.*, 515 N Flagler Drive, Suite 1600, West Palm Beach, FL 33401 at rstudley@wickersmith.com with a copy to pwiley@wickersmith.com and wpbcrtpleadings@wickersmith.com; Christopher W. Kammerer, Esq. and John F. Mariani, Esq. of Kammerer Mariani, PLLC, *Attorneys for Matthews Defendants*, 1601 Forum Place, Suite 500, West Palm Beach, FL 33401, at christopherkammerer@kammerermariani.com and jmariani@kammerermariani.com; Gregg J. Glickstein, Esq., *Attorney for Receiver Cary Glickstein*, 54 S Boca Raton Boulevard, Boca Raton, FL 33432 at ghgpa@bellsouth.net; David J. George, Esq. and Devin Sean Radkay, Esq., of Gunster, Yoakley & Stewart, P.A., Attorneys for Intervenors, 777 S Flagler Drive Suite 500 East, West Palm Beach, FL 33401-6194 at dgeorge@gunster.com; cstgeorge@gunster.com, and dradkay@gunster.com; with copies to mjadotte@gunster.com; tboske@gunster.com; crossodivita@gunster.com; and Daniel A. Hershman, Esq., Hershman Law, PA (dahershmanlaw@aol.com), *Attorneys for Laudano Defendants*, 2240 Palm Beach Lakes Boulevard, Suite 101, West Palm Beach, FL 33409 on this 8th day of February 2018.

WEISS, HANDLER & CORNWELL, PA
*Attorneys for Plaintiff*
*Palm House Hotel, LLLP*
2255 Glades Road Suite 218-A
Boca Raton, Florida 33431
Telephone: (561) 997-9995
Facsimile: (561) 997-5280

BY: _____
HENRY B. HANDLER, ESQ.
Florida Bar No. 259284
hbh@whcfla.com
jn@whcfla.com
filings@whcfla.com
DAVID K. FRIEDMAN, ESQ.
Florida Bar No. 307378
dkf@whcfla.com
jh@whcfla.com
ma@whcfla.com

## Interrogatories

1.     Identify each person by name, address, and his/her corporate position and/or affiliation (if applicable) on whose behalf these Interrogatories are being answered or who is answering these Interrogatories and/or who supplied or furnished any information or documents which were used in answering these Interrogatories.

    **ANSWER:    Joseph Walsh, Managing Member of Palm House Hotel, LLLP, c/o Weiss, Handler & Cornwell, PA, 2255 Glades Road, Suite 218-A, Boca Raton, FL 33431 with the assistance of counsel**

2.     Were you charged with any violation of law (including any regulations or ordinances) arising out and/or related to the allegations lodged against the Defendants in the subject action? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding this charge, and, if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

    **ANSWER:    No.**

3.     Please identify each time you have been deposed in any matter in any way related to the subject action, the name of the court reporter who took the testimony, the location of the deposition and the court style of the case in which you were deposed.

    **ANSWER:    (a) May 1, 2015 taken in West Palm Beach, FL in the matter of *Black v. Matthews, et al.*, 15th Judicial Circuit for Palm Beach County Case No. 502014CA014846XXXXMB before Dianelis Hernandez of Universal Court Reporting; (b) September 27, 2017 taken in Westport, CT in the matter of *US Regional Economic Development Authority, LLC v. Matthews, et al.*, US District Court for the District of Connecticut Case No. 3:16-cv-01093 before Donna Oliver of Gerson Reporting Service; (c) October 4, 2017 taken in West Palm Beach, FL in the matters of *KK-PB Financial, LLC v. 160 Royal Palm, LLC, et al.*, 15th Judicial Circuit for Palm Beach County Case No. 502014CA011203XXXXMB and *Black v. Matthews, et al.*, 15th Judicial Circuit for Palm Beach County Case No. 502014CA014846XXXXMB before Debra Duran-Bornstein of Phipps Reporting**

4.     Please identify fully all individuals who were employed by Palm House LLLP during the time period of November 1, 2012 through the present, and state whether each individual is currently an employee of Palm House LLLP.
"Identify fully" means to state the full name, current or last known address, job title, social security number, date of birth, and dates of employment.

ANSWER:     There is no such entity named Palm House LLLP.

5.     Please identify fully each outside consultant Palm Housel [sic] LLLP utilized related to the Palm House Hotel Project.
"Identify fully" means to state the full name, current or last known address, job title, social security number, date of birth, and dates of employment.

ANSWER:     There is no such entity named Palm House LLLP.

6.     Please identify fully each person who drafted the loan documents attached to the Fourth Amended Complaint as Exhibit "B" and the date each of the documents was drafted.

ANSWER:     *Objection:* The question seeks information that is irrelevant to the claims and defenses in this action pertaining to the Evans Defendants and not reasonably calculated to lead to the discovery of admissible evidence.

7.     Please identify fully all attorneys and accountants utilized by Palm House LLLP from January 1, 2012 through the present.

ANSWER:     *Objection:* The question seeks information that is irrelevant to the claims and defenses in this action pertaining to the Evans Defendants and not reasonably calculated to lead to the discovery of admissible evidence.

8.     Please list the date and substance of any investigation which Plaintiff knows or believes was conducted by any governmental agency including any law enforcement offices concerning Plaintiff or any employees, agents or representatives of Plaintiff, together with the name and address of the agency that conducted the investigation.

ANSWER:     *Objections:* The question seeks information that is irrelevant to the claims and defenses in this action pertaining to the Evans Defendants and not reasonably calculated to lead to the discovery of admissible evidence. The question is vague and ambiguous as to what is meant by "substance of any investigation."

9.     Please itemize each and every expense you are claiming as damages in this case, including in your answer, the date and time the expense was incurred and/or paid, to whom the expense is owed or paid, what the expense was for, and the exact amount of the expense. (The answer to this question should include all items you claim as damages in this case).

ANSWER:     Plaintiff has not completed discovery in this matter and has not completed preparation for trial.

10.     List each item or damage that you claim to have incurred as a result of the alleged wrongdoing described in Plaintiff's Complaint.

ANSWER:      *Preliminary Statement:*

Plaintiff has not completed discovery in this matter and has not completed preparation for trial. The following responses are based on Plaintiff's knowledge as of the date of these responses and are limited to information currently available to Plaintiffs after reasonable and diligent investigation. The responses are given without prejudice to Plaintiff's right to rely on evidence of any subsequently discovered facts and/or documents since discovery and investigation are continuing.

*Known Damages:*

At least $6 million representing Loan Funds that came into the Evans Defendants' IOTA Trust account and which were improperly disbursed out of the IOTA Trust Account to various defendants named in this action and used for fraudulent purposes and/or for purposes unrelated to the Loan Agreement. The diversion of these funds from the Trust Account resulted in Palm House, LLC being unable to pay the first mortgage. In order to protect its investment in the Hotel Project which is the subject of the Loan involved in this action, Plaintiff incurred legal fees and expenses in defending the foreclosure action which fees and costs are ongoing.

The diversion of these funds from the Trust Account resulted in Palm House, LLC defaulting on Loan and in Plaintiff incurring legal fees and expenses to enforce payment of the promissory note evidencing the Loan which fees and costs are ongoing.

The diversion of these funds from the Trust Account resulted in investors filing a lawsuit in federal court against Plaintiff and its principals (as well as the Evans Defendants). As a result, Plaintiff incurred legal fees and costs incurred in defending the federal court action which fees and costs are ongoing.

The above does not include the costs of investigating the fraudulent transactions at issue which Plaintiff reserves the right to seek to recover as taxable costs in this action.

The above does not include prejudgment interest from the date of each diversion of funds.

*Potential Additional Damages:*

No less than $3.3 million in Loan Funds that came into the Evans Defendants' IOTA Trust account and which were disbursed by the Evans Defendants for suspicious transactions to which one or more of the defendants named in this action were parties that discovery *may* ultimately establish were fraudulent.

11.   Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

Page 3

**ANSWER:** No.

12. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

> **ANSWER:** *Objection:* **The question is overbroad as to time and scope. The information sought is a matter of public record, is not relevant to the present case, and is not likely to lead to the discovery of admissible evidence.**

13. Please identify each person whom you expect to call as an expert witness at trial, providing his/her name, address and telephone number and state the subject matter on which each expert identified is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion.

> **ANSWER:** **None.**

14. State in detail the educational background, training and/or experience of each person identified above which qualifies him/her as an expert and identify for each person listed above the field of their expertise. (You may attach a current CV in lieu of answering the question.)

> **ANSWER:** **Not applicable as no experts have been retained.**

15. Please give a detailed list of all publications which each expert identified above has authored, or co-authored and the name of the publication in which the article has appeared, or the name of the publisher who has published the article and enough information about the publication to enable this Defendant to obtain it.

> **ANSWER:** **Not applicable as no experts have been retained.**

16. Please state the state, county, city and court style of the case, and case number of every case that each of the experts listed above has been identified either by answers to expert interrogatories or by the fact that they have testified by deposition or at trial during the three (3) years preceding the date of these interrogatories.

> **ANSWER:** **Not applicable as no experts have been retained.**

17. Please state with specificity the scope of each expert's employment in the pending case and the compensation for such service. State the date and amount of all payments to date as well as any bill outstanding with the corresponding hourly rate for the review of records, deposition testimony and appearance at trial.

> **ANSWER:** **Not applicable as no experts have been retained.**

18. State the expert's general litigation experience including the percentage of work performed for plaintiffs and defendants.

ANSWER:    Not applicable as no experts have been retained.

19.    State an approximation of the portion of each expert's involvement as an expert witness. This may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness.

ANSWER:    Not applicable as no experts have been retained.

20.    Did any expert submit a report setting forth his or her opinions in this claim? Ifso, state the date of each report.   Also, if you will do so without a Request to Produce, please attach a copy of each report.

ANSWER:    Not applicable as no experts have been retained.


Signature of Attorney as to Objections:

Henry B. Handler, Esq

83025-9

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

PALM HOUSE HOTEL, LLLP, a                    CIRCUIT CIVIL DIVISION
Florida limited liability limited
partnership,                                 CASE NO. 50-2015-CA-014480-XXXX-MB AB

        Plaintiff,                    Consolidated for Discovery Purposes only with
                                             Case No. 50-2015CA014228XXXXMAB AG
vs.

ROBERT MATTHEWS, et al.,

        Defendants.
_____/

## REQUEST TO PRODUCE

    Defendants, LESLIE ROBERT EVANS and LESLIE ROBERT EVANS &
ASSOCIATES, P.A. (collectively the EVANS DEFENDANTS), by and through their
undersigned attorney and pursuant to Fla. R. Civ. P., 1.350, request that the Plaintiff, PALM
HOUSE HOTEL, LLLP  produce, in the time required by Fla. R. Civ. P., 1.350, at the offices of
the undersigned counsel, the following:

   1. Any and all audio or video recordings that are in any manner related to the subject matter
      of this lawsuit.

   2. Any and all photographs related to the subject matter of this lawsuit to include
      photographs of the Palm House Hotel Project, computer renderings, and all photographs
      of Robert Matthews and Joseph Walsh taken for consideration to be used in any
      Confidential Business Review.

   3. All statements made by this Defendant, its agents or employees, that are in the possession
      or control of  Plaintiff or Plaintiff's attorneys, servants, employees or agents regarding
      the incident complained of or in any way relating to the issues raised by the Complaint.

   4. All reports received from any experts the Plaintiff intends to call at the time of trial and
      copies of all documents the experts have reviewed in preparation for rendering any
      opinions in this case.

CASE NO. 50-2015-CA-014480-XXXX-MB AB

5. All documents that the Plaintiff's experts have reviewed in arriving at their opinions in this case.

6. Plaintiff's State and Federal Income Tax Returns for the past five years.

7. Any correspondence sent to or received by the Plaintiff from The Evans Defendants.

8. Any correspondence sent to or received by The Evans Defendants from the Plaintiff.

9. Any and all settlement agreements and releases with any individual or corporation that in any way relate to or arise out of the allegations that are the subject of this litigation.

10. Any and all corporate operating agreement(s), bylaws, and articles of organization for Palm House Hotel, LLLP, South Atlantic Regional Center, LLC, USREDA.

11. If you denied any of the Requests for Admissions propounded by the Evans Defendants, please provide each and every document which support your denial.

12. All bank records, bank statements, accounting records, of Palm House Hotel, LLLP, of all funds received pursuant to the U.S. EB-5 Immigration Investor Program as identified in the Loan Documents attached as Exhibit "B" to Plaintiff's Fourth Amended Complaint.

13. All bank records, bank statements, accounting records, of South Atlantic Regional Center, LLC, USREDA, or any related entity, of all funds received pursuant to the U.S. EB-5 Immigration Investor Program as identified in the Loan Documents attached as Exhibit "B" to Plaintiff's Fourth Amended Complaint.

14. All bank records, bank statements, accounting records, of Palm House Hotel, LLLP, reflecting any and all disbursements of all funds received pursuant to the U.S. EB-5 Immigration Investor Program as identified in the Loan Documents attached as Exhibit "B" to Plaintiff's Fourth Amended Complaint.

15. All bank records, bank statements, accounting records, of South Atlantic Regional Center, LLC, USREDA, or any related entity, reflecting any and all disbursements of all funds received pursuant to the U.S. EB-5 Immigration Investor Program as identified in the Loan Documents attached as Exhibit "B" to Plaintiff's Fourth Amended Complaint.

16. All bank records, bank statements, accounting records, of Palm House Hotel, LLLP, South Atlantic Regional Center, LLC, USREDA, or any related entity, reflecting any and all disbursements of all funds received pursuant to the U.S. EB-5 Immigration Investor Program as identified in the Loan Documents attached as Exhibit "B" to Plaintiff's Fourth Amended Complaint.

CASE NO. 50-2015-CA-014480-XXXX-MB AB

17. All bank records, bank statements, accounting records reflecting each and every transactions between JJW Consultancy Macau and Leslie Robert Evans and Assoc. as reflected in Exhibit C of Plaintiff's Fourth Amended Complaint.

18. Any and all electronic correspondence, text messages, letters or communications of any kind between Joseph Walsh and Leslie Robert Evans wherein Joseph Walsh directs wire instructions to Mr. Evans.

19. Any and all billing statements of Weiss, Handler and Cornwell related to the $97,926.38 wired to that entity on 4/15/13; and the $30,000 wired to that entity on 7/24/13, as reflected on Exhibit C of the Fourth Amended Complaint.

20. Any and all electronic correspondence, text messages, letters, communications of any kind for the time period of January 1, 2012 to the present by and between Joseph Walsh and Robert Matthews, to include any communications wherein Joseph Walsh and Robert Matthews were participants on the communication.

21. Any and all electronic correspondence, text messages, letters, communications of any kind for the time period of January 1, 2012 to the present by and between anyone on behalf of Joseph Walsh and Robert Matthews.

22. Any and all electronic correspondence, text messages, letters, communications of any kind for the time period of January 1, 2012 to the present by and between Joseph Walsh and Nicholas Laudano, to include any communications wherein Joseph Walsh and Nicholas Laudano were participants on the communication.

23. Any and all electronic correspondence, text messages, letters, communications of any kind for the time period of January 1, 2012 to the present by and between anyone on behalf of Joseph Walsh and Nicholas Laudano.

24. Any and all electronic correspondence, text messages, letters, communications of any kind for the time period of January 1, 2012 to the present by and between Joseph Walsh and Ryan Black, to include any communications wherein Joseph Walsh and Ryan Black were participants.

25. Any and all electronic correspondence, text messages, letters, communications of any kind for the time period of January 1, 2012 to the present by and between anyone on behalf of Joseph Walsh and Ryan Black.

26. Any and all electronic correspondence, text messages, letters, communications of any kind for the time period of January 1, 2012 to the present by and between Joseph Walsh

CASE NO. 50-2015-CA-014480-XXXX-MB AB

and Leslie Robert Evans, to include any communications wherein Joseph Walsh and Leslie Robert Evans were participants.

27. Any and all electronic correspondence, text messages, letters, communications of any kind for the time period of January 1, 2012 to the present by and between anyone on behalf of Joseph Walsh and anyone on behalf of Leslie Robert Evans or his law firm.

28. Any and all electronic correspondence, text messages, letters, communications of any kind for the time period of January 1, 2012 to the present by and between Plaintiff and any of the named Defendants identified in the Fourth Amended Complaint not previously produced.

29. Any and all electronic correspondence, text messages, letters, communications of any kind in Plaintiff's possession for the time period of January 1, 2012 to the present by and between any of the named Defendants identified in the Fourth Amended Complaint not previously produced.

30. The Business Plan that was attached to the "Loan Documents" signed by Joseph Walsh and Ryan Black on or about January 20, 2013 and attached as Exhibit B to Plaintiff's Fourth Amended Complaint.

31. A copy of each and every amended Business Plan.

32. Any and all documents, emails, text message, or any other written or electronic materials supporting your allegation that Leslie Robert Evans was charged with maintaining the Loan funded by PHH in his law firm's trust account as alleged in Paragraph 14 of the Plaintiff's Fourth Amended Complaint.

33. Any and all documents, emails, text message, or any other written or electronic materials supporting your allegation that Leslie Robert Evans was charged with overseeing disbursement of the Loan for the sole purpose of funding the development of the Hotel Project by 160 Royal Palm as alleged in Paragraph 14 of the Plaintiff's Fourth Amended Complaint.

34. Any and all accounting(s) on Plaintiff's books to record (i.) all LOANS; (ii.) all payments made by the Borrower; and (iii.) all other appropriate debits and credits in the Agreement with respect to the Obligations as provided in Paragraph 2.2 (Loan Account), of the Loan and Security Agreement attached in Exhibit B to Plaintiff's Fourth Amended Complaint.

35. Any and all records of examinations, audits, etc. as referenced in Paragraph 6 (f) (Affirmative Covenants) of the Loan and Security Agreement attached in Exhibit B to Plaintiff's Fourth Amended Complaint.

CASE NO. 50-2015-CA-014480-XXXX-MB AB

36. Any and all bank records, bank statements, accounting records, of Palm House Hotel, LLLP, South Atlantic Regional Center, LLC, USREDA, or any related entity, of all funds received in "other funding" as provided in the Palm House Hotel Project "Confidential Business Review" attached to Exhibit "B" to Plaintiff's Fourth Amended Complaint.

37. Each and every document, email, text message, correspondence or any other written or electronic material in Palm House Hotel, LLLP specifically placing The Evans Defendants on notice of any restrictions on the use of funds in the trust account as alleged in Paragraph 114 of the Plaintiff's Fourth Amended Complaint.

38. Each and every document, email, text message, correspondence, or any other written or electronic material Plaintiff claims supports the allegation that The Evans Defendants intentionally caused Palm House, LLC to breach its obligations under the Loan Agreement.

39. Each and every document, email, text message, correspondence or any other written or electronic material which Plaintiff claims supports that The Evans Defendants unjustifiably caused Palm House, LLC to breach its obligations under the Loan Agreement.

40. Each and every document, email, text message, correspondence or any other written or electronic material which Plaintiff contends support the allegations of damages contained in Paragraph 116 of the Plaintiff's Fourth Amended Complaint.

41. Each and every document, email, text message, billing record, or any other written or electronic material which Plaintiff will rely on to support the damages claimed in Paragraph 117 of the Plaintiff's Fourth Amended Complaint.

42. Provide each and every document, email, text message, or any other written or electronic material which Plaintiff claims supports that The Evans Defendants had any criminal intent when receiving proceeds into the trust account.

43. Any and all documents showing that an amount in excess of $36 million was advanced as per Paragraph 153 of Plaintiff's Fourth Amended Complaint.

44. All documents Plaintiff contends support the allegations contained in Paragraph 151, 152, and 153 of the Plaintiff's Fourth Amended Complaint.

45. Each and every document, email, text message, or any other written or electronic material which support Plaintiff's allegations that the Evans Defendants caused the damages alleged in Paragraph 151, 152, and 153 of the Plaintiff's Fourth Amended Complaint.

CASE NO. 50-2015-CA-014480-XXXX-MB AB

46. Each and every document, email, text message, or any other written or electronic material which Plaintiff claims supports Plaintiff's allegation that the Evans Defendants conspired with any other party to divert loan funds for an unlawful purpose.

47. Each and every document, email, text message, or any other written or electronic material which Plaintiff contends supports the allegation that the Evans Defendants converted or assisted in the conversion of the Loan Funds as alleged in Paragraph 156 of the Plaintiff's Fourth Amended Complaint.

48. Any document, correspondence, e-mail, or material of any type showing that the Evans Defendants were provided with the Business Plan attached to Exhibit B to the Fourth Amended Complaint.

49. Each and every document, email, text message, or any other written or electronic material that supports Plaintiff's claim that The Evans Defendants had knowledge that the Loan Funds represented funds loaned by PHH to Palm House for the Hotel Project as alleged in Paragraph 162 of the Plaintiff's Fourth Amended Complaint.

50. Each and every document, email, text message, or any other written or electronic material that supports that the Evans Defendants used Loan Funds to pay themselves compensation or received compensation from Robert for their alleged participation in the conspiracy.

51. Provide a copy of the original offering to the EB-5 investors including all exhibits to the document, and all subsequent offerings with exhibits.

52. Provide a copy of any electronic or written correspondence attaching the original offering to the EB-5 investors regarding the 160 Royal Palm Way hotel project including all exhibits to the document.

53. Provide copies of each and every draft of econometric reports prepared related to the 160 Royal Palm Way hotel project, and provide copies of any corresponding e-mails or letters regarding same.

54. Any and all accounting documents, ledgers, invoices, check copies, and correspondence related to the hotel project in Plaintiff's possession.

55. A copy of the tracking log for SARC prepared by Tony Reitz as reference in the deposition of Joe Walsh on October 16, 2017.

56. All bank records, accounting records, ledgers, invoices, check copies, and correspondence which reflect the 20% that was held back from the EB-5 investors in favor of SARC.

CASE NO. 50-2015-CA-014480-XXXX-MB AB

57. Any and all documents evidencing the Note executed by PALM HOUSE, LLC.

58. Any and all documents evidencing the Mortgage executed by 160 ROYAL PALM, LLC.

59. The Table of Organization and/or any and all documents evidencing the management structure and/or the managing members of PALM HOUSE HOTEL, LLLP.

60. Any and all documents evidencing the distribution of loan proceeds to PALM HOUSE, LLC not previously produced.

61. Provide any and all documents which support your allegations of damages in this matter.

62. Any and all documents evidencing the distribution of loan proceeds to the Evans Defendants not previously produced.

63. Any and all documents Plaintiff claims supports that the Evans Defendants were engaged in an enterprise as defined by Florida RICO statutes.

64. Any and all documents or materials Plaintiff claims provides evidence that the Evans Defendants owed a duty to the Plaintiff to refrain from disbursing the loan proceeds for purposes inconsistent with the terms of the Loan Agreement.

65. Any and all documents not otherwise addressed evidencing any and all of the factual allegations that the Evans Defendants are liable as pled in the Plaintiff's Fourth Amended Complaint.

66. A copy of any and all Complaint(s) in any matter filed against you related to the subject matter of this lawsuit.

67. Copies of any insurance policies including excess policies produced by any Defendant in discovery in the subject lawsuit.

68. All other documents in the possession or control of the Plaintiff that support the Plaintiff's claims that the Defendants are liable for the damages being claimed in this case.

69. All documents reflecting payments made to Plaintiff(s) or on their behalf, as a result of the incident and/or damages that are the subject of this case.

70. Any and all settlement agreements, releases, with any individual or corporation that in any way relate to or arise out of the allegations that are the subject of this litigation.

CASE NO. 50-2015-CA-014480-XXXX-MB AB

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Henry B. Handler, Esquire, David K. Friedman, Esquire, Harry Winderman, Esquire, Attorneys for Plaintiff, hbh@whcfla.com; jn@whcfla.com; filings@whcfla.com; dkf@whcfla.com; jh@wchfla.com; hw@whcfla.com; lm@whcfla.com; Christopher Kammerer, Esquire, Attorneys for Matthews Defendants; ckammerer@kammerermariani.com; Palm House, LLC, pro se, c/o The Company Corporation, Registered Agent, 2711 Centerville Road, suite 400, Wilmington, DE 19808; Daniel Hershman, Attorney for Landau Defendants; dahershmanlaw@aol.com; Nicholas Laudano, nick.njlgroup@gmail.com; New Haven Contracting South c/o Nicholas Laudano, nick.njlgroup@gmail.com; NJL Development Group, LLC c/o Nicholas Laudano, nick.njlgroup@gmail.com; Gerard Joseph Curley, Esquire, David J. George, Esquire, and Devin S. Radkay, Esquire, Attorneys for Intervenors, jcurley@gunster.com, dgeorge@gunster.com; cstgeorge@gunster.com and dradkay@gunster.com; mjadotte@g8unster.com, tboske@gunster.com and crossodivita@gunster.com; Gregg H. Glickstein, Esquire, Attorneys for Receiver, ghgpa@bellsouth.net; Jeffrey Backman, Esquire, and Rachel e. Walker, Esquire Jeffrey.backman@gmlaw.com; rachel.walker@gmlaw.com; khia.joseph@gmlaw.com; Alexander Domb, Esquire, Attorney for KK-PB Financial, alec@adlaw.com; Brooks Ricca, Jr., Esquire bricca@riccalawyers.com; lkendrick@riccalawyers.com; R. Lee Dorough, Esquire, rleedorough@yahoo.com; Adam T. Rabin, Esquire, arabin@mccaberabin.com; e-filing@mccaberabin.com; on this 5th day of January, 2018.

/s/ Rachel Studley
Rachel Studley, Esquire
Florida Bar No. 0578088
Kelly W. Brandon, Esquire
Florida Bar No. 112285
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Leslie Robert Evans and
Leslie Robert Evans & Associates, P.A.
515 N. Flagler Dr. Suite 1600
West Palm Beach, FL  33401
Phone: (561) 689-3800
Fax: (561) 689-9206
wpbcrtpleadings@wickersmith.com

Filing # 67731835 E-Filed 02/08/2018 06:49:05 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

PALM HOUSE HOTEL, LLLP, a Florida
limited liability limited partnership,

      Plaintiff,

                                CASE NO. 502015CA014480XXXXMB

vs.

                                DIVISION: AH

ROBERT MATTHEWS, *et al.*,

      Defendants.                /

## PLAINTIFF'S OBJECTIONS AND RESPONSE TO
## EVANS DEFENDANTS' REQUEST TO PRODUCE

      COMES NOW the Plaintiff, PALM HOUSE HOTEL, LLLP, by and through its

undersigned attorneys and pursuant to Fla. R. Civ. P. 1.350, which files its objections and response

to the Request to Produce (the "RFP") dated January 5, 2018 filed by Defendants, LESLIE

ROBERT EVANS ("Evans") and ROBERT EVANS & ASSOCIATES, P.A. (the "Evans Firm"

and, together with Evans, the "Evans Defendants"), as follows:

### GENERAL OBJECTIONS

      A.     Plaintiff objects to the Requests to the extent they seek documents or information

that is neither relevant nor material to the subject matter of the pending case and are not reasonably

calculated to lead to the discovery of admissible evidence.

      B.     Plaintiff objects to the Requests to the extent that they are overly broad and unduly

burdensome.

      C.     Plaintiff objects to the Requests to the extent they seek documents, items or

information protected by the attorney-client privilege and/or the attorney work-product doctrine.

D.     Plaintiff objects to the Requests to the extent they require the disclosure of confidential and proprietary commercial information which could be detrimental to its business, absent an appropriate Confidentiality Order between the parties entered by the Court.

E.     Plaintiff objects to the Requests to the extent they seek "any" information or use similar terms that fail to identify with reasonable particularity the information sought, on the ground that such a discovery request constitutes a prohibited "fishing expedition."

F.     By furnishing responses to the Requests, Plaintiff does not concede that any such information is relevant to this litigation or will lead to competent or admissible evidence in this matter, and Plaintiff thereby does not waive its ability to argue otherwise at any trial or other proceeding in this matter.

RESPONSES AND SPECIFIC OBJECTIONS

1.     Plaintiff objects to Request No. 1 of the RFP for audio or video recordings to the extent that it seeks items which may be subject to the work product doctrine and/or attorney-client privilege.   Subject to and without waiving same, Plaintiff is producing to counsel for the Evans Defendants audio and video files received from the Matthews Defendants in this proceeding.

2.     Plaintiff objects to Request No. 2 of the RFP for photographs to the extent that it seeks items which may be subject to the work product doctrine and/or attorney-client privilege. Subject to and without waiving same, Plaintiff is producing documents bearing Bates numbers 005804 through 009409 [1] to counsel for the Evans Defendants which include photographs received from the Matthews Defendants in this proceeding and filed by the Receiver in the matter of *Black v. Matthews*, Case No. 502014CA014846XXXXMB.

---

[1] For brevity, Bates numbers will be referred to only by numerals. However, Plaintiff's production is identified with Bates numbers consisting of the prefix "PLNTF_" and a suffix indicating the request to which it responds -- in this instance "_EVANS1STRFP."

3.      Plaintiff objects to Request No. 3 of the RFP for statements to the extent that it seeks items which may be subject to the work product doctrine and/or attorney-client privilege.

4.      Plaintiff objects to Request No. 4 of the RFP for expert reports to the extent that it seeks items which may be subject to the work product doctrine and/or attorney-client privilege. Plaintiff states that it has no documents responsive to Request No. 4.

5.      Plaintiff objects to Request No. 5 of the RFP for documents reviewed by experts to the extent that it seeks items which may be subject to the work product doctrine and/or attorney-client privilege.  Plaintiff states that it has no documents responsive to Request No. 5.

6.      Plaintiff objects to Request No. 6 of the RFP for income tax returns on the grounds that it seeks documents not relevant to the claims or defenses in this case and which are not reasonably calculated to lead to the discovery of admissible evidence, and which contain confidential and private information. Without waiver of said objection, Plaintiff states that it is producing documents bearing Bates numbers 001198 to 001212, 003455 to 003483 and 005788 to 005803 to counsel for the Evans Defendants.

7.      Plaintiff objects to Request No. 7 of the RFP for correspondence from the Evans Defendants as being overbroad as to both time and scope.  Plaintiff further objects based upon the fact that the Evans Defendants have equal access to responsive documents.

8.      Plaintiff objects to Request No. 8 of the RFP for correspondence to the Evans Defendants as being overbroad as to both time and scope.  Plaintiff further objects based upon the fact that the Evans Defendants have equal access to responsive documents.

9.      Plaintiff states that it has no documents responsive to Request No. 9 for settlement documents.

10.     Plaintiff objects to Request No. 10 of the RFP for operating agreements on the grounds that it seeks documents not relevant to the claims or defenses in this case and which are not reasonably calculated to lead to the discovery of admissible evidence, and which contain confidential and private information.  Without waiver of said objection, Plaintiff states that it is producing documents bearing Bates numbers 005788 to 005803 to counsel for the Evans Defendants.

11.     Plaintiff objects to Request No. 11 of the RFP for documents supporting denial(s) of the request for admissions as being overbroad and overly burdensome.

12.     Plaintiff objects to Request No. 12 of the RFP for Plaintiff's financial records as being overbroad as to both time and scope, overly burdensome, and duplicative of the discovery propounded in the parallel federal litigation to which the Evans Defendants are also parties. Without waiver of said objection, Plaintiff states that it is producing documents bearing Bates numbers 000001 to 001197 to counsel for the Evans Defendants.

13.     Plaintiff objects to Request No. 13 of the RFP for SARC and USREDA's financial records as being overbroad as to both time and scope, overly burdensome, and duplicative of the discovery propounded in the parallel federal litigation to which the Evans Defendants are also parties.  Without waiver of said objection, Plaintiff states that it is producing documents bearing Bates numbers 001213 to 003454 and 003484 to 005787 to counsel for the Evans Defendants.

14.     Plaintiff objects to Request No. 14 of the RFP for Plaintiff's financial records as being overbroad as to both time and scope, overly burdensome, and duplicative of the discovery propounded in the parallel federal litigation to which the Evans Defendants are also parties. Without waiver of said objection, Plaintiff states that it is producing documents bearing Bates numbers 000001 to 001197 to counsel for the Evans Defendants.

15.   Plaintiff objects to Request No. 15 of the RFP for SARC and USREDA's financial records as being overbroad as to both time and scope, overly burdensome, and duplicative of the discovery propounded in the parallel federal litigation to which the Evans Defendants are also parties.  Without waiver of said objection, Plaintiff states that it is producing documents bearing Bates numbers 001213 to 003454 and 003484 to 005787 to counsel for the Evans Defendants.

16.   Plaintiff objects to Request No. 16 of the RFP for Plaintiff, SARC and USREDA's financial records as being overbroad as to both time and scope, overly burdensome, and duplicative of the discovery propounded in the parallel federal litigation to which the Evans Defendants are also parties.  Without waiver of said objection, Plaintiff states that it is producing documents bearing Bates numbers 000001 to 005787 to counsel for the Evans Defendants.

17.   Plaintiff objects to Request No. 17 of the RFP for financial records as being vague and ambiguous.  To the extent that the Request seeks Plaintiff's financial documents, Plaintiff objects to the Request as being duplicative of Request numbers 12, 14 and 16.  To the extent that the Request seeks the financial records of JJW Consultancy, Plaintiff states that these records are not in its care, custody or control.  To the extent that the Request seeks the Evans Firm's financial records, Plaintiff states that the Evans Defendants have better access to same.

18.   Plaintiff objects to Request No. 18 of the RFP for electronic correspondence to Evans as being overbroad as to both time and scope.  Plaintiff further objects based upon the fact that the Evans Defendants have equal access to responsive documents.

19.   Plaintiff objects to Request No. 19 of the RFP for billing statements of Weiss, Handler & Cornwell, PA on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and the Request also seeks documents (billing statements) protected from disclosure by the attorney-client privilege.

20.     Plaintiff objects to Request No. 20 of the RFP for electronic communications between Joseph Walsh and Robert Matthews on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project.

21.     Plaintiff objects to Request No. 21 of the RFP for electronic communications between anyone on behalf of Joseph Walsh and Robert Matthews on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project.  The Request is also objected to on the grounds that it is vague and ambiguous and, to the extent the communications include either Evans or the Evans Firm, the Evans Defendants' have equal or better access thereto.

22.     Plaintiff objects to Request No. 22 of the RFP for electronic communications between Joseph Walsh and Nicholas Laudano on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project.

23.     Plaintiff objects to Request No. 23 of the RFP for electronic communications between anyone on behalf of Joseph Walsh and Nicholas Laudano on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project.  The Request is also objected to on the grounds

that it is vague and ambiguous and, to the extent the communications include either Evans or the Evans Firm, the Evans Defendants' have equal or better access thereto.

24.   Plaintiff objects to Request No. 24 of the RFP for electronic communications between Joseph Walsh and Ryan Black on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project.  Additionally, Plaintiff objects to the extent that the Request seeks documents protected from disclosure as work product.

25.   Plaintiff objects to Request No. 25 of the RFP for electronic communications between anyone on behalf of Joseph Walsh and Ryan Black on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project.  The Request is also objected to on the grounds that it is vague and ambiguous and, to the extent the communications include either Evans or the Evans Firm, the Evans Defendants' have equal or better access thereto.  Additionally, Plaintiff objects to the extent that the Request seeks documents protected from disclosure as work product.

26.   Plaintiff objects to Request No. 26 of the RFP for electronic communications between Joseph Walsh and Evans on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project.  The Request is also objected to on the grounds that it is vague and ambiguous and because the Evans Defendants' have equal or better access thereto.

27.    Plaintiff objects to Request No. 27 of the RFP for electronic communications between anyone on behalf of Joseph Walsh and Evans or the Evans Firm on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project. The Request is also objected to on the grounds that it is vague and ambiguous, is duplicative of one or more Requests in this RFP, and because the Evans Defendants' have equal or better access thereto.

28.    Plaintiff objects to Request No. 28 of the RFP for electronic communications between Plaintiff and any of the named Defendants in this matter on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project. The Request is also objected to on the grounds that it is vague and ambiguous, is duplicative of one or more Requests in this RFP, and because, to the extent the Evans Defendants were included in the communicative, they have equal or better access thereto.

29.    Plaintiff objects to Request No. 29 of the RFP for electronic communications of the named Defendants in this matter on the grounds that it is overbroad as to time and subject matter, and because it seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence as the request is not limited to matters relating to the subject Project. The Request is also objected to on the grounds that it is vague and ambiguous, is duplicative of one or more Requests in this RFP, and because, to the extent the Evans Defendants were included in the communicative, they have equal or better access thereto.

30.     Plaintiff objects to Request No. 30 of the RFP for a copy of the Business Plan attached to the Fourth Amended Complaint as being vague.  Plaintiff also objects to the Request as duplicative.  Plaintiff has, by the Evans Defendants' own admission in the Request, already provided a copy of the requested document.

31.     Plaintiff objects to Request No. 31 of the RFP for amended Business Plans as vague and ambiguous.

32.     With respect to Request No. 32 of the RFP for documents supporting its allegation in Paragraph 14 of the Fourth Amended Complaint with respect to maintenance of the trust account, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

33.     With respect to Request No. 33 of the RFP for documents supporting its allegation in Paragraph 14 of the Fourth Amended Complaint with respect to disbursement of the trust account, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

34.     Plaintiff objects to Request No. 34 of the RFP for accountings as being vague and ambiguous.  Plaintiff further objects to Request No. 34 to the extent that it is duplicative to one or more Requests in this RFP.

35.     With respect to Request No. 35 of the RFP for audit documents, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

36.     Plaintiff objects to Request No. 36 of the RFP for financial records related to other funding on the grounds that it seeks documents not relevant to the claims or defenses in this case

and which are not reasonably calculated to lead to the discovery of admissible evidence, and which contain confidential and private information.

37.     With respect to Request No. 37 of the RFP for documents giving notice of restrictions on the funds to the Evans Defendants, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

38.     With respect to Request No. 38 of the RFP for documents supporting the allegation that the Evans Defendants intentionally caused Palm House LLC to breach its obligations, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

39.     With respect to Request No. 39 of the RFP for documents supporting the allegation that the Evans Defendants unjustifiably caused Palm House LLC to breach its obligations, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

40.     With respect to Request No. 40 of the RFP for documents supporting damages, Plaintiff will produce responsive documents to counsel for the Evans Defendants.

41.     With respect to Request No. 41 of the RFP for documents supporting attorneys' fees as damages, Plaintiff will produce responsive documents, redacted to protect attorney-client privileged information, to counsel for the Evans Defendants.

42.     With respect to Request No. 42 of the RFP for documents supporting the allegation that the Evans Defendants had criminal intent, Plaintiff is producing documents bearing Bates numbers 005804 to 009409 to counsel for the Evans Defendants.

43.     With respect to Request No. 43 of the RFP for documents supporting the $36 million alleged in Paragraph 153 of the Fourth Amended Complaint, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

44.     With respect to Request No. 44 of the RFP for documents supporting the allegations in Paragraphs 151 through 153 of the Fourth Amended Complaint, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

45.     With respect to Request No. 45 of the RFP for documents supporting the allegation that the Evans Defendants caused the damages, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

46.     With respect to Request No. 46 of the RFP for documents supporting the allegation that the Evans Defendants conspired with any other party, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

47.     With respect to Request No. 47 of the RFP for documents supporting the allegation that the Evans Defendants converted or assisted in the conversion, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

48.     With respect to Request No. 48 of the RFP for documents evidencing that the Evans Defendants received the Business Plan, Plaintiff is producing documents bearing Bates numbers 005804 to 009409 to counsel for the Evans Defendants.

49.     With respect to Request No. 49 of the RFP for documents evidencing the Evans Defendants' knowledge of the purpose of the funds, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

50.     With respect to Request No. 50 of the RFP for documents evidencing payment for their participation, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

51.     Plaintiff objects to Request No. 51 of the RFP for offerings on the grounds that it seeks documents not relevant to the claims or defenses of the Evans Defendants in this case. Plaintiff further objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the term "subsequent offerings."

52.     Plaintiff objects to Request No. 52 of the RFP for communications attaching offerings on the grounds that it seeks documents not relevant to the claims or defenses of the Evans Defendants in this case.

53.     Plaintiff objects to Request No. 53 of the RFP for econometric reports on the grounds that it seeks documents not relevant to the claims or defenses of the Evans Defendants in this case.

54.     Plaintiff objects to Request No. 54 of the RFP for accounting records as being overbroad both as to time and scope.

55.     With respect to Request No. 55 of the RFP for a tracking log, Plaintiff states that it does not have any responsive document in its care, custody or control.

56.     Plaintiff objects to Request No. 56 of the RFP for financial records as being vague and ambiguous.

57.     With respect to Request No. 57 of the RFP for the Palm House LLC Note, Plaintiff is producing documents bearing Bates numbers 005804 to 009409 to counsel for the Evans Defendants.

58.     With respect to Request No. 58 of the RFP for the 160 Royal Palm LLC Mortgage, Plaintiff is producing documents bearing Bates numbers 005804 to 009409 to counsel for the Evans Defendants.

59.     Plaintiff objects to Request No. 7 of the RFP for correspondence from the Evans Defendants as being overbroad as to time.

60.     With respect to Request No. 60 of the RFP for documents evidencing distributions to Palm House LLC, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

61.     With respect to Request No. 61 of the RFP for documents supporting damages, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

62.     With respect to Request No. 62 of the RFP for further evidence of distributions to the Evans Defendants, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

63.     With respect to Request No. 63 of the RFP for documents supporting the allegation that the Evans Defendants were engaged in an enterprise, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

64.     With respect to Request No. 64 of the RFP for documents establishing the Evans Defendants' duty with respect to the loan proceeds, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

65.     Plaintiff objects to Request No. 65 of the RFP, as being vague and ambiguous with respect to the meaning of the term "not otherwise addressed."

66.     Plaintiff objects to Request No. 66 of the RFP for copies of complaints since the documents are either already in the possession of the Evans Defendants or matters of public record which are equally as accessible by the Evans Defendants.

67.     Plaintiff states that it has no documents responsive to Request No. 67 of the RFP for copies of insurance policies.

68.     With respect to Request No. 68 of the RFP for documents supporting the Evans Defendants' liability for Plaintiff's damages, Plaintiff is producing documents bearing Bates numbers 000001 to 009409 to counsel for the Evans Defendants.

69.     Plaintiff states that it has no documents responsive to Request No. 69 of the RFP for documents reflecting payments received by Plaintiff on behalf of its damages.

70.     Plaintiff states that it has no documents responsive to Request No. 70 of the RFP for settlement agreements.

WEISS, HANDLER & CORNWELL, PA
*Attorneys for Plaintiff*
*Palm House Hotel, LLLP*
2255 Glades Road Suite 218-A
Boca Raton, Florida 33431
Telephone: (561) 997-9995
Facsimile: (561) 997-5280


BY: _____
HENRY B. HANDLER, ESQ.
Florida Bar No. 259284
hbh@whcfla.com
jn@whcfla.com
filings@whcfla.com
DAVID K. FRIEDMAN, ESQ.
Florida Bar No. 307378
dkf@whcfla.com
jh@whcfla.com
ma@whcfla.com


Page 14 of 15

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished in compliance with Rule 2.516, Florida Rules of Judicial Administration, via __X__ eService Portal to Rachel Studley, Esq. and Kelly W. Brandon, Esq. of Wicker Smith O'Hara McCoy & Ford, PA, *Attorneys for Defendants Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.*, 515 N Flagler Drive, Suite 1600, West Palm Beach, FL 33401 at rstudley@wickersmith.com with a copy to pwiley@wickersmith.com and wpbcrtpleadings@wickersmith.com; Christopher W. Kammerer, Esq. and John F. Mariani, Esq. of Kammerer Mariani, PLLC, *Attorneys for Matthews Defendants*, 1601 Forum Place, Suite 500, West Palm Beach, FL 33401, at christopherkammerer@kammerermariani.com and jmariani@kammerermariani.com; Gregg J. Glickstein, Esq., *Attorney for Receiver Cary Glickstein*, 54 S Boca Raton Boulevard, Boca Raton, FL 33432 at ghgpa@bellsouth.net; David J. George, Esq. and Devin Sean Radkay, Esq., of Gunster, Yoakley & Stewart, P.A., *Attorneys for Intervenors*, 777 S Flagler Drive Suite 500 East, West Palm Beach, FL 33401-6194 at dgeorge@gunster.com; cstgeorge@gunster.com, and dradkay@gunster.com; with copies to mjadotte@gunster.com; tboske@gunster.com; crossodivita@gunster.com; and Daniel A. Hershman, Esq., Hershman Law, PA (dahershmanlaw@aol.com), *Attorneys for Laudano Defendants*, 2240 Palm Beach Lakes Boulevard, Suite 101, West Palm Beach, FL 33409 on this 8th day of February 2018.

> WEISS, HANDLER & CORNWELL, PA
> *Attorneys for Plaintiff*
> *Palm House Hotel, LLLP*
> 2255 Glades Road Suite 218-A
> Boca Raton, Florida 33431
> Telephone: (561) 997-9995
> Facsimile: (561) 997-5280
>
> BY: _____
> HENRY B. HANDLER, ESQ.
> Florida Bar No. 259284
> hbh@whcfla.com
> jn@whcfla.com
> filings@whcfla.com
> DAVID K. FRIEDMAN, ESQ.
> Florida Bar No. 307378
> dkf@whcfla.com
> jh@whcfla.com
> ma@whcfla.com

Page 15 of 15

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

PALM HOUSE HOTEL, LLLP, a Florida
limited liability limited partnership,

     Plaintiff,

                                    CASE NO. 502015CA014480XXXXMB

vs.

                                    DIVISION: AH

ROBERT MATTHEWS, *et al.*,

     Defendants.                  /

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO
## EVANS FIRM'S REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, PALM HOUSE HOTEL, LLLP by and through its attorney, and files its Responses and Objections to Defendant, ROBERT EVANS & ASSOCIATES, P.A.'S (the "Evans Firm"), Request for Admissions and states:

    1.    Admit that the Loan Documents, which include the Business Plan, as alleged in Paragraph 30 and attached as "Exhibit B" to Plaintiff's Fourth Amended Complaint, is NOT a true and correct copy of the Loan Agreement.

    **ANSWER:   Denied.**

    2.    Admit that the Loan Documents, which include the Business Plan, as alleged in Paragraph 30 and attached as "Exhibit B" to Plaintiff's Fourth Amended Complaint, is a true and correct copy of the Loan Agreement.

    **ANSWER:   Admitted.**

    **3.    Admit that the Business Plan attached within Exhibit B to Plaintiff's Fourth Amended Complaint was not created before January 21, 2013.**

    **ANSWER:   Plaintiff objects to this Request for Admission as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

4.   ==Admit that the Business Plan attached within Exhibit B to Plaintiff's Fourth Amended Complaint was not finalized until October 17, 2013.==

==**ANSWER:**   **Plaintiff objects to this Request for Admission as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**==

5.   Admit that there is no document signed by LESLIE ROBERT EVANS obligating him or his law firm to oversee disbursement of the Loan for the sole purpose of funding the development of the Hotel Project by 160 ROYAL PALM, as alleged in Paragraph 14 of Plaintiff's Fourth Amended Complaint.

**ANSWER:   Plaintiff has made reasonable inquiry to determine the answer to this Request and the information known or readily obtainable by Plaintiff is insufficient to admit or deny this Request.  Plaintiff further states that discovery is ongoing and that the Evan Defendants have asserted the attorney-client privilege to the production of discovery of its communications with Robert Matthews.**

6.   Admit that there is no mention or reference in the Loan Documents or Business Plan attached as Exhibit B to the Fourth Amended Complaint charging LESLIE ROBERT EVANS with maintaining the Loan funded by PHH in his law firm's attorney's trust account.

**ANSWER:   Admitted.**

7.   Admit that Plaintiff is not in possession of any document that contains express language charging LESLIE ROBERT EVANS with overseeing disbursement of the Loan for the sole purpose of funding the development of the Hotel Project by 160 ROYAL PALM, as alleged in Paragraph 14 of Plaintiff's Fourth Amended Complaint.

**ANSWER:   Admitted that Plaintiff is not in possession of any such documents other than documents reflecting that millions of dollars in Loan Funds were deposited in the "trust" account of Defendant, ROBERT EVANS & ASSOCIATES, P.A, however discovery**

is ongoing, and the Evan Defendants have asserted the attorney-client privilege to the production of discovery of its communications with Robert Matthews which may potentially contain such documents.

8.    Admit that Joseph J. Walsh signed the Loan Documents attached to Plaintiff's Fourth Amended Complaint as Exhibit "B".

ANSWER:    Admitted, except that Mr. Walsh signed the Loan Documents on behalf of the Plaintiff, and not in his individual capacity.

9.    Admit that Joseph J. Walsh signed the Loan Documents attached to Plaintiff's Fourth Amended Complaint as Exhibit "B" on January 20, 2013.

ANSWER:    Denied, the Loan Documents contain a handwritten date next to Mr. Walsh's signature of 1/21/13.

10.    Admit that Joseph J. Walsh signed the Loan Documents attached to Plaintiff's Fourth Amended Complaint as Exhibit "B" on January 21, 2013.

ANSWER:    Admitted, except that Mr. Walsh signed the Loan Documents on behalf of the Plaintiff, and not in his individual capacity.

11.    Admit that Joseph J. Walsh was the Managing Member of South Atlantic Regional Center, LLC, General Partner of Palm House Hotel LLLP, when he signed the Loan Documents.

ANSWER:    Admitted.

12.    Admit that Ryan Black signed the Loan Documents attached to Plaintiff's Fourth Amended Complaint as Exhibit "B" on January 20, 2013.

ANSWER:    Admitted.

13.    Admit that Ryan Black signed the Loan Documents attached to Plaintiff's Fourth Amended Complaint as Exhibit "B" as the Managing Member of Palm House LLC.

ANSWER:    Admitted.

14.     Admit that on April 15, 2013, Joseph Walsh directed Leslie Evans to wire $97,926.38 to Weiss Handler, $49,454.00 to JJW Consultancy Macau; and $152,500 to Matthews Commercial Properties.

ANSWER:     Admitted.

WEISS, HANDLER & CORNWELL, PA
*Attorneys for Plaintiff*
*Palm House Hotel, LLLP*
2255 Glades Road Suite 218-A
Boca Raton, Florida 33431
Telephone: (561) 997-9995; Fax: (561) 997-5280

BY: _____
HENRY B. HANDLER, ESQ.
Florida Bar No. 259284
hbh@whcfla.com
jn@whcfla.com
filings@whcfla.com
DAVID K. FRIEDMAN, ESQ.
Florida Bar No. 307378
dkf@whcfla.com
jh@whcfla.com
ma@whcfla.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished in compliance with Rule 2.516, Florida Rules of Judicial Administration, via  X  eService Portal to Rachel Studley, Esq. and Kelly W. Brandon, Esq. of Wicker Smith O'Hara McCoy & Ford, PA, *Attorneys for Defendants Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.*, 515 N Flagler Drive, Suite 1600, West Palm Beach, FL 33401 at rstudley@wickersmith.com with a copy to pwiley@wickersmith.com and wpbcrtpleadings@wickersmith.com; Christopher W. Kammerer, Esq. and John F. Mariani, Esq. of Kammerer Mariani, PLLC, *Attorneys for Matthews Defendants*, 1601 Forum Place, Suite 500, West Palm Beach, FL 33401, at christopherkammerer@kammerermariani.com and jmariani@kammerermariani.com; Gregg J. Glickstein, Esq., *Attorney for Receiver Cary Glickstein*, 54 S Boca Raton Boulevard, Boca Raton, FL 33432 at ghgpa@bellsouth.net; David J. George, Esq. and Devin Sean Radkay, Esq., of Gunster, Yoakley & Stewart, P.A., *Attorneys for Intervenors,* 777 S Flagler Drive Suite 500 East, West Palm Beach, FL 33401-6194 at dgeorge@gunster.com; cstgeorge@gunster.com, and dradkay@gunster.com; with copies to mjadotte@gunster.com; tboske@gunster.com; crossodivita@gunster.com; and Daniel A. Hershman, Esq., Hershman Law, PA (dahershmanlaw@aol.com), *Attorneys for Laudano Defendants*, 2240 Palm Beach Lakes Boulevard, Suite 101, West Palm Beach, FL 33409 on this 8th day of February 2018.

WEISS, HANDLER & CORNWELL, PA
*Attorneys for Plaintiff*
*Palm House Hotel, LLLP*
2255 Glades Road Suite 218-A
Boca Raton, Florida 33431
Telephone: (561) 997-9995
Facsimile: (561) 997-5280

BY: _____
HENRY B. HANDLER, ESQ.
Florida Bar No. 259284
hbh@whcfla.com
jn@whcfla.com
filings@whcfla.com
DAVID K. FRIEDMAN, ESQ.
Florida Bar No. 307378
dkf@whcfla.com
jh@whcfla.com
ma@whcfla.com