# EXHIBIT E

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION "AB"
CASE NO: 502015CA014480XXXXMB

PALM HOUSE HOTEL, LLLP, a
Florida limited liability partnership,
        Plaintiff(s),

vs.

ROBERT MATTHEWS, et al.
        Defendant(s).
_____/

## ORDER GRANTING INVESTORS' MOTION TO INTERVENE AND SPECIFYING LIMITED PURPOSES OF INTERVENTION

THIS CAUSE came before the Court on the Motion to Intervene for Limited Purpose (the "Motion"). [DE 159.] The Court having considered the Motion, the authorities cited by the parties, and the arguments of counsel, it is hereby

ORDERED AND ADJUDGED:

The Motion is granted subject to the limited purposes specified herein.

In this action, Plaintiff, a Florida limited liability limited partnership, sued to recover money lent for the purpose of development of the Palm House Hotel (the "Project"). The Defendants are alleged to have misappropriated the loan funds and/or conspired to do so. Part of the misappropriated loan funds are alleged to be $2,323,179 which was deposited in an account held by the court-appointed Receiver of the Palm House Hotel. (*See* agreed order entered September 22, 2016 [DE 125].) These funds were transferred to the Receiver by the clerk of the United States District Court for the Southern District of Florida.

The Motion to Intervene is brought by 58 alleged investors in the Project (the "Movants"). The Motion indicates that Movants are among "over 80 foreigners" from countries

*Palm House Hotel, LLLP v. Mattews, et al.*
Case No. 502015CA014480XXXXMB AB
Page 2

"such as China and Iran" who invested in the Project under the federal EB-5 Program. They allege that the Project, including Plaintiff's involvement as a lender, was a fraudulent scheme, that Movants were the source of all the loan funds and that the money in the Court registry is theirs.[1]

In a separate action, *Li, et al. v. Walsh, et al.* (No. 9:16-cv-81871-KAM, S. Dist. Fla. filed Nov. 14, 2016), Movants have sued in federal court to recover their investments totaling in excess of $50,000,000, together with other damages. (Mot. 2; Intervenors' Req. for Judicial Notice ¶ 1 [DE 202].) In their federal complaint, Movants have sued Plaintiff and all Defendants in the herein action, and 17 other persons or entities who are not parties to the herein action. In their federal complaint, Movants allege they invested under a Limited Partnership Agreement which they attach as Exhibit H to their federal complaint. A copy of the Limited Partnership Agreement is also attached to the opposition memorandum of law filed in this action by Plaintiff, which was presented to this Court without objection. [DE 163.]

In the Motion, Movants seek to intervene for the purposes of:

(1) objecting to and opposing the distribution of any funds currently being held in the Receiver-established escrow account;

(2) objecting to and opposing the distribution of any funds which may be brought into the Receiver-established escrow account in the future;

(3) moving the Court, at a later date, for distribution of the proceeds in the Receiver-established escrow account to Defrauded Investors;

---

[1] Despite Movant's allegation that they were the source of all loan funds, they also identify themselves as part of "over 80 foreigners" who invested in the project and, in a separate lawsuit brought by Movants in federal court, they allege "at least 93…interests were sold. . . " (Fed. Compl. ¶ 19, *infra*.) and also make reference to over 90 defrauded investors (Fed. Compl. ¶ 16, *infra*.).

*Palm House Hotel, LLLP v. Mattews, et al.*
Case No. 502015CA014480XXXXMB AB
Page 3

(4) moving the Court, at a later date, to transfer the proceeds in the Receiver-established escrow account to the registry of the court in the federal court action;

(5) moving the Court to require Plaintiff and the Receiver to post appropriate bonds;

(6) getting notice of being able to participate in any and all hearings with respect to the distribution of any proceeds from the Receiver-established escrow account;

(7) monitoring this case, including but not limited to, attending depositions; and

(8) any other such further relief as is necessary and just.

(Mot. 6-7.)

Florida Rule of Civil Procedure 1.230 provides: "Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."

Determining a motion to intervene is in the discretion of the Court. *De Sousa v. JP Morgan Chase, N.A.*, 170 So.3d 928, 929 (Fla. 4th DCA 2015). It involves a two-step process. *Union Cent. Life Ins. v. Carlisle*, 593 So.2d 505, 507-08 (Fla. 1992).

First, the trial court must "determine if the intervenor's purported interest entitles it to intervene." *S. Comfort Grill, Inc. v. Hank's Constr., LLC*, 162 So.3d 144, 145 (Fla. 4th DCA 2015). Only after concluding that the party's interest is appropriate to support intervention, the trial court "must [then] exercise its sound discretion to determine whether to permit intervention." *Id.*

In this first step, "the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for

conflicts or new issues, and any other relevant circumstance." *Id.* (quoting *Carlisle*, 593 So.2d at 507-08).

The Court has considered the factors above and, although the Plaintiff has argued that the Movants' interest is indirect and not sufficient to warrant intervention, this Court disagrees. The Court finds intervention appropriate based upon the Movants' claim that their money was acquired by Plaintiff under fraudulent circumstances, was advanced by Plaintiff to the Defendants, and thereafter used by the Defendants for improper/unlawful purposes. Simply stated, although the Plaintiff claims that the Defendants have misappropriated funds advanced to it by the Plaintiff, the Movants claim that the funds advanced by Plaintiff to Defendants were the same funds which were improperly/unlawfully obtained from the Movants by the Plaintiff.

In the second step, "the court must determine the parameters of the intervention . . . . Thus, intervention should be limited to the extent necessary to protect the interests of all the parties." *Farese v. Palm Beach Partners, Ltd.*, 781 So.2d 419, 421 (Fla. 4th DCA 2001). The Court finds that the Movants' eight (8) proposed purposes for intervention exceed the appropriate and necessary scope of their interest.

"Trial courts have discretion to limit the extent to which intervenors may participate in proceedings." *Farese, supra*. "However, when the limitation completely bars the intervenors from addressing their concerns, it is an abuse of the trial court's discretion." *Genauer v. Downey & Downey, P.A.*, 190 So.3d 131, 135 (Fla. 4th DCA 2016). The limitations imposed here are not a de facto denial of the Motion.

In *Genauer*, the beneficiaries of a trust and their attorney moved to intervene in an action by a former attorney for the trust against the trust's successor trustee, seeking to recover from the trust payment due under an attorney's fee contract, attorney's fees for services to the trust, and

damages for malicious prosecution. The beneficiaries argued that they are the real parties in interest, not the successor trustee, because the corpus of the trust belongs to them, a judgment would affect their inheritance and the plaintiff law firm's claims were adverse to their interests. The trial court granted the intervention, but denied the intervenors the status as a party and prohibited them from filing any motion, answer, counterclaim, or engaging in any discovery. The appellate court reversed, finding that the limitations on the intervention "allowed the beneficiaries to monitor the case, but prevented them from taking any action, thus amounting to a de facto denial of the intervention." *Id.* at 135.

Clearly, in *Genauer*, as in the other cases cited by Movants, the putative intervenors wished to have the court in which they seek to intervene be the court to decide the validity of their substantive claims to the disputed funds. This allowed the intervention to be limited to the issues raised by the pleadings of the existing parties and the intervenors.

Here, however, Movants have previously filed a separate federal action to decide the validity of their substantive claims to the disputed funds. Yet the purposes for which they seek intervention are stated so broadly as to imply they want this Court also to adjudicate those claims. The scope of Movants' proposed intervention, if permitted as requested, would arguably allow them to conduct discovery (and be subjected to discovery) and seek adjudication of their substantive claims in this action, without actually filing their substantive claims in this action, all the while proceeding on a parallel track to have those claims adjudicated by the federal court.

This Court cannot adjudicate the merits of Movants' substantive claims pending in the federal court. Consequently, the scope of this intervention cannot be framed by the Movants' federal claims without further guidance from the federal court as to the merit of those claims.

*Palm House Hotel, LLLP v. Mattews, et al.*
Case No. 502015CA014480XXXXMB AB
Page 6

The Movants cannot interject themselves in the disputed claims between the Plaintiff and Defendants. Nonetheless, they are entitled through intervention to seek protection for the funds they have claimed in federal court to be their own. These claims may overlap. However, it will be up to the federal court to determine the strength of the Movants' claims and this Court will look to the factual determinations and rulings in the pending federal litigation to assist it in the determination of the appropriate scope of intervention in this proceeding.

Initially, the Movants will be given the opportunity to object to proposed uses and/or distributions of the funds they claim as their own, but will not be permitted to pursue, through discovery or otherwise, those claims being litigated in federal court.

The purpose of the Movants' previously filed federal action is precisely to establish their "right to the property in question," namely, the disputed loan funds and the fruits of the alleged misappropriations of said funds. It would be misguided for this Court to adjudicate the fundamental issue of whether they have an interest in the disputed funds while at the same time having a pending a federal case seeking adjudication and resolution of that same issue. That determination belongs to the federal court, not this Court.

Based upon the findings herein, it is

ORDERED AND ADJUDGED as follows:

(1) The Motion to Intervene for Limited Purposes is granted upon the following conditions:

    a. All Movants must be continuously represented by the same counsel or firm; and

    b. All Movants must act, within the parameters specified herein, as one entity and in the best interest of the group as a whole and shall only espouse positions upon which all Movants agree. No individual or majority/minority positions shall be espoused.

  (2) The Motion is granted to allow Movants to object to and oppose the distribution of any funds currently being held by the Receiver.

  (3) The Motion is granted to allow Movants to object to and oppose the distribution of any funds which may be brought into the receivership in the future.

  (4) The Motion is granted to allow Movants, upon a showing of good cause arising from a ruling or factual determination made in their pending federal court case, to request an order for distribution to them of all or part of the proceeds in the receivership. At a minimum, such a motion must be supported by an acknowledgement from the federal court that such relief is appropriate.

  (5) The Motion is granted to allow Movants, upon a showing of good cause arising from a ruling or factual determination made in their pending federal court case, to request an order to transfer the receivership or all or part of the proceeds in the receivership to the registry of the federal court. At a minimum, such a motion must be supported by an acknowledgement from the federal court that such relief is appropriate.

  (6) The Motion is granted to permit the Movants to file a written motion within 30 days addressing the requirements of the Plaintiff and Receiver to post appropriate bonds. Thereafter, the Plaintiff and Receiver shall have 15 days to file a written response thereto. The Movants may file a reply within 5 days after receipt of the Plaintiff's and Receiver's response. Courtesy copies of the motion, responses, and replies shall be provided to the Court via e-mail at CAD-DivisionAB@pbcgov.org. Upon review, the Court will determine whether further hearing

*Palm House Hotel, LLLP v. Mattews, et al.*
Case No. 502015CA014480XXXXMB AB
Page 8

is necessary on the motion or, alternatively, whether the matter may be resolved by the Court without the necessity of further hearing.

(7) The Motion is granted for the purpose of Movants being able to participate in any and all hearings with respect to the distribution of any proceeds from the Receiver established escrow account.

(8) The Motion is granted to allow Movants to attend and participate in depositions, but not in a manner inconsistent with the foregoing rulings. Movants may not ask deposition questions or take discovery relevant to their substantive claims pending in federal court as there is nothing before this Court to indicate that Movants' discovery rights before the federal court are limited and Movants' substantive claims could otherwise very quickly overshadow the current issues before this Court, resulting in substantial delay in resolution of the pending state court claims. Likewise, the Movants may not ask deposition questions or take discovery regarding the factual or legal disputes between the Plaintiff and Defendants.

(9) The Motion is denied without prejudice as to the request for "any other such further relief as is necessary and just" as too broad and indefinite.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida this 9 day of May, 2017.

_____
Judge Peter D. Blanc, Circuit Judge

*Palm House Hotel, LLLP v. Mattews, et al.*
Case No. 502015CA014480XXXXMB AB
Page 9

Copies furnished VIA JUDICIAL E-SERVICE to:

Henry B. Handler, Esq. and David K. Friedman, Esq., *Attorneys for Plaintiff*, Weiss, Handler & Cornwell, PA, 2255 Glades Road, Suite 218-A, Boca Raton, FL 33431 (hbh@whcfla.com; jn@whcfla.com; filings@whcfla.com; dkf@whcfla.com; jh@whcfla.com)

Christopher W. Kammerer, Esq. and John F. Mariani, Esq., *Attorneys for Matthews Defendants*, Kammerer Mariani, PLLC, 1601 Forum Place, Suite 500, West Palm Beach, FL 33401 (ckammerer@kammerermariani.com, eservice@kammerermariani.com, jmariani@kammerermariani.com)

Rachel Studley, Esq., *Attorney for Evans Defendants*, Wicker Smith O'Hara McCoy & Ford, P.A., 515 N Flagler Drive, Suite 1600, West Palm Beach, FL 33401 (wpbcrtpleadings@wicker-smith.com)

Gregg H. Glickstein, Esq., *Attorney for Cary Glickstein*, Gregg H. Glickstein, PA, 54 SW Boca Raton Boulevard, Boca Raton, FL 33432 (ghgpa@bellsouth.net)

Jeffrey A. Backman, Esq. and Rachel E. Walker, Esq., *Attorneys for Laudano Defendants*, 200 E Broward Boulevard, Suite 1800, Ft. Lauderdale, FL 33301 (jeffrey.backman@gmlaw.com; rachel.walker@gmlaw.com)

G. Joseph Curley, Esq., Keith E. Sonderling, Esq., and Devin Radkay, Esq., *Attorneys for Proposed Intervenors*, Gunster, Yoakley & Stewart, P.A., 777 South Flagler Drive, Suite 500 East, West Palm Beach, FL 33401 (jcurley@gunster.com, ksonderling@gunster.com, dradkay@gunster.com)

NJL Development Group, LLC, c/o Nicholas J. Laudano, Member, 638 Shore Drive, Boynton Beach, FL 33435 (nick.njlgroup@gmail.com)