IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:16-cv-81871-KAM

LAN LI, *et al.*,

      Plaintiffs,

v.

JOSEPH WALSH, *et al.*,

      Defendants.

_____/

## DEFENDANT JOSEPH WALSH'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

Defendant, JOSEPH WALSH ("WALSH"), through counsel, files his Answer and Affirmative Defenses to the Plaintiffs' *Amended Complaint Seeking Damages and Injunctive Relief* (the "Amended Complaint") [DE 181] and states:

## INTRODUCTION

1.      Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

2.      Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

10.      Denied.

11.     Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

12.     Denied.

13.     Defendant admits that Plaintiffs claim to be victims and that Plaintiffs are seeking the relief referenced in paragraph 13.  All other allegations contained in paragraph 12 are denied.

14.     Denied.

15.     Denied.

16.     Admitted that Plaintiffs' purchases of limited partnership units in Palm House Hotel, LLLP have not been returned by WALSH; without knowledge as to all other Defendants. All other allegations contained in paragraph 16 are denied.

17.     Denied.

18.     Denied as to WALSH, without knowledge as to other Defendants, therefore denied.

19.     Denied as to WALSH, without knowledge as to other Defendants, therefore denied.

20.     Denied.

21.     Without knowledge, therefore denied.

22.     Without knowledge, therefore denied.

23.     Without knowledge, therefore denied.

24.     Admitted that the Plaintiffs' I-526 immigration petitions for the Palm House Hotel project were not approved by the United States Government.  All other allegations contained in paragraph 24 are denied.

25.     Admitted that there was no insurance policy that guaranteed the completion of the Palm House Hotel Project.  Denied as to WALSH; without knowledge as to the other Defendants, therefore denied.

26.     Admitted.

27.     Without knowledge, therefore denied.

28.     Denied as to WALSH, without knowledge as to other Defendants, therefore denied.

29.     Without knowledge, therefore denied.

## PARTIES, JURISDICTION AND VENUE

30.     Denied as to WALSH, without knowledge as to other Defendants, therefore denied.

31.     Denied as to WALSH, without knowledge as to other Defendants, therefore denied.

32.     Denied as to WALSH, without knowledge as to other Defendants, therefore denied.

33.     Admitted that Palm House Hotel, LLLP is a Florida limited liability partnership with its principal place of business in Palm Beach County, Florida.  Without knowledge as to all other allegations contained in paragraph 32, therefore denied.

34.     Denied.

35.     Denied.

36.     Without knowledge, therefore denied.

37.     Admitted that SARC is a Florida limited liability company, is a regional center approved by USCIS, and that SARC is the general partner of Palm House, LLC.  Without knowledge as to all other allegations contained in paragraph 37, therefore denied.

38.     Admitted that USREDA is a Delaware limited liability company.  All other allegations contained in paragraph 38 are denied.

39.     Admitted that JJW is a foreign entity.  All other allegations contained in paragraph 39 are denied.

40.     Without knowledge, therefore denied.

41.     Without knowledge, therefore denied.

42.     Without knowledge, therefore denied.

43.     Admitted that: (i) Robert Matthews is an individual who resides in Palm Beach County, Florida and is otherwise *sui juris*; and (2) Matthews stole millions of dollars of funds loaned by Palm House Hotel, LLLP to Palm House, LLC and used the funds, in part, to purchase real property and a 151-foot yacht placed in the name of an offshore entity owned by his wife, Maria Matthews a/k/a Mia Matthews (which he or his wife named the "ALIBI").  All other allegations contained in paragraph 43 are denied.

44.     Admitted that: (i) Mia Matthews is the wife of Robert Matthews and is an individual who resides in Palm Beach County, Florida and is otherwise *sui juris*; and (2) Mia Matthews, along with Robert Matthews, stole millions of dollars of funds loaned by Palm House Hotel, LLLP to Palm House, LLC and used the funds, in part, to purchase a 151-foot yacht placed in the name of an offshore entity owned by Mia Matthews (which she or her husband named the "ALIBI").  All other allegations contained in paragraph 44 are denied.

45.     Admitted, except any money that was stolen was monies belonging to the limited partnership in which the Plaintiffs and others invested – Palm House Hotel, LLLP and that any ownership interest in Palm House, LLC held by Robert Matthews was not publicly disclosed. Instead, on information and belief, such ownership interest was at all relevant times, held in the name of his brother, Gerry Matthews pursuant to a Power of Attorney.

46.     Admitted that 160 Royal Palm, LLC is the owner of the described real property. Without knowledge as to all other allegations contained in paragraph 47, therefore denied.

47.     Without knowledge, therefore denied.

48.     Admitted Mirabia, LLC is a Delaware limited liability company and that, upon information and belief, Robert Matthews used this entity to hide and steal monies loaned to Palm House, LLC by the entity through which Plaintiffs made their investments, Palm House Hotel,

LLLP and to purchase investment property near the Palm House Hotel.  All other allegations contained in paragraph 49 are denied.

49.     Admitted, except on information and belief, the entity [Bonaventure 22, LLC] was used to hide and steal funds loaned by Palm House Hotel, LLLP to Palm House, LLC.

50.     Admitted, except on information and belief, the entity [Alibi Ltd] was used to hide and steal funds loaned by Palm House Hotel, LLLP to Palm House, LLC and to purchase a 151-foot yacht.

51.     Defendant admits that Leslie Robert Evans is an attorney based in Palm Beach, Florida, that Mr. Evans and his law firm, Leslie Robert Evans & Associates, P.A. (together, the "Evans Defendants"), accepted transfers of funds loaned by Palm House Hotel, LLLP to Palm House, LLC into their trust account and distributed such funds to various persons and entities as directed by Robert Matthews.  Without knowledge as to all other allegations contained in paragraph 51, therefore denied.

52.     Admitted that Laudano received and accepted funds loaned by Palm House Hotel, LLLP to Palm House, LLC, and on information and belief, aided and abetted Robert Matthews and Maria a/k/a Mia Matthews in their theft of such loan funds.  Without knowledge as to all other allegations contained in paragraph 52, therefore denied.

53.     Admitted that New Haven Contracting South, Inc., is a company owned and operated by Laudano that entered into a construction contract to build the Palm House Hotel Project and that on information and belief, Laudano used this entity to receive, accept, and steal funds loaned by Palm House Hotel, LLLP to Palm House, LLC.  Without knowledge as to all other allegations contained in paragraph 53, therefore denied.

54.     Admitted except that any funds stolen were funds loaned by Palm House Hotel, LLLP to Palm House, LLC.

55.     Admitted that Glenn Straub formerly owned the shares of 160 Royal Palm, LLC, and that Palm House, LLC purchased 160 Royal Palm, LLC from Glenn Straub.  All other allegations contained in paragraph 55 are denied for lack of knowledge.

56.     Admitted that the Court has personal jurisdiction over WALSH.  The remaining allegations as they pertain to WALSH are denied.  Without knowledge as to the other Defendants, therefore denied.

57.     Denied as to WALSH; without knowledge as to all other Defendants, therefore denied.

58.     Denied as to WALSH; without knowledge as to all other Defendants, therefore denied.

59.     Denied as to WALSH; without knowledge as to all other Defendants, therefore denied.

60.     Admitted that venue is proper in this forum.  All other allegations contained in paragraph 61 are denied.

61.     Denied.

62.     Without knowledge, and therefore denied.

## GENERAL ALLEGATIONS

63.     Admitted.

64.     Admitted.

65.     Admitted.

66.     Admitted.

67.     Admitted.

68.     Admitted.

69.     Admitted.

70.     Admitted.

71.     Admitted that Joseph Walsh, Sr. owned and controlled SARC.  All other allegations contained in paragraph 72 are denied.

72.     Denied.

73.     Admitted that Walsh owned and controlled USREDA.  All other allegations contained in paragraph 74 are denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Without knowledge, therefore denied.

79.     Without knowledge, therefore denied.

80.     Denied.

81.     Without knowledge, therefore denied.

82.     Without knowledge, therefore denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Without knowledge, therefore denied.

89.     Without knowledge, therefore denied.

90.     Denied.

91.     Denied.

92.     Admitted, except the administrative fee was $40,000.

93.     Admitted that the funds initially were to be held in an escrow account; otherwise denied.

94.     Denied.

95.     Denied.

96.     The Private Placement Memorandum ("PPM") attached as Exhibit G to the Amended Complaint speaks for itself; otherwise the allegations contained in paragraph 97 are denied.

97.     The Limited Partnership Agreement attached as Exhibit H to the Amended Complaint speaks for itself; otherwise the allegations contained in paragraph 98 are denied.

98.     The Loan Agreement attached as Exhibit J to the Amended Complaint speaks for itself; otherwise the allegations contained in paragraph 99 are denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied; the presentation was made by Cheng, Wright and Levinson.

104.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

105.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

106.   Denied.

107.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

108.   Denied.

109.   Without knowledge, therefore denied.

110.   Without knowledge, therefore denied.

111.   Without knowledge, therefore denied.

112.   Without knowledge, therefore denied.

113.   Without knowledge, therefore denied.

114.   Without knowledge, therefore denied.

115.   Without knowledge, therefore denied.

116.   Without knowledge, therefore denied.

117.   Without knowledge, therefore denied.

118.   Without knowledge, therefore denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Without knowledge, therefore denied.

125.   Without knowledge, therefore denied.

126.   Denied.

127.   Without knowledge, therefore denied.

128.   Without knowledge, therefore denied.

129.    Without knowledge, therefore denied.

130.    Without knowledge, therefore denied.

131.    Without knowledge, therefore denied.

132.    Without knowledge, therefore denied.

133.    Without knowledge, therefore denied.

134.    Without knowledge, therefore denied.

135.    Without knowledge, therefore denied.

136.    Without knowledge, therefore denied.

137.    Without knowledge, therefore denied.

138.    Without knowledge, therefore denied.

139.    Without knowledge, therefore denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Without knowledge, therefore denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Admitted.

179.   Without knowledge, therefore denied.

180.   Without knowledge, therefore denied.

181.   Without knowledge, therefore denied.

182.   Without knowledge, therefore denied.

183.   Denied.

184.   Denied.

185.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

186.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

187.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

188.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

189.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

190.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

191.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

192.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

193.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

194.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Without knowledge, therefore denied.

216.   Without knowledge, therefore denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Without knowledge, therefore denied.

234.    Without knowledge, therefore denied.

235.    Without knowledge, therefore denied.

236.    Denied.

237.    Denied.

238.    Without knowledge, therefore denied.

239.    Without knowledge, therefore denied.

240.    Without knowledge, therefore denied.

241.    Without knowledge, therefore denied.

242.    Without knowledge, therefore denied.

243.    Without knowledge, therefore denied.

244.  Without knowledge, therefore denied.

245.  Without knowledge, therefore denied.

246.  Without knowledge, therefore denied.

247.  Without knowledge, therefore denied.

248.  Without knowledge, therefore denied.

249.  Without knowledge, therefore denied.

250.  Without knowledge, therefore denied.

251.  Without knowledge, therefore denied.

252.  Without knowledge, therefore denied.

253.  Without knowledge, therefore denied.

254.  Without knowledge, therefore denied.

255.  Without knowledge, therefore denied.

256.  Without knowledge, therefore denied.

257.  Denied.

258.  Denied.

259.  Denied.

260.  Denied.

261.  Denied.

262.  Denied.

263.  Denied.

264.  Denied.

265.  Without knowledge, therefore denied.

266.  Denied.

267.    Denied.

268.    Without knowledge, therefore denied.

269.    Without knowledge, therefore denied.

270.    Without knowledge, therefore denied.

271.    Admitted that Exhibit N is a document purporting to be a chart.  Denied as to the allegations contained in paragraph 271 regarding WALSH.

272.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

273.    Without knowledge, therefore denied.

274.    The Loan Documents speak for themselves; otherwise the allegations contained in paragraph 274 are denied.

275.    Without knowledge, therefore denied.

276.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

277.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

278.    Denied as to WALSH; without knowledge as to other Defendants therefore, denied.

279.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Without knowledge, therefore, denied.

284.    Without knowledge, therefore, denied.

285.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

286.    Without knowledge, therefore denied.

287.    Denied.

288.     Denied.

289.     Denied.

290.     Admitted that Plaintiffs are seeking relief in law and equity in this action.  All other allegations contained in paragraph 290 are denied.

### Actions of The United States of America

291.     Without knowledge and therefore denied.

292.     Without knowledge and therefore denied.

293.     Without knowledge and therefore denied.

294.     Without knowledge and therefore denied.

295.     Without knowledge and therefore denied.

296.     Without knowledge and therefore denied.

297.     Without knowledge and therefore denied.

298.     Without knowledge and therefore denied.

299.     Without knowledge and therefore denied.

300.     Without knowledge and therefore denied.

301.     Without knowledge and therefore denied.

302.     Without knowledge and therefore denied.

303.     Without knowledge and therefore denied.

304.     Without knowledge and therefore denied.

305.     WALSH admits that the complaint referenced in paragraph 305 was filed on or about August 3, 2018 and seeks the relief sought therein.   WALSH denies that the Plaintiffs have any right to incorporate the complaint into their Third Amended Complaint by reference.

306.     Without knowledge and therefore denied.

**Straub's Transfer of 160 Royal Palm LLC to Palm House LLC**

307.    Without knowledge and therefore denied.

308.    Without knowledge and therefore denied.

309.    Without knowledge and therefore denied.

310.    Without knowledge and therefore denied.

311.    Without knowledge and therefore denied.

312.    Without knowledge and therefore denied.

313.    Without knowledge and therefore denied.

314.    Without knowledge and therefore denied.

315.    Without knowledge and therefore denied.

316.    Without knowledge and therefore denied.

317.    Without knowledge and therefore denied.

318.    Admitted.

319.    Without knowledge and therefore denied.

320.    Without knowledge and therefore denied.

## COUNT I – Injunctive Relief Against All Defendants Under Fla. Stat. §§812.035(1), (6)

321.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

322.    Admitted except Defendant is without knowledge as to the allegation that certain Plaintiffs also provided $15,000 for legal services, therefore denies said allegations.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

327.    Denied.

328.    Denied.

329.    Denied.

330.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

331.    Denied

332.    Denied.

## COUNT II – Dissolution Of Palm House Hotel LLLP

333.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

334.    Admitted.

335.    Admitted.

336.    Florida Statute § 620.1802 speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

337.    Denied.

338.    Denied.

339.    Denied.

340.    Denied.

341.    Denied.  Furthermore, Payne is not involved in the prosecution of legal claims on behalf of Palm House, LLC.

342.    Denied.

343.    Denied.

344.    Denied.  Furthermore, the dissolution of the Partnership would effectively eliminate any future chance for Plaintiffs to obtain immigration petitions through the Palm House EB-5 project.

### COUNT III - Conversion Against All Defendants (excluding Palm House)

345.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

346.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

347.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

348.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

349.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

### COUNT IV – Fraud in the Inducement Against SARC, USREDA, JJW Consultancy Ltd., Walsh, Walsh Jr., Payne, and Robert Matthews

350.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

351.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

352.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

353.    Denied.

354.    Without knowledge, therefore denied.

355.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

356.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

357.    Denied.

358.    Denied.

359.    Without knowledge, therefore denied.

**COUNT V – Fraud in the Inducement Against SARC, USREDA, JJW Consultancy Ltd., Walsh, Walsh Jr., Payne, Robert Matthews, Ali Herischi, and Herischi & Associates LLC**

360.   WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

361.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

362.   Without knowledge, therefore denied.

363.   Denied as WALSH; without knowledge as to other Defendants, therefore denied.

364.   Without knowledge, therefore denied.

365.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

366.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

367.   Denied.

368.   Denied.

369.   Without knowledge, therefore denied.

**COUNT VI – Fraud in the Inducement Against SARC, USREDA, JJW Consultancy Ltd., Walsh, Walsh Jr., Payne,  Robert Matthews, and Eric Erkan Nur**

370.   WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

371.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

372.   Without knowledge, therefore denied.

373.   Without knowledge, therefore denied.

374.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

375.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

376.   Denied.

377.   Denied.

378.   Without knowledge, therefore denied.

## COUNT VII – Fraud Against SARC, USREDA, Walsh, Walsh Jr., Payne, and JJW Consultancy Ltd.

379.   WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

380.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

381.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

382.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

383.   Without knowledge, therefore denied.

## COUNT VIII – Fraud Against SARC, USREDA, Walsh, Walsh Jr., Payne, Ali Herischi and Herischi & Associates, LLC

384.   WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

385.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

386.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

387.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

388.   Without knowledge, therefore denied.

## COUNT IX – Aiding and Abetting Fraud Against Robert Matthews, Maria a/k/a Mia Matthews, Gerry Matthews, and Nicholas Laudano

389.   This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

390.   This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

391.   This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

392.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

393.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

394.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

395.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

396.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

397.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

398.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

### **COUNT X – Breach of Fiduciary Duty Against SARC, Walsh, and Payne**

399.     WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

400.     Denied.

401.     Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

402.     Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

403.     Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

404.     Denied.

405.     Denied.

406.    Denied.

## COUNT XI – Breach Of Fiduciary Duty Against Herischi and Herischi & Associates LLC

407.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

408.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

409.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

410.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

411.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

412.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

413.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

414.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

415.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

## COUNT XII - Aiding and Abetting A Breach Of Fiduciary Duty Against Robert Matthews, Maria a/k/a Mia Mathews, Gerry Matthews, and Nicholas Laudano

416.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

417.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

418.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

419.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

420.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

421.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

422.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

**COUNT XIII – Avoidance of Fraudulent Transfers Pursuant to Fla. Stat. §726.105 (1)(a) Against USREDA, KK-PB Financial LLC, Evans Defendants, New Haven Contracting South, Inc. and 160 Royal Palm LLC**

423.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

424.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

425.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

426.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

427.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

428.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

429.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

430.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

431.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

432.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

433.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

**COUNT XIV – Avoidance of Fraudulent Transfers Pursuant to Fla. Stat. §726.105 (1)(b) Against USREDA, KK-PB Financial, LLC, Evans Defendants, New Haven Contracting South, Inc. and 160 Royal Palm LLC**

434.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

435.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

436.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

437.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

438.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

439.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

440.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

441.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

442.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

443.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

444.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

**COUNT XV – Avoidance of Fraudulent Transfers Pursuant to Fla. Stat. §726.106 Against USREDA, KK-PB Financial LLC, Evans Defendants, New Haven Contracting South, Inc. and 160 Royal Palm LLC**

445.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

446.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

447.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

448.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. See Fed. R. Civ. P. 8(b)(1)(B).

449.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

450.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

451.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

452.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

453.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

454.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

## COUNT XVI - Avoidance of Fraudulent Transfer Pursuant to Fla. Stat. §726.105 (1)(a) Against KK-PB Financial LLC

455.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

456.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

457.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

458.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

459.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

460.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

461.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

462.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

463.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

464.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

465.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

466.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

467.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

468.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

469.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

470.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

471.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

472.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

473.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

474.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

475.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

## COUNT XVII - Avoidance of Fraudulent Transfer Pursuant to Fla. Stat. §726.105 (1)(b) Against KK-PB Financial LLC

476.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

477.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

478.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

479.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

480.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

481.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

482.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

483.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

484.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

485.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

486.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

487.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

488.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

489.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

490.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

491.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

492.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

**COUNT XVIII - Avoidance of Fraudulent Transfer Pursuant to Fla. Stat. §726.106 Against KK-PB Financial LLC**

493.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

494.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

495.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

496.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

497.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

498.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

499.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

500.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

501.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

502.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

503.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

504.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

505.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

506.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

507.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

508.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

**COUNT XIX – Violation of Florida Securities and Investor Protection Act, Fla. Stat. §517.011 et seq. Against SARC, USREDA, Walsh, Walsh Jr., Payne, and Robert Matthews**

509.     WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

510.     Denied.

511.     Florida Statute § 517.301(1)(a) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

512.     Florida Statute § 517.301(1)(c) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

513.     Florida Statute § 517.211(2) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

514.     Florida Statute § 517.211(3) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

515.     Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

516.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

517.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

518.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

519.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

520.    Without knowledge, therefore denied.

521.    Without knowledge, therefore denied.

522.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

**COUNT XX – Violation of Florida Securities and Investor Protection Act, Fla. Stat. §517.011 et seq. Against SARC, USREDA, Walsh, Walsh Jr., Payne, and Herischi**

523.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

524.    Denied.

525.    Florida Statute § 517.301(1)(a) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

526.    Florida Statute § 517.301(1)(c) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

527.    Florida Statute § 517.211(2) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

528.    Florida Statute § 517.211(3) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

529.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

530.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

531.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

532.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

533.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

534.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

535.    Without knowledge, therefore denied.

536.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

**COUNT XXI – Violation of Florida Securities and Investor Protection Act, Fla. Stat.
§517.011 et seq. Against SARC, USREDA, Walsh, Walsh Jr., Payne, and Eric Erkan Nur**

537.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

538.    Denied.

539.    Florida Statute § 517.301(1)(a) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

540.    Florida Statute § 517.301(1)(c) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

541.    Florida Statute § 517.211(2) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

542.    Florida Statute § 517.211(3) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

543.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

544.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

545.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

546.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

547.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

548.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

549.    Without knowledge, therefore denied.

550.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

## COUNT XXII – Unjust Enrichment Against All Defendant

551.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein

552.    Denied.

553.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

554.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

555.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

## COUNT XXIII – Violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq., Against All Defendants (excluding Palm House, Evans Defendants, Derrico, and Eric Erkan Nur)

556.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

557.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

558.    Florida Statute § 501.204(1) speaks for itself.  Alternatively, the allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

559.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

560.    The allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

561.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

562.    Without knowledge, therefore denied.

563.    The allegations of this paragraph are legal conclusions to which no response is required, otherwise denied.

## COUNT XXIV – Equitable Accounting Against All Defendants

564.   WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

565.   Denied.

566.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

567.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

568.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

569.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

## COUNT XXV – Civil Conspiracy Against All Defendants (excluding Palm House

570.   WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

571.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

572.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

573.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

574.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

575.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

576.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

577.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

578.   Without knowledge, therefore denied.

## COUNT XXVI – Constructive Fraud Against All Defendants (excluding Palm House)

579.   WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

580.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

581.   Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

582.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

583.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

584.    Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

### COUNT XXVII– Equitable Lien Against Robert Matthews

585.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

586.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

587.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

588.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

589.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

590.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

### COUNT XXVIII– Equitable Lien Against 160 Royal Palm LLC and KK-PB Financial, LLC

591.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

592.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

593.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

594.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

595.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

596.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

597.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

598.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

599.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

600.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

601.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

602.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

603.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

604.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

605.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

606.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

607.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

608.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

609.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

610.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

611.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

612.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

613.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

614.    This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

### COUNT XXIX – Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against SARC, USREDA, Walsh, Walsh Jr., Payne,  Robert Matthews, Ali Herischi, JJW Consultancy Ltd., and Erik Erkan Nur

615.    WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein

616. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

617. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

618. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

619. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

620. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

621. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

622. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

623. Without knowledge, and therefore, denied.

624. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

625. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

**COUNT XXX– Violations of Section 20(a) of the Exchange Act Against SARC, USREDA, Walsh, Walsh Jr., Payne, Robert Matthews, Ali Herischi, JJW Consultancy Ltd., and Eric Erkan Nur**

626. WALSH adopts and re-alleges his responses to the allegations set forth in paragraphs 1 through 320 of the Amended Complaint as if fully set forth herein.

627. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

628. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

629. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

630. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

631. Denied as to WALSH; without knowledge as to other Defendants, therefore denied.

632. Without knowledge, therefore, denied.

633. All allegations not specifically responded to, if any, are denied.

**COUNT XXXI - Aiding and Abetting Fraud Against Evans Defendants**

634. This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

635.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

636.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

637.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

638.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

639.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

### COUNT XXXII - Aiding and Abetting Conversion Against Evans Defendants

640.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

641.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

642.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

643.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

644.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

645.     This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

646. This count does not assert a claim for relief against WALSH; therefore, no response to this allegation is required. *See* Fed. R. Civ. P. 8(b)(1)(B).

All allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered injury or damages, such injury and damages are due to the intervening wrongful, fraudulent and/or criminal actions by Defendants Robert Matthews, Maria Matthews, Bonaventure 22 LLC, Mirabia LLC, Alibi LLC, Alibi Ltd., Palm House PB LLC, Leslie Robert Evans, Leslie Robert Evans & Associates PA, Nicholas Laudano, New Haven Contracting South Inc., Botticelli Advisors LLC, NJL Development Group LLC, Palm House LLC, and 160 Royal Palm LLC, which are the subject of claims contained in *Palm House Hotel, LLLP v. Robert Matthews, et al.*, Palm Beach County Circuit Case No. 502015CA014480XXXXMB (Division: AH), and J. Marcus Payne.

Additionally, to the extent Plaintiffs have suffered injury or damages, such injury and damages are due in whole or in part to the intervening wrongful, fraudulent and/or criminal actions of one or more of the Plaintiffs themselves and certain of their paid designated representatives (including Baoping Liu a/k/a "Effie", the General Manager and CEO of Huamei Immigration [Baoping Liu is also a Plaintiff in this action], Guangzhou Gasheng Overseas Investment Co. Ltd., Cheng Fang and Nina, an employee of Qingdao Superman Intl. Consulting Co. Ltd. ("Superman"), for, among other wrongful conduct, making false representations to investors not authorized under and/or contrary to the PPM and Subscription Agreement, their preparation and/or use of (in conspiracy with Robert Matthews) bogus guarantee documents and/or other fraudulent documents, to use one or more fraudulent agreements and their engaging in other unethical and illegal

behavior).[1]

Additionally, on information and belief, some of these paid designated representatives disclosed confidential information concerning the Partnership's efforts to recover misappropriated assets to Robert Matthews.

Pursuant to business cooperation agreements entered into between SARC and the paid designated representatives, SARC was required to deal exclusively with Plaintiffs' paid designated representatives and was prohibited from having any direct communication with the investors. Accordingly, those wrongful, fraudulent and/or criminal actions serve as an intervening and superseding cause or preclude relief under the *in pari delicto* doctrine (in that Plaintiffs and/or their paid designated representatives participated in acts that Plaintiffs now allege were fraudulent or wrongful).

Alternatively, Plaintiffs invested in the Palm House Hotel Project based on false representations not authorized by WALSH and made to Plaintiffs by their paid designated representatives and, therefore, such representations are not attributable to WALSH.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs and their paid designated representatives represented or agreed that their funds would be released to the borrower, Palm House, LLC, upon the filing of their I-526 Petitions as permitted by the terms of the Escrow Agreement.  WALSH justifiably relied on such representations to his detriment.  As a result, Plaintiffs are equitably estopped from alleging conversion or civil theft, or have consented to the release of such funds from escrow.

---

[1] One example of such unethical behavior occurred in April 2015 when Nina from Superman proposed to a WALSH employee that she (Nina) could bribe a person who is friends with a high level USCIS Official in order to obtain current information on the status of immigration visa approvals for the Palm House EB-5 project.  WALSH immediately rejected this proposal.

Alternatively, Plaintiffs, by their conduct or the conduct of their paid designated representatives subsequent to the release of such funds, acquiesced to the release of the funds.

Alternatively, to the extent that Plaintiffs entered into I-526 Refund Agreements with the Developer of the Hotel Project, 160 Royal Palm, LLC (for the return of their investments in the event of USCIS denial of their I-526 petitions), Plaintiffs knowingly waived any requirement that such funds be held in escrow and not released (loaned) to the Developer prior to USCIS approval of their I-526 petitions or consented to the release of such funds to the Developer.

### THIRD AFFIRMATIVE DEFENSE

As a result of the conduct of Plaintiffs' paid designated representatives in making representations to Plaintiffs that were either contradicted, outside the scope of the PPM or otherwise unauthorized by WALSH, and other misconduct as set forth in the First Affirmative Defense and as a result of Plaintiffs' making misrepresentations in their immigration petitions, Plaintiffs are guilty of unclean hands and their claims for equitable relief (including the claim for unjust enrichment) should therefore be denied.

### FOURTH AFFIRMATIVE DEFENSE

To the extent WALSH made any statements regarding the Palm House Hotel project to any prospective investors or agents of any prospective investors, such statements were merely forward-looking statements of future economic performance regarding the Palm House Hotel project and are immaterial and, therefore, not actionable.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that WALSH, either individually or as a representative of SARC or USREDA (or any other entity), made any statements regarding the Palm House Hotel project to any prospective investors or agents of any prospective investors, such statements were immaterial to such investors' decisions to invest in Palm House Hotel, LLLP and, therefore, are not actionable.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that WALSH, either individually or as a representative of SARC or USREDA (or any other entity), made any statements regarding the Palm House Hotel project to any prospective investors or agents of any prospective investors, such statements were merely generalized, vague, or optimistic statements, or constitute mere puffery and are immaterial, and, thus, are not actionable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' securities fraud claims are barred in whole or in part by the "bespeaks caution" doctrine or the safe harbor provisions of the PSLRA.

### EIGHTH AFFIRMATIVE DEFENSE

The limited partnership units in Palm House Hotel, LLLP do not qualify as "securities" because the primary motivating factor for the investment was to obtain an immigration visa, not economic profit from the investment.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the terms of the Subscription Agreement entered into by each Plaintiff.  A copy of the Subscription Agreement entered into with Palm House Hotel, LLLP by the lead Plaintiff, Li Lan, is attached hereto as **"Exhibit A."**

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief unjust enrichment and equitable accounting are barred, as Plaintiffs have adequate remedies at law in actions for damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims founded on an alleged violation of an agreement to hold Plaintiffs' funds in escrow pending receipt of USCIS approval of each investor's I-526 Immigration petition is negated by the terms of the Escrow Agreement which provide for the release of such funds upon

the filing of the I-526 Petitions.  A copy of the Escrow Agreement (which Agreement was referenced and/or described in both the PPM and Limited Partnership Agreement) is attached hereto as **"Exhibit B."**

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims regarding release of funds seek to vary, modify or contradict the terms contained in the Escrow Agreement, such claims are barred by the Parol Evidence Rule.

### THIRTEENTH AFFIRMATIVE DEFENSE

The allegations relating to piercing the corporate veil fail to state a cause of action as Plaintiffs fail to identify the alleged shareholders they seek to hold personally liable for the obligations of the entities and fail to identify the alleged wrongful conduct relied on.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims for constructive trust fail to state a cause of action as Plaintiffs fail to identify any specific *res* upon which they seek a constructive trust and Florida law does not support the imposition of a constructive trust over a defendant's general assets.  Additionally, under Florida law, Plaintiffs are required to prove their constructive trusts claims by clear and convincing evidence.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claim for dissolution of the Palm House Hotel, LLLP is barred in whole or in part by the terms of the Limited Partnership Agreement.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' conspiracy claims fail to the extent that the underlying claims upon which such conspiracy claims are based fail or are otherwise unsupportable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs FDUPTA claims may not be applied extraterritorially.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that any of the matters alleged by any Plaintiff are matters for which WALSH is entitled to indemnification pursuant to the terms of the Limited Partnership Agreement or Subscription Agreement, such indemnification should be set-off against any recovery by a Plaintiff herein or reduced pursuant to the doctrine of recoupment.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of fiduciary duty are barred in whole or in part by the business judgment rule and/or limitation of liability provisions contained in Section 4.3 of the Limited Partnership Agreement.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' breach of fiduciary duty claims alleges that WALSH acted negligently, any damages awarded should be reduced proportionately by the Plaintiffs' own comparative negligence, including the negligence of their paid designated representatives.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack standing in their individual capacity to bring claims premised on alleged harm to the limited partnership including, without limitation, claims for breach of fiduciary duty and conversion.  Such claims are clearly derivative in nature.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' equitable claims are barred by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If, as alleged by Plaintiffs, no valid or enforceable Subscription Agreement and Limited Partnership Agreement was ever entered into (due to the alleged failure to provide each Plaintiff

with full copies of the Agreements they signed), then Plaintiffs' securities fraud claims, which are premised on the alleged existence of a contract for the purchase of securities (limited partnership units), fail and should be dismissed.  The Plaintiffs cannot have it both ways.  Either the Plaintiffs allege that they *had* an "investment contract" and, thus, would have standing to assert securities fraud claims, or there was no "investment contract" and, thus, no entitlement to assert securities fraud claims.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' securities fraud claims are barred in whole or in part by the statute of limitations, including the two (2) year statute of limitations under § 95.11(4)(e), Fla. Stat.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' securities fraud claims are barred in whole or in part because Plaintiffs cannot establish loss causation.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by Plaintiffs' breach of the Subscription Agreement as set forth more particularly in the Counterclaim filed by SARC in this matter.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent that the Amended Complaint seeks to hold WALSH liable for the return of each Plaintiff's investment (capital contribution) in the Limited Partnership, such claim is barred by Section 10.4 of the Partnership Agreement which provides that:

> **Return of Capital Contributions.** Notwithstanding anything in this Agreement to the contrary, neither the General Partner nor any other Partner shall be personally liable for the return of the Capital Contributions of any Partner, or any portion thereof, it being expressly understood that any such return of the Capital Contributions of the Partners shall be made solely from Partnership assets.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Pursuant to § 768.31, Fla. Stat. (the "Uniform Contribution Among Tortfeasors Act"), WALSH's common-law right to indemnification and contribution and Fed. R. Civ. P. 19(a), in the event that liability is assessed against WALSH in this action, then such liability should be properly allocated and apportioned by and among Robert Matthews, Maria (Mia) Matthews, J. Marcus Payne, Kevin Wright, David Levinson, Palm House LLC, 160 Royal Palm LLC, Gerry Matthews, Palm House PB LLC, Mirabia LLC, Bonaventure 22 LLC, Alibi LLC, Alibi Ltd., Nicholas Laudano, New Haven Contracting South Inc., Botticelli Advisors LLC, NJL Development Group LLC, Ali Herischi, Herischi & Associates LLC, Washington Marketing LLC, Leslie Robert Evans, Leslie Robert Evans & Associates PA, KK-PB Financial LLC, Erik Erkan Nur, and other potentially responsible parties.  WALSH also claims a set-off for any damages recovered by way of settlement or otherwise from any Co-Defendant or other persons pursuant to §§ 768.041(2) and 46.015(2), Fla. Stat.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for an equitable accounting (Count XXI) is barred, as the transaction between Plaintiffs and the Defendants is not complex.  To establish a claim for accounting, a plaintiff must prove that the transactions are "extensive or complicated" such that an action for damages would not provide full relief.  Plaintiffs' conclusory allegation of a complex fraud does not establish the required extensive or complicated accounts between the Plaintiff and this Defendant.

## <u>DEMAND FOR ATTORNEYS' FEES</u>

Defendant WALSH is entitled to an award of costs as the prevailing parties and reasonable attorneys' fees and costs as prevailing parties pursuant to § 812.035(7), Fla. Stat., § 517.211, Fla. Stat., § 501.2015(1), Fla. Stat., Section 10(b) of the Exchange Act and Rule 10b-5 and Section 20(a) of the Exchange Act regarding Count XXVI.

Dated: November 19, 2018                 Respectfully submitted,

WEISS HANDLER & CORNWELL, P.A.
*Attorneys for Defendant WALSH*
One Boca Place, Suite 218-A
2255 Glades Road
Boca Raton, FL 33431
Telephone:     (561) 997-9995
Facsimile:      (561) 997-5280

By:     s/ Henry B. Handler
        HENRY B. HANDLER
        Florida Bar No. 259284
        hbh@whcfla.com
        jn@whcfla.com
        filings@whcfla.com
        DAVID K. FRIEDMAN
        Florida Bar No. 307378
        dkf@whcfla.com
        gg@whcfla.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 19th day of November 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record listed in the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> WEISS HANDLER & CORNWELL, P.A.
> *Attorneys for Defendant WALSH*
> One Boca Place, Suite 218-A
> 2255 Glades Road
> Boca Raton, FL 33431
> Telephone:     (561) 997-9995
> Facsimile:     (561) 997-5280
>
> By:____s/ Henry B. Handler_____
>         HENRY B. HANDLER
>         Florida Bar No. 259284
>         hbh@whcfla.com
>         jn@whcfla.com
>         filings@whcfla.com
>         DAVID K. FRIEDMAN
>         Florida Bar No. 307378
>         dkf@whcfla.com
>         gg@whcfla.com