IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE No. 9:16-cv-81871-KAM

LAN LI, an individual, et al.,

    Plaintiffs,

vs.

JOSEPH WALSH, an individual, et al.,

    Defendants.

_____/

### DEFENDANT/CROSSCLAIMANT, KK-PB FINANCIAL, LLC'S RESPONSE TO ROBERT V. MATTHEWS AND MARIA S. MATTHEWS MOTION TO DISMISS CROSSCLAIMS

Defendant/Crossclaimant KK-PB Financial, LLC ("KK-PB") responds to Crossdefendants, Robert V. Matthews and Maria S. Matthews a/k/a Mia Matthews' (collectively "Matthews"), Motion to Dismiss KK-PB's Crossclaims (DE 362), attached hereto as Appendix 1, and states as follows:

### Preliminary Statement

1.    KK-PB's Crossclaims against the Matthews arise out of the Matthews' role as ring leader and mastermind in the purchase, funding and dissipation of millions of dollars of funds intended for the real property and improvements at the Palm House Hotel Property. The Matthews' schemed to induce KK-PB to accept a Twenty-Seven Million Seven Hundred Sixty-

Eight Thousand Seven Hundred Fifty Dollar ($27,768,750.00) Promissory Note secured by a Mortgage on the Palm House Hotel Property, and then the entity controlled by them defaulted on the loan. The Matthews' unlawful actions, with their attorney Leslie Robert Evans, and their business associate, Joseph Walsh are detailed in the March 14, 2018, 20-Count Indictment (the "Indictment"), attached to and incorporated in the KK-PB Crossclaims as Exhibit A (DE 326-1) and the August 3, 2018 Securities and Exchange Complaint ("SEC Complaint"), Exhibit B to the KK-PB Crossclaims (DE 326-1, pg. 33). It is KK-PB's position that the allegations of the Crossclaims, along with the matters incorporated by reference as alleged in the Indictment and SEC Complaint state a claim against each of the Matthews for the KK-PB's Crossclaims.

## Crossclaims Counts 1 – 5
## (Appendix 1)

2. KK-PB has filed five (5) Crossclaims against Matthews' (De 326) Crossclaims I, II and III are against Robert V. Matthews; Crossclaim Count IV is against both, Robert V. Matthews and Maria S. Matthews; Crossclaim Count V is against Maria Matthews. Crossclaim Count III, for Civil Conspiracy, involves Robert V. Matthews' actions in relation to other Crossclaim Defendant Evans (DE 317), the attorney who closed the transaction involving the Mortgage and Note for the Palm House Hotel

Property. Based upon the matters alleged in the recent Indictment and SEC Complaint, attached to KK-PB's Crossclaims, as Exhibits A & B, the funds Robert V. Matthews and Evans manipulated and stole, appear to be, the same Funds which were to pay on the Mortgage and Note on the Palm House Hotel, and the funds used to buy the vessel the Alibi, for Maria Matthews, were the funds which should have been used to pay the Promissory Note owing to KK-PB.

## Procedural Background

3.  On August 22, 2018, KK-PB filed its' Motion for Order Granting Leave to File Crossclaims against Defendant Robert V. Matthews and Maris S. Matthews, with proposed Crossclaims attached (DE 314).

4.  On September 6, 2018, the Matthews filed their opposition to KK-PB's Motion for Leave to File Crossclaims (De 318). The Matthews' Response, Section III, B – D, argued substantially the same matters that the Matthews now assert in their Motion to Dismiss (DE 318, pages 5 – 11).

5.  On September 12, 2018, KK-PB filed its' Reply (DE 319) to the Matthews Response in Opposition to KK-PB's Motion for Hearing to File Crossclaims.

6.  On October 9, 2018, this Court entered its' Order (DE 325) Granting Leave to KK-PB to File Crossclaims. At page 3 of the Order, the Court addresses the Matthews' failure to state a claim argument set forth in

the Matthews' Opposition to KK-PB's Motion for Leave. The Court states:

> "The Matthews Defendants' argument primarily focuses on the failure to comply with Rule 9(b)'s heightened pleading requirements. Even assuming that the claims did not comply with Rule 9(b), the court would permit leave to amend and would not dismiss the claims initially based on futility. In any event, given the complexity of this case, and the multiple parties and claims, the futility argument is simply premature at this stage of the proceedings."

7. On October 11, 2018, KK-PB filed its' Notice of Filing Crossclaims with Crossclaims attached (DE 326 and 326-1)

## Argument

### The Legal Standard for a Motion to Dismiss

8. Rule 8(a)(2) Fed. R. Civ. P. requires "a short and plain statement of the claim, showing the pleader is entitled to relief." In *Bell Atlantic Corp. vs. Twinsburg*, 550 US 544, 555 (2007) the Supreme Court held that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief require more than labels and conclusions. Factual allegations must be enough to raise a right of relief above the speculative level. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its facts. *Ashcroft vs. Igbal*, 129 S. CT. 1937, 1949 (2009). A claim has factual plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. When considering a motion to dismiss, the court must accept all of the plaintiffs' allegations, as true, in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon vs. King & Spalding*, 467 US 69, 73 (1984).

9. The Matthews erroneously argue that KK-PB's Counts I and II do not meet the pleading requirements of Rule 9(b). As this Court previously pointed out in denying the Motions to Dismiss the Plaintiffs' fraud claims, in this case, the Court rejected that the Complaint must provide the date, time and place of the fraud (DE 164, pg. 11). The Court went on to state that while the Court recognizes these types of details satisfy the Rule 9(b) pleading requirements, the Eleventh Circuit has acknowledged that alternative means are available to satisfy the Rule, citing to *Durham vs. Business Management Associates*, 847 F.2d 1505, 1512 (11th Cir. 1988). In *Durham*, in addition to the allegations of the Amended Complaint, the Plaintiff/Appellees also submitted an affidavit. KK-PB asserts that the Indictment and SEC Complaint provide a road map of the Matthews' fraudulent scheme and details how the Matthews personally financially enriched and benefited themselves from that scheme.

10. The District Court can consider documents attached to a complaint where their authenticity is not challenged. *McClure vs. Oasis*

*Outsourcing, Inc.*, 674 Fed. App. X 873 (US 11th Cir. 2016). The Matthews' Motion to Dismiss ignores the factual matters in the Indictment and SEC Complaint, attached to the Crossclaims. In the present case, the Trial Court can and should consider the matters set forth in both the Indictment against Matthews and Evans, and the SEC Complaint against Matthews, which are attached, as Exhibits to the Crossclaims. KK-PB asserts that, in addition to the specific factual matters alleged in the Crossclaims, that the detailed factual matters alleged in the Indictment and SEC Complaint meet the heightened pleading requirements of Rule 9(b) where fraud is involved and establish all of the elements needed to state a claim in each of KK-PB's five (5) crossclaims against the Matthews.

11.  In the present case, the Crossclaims Introduction and Factual Allegations Applicable to all KK-PB Claims, (DE 326-1, pg. 2) identifies the who, Robert V Mathews and Maria S. Matthews; the when, August 30, 2013 and the various dates in the Indictment and SEC Complaint; and the what, the business transaction for the acquisition of the Palm House Hotel (Crossclaim, page 3, paragraphs 11 – 13 and 15. Crossclaim paragraphs 17 – 22 refer to the SEC Complaint and dissipation of funds intended for the Palm House Hotel project for the Matthews' personal financial benefit.

## KK-PB's Count I - Claim for Fraudulent Inducement, and Count II - for Negligent Misrepresentation state a claim for relief

12. It is KK-PB's position that it has alleged all the necessary elements for a claim of fraud in the inducement, which are:

   a) a misrepresentation of material facts;
   b) that the representor knew or should have known of the statements falsity;
   c) that the representor intended that the representation would induce another to rely on it; and,
   d) that the Plaintiffs suffered injury.

*Hillcrest Pacific Corp, vs. Yamachura*, 727 So.2d 1053 (Fla. 4th DCA 1999).

13. The elements of a fraudulent misrepresentation claim are:

   i) a false statement concerning a material fact;
   ii) the representor's knowledge that the statement is false;
   iii) an intention that the representor induce another to act on it; and,
   iv) consequential injury to the plaintiff.

*Arlington Pebble Creek, LLC vs. Campus Eda Condo*, 232 So.3d 502 (Fla. 1st DCA 2017).

14. At page 3 of their Motion, the Matthews erroneously argue KK-PB's allegations are insufficient. KK-PB asserts that the detailed factual matters KK-PB has alleged, paragraphs 5 - 7 in the Indictment; allegations 8 – 16, and SEC Complaint allegations 17 - 24, which are attached to the Crossclaims, along with the specific factual matters alleged in Counts I and II, state a claim against the Matthews.

### KK-PB's Crossclaims III and IV allege all the elements necessary to state a claim for Civil Conspiracy

15. The elements of a claim of Civil Conspiracy are:

   a) an agreement between two (2) or more persons;
   b) to do an unlawful and/or do a lawful act by unlawful means;
   c) doing some overt act in pursuit of the conspiracy; and,
   d) damage to the plaintiff as a result of acts performed, pursuant to the conspiracy.

*Rey vs. Phillip Morris, Inc.*, 75 So.3d 378, 381 (Fla. 3rd DCA 2011). The Matthews totally disregard the matters alleged in the Indictment and SEC Complaint and argue KK-PB has not sufficiently alleged the facts to establish the elements of civil conspiracy.

16. The Matthews cite the August 31, 2018 Order in *TIC Park Centre*, which KK-PB asserts is distinguished because *TIC Park* did not include the detailed allegations KK-PB has made against the Matthews from the Indictment and SEC Complaint.

17. The Matthews cite to *Pierson vs. Orlando Regional Healthcare Systems*, 2010 WL1408391 (MD Fla. 2010) for what is required to be alleged to state a civil conspiracy claim. The Matthews' argument disregards the matters alleged in the Indictment and SEC Complaint incorporated into KK-PB's Crossclaims. See Crossclaims paragraphs 11 – 15 and 22 – 23. The Crossclaims against Maria Matthews, paragraphs 52 – 54, allege the essential elements, and paragraphs 14, 15 and 21 – 23 of the

Crossclaims allege the use of the Palm House Hotel funds for the purchase of the vessel, the Alibi, which was beneficially owned by Maria and the use of funds for the Casa Bendita mansion, resided in by Maria.

### KK-PB's Count V
### Claim of aiding and abetting fraud against Maria S. Matthews states a cause of action

18. The Court's holding in ZP No. 54, Ltd. vs. Fidelity & Deposit Co., 917 So.2d 368, 372 (Fla. 5th DCA 2005) is instructive on the elements of a claim of aiding and abetting fraud. The elements are:

   1. There existed an underlying fraud;
   2. The Defendant had known of the fraud; and,
   3. The Defendant provided substantial assistance to advance the fraud.

19. The sole basis Maria Matthews asserts for dismissing Count V is Maria Matthews erroneous assertion that the aiding and abetting claim makes no allegations that Maria Matthews knew about the fraud. Maria Matthews disregards paragraph 51 of the Crossclaims, which alleges Maria Matthews "had knowledge of and aided and induced, for her financial benefit, the fraud perpetrated by Robert Matthews on KK-PB." Maria Matthews disregards paragraphs 13 – 15 of the Crossclaims, from the Indictment, as to Robert Matthews' use of funds from the Palm House Hotel project to purchase, for the benefit of Maria Matthews, as beneficial owner, the vessel, the Alibi, along with the allegations in paragraph 23 of the

Crossclaims, from the SEC Complaint, also dealing with the use of funds to purchase the vessel, the Alibi, of which Maria Matthews was, based upon the Indictment, the beneficial owner.

## Conclusion

For the reasons set forth above, KK-PB requests this Court to deny the Matthews' Motion to Dismiss the Crossclaims, Counts I – V.

Respectfully submitted,

/s/  Larry A. Zink
Larry A. Zink, Esq.
Florida Bar No. 0109592

ZINK, ZINK & ZINK CO., L.P.A.
**Florida Office:**
1198 Hillsboro Mile – Suite 244
Hillsboro Beach, FL  33062
**Ohio Office:**
3711 Whipple Ave., N.W.
Canton, OH 44718-2933
Telephone:  (330) 492-2225
Facsimile:  (330) 492-3956
Cell Phone:  (330) 495-0171
Email:  zinklaw3711@yahoo.com
*Counsel for Defendant,*
*KK-PB Financial, LLC*

## CERTIFICATE OF SERVICE

The UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, on this  20  day of November, 2018 and that the foregoing document is being served this day on all counsel of record identified on the Service List below, via transmission of Notices of Electronic Filing generated by CM/ECF.

John F. Mariani, Esq.
Christopher W. Kammerer, Esq.
1601 Forum Place – Suite 500
West Palm Beach, FL  33401
Email:  jmariani@kammerermariani.com
            ckamerer@kammerermariani.com
*Counsel for Defendants:*
*Robert Matthews; Maria Matthews;*
*Bonaventure 22, LLC; Mirabia LLC;*
*Alibi, LLC; Palm House, LLC;*
*160 Royal Palm, LLC; and,*
*Palm House PB, LLC*

And all other Counsel

/s/  Larry A. Zink
Larry A. Zink, Esq.
Florida Bar No. 0109592