UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-cv-81871-KAM

LAN LI, et al.,

    Plaintiffs,

v.

JOSEPH WALSH, et al.,

    Defendants.

_____/

**DEFENDANTS ROBERT MATTHEWS' AND MARIA MATTHEWS'
MOTION TO DISMISS KK-PB FINANCIAL, LLC'S CROSS-CLAIMS**

Defendants Robert Matthews and Maria Matthews, pursuant to Fed. R. Civ. P. 12(b)(6), file this motion to dismiss defendant KK-PB Financial, LLC's ("KK-PB") First Amended Cross-claims against Maria Matthews [DE 413].

**I.   SUMMARY OF ARGUMENT**

The Court previously dismissed KK-PB's crossclaims against Robert Matthews (for fraudulent inducement, fraudulent misrepresentations, civil conspiracy with Leslie Evans, and civil conspiracy with Maria Matthews) and KK-PB's crossclaims against Maria Matthews (civil conspiracy with Robert Matthews and aiding and abetting fraud) because the allegations were conclusory and did not meet Rule 9(b)'s heightened pleading standard for claims based upon an alleged fraud. [DE 409]

The amended allegations regarding the crossclaims against Maria Matthews, civil conspiracy (Count IV) and aiding abetting fraud (Count V), add only another layer of conclusory gloss over the original conclusory allegations and are insufficient to meet Rule 9(b)'s heightened pleading standard regarding claims that are based on alleged fraud. The amended crossclaims

should be dismissed with prejudice for the same reasons the Court previously dismissed those crossclaims.

As to the cross claims against Robert Matthews, the Court did not give KK-PB leave to re-file crossclaims against Robert Matthews because claims against Robert Matthews, other than plaintiff's claims against Robert Matthews, are stayed.[1] Accordingly, counts I, II, and III should be stricken.

## II.  PLEADING STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Id.* "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal under Rule 12(b)(6)." *N.P.V. Realty Corp. v. Nationwide Mut. Ins. Co.,* 2011 U.S. Dist. LEXIS 119658, *3 (M.D. Fla. Oct. 17, 2011) (citation omitted). Allegations that are mere conclusions are not entitled to the assumption of truth." *Id.* In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters

---

[1] On October 17, 218, the Court stayed this action against Robert Matthews pursuant to section 362 of the United States Bankruptcy Code, 11 U.S.C. § 362. [DE 376]. That order, however, did not lift the stay as to any other parties. [DE 409] at p. 2 n. 2

judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Collective references are "only permissible if Defendants and the Court can ascertain which Defendants are alleged to have engaged in what wrongdoing." *Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1362 (S.D. Fla. 2011).

Fed. R. Civ. P. 9(b)'s heightened pleading standard requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Under Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and the manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud. *Ray*, 126 F.Supp.3d 1336, citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380-81 (11th Cir. 1997).

### III.   ARGUMENT

**A.   The Court previously dismissed the claims against Robert Matthews, Counts I, II, and III, and did not provide KK-PB with leave to re-file the crossclaims against Robert Matthews.**

The Court's Order [DE 409] granting Robert Matthews's and Maria Matthews's motion to dismiss KK-PB's crossclaims dismissed the claims against Robert Matthews, Counts I, II, and III because those claims are stayed against Robert Matthews. [DE 409] at 2 n. 2. The Court did not give KK-PB leave to re-file crossclaims against Robert Matthews. [DE 409] at 6. Accordingly, Counts I, II, and III of the First Amended Counterclaim should be stricken.

**B.   KK-PB fails to state a claim for civil conspiracy against and Maria Matthews (Count IV).**

To maintain an action for civil conspiracy, a plaintiff must establish: (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means;

3

(3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy. *Raimi v. Fulong*, 702 So.2d 1272, 1284 (Fla. 3d DCA 1997). "An action for civil conspiracy must be premised on an underlying tort or cause of action." *Liappas v. Augoustis*, 47 So.2d 582, 582 (Fla. 1950); *see also Yaralli v. Am. Reprographics Co., LLC*, 165 So.3 d 785, 789 (Fla. 4th DCA 2015)("a cause of action for civil conspiracy requires an actionable underlying tort or wrong"). Where a civil conspiracy claim is based on fraud, the heightened pleading standards in Rule 9(b) apply. *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, 2011 WL 4434891, at *6 (S.D. Fla. Sept. 23, 2011). "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *In re Chiquita Brands Int'L, Inc. Alien Tort Statute & Sh'holder Derivative Litig.*, 690 F. Supp.2d 1296, 1311 (S.D. Fla. 2010).

The Court dismissed KK-PB's original crossclaim for civil conspiracy against Maria Matthews because it failed to comply with Rule 9(b)'s particularity requirement, citing *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067068 (11th Cir. 2007)("where a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiffs must plead this act with specificity" and an "aiding and abetting claim" must conform to Rule 9(b)). In particular, the Court held that KK-PB's crossclaims, which alleged that Robert Matthews and Maria Matthews conspired to take monies that were supposed to pay KK-PB's promissory note and instead used those monies to purchase a yacht and pay their personal expenses, were conclusory and insufficient, stating "[s]imply alleging that there was an agreement to take money for personal expenses is insufficient to allege a conspiracy."[DE 409] at 6, citing *In re Chiquita Brands Int'l, Inc.*, 690 F. Supp.2d at 1311.

In the amended crossclaim for civil conspiracy against Maria Matthews, the only additions KK-PB makes to its original crossclaim for civil conspiracy against Maria Matthews are the following allegations, shown in bold italics, regarding the receipt and use of monies in a trust account maintained by Leslie Evans (a co-defendant) and the addition of exhibit C, a one-page list of those alleged transactions:

> 5. On or about August 30, 2013, Robert V. Matthews was involved in a business transaction for the acquisition of the Palm House Hotel ("Hotel Property") in which KK-PB was the lender and holder of a Twenty-Seven Million Seven Hundred Sixty-Eight Thousand Seven Hundred Fifty Dollar ($27,768,750.00) Promissory Note, granted by 160 Royal Palm, LLC as the Borrower (the "Note"), and KK-PB to be the first mortgage holder (the "First Mortgage") for a Twenty-Seven Million Seven Hundred Sixty-Eight Thousand Seven Hundred Fifty Dollar ($27,768,750.00) Mortgage on the Hotel Property. Leslie Robert Evans ("Evans"), and Evans & Associates, P.A. ("Evans PA") served as the Closing Agent for the transaction ***and Evans maintained a Trust Account, which received and distributed monies which should have been used to pay the Note, but were instead, on information and belief, distributed to or for the benefit of Maria Matthews, at the direction of Robert Matthews on the dates and in the amounts set forth in the Evans Trust Account, attached hereto***.
>
> …
>
> 24. KK-PB did not discover the existence, nature and extent of fraud and misrepresentations of Robert V. Matthews ***and Maria Matthews' involvement therein***, until the matters were alleged in the Indictment in March, 2018 and the SEC Complaint was filed in August, 2018 ***and KK-PB received, through discovery in this case, the Evans Trust Account record; Exhibit C, which sets forth the dates, amounts and recipients of funds under the direction and control of the Matthews, in 2013 and 2014.***

Count IV
Civil Conspiracy against Robert V. Matthews and Maria Matthews

> 44. KK-PB incorporates by reference and reallleges paragraphs 1-24 above.
>
> 45. ***On or about August 30, 2013, both Robert Matthews and on information and belief, Maria Matthews, had knowledge of the financial obligations of 160 Royal Palm, LLC on the Note given to KK-PB, and on information and belief, in furtherance of the conspiracy between Robert V. Matthews and Maria Matthews, directed and diverted money from the Evans Trust Account, intended to pay on the Note, for the personal benefit of Maria Matthews.***

46. ***On information and belief, the Evans Trust Account, Exhibit C, at the direction of co-conspirator Robert Matthews, received monies and made distributions to and for the benefit of Maria Matthews, the date and amounts of which are set forth in Exhibit C***.

47.[2]   ***On information and belief*** Robert V. Matthews and Maria S. Matthews conspired and unlawfully ***took*** and ***used*** monies which were to pay the Note and purchased the 151-foot Vessel, the Alibi and paid their personal expenses and the delinquent ***Deutsch Bank*** mortgage on the Casa Bendita mansion, owned by Robert V. Matthews and resided in by the Matthews ***on the dates and in the amounts set forth in Exhibit C.***

48.[3]   In reliance upon the allegations in the Alibi Complaint, Robert V. Matthews and Maris S. Matthews were the beneficial owners of the Vessel, the Alibi.

49.[4]   In reliance upon the allegations in paragraph 2 of the Indictment, ***and on information and belief***, money which was used to purchase the Palm House Hotel Property and therefore pay on the Note, was unlawfully and illegally taken by Robert V. Matthews, for the benefit of Maria S. Matthews, to purchase the Vessel, the Alibi, ***and to pay on March 4, 2014, the Deutsch Bank Mortgage on the personal residence of Robert Matthews and Maria Matthews, as set forth in Exhibit C***, for the personal financial benefit of its' beneficial owners, Robert V. Matthews and Maris S. Matthews, all in pursuance of the conspiracy between Robert V. Matthews and Maria S. Matthews.".

50.[5]   ***On information and belief, in 2014***, Robert V. Matthews and Maria S. Matthews***, knowing the obligation owing on the Note,*** conspired to obtain $5.5 Million from Joseph Walsh which the Matthews intended and did use to pay on the Deutsch Bank loan on the Casa Bendita mansion to take the mansion out of foreclosure.

51.[6]   The action of co-conspirators Robert V. Matthews and Maria S. Matthews ***of directing, taking and receiving money, in the amounts and on the dates, as set forth in Exhibit C, from the Evans Trust Account assets, were to pay the***

---

[2] The allegations in paragraph 47 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 43 of the original crossclaims against Maria Matthews [DE 326].
[3] The allegations in paragraph 48 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 44 of the original crossclaims against Maria Matthews [DE 326].
[4] The allegations in paragraph 49 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 45 of the original crossclaims against Maria Matthews [DE 326].
[5] The allegations in paragraph 50 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 46 of the original crossclaims against Maria Matthews [DE 326].
[6] The allegations in paragraph 51 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 47 of the original crossclaims against Maria Matthews [DE 326].

>*Note,* caused damage to KK-PB in that the Note went into default and KK-PB is owed in excess of $35,000,000.00, plus additional interest, fees and costs.
>
>52.[7]   KK-PB did not discover the existence, nature and extent of the conspiracy between Robert V. Matthews and Maria S. Matthews until the Indictment was issued and the SEC Complaint filed.

The additional allegations merely add another layer of conclusory allegations to the conclusory allegations that the Court previously determined were insufficient to state a claim for civil conspiracy. In particular, KK-PB does not allege, other than in conclusory fashion, an agreement between Robert Matthews and Maria Matthews to harm KK-PB. Nor does KK-PB allege, other than in conclusory fashion, an agreement between Robert Matthews and Maria Matthews to "unlawfully take and use monies which were to pay the Note" as alleged in paragraph 47 or "to obtain $5.5 Million from Joseph Walsh" as alleged in paragraph 50. *See Pierson v. Orlando Regional Healthcare Systems, Inc.*, 2010 WL 1408391, at *23 (M.D. Fla. April 6, 2010)(dismissing claim for civil conspiracy claim; "[c]onclusory allegations of an agreement are not sufficient to state a cause of action for conspiracy"), citing *MedTech Prods. Inc. v. Ranir, LLC*, 596 F.Supp.2d 778, 795 (S.D.N.Y. 2008)(finding civil conspiracy claim insufficiently pleaded under Rule 8 standard where the complaint "merely concludes that an agreement [among the defendants] existed without any factual basis to make the allegation plausible").

While KK-PB alleges that the money that was to be used to purchase the Palm House Hotel Property and to pay KK-PB's Note was allegedly unlawfully taken by Robert Matthews, KK-PB has not alleged, other than in conclusory fashion, that Maria Matthews had any knowledge of, or participated in that alleged unlawful act. *See In re Chiquita Brands Int'l, Inc.*,

---

[7] The allegations in paragraph 52 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 48 of the original crossclaims against Maria Matthews [DE 326].

690 F. Supp.2d at 1311 (a complaint may justifiably be dismissed because of the conclusory, vague, and general nature of the allegations of conspiracy). Nor does Exhibit C to the First Amended Crossclaim, a one page printout listing transactions in Evans's trust account, support a claim for civil conspiracy against Maria Matthews. None of the transactions list her as a recipient. Even if she had received any of the funds, the receipt of funds from an account, alone, is not sufficient to support a claim for civil conspiracy. *See TIC Park Centre 9, LLC v. Cabot*, 2018 WL 4828436, at *3-4 (S.D. Fla. August 31, 2018)(dismissing multiple claims against co-defendant based on alleged fraud, including aiding and abetting fraud and civil conspiracy; allegations did not demonstrate that co-defendant had any opportunity to commit fraud, failed to provide sufficient evidence that co-defendant had any control, other than nominal control, over the entities at the center of the alleged fraud, or that co-defendant had knowledge of the alleged fraud; receipt of monies from an account connected to alleged fraud did not establish that co-defendant knew that a fraud was being perpetrated).

For all of those reasons, the crossclaim for civil conspiracy should be dismissed with prejudice.

**C.  KK-PB fails to state a claim for aiding and
abetting fraud against Maria Matthews (Count V).**

"Florida courts have presumed that a tort claim for aiding and abetting fraud has three elements: (1) the existence of an underlying fraud; (2) that the defendant had knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the commission of the fraud." *Freeman v. JPMorgan Chase Bank N.A.*, 675 F.App'x 926, 934 (11th Cir. 2017) citing *ZP No. 54 Ltd. P'Ship v. Fid. & Deposit Co. of Md.*, 917 So.2d 368, 371-72 (Fla. 5th DCA 2005). "Substantial assistance occurs when a defendant affirmatively assists, helps conceal, or fails to act when required to do so, thereby enabling the breach to occur." *Id.*

The Court dismissed KK-PB's original crossclaim against Maria Matthews for aiding and abetting fraud for failing to provide adequate details regarding the element of knowledge or substantial assistance, stating that the allegations contained in the original cros claims were a textbook example of a formulaic, conclusory allegation. [DE 409] at 6.

In the amended crossclaim for aiding and abetting fraud against Maria Matthews, the only additions KK-PB makes to its original crossclaim for aiding and abetting fraud against Maria Matthews are the following allegations, shown in bold italics, regarding the receipt and use of monies in a trust account maintained by Leslie Evans (a co-defendant) and the addition of exhibit C, a one-page list of those alleged transactions:

Count V
Aiding and Abetting fraud against Maria Matthews

53.[8]   KK-PB incorporates by reference and reallleges paragraphs 1-24 above.

54.[9]   The matters alleged in paragraphs 1-24 and specifically the Indictment and SEC complaint, establish that Robert V. Matthews committed a fraud on KK-PB.

55.[10]   On information and belief, Maria S. Matthews had knowledge of and aided and induced, for her financial benefit, the fraud perpetrated by Robert V. Matthews on KK-PB *as the beneficiary of the funds distributed from the Evans Trust Account, Exhibit C, in the amounts and on the dates set forth therein.*

56.[11]   *On information and belief*, Maria S. Matthews personally and financially benefited from the fraud perpetrated by Robert V. Matthews by Maria Matthews, the beneficial owner of the Vessel, the Alibi, and by Maria S. Matthews receiving the continued use and enjoyment of the Matthews' Casa Bendita, Palm Beach mansion, *subject to the Deutsch Bank loan, which was paid on from the Evans Trust Account, Exhibit C*, which Robert V. Matthews used funds to take the

---

[8] The allegations in paragraph 53 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 49 of the original crossclaims against Maria Matthews [DE 326].
[9] The allegations in paragraph 54 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 50 of the original crossclaims against Maria Matthews [DE 326].
[10] The allegations in paragraph 55 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 51 of the original crossclaims against Maria Matthews [DE 326].
[11] The allegations in paragraph 56 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 52 of the original crossclaims against Maria Matthews [DE 326].

mansion out of foreclosure and the funds should have been used to pay down the Note.

57.[12]   On information and belief, Maria S. Matthews helped, aided and assisted Robert V. Matthews, *commencing from the date of the August 30, 2013 Closing at Evans' offices,* in perpetrating the fraud on KK-PB *and took and concealed the money taken from the Evans Trust Account, in the amounts and on the dates set forth therein, for her own personal benefi*t.

58.[13]   *On information and belief*, the funds, *as set forth in Exhibit C, listing the date, amount and recipient*, which Robert V. Matthews used to purchase the Alibi for Maria Matthews and retrieve his Case Bendita mansion from foreclosure, were funds which should have been used to pay down the Note to KK-PB.

59.[14]   As a result of the actions of Maria S. Matthews in helping, aiding and assisting Robert V. Matthews *to take and divert monies form the Evans Trust account, which were to pay the Note*, she has caused KK-PB to suffer damages in that the Note went into default because funds were paid to the Matthews for their personal use and benefit, whereas said funds should have been used to pay on the Note.

The additional allegations merely add another layer of conclusory allegations to the conclusory allegations that the Court previously determined were insufficient to state a claim for aiding and abetting fraud. While KK-PB alleges that the money that was to be used to pay KK-PB's Note was allegedly unlawfully taken by Robert Matthews, KK-PB has not alleged, other than in conclusory fashion, that Maria Matthews knew about the supposed fraud. Nor has KK-PB alleged, with particularity, any substantial assistance that Maria Matthews allegedly provided Robert Matthews to advance the supposed fraud. As a result, the claim should be dismissed. *See TIC Park Centre 9, LLC v. Cabot*, 2018 WL 4828436, at *3-4 (S.D. Fla. August 31,

---

[12] The allegations in paragraph 57 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 53 of the original crossclaims against Maria Matthews [DE 326].
[13] The allegations in paragraph 58 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 54 of the original crossclaims against Maria Matthews [DE 326].
[14] The allegations in paragraph 59 of the First Amended Crossclaims against Maria Matthews are contained in paragraph 55 of the original crossclaims against Maria Matthews [DE 326].

2018)(dismissing multiple claims against co-defendant based on alleged fraud, including aiding and abetting fraud and civil conspiracy; allegations did not demonstrate that co-defendant had any opportunity to commit fraud, failed to provide sufficient evidence that co-defendant had any control, other than nominal control, over the entities at the center of the alleged fraud, or that co-defendant had knowledge of the alleged fraud; receipt of monies from an account connected to alleged fraud did not establish that co-defendant knew that a fraud was being perpetrated). Nor does Exhibit C to the First Amended Crossclaim, a one page printout listing transactions in Evans's trust account, support a claim for civil conspiracy against Maria Matthews. None of the transactions list her as a recipient. Even if she had received any of the funds, the receipt of funds from an account, alone, is not sufficient to support a claim for civil conspiracy. *Id.* (receipt of monies from an account connected to alleged fraud did not establish that co-defendant knew that a fraud was being perpetrated).

## IV.   CONCLUSION

For the reasons stated above, KK-PB's amended crossclaims against Robert Matthews and Maria Matthews should be dismissed, with prejudice.

Dated March 8, 2019

                                                        Respectfully submitted,

*/s/ Christopher Kammerer*
Christopher W. Kammerer
Florida Bar No.: 0042862
John F. Mariani
Florida Bar No. 263524
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 990-1591
Email: jmariani@kammerermariani.com
Email:ckammerer@kammerermariani.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 8, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

                                          By:    */s/Christopher Kammerer*
                                                       Christopher Kammerer

**SERVICE LIST**

**Lan Li, et al. v. Joseph Walsh, et al.**
**United States District Court, Southern District of Florida**
**Case No. 16-cv-81871-KAM**

**Electronic Mail Notice List**

- **Devin Sean Radkay, Esq.**
  dradkay@gunster.com
  Attorney for Plaintiffs

- **David J. George, Esq.**
  jcurley@gunster.com
  Attorney for Plaintiffs

- **Gregory R. Elder, Esq.**
  gelderlaw@gmail.com
  Attorney for Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.

- **Adam T. Rabin, Esq.**
  arabin@mccaberabin.com
  Attorney for Gerry Matthews

- **Robert C. Glass, Esq.**
  rglass@mccaberabin.com
  Attorney for Gerry Matthews

- **Larry A. Zink, Esq.**
  zinklaw3711@yahoo.com
  Attorney for KK-PB Financial, LLC

- **Alaina Fotiu-Wojtowicz, Esq.**
  afw@olinlawfirm.com
  Attorney for Ali Herischi and Herischi & Associates, LLC

- **Henry B. Handler, Esq.**
  hbh@whcfla.com
  Attorney for Palm House Hotel LLLP, South Atlantic Regional Center LLC, USREDA LLC, Joseph Walsh, Joseph Walsh, Jr., and JJW Consultancy, Ltd.

- **David K. Friedman, Esq.**
  dkf@whcfla.com
  Attorney for Palm House Hotel LLLP, South Atlantic Regional Center LLC, USREDA LLC, Joseph Walsh, Joseph Walsh, Jr., and JJW Consultancy, Ltd.

**U.S. Mail List**

- **Botticelli Advisors LLC**
  c/o Leslie Robert Evans, Reg. Agent
  214 Brazilian Avenue, Suite 200
  Palm Beach, FL 33480

- **David Derrico**
  5163 Deerhurst Crescent Circle
  Boca Raton, FL 33486

- **Nicholas J. Laudano**
  638 Shore Drive
  Boynton Beach, FL 33435

- **J. Marcus Payne**
  834 Valley Road
  Glencoe, IL 60022

- **Eric Erkan Nur**
  6242 N. State Road 7, Unit 207
  Coconut Creek, FL 33073