UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81871-CIV-MARRA

LAN LI, an individual, et al,

Plaintiffs,

vs.

JOSEPH WALSH, an individual, et al,

Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT[1]**

This cause is before the Court upon Defendant KK-PB Financial, LLC's Motion to Dismiss Plaintiffs' Third Amended Complaint Counts XVI, XVII and XVIII (DE 386). The Motion is fully briefed and ripe for review. In addition, Defendant 160 Royal Palm, LLC filed a Joinder in Plaintiff's Response. The Court has carefully reviewed the Motion and is otherwise fully advised in the premises.

I. Background

In filing their Third Amended Complaint ("TAC," DE 351), Plaintiffs added three new causes of action against Defendant KK-PB. These claims include Avoidance of Fraudulent Transfer, pursuant to Florida Statute § 726.105(1)(a) (count sixteen); Avoidance of Fraudulent Transfer, pursuant to Florida Statute § 726.105(1)(b) (count seventeen) and Avoidance of Fraudulent Transfer, pursuant to Florida Statute § 726.106 (count eighteen).

The TAC alleges that 160 Royal Palm LLC ("160 Royal Palm") is a "debtor" within the meaning of Florida Statute § 726.102(6). (TAC ¶¶ 457, 478, 495.) Plaintiffs are creditors

---

[1] The Court presumes familiarity with its prior Orders.

within the meaning of Florida Statute § 726.102(4). (TAC ¶ ¶ 460, 481, 498.) Plaintiffs have claims against 160 Royal Palm based on the fact that (1) Plaintiffs' funds were to be invested in the real property, the Palm House Hotel, (2) Plaintiffs were to receive a first mortgage on the real property and (3) 160 Royal Palm participated in Defendants' fraudulent investment scheme. (TAC ¶¶ 458-459.)

160 Royal Palm has, at all relevant times, owned the real property. (TAC ¶ 462.) 160 Royal Palm received no consideration in exchange for incurring an obligation under a Note and granting a Mortgage on the real property to KK-PB. (TAC ¶ 463.) These transfers were for the benefit of KK-PB, who was insider. (TAC ¶ 472.) Such obligations were incurred, and the transfers made, under circumstances demonstrating an unlawful intent. (TAC ¶ 473.) The value of the consideration received by 160 Royal Palm was not reasonably equivalent to the value of the obligation incurred and the asset transferred. (TAC ¶ 484.)

KK-PB intentionally delayed recording the mortgage until March 28, 2014 to induce Plaintiffs to invest their funds in Defendants' fraudulent scheme. (TAC ¶ 465.) By delaying the recording, KK-PB caused Plaintiffs to believe that the real property was unencumbered and believe they would hold a first mortgage on the real property. (TAC ¶ 467.)

KK-PB moves to dismiss the TAC on the following bases: (1) Plaintiffs lack standing to assert fraudulent transfer claims against KK-PB because the fraudulent transfer is the property of the 160 Royal Palm bankruptcy estate and (2) Plaintiffs' prior pleadings admitted there was consideration for the note and mortgage granted to KK-PB and Plaintiffs are bound by that admission.

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its facee." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

The Court rejects Defendant's argument that, because Plaintiff's prior pleadings against KK-PB admitted that there was consideration for the note and mortgage granted to KK-PB, Plaintiffs are bound by that prior admission and Plaintiffs cannot now allege a lack of

3

consideration for their fraudulent transfer claims.  Simply put, the filing of an amended pleading renders the previous pleading "a legal nullity." Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (internal quotation marks omitted).  Judicial admissions are not conclusive if an underlying pleading is amended. In that case, the prior ceases to be a conclusive judicial admission.  Aquent LLC v. Stapleton, 65 F. Supp. 3d 1339, 1349 (M.D. Fla. 2014).  Therefore, once Plaintiffs filed the TAC, the prior pleading ceased to operate as a judicial admission.  The TAC alleges a lack of consideration, and the Court accepts this allegation as true for the purposes of this motion.

Next, the Court addresses Defendant's argument that Plaintiffs lack standing to assert fraudulent transfer claims against KK-PB because the fraudulent transfer is the property of the 160 Royal Palm bankruptcy estate.  The TAC, however, does not mention the existence of a bankruptcy estate.  At a motion to dismiss stage, the Court cannot consider anything beyond the four corners of the complaint. See St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir.2002) (when evaluating a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint."); Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1347 n. 5 (11th Cir.1999) ("[W]hen considering a motion to dismiss for failure to state a claim, [the court] may only look to the facts alleged in the complaint and not beyond.").  Defendant may reassert its standing argument at a later date, when it possesses evidence to support such a claim.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant KK-PB Financial, LLC's Motion to Dismiss Plaintiffs' Third Amended Complaint Counts XVI, XVII and XVIII (DE 386) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of April, 2019.

_____
KENNETH A. MARRA
United States District Judge