UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81871-CIV-MARRA

LAN LI, an individual, et al,

Plaintiffs,

vs.

JOSEPH WALSH, an individual, et al,

Defendants.
_____/

**ORDER GRANTING THE MOTION TO DISMISS**[1]

This cause is before the Court upon Defendants Robert Matthews and Maria Matthews' Motion to Dismiss KK-PB Financial, LLC's Cross-Claims (DE 414). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

On January 29, 2019, the Court granted Defendants Robert Matthews ("R. Matthews") and Maria Matthews' ("M. Matthews") Motion to Dismiss KK-PB Financial, LLC ("KK-PB") cross-claims. With respect to M. Matthews, the Court granted KK-PB leave to amend its cross-claims for civil conspiracy and aiding and abetting fraud, noting that both claims failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure. (DE 409.) The Court did not give KK-PB leave to amend the claims against R. Matthews because the Court had previously stayed the action against him pursuant to section 362 of the United States Bankruptcy Code, 11 U.S.C. § 362.

---

[1] The Court presumes familiarity with its prior Orders.

On February 22, 2019, KK-PB filed its First Amended Cross-Claims (DE 413). R. Matthews moves to strike counts one, two and three based on the bankruptcy stay. M. Matthews moves to dismiss the civil conspiracy claim (count four) and the aiding and abetting fraud claim (count five) on the grounds that the additional allegations "merely add another layer of conclusory allegations to the conclusory allegations that the Court previously determined were insufficient." (Mot. at 7, 10.)

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a

plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

For allegations of fraud or mistake, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply. That rule provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The Eleventh Circuit has held that:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir.1997)). In short, "under Rule 9(b) a plaintiff must plead the who, what, when, where, and how of the allegedly false statements." Begualg Inv. Management Inc. v. Four Seasons Hotel Ltd., No. 10-22153-CIV, 2011 WL 4434891, * 2 (S.D. Fla. 2011) (quoting Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008)).

III. Discussion

After reviewing the amended cross-claims against M. Matthews, the Court concludes that they suffer from the same pleading infirmities as the prior pleading; namely, the failure to plead with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The amended

3

pleading includes new allegations regarding the receipt and use of money in a trust account maintained by Leslie Evans ("Evans"), which is supported by a one page list of those alleged transactions. (First Am. Cross-Claims ¶¶5, 24, 45-47, 49, 51, 55-59; Ex. C to First Am. Cross-Claims.) What is lacking, however, are allegations that M. Matthews knew or participated in the civil conspiracy or aided and abetted the fraud.

KK-PB heavily relies upon Exhibit C, which is allegedly a list of transactions in Evans' trust account. Notably, none of these transactions list M. Matthews as a recipient. Furthermore, the Court rejects KK-PB's assertion that Exhibit C shows disbursements from the Evans Trust Account "to or from the Matthews." (Resp. at 3, 4-5, 7.) Exhibit C does not indicate that the disbursements were made to both the Matthews, nor does it indicate that M. Matthews was individually listed as a recipient of any funds.[2]

The remaining allegations against M. Matthews are conclusory and do not adequately allege that M. Matthews knew about the alleged fraud or that she supplied substantial assistance to R. Matthews to advance the alleged fraud. See TIC Park Ctr. 9, LLC v. Cabot, No. 16-24569-CIV, 2018 WL 4828436, at *2 (S.D. Fla. Aug. 31, 2018) (discussing multiple claims against a co-defendant based on alleged fraud, including aiding and abetting fraud and civil conspiracy, and finding that allegations did not demonstrate the co-defendant had any control, other than nominal control, over the entities at the center of the fraud or had knowledge of the alleged fraud, or that receipt of money from an account connected to the fraud established that the co-defendant knew a fraud was being perpetrated).

---

[2] KK-PB reasserts its argument that Exhibits A (indictment) and B (SEC complaint) are sufficient to infer M. Matthews' knowledge. The Court previously rejected that argument in its prior Order. (DE 409 at 6.)

Lastly, with respect to the cross-claims filed against R. Matthews, the Court will strike these cross-claims, as KK-PB was not given leave to amend. Once the bankruptcy stay is lifted, KK-PB may reassert these claims.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants Robert Matthews and Maria Matthews' Motion to Dismiss KK-PB Financial, LLC's Cross-Claims (DE 414) is **GRANTED**. The Court will give KK-PB one last opportunity to amend the cross-claim against M. Matthews. KK-PB Financial, LLC shall file its amended cross-claim on or before May 13, 2019.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of April, 2019.

KENNETH A. MARRA
United States District Judge