IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LAN LI, an individual, et al.,

     *Plaintiffs,*

v.                                 Civ. No.: 16-CV-81871

JOSEPH WALSH, an individual, et al.,

     *Defendants.*

_____/

LAN LI, an individual, et al.,

     *Plaintiffs,*

v.                                 Civ. No.: 19-80332

PNC Bank, N.A., and
RUBEN RAMIREZ,

     *Defendants and Third-Party Plaintiffs,*

v.

JOSEPH WALSH,
ROBERT MATTHEWS, and
LESLIE ROBERT EVANS,

     *Third-Party Defendants.*

_____/

## LESLIE ROBERT EVANS' MOTION TO DISMISS
## THIRD PARTY COMPLAINT [DE 426] OF THIRD-PARTY PLAINTIFFS
## PNC BANK, N.A. AND RUBEN RAMIREZ

NOW COMES Third-Party Defendant, Leslie Robert Evans  ("Evans"), by and through

counsel, and pursuant to Rule 8, 10 and 12(b) of the Federal Rules of Civil Procedure, hereby

moves to dismiss the Third Party Complaint ("TPC") [DE 426] of PNC Bank, N.A. and Ruben

Ramirez ( collectively, "PNC"), and in support hereof, states as follows:

## STATEMENT OF FACTS

The TPC brings claims for various alleged violations of its copyright, trademark and corporate logo against only Defendant Joseph Walsh ("Walsh"). (TPC, Counts 1-4). None of those claims are brought against Evans.

The only claim brought against Evans is for common law indemnification. (TPC, Count 5). The following are the factual allegations specifically directed at Evans:

### THE PARTIES

16.     "Upon information and belief, Leslie Robert Evans ("Evans") is an attorney based in Palm Beach, Florida. Upon information and belief, Evans misappropriated funds from investors in the project including Plaintiff's [defined as the investors] funds."

### FIFTH CLAIM FOR RELIEF

80.     Plaintiffs have filed a lawsuit against Third-Party Plaintiffs alleging that they aided and abetted a fraud scheme perpetrated by Walsh and the other Third-Party Defendants.

81.     PNC and Ramirez deny any liability to or any fault towards Plaintiffs, including for any alleged harm caused by the Third-Party Defendants.

82.     Third-Party Plaintiffs are incurring attorney's fees, court costs, and other costs in connection with defending the Plaintiffs' claims, for which the Plaintiffs seek at least in excess of $21 million, exclusive of interest and costs.

83.     The nature of the relationship between Third-Party Defendants gave rise to a special relationship with PNC and Ramirez.

84.     Third-Part Defendants are responsible for indemnifying PNC and Ramirez for any liability attributable to PNC and Ramirez by virtue of Third-Party Defendants' bad actions. (TPC, ¶'s 16 & 80-84).

## MEMORANDUM OF LAW

### A.     The elements of a common law indemnification claim.

"For a party to prevail on a claim of common law indemnity, the party must satisfy a two-prong test. First, the party seeking indemnification must be without fault, and its liability must be

vicarious and solely for the wrong of another.  Second, indemnification can only come from a party who was at fault.  Additionally, Florida courts have required a special relationship between the parties in order for common law indemnification to exist." *Dade County Sch. Bd. v. Radio Station Wqba*, 731 So. 2d 638, 642 (Fla. 1999). (internal citations omitted).

"There is no right to indemnity unless there is a 'special relationship between [the parties] which would make the [third-party plaintiff] only vicariously, constructively, derivatively, or technically liable for the wrongful acts of [the third-party defendant].' " *Porto Venezia Condo. Ass'n v. WB Fort Lauderdale*, LLC, 2012 U.S. Dist. LEXIS 186997, *5 (Fla. S.D. 2012).

"Florida law is clear that in the absence of a contract, duty to pay, or other special relationship between the parties, an indemnity claim should be dismissed." *Arnold M. Ganz Residual Trust v. Growthink Sec., Inc.,* 2010 U.S. Dist. LEXIS 1668, *5 (Fla. S.D. 2010).  In *Growthink*, the plaintiff alleged to have relied on a business plan prepared by defendant that contained material misrepresentations, causing the plaintiff to purchase shares in a company. In dismissing the claim, the court noted: "Ganz argues that the amended counterclaim fails to allege the existence of a special relationship between Growthink and Ganz. The court agrees. The amended counterclaim alleges no facts demonstrating that Ganz owed a duty to Growthink under a contract or warranty, nor does it allege that an implied duty existed between the parties. Indeed, the amended counterclaim fails to allege any relationship or contacts whatsoever between Ganz and Growthink, let alone a special relationship establishing vicarious, constructive, derivative, or technical liability. 'Florida law is clear that in the absence of a contract, duty to pay, or other special relationship between the parties, an indemnity claim should be dismissed.'" *Id*. *5 (internal citations omitted).

See also, *Platinum Estates, Inc. v. TD Bank*, N.A., 2012 U.S. Dist. LEXIS 30684, *16 (Fla. S.D. 2012-Marra), dismissing a claim for equitable indemnification do to the failure to plead a special relationship even though there was a contact between the parties and the alleged wrongdoer made misrepresentations.

**B.     The Third Complaint fails to satisfy the rule 8 pleading standards set forth in *Twombly* and *Iqbal*, and must therefore be dismissed.**

In order to satisfy the "short and plain statement" pleading requirements of Federal Rule of Civil Procedure 8, a complaint must establish an entitlement to relief and "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Serkiewicz v. Soreman N.A.,* 534 U.S. 506, 512 (2002) (*citing* Fed. R. Civ. P. 8). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Olivares v. Doctor's Osteopathic Med. Ctr., Inc.*, 2008 WL 3850672, at *1 (M.D. Fla. 2008). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted).

In 2009, the Supreme Court in *Iqbal* extended the plausibility standard of *Twombly* to "all civil actions." 556 U.S. at 684. Citing to both *Twombly* and Rule 8(a)(2), the *Iqbal* court further explained the plausibility standard as demanding "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678.

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." (citation omitted). ***Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement***." (citation omitted).

***To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face***." (citation omitted). ***A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged***. (citation omitted). The plausibility standard is not akin to a "probability requirement," but ***it asks for more than a sheer possibility that a defendant has acted unlawfully***.

*Iqbal*, 556 U.S. at 678 (emphasis added). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The determination whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. On the contrary, legal conclusions "must be supported by factual allegations." *Id*. "[B]are assertions" that "amount to nothing more than a 'formulaic recitation of the elements' "of a claim "are conclusory and not entitled to be assumed true." *Id*. at 1951. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc*., 326 F.3d 1183, 1185 (11th Cir. 2003).

The only allegation regarding any special relationship possibly relating to Evans is that: "The nature of the relationship between Third-Party Defendants gave rise to a special relationship with PNC and Ramirez." (TPC, ¶ 83). There are absolutely <u>factual</u> allegations that Evans had any relationship or contacts whatsoever with PNC, let alone a special relationship establishing vicarious, constructive, derivative, or technical liability. Thus, said allegation and the TPC is

woefully deficit under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. For this reason, the TPC should be dismissed against Evans.

WHEREFORE, Evans respectfully requests that the Court enter an order dismissing PNC's claims against him.

Respectfully submitted,

**LAW OFFICES OF GREGORY R. ELDER, LLC**

BY: /s/Gregory R. Elder
Gregory R. Elder, Esq.
Florida Bar No. 54006
Law Offices of Gregory R. Elder, LLC
2300 N.W. Corporate Boulevard
Suite 215
Boca Raton, FL 33431
Phone: (305) 546-1061
Email: gelderlaw@gmail.com
*Attorney for Leslie Robert Evans*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Courts using the CM/ECF system on this 2nd day of May, 2019, and that the foregoing is being served on all counsel of record identified on the Court's Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

BY: /s/Gregory R. Elder
Gregory R. Elder, Esq.