UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LAN LI, et al.,                                             CASE NO. 16-cv-81871-KAM

    Plaintiffs,
v.

JOSEPH WALSH, et al.,

    Defendants.
_____/

LAN LI, et al.,                                             CASE NO. 19-cv-80332-KAM

    Plaintiffs,
v.

PNC BANK, N.A., and
RUBEN RAMIREZ,

    Defendants and Third-Party Plaintiffs.
v.
JOSEPH WALSH, ROBERT MATTHEWS, and
LESLIE ROBERT EVANS

    Third-Party Defendants.
_____/

**DEFENDANT ROBERT MATTHEWS'S MOTION TO DISMISS
PNC BANK, N.A.'S AND RUBEN RAMIREZ'S THIRD-PARTY COMPLAINT**

Defendant Robert Matthews, pursuant to Fed. R. Civ. P. 12(b)(6), files this motion to dismiss Third-Party Plaintiffs PNC Bank, N.A. ("PNC") and Ruben Ramirez's ("Ramirez") (the "Third-Party Plaintiffs") Third-Party claim for indemnification. [DE 426].

**I.      SUMMARY OF ARGUMENT**

The Third-Party Complaint asserts claims for various alleged violations of PNC's copyright, trademark and corporate logo against Joseph Walsh (Counts 1 - 4). None of those claims are brought against Matthews. The only claim against Matthews is for common law

indemnification (Count 5). The allegations of Count 5 are insufficient to meet Rule 8's pleading standard to state a claim for indemnification against Robert Matthews because the Third-Party Plaintiffs fail to allege, in other than conclusory fashion, that a special relationship existed between PNC, Ramirez, and Matthews. As a result, Count 5 should be dismissed.

**II.     PLEADING STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Id.* "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal under Rule 12(b)(6)." *N.P.V. Realty Corp. v. Nationwide Mut. Ins. Co.,* 2011 U.S. Dist. LEXIS 119658, *3 (M.D. Fla. Oct. 17, 2011) (citation omitted). Allegations that are mere conclusions are not entitled to the assumption of truth." *Id.* In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Collective references are "only permissible if Defendants and the Court can ascertain which Defendants are alleged to have engaged in what wrongdoing." *Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1362 (S.D. Fla. 2011).

### III. ARGUMENT

#### A. The third-party complaint fails to state a claim for indemnification against Matthews.

"For a party to prevail on a claim of common law indemnity, the party must satisfy a two-prong test. First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault. Additionally, Florida courts have required a special relationship between the parties in order for common law indemnification to exist." *Dade County Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999). (internal citations omitted). "There is no right to indemnity unless there is a 'special relationship between [the parties] which would make the [third-party plaintiff] only vicariously, constructively, derivatively, or technically liable for the wrongful actions of [the third-party defendant].'" *Porto Venezia Condo. Ass'n. v. WB Fort Lauderdale, LLC*, 2012 WL 7635207, at 2 (S.D. Fla. Aug. 22, 2012). "Florida law is clear that in the absence of a contract, duty to pay, or other special relationship between the parties, an indemnity claim should be dismissed." *Arnold M. Ganz Residual Trust v. Growthink Sec., Inc.*, 2010 WL 14684, at *2 (S.D. Fla. Jan. 11, 2010). In *Growthink*, the plaintiff alleged to have relied on a business plan prepared by defendant that contained material misrepresentations, causing the plaintiff to purchase shares in a company. In dismissing the claim, the court noted:

> "Ganz argues that the amended counterclaim fails to allege the existence of a special relationship between Growthink and Ganz. The court agrees. The amended counterclaim alleges no facts demonstrating that Ganz owed a duty to Growthink under a contract or warranty, nor does it allege that an implied duty existed between the parties. Indeed, the amended counterclaim fails to allege any relationship or contacts whatsoever between Ganz and Growthink, let alone a special relationship establishing vicarious, constructive, derivative, or technical liability. 'Florida law is clear that in the absence of a contract, duty to pay, or other special relationship between the parties, an indemnity claim should be dismissed.'"

3

*Id*. *2 (internal citations omitted). *See also*, *Platinum Estates, Inc. v. TD Bank*, N.A., 2012 WL 760791, at *5 (S.D. Fla. Mar. 8, 2012), dismissing a claim for equitable indemnification due to the failure to plead a special relationship even though there was a contact between the parties and the alleged wrongdoer made misrepresentations.

Here, the Third-Party Plaintiffs allege, in relevant part:

### THE PARTIES

> 15. Upon information and belief, Robert Matthews ("Matthews") resides in Palm Beach County, Florida. Upon information and belief, Matthews worked in concert with Walsh to solicit investors in the Project. Upon information and belief, Matthews misappropriated funds from investors in the Project including Plaintiff's [defined as the investors] funds."

### FIFTH CLAIM FOR RELIEF
### COMMON LAW INDEMNIFICATION BY PNC AND RAMIREZ
### AGAINST THIRD-PARTY DEFENDANTS WALSH, EVANS, AND MATTHEWS

> 80. Plaintiffs have filed a lawsuit against Third-Party Plaintiffs alleging that they aided and abetted a fraud scheme perpetrated by Walsh and the other Third-Party Defendants.
>
> 81. PNC and Ramirez deny any liability to or any fault towards Plaintiffs, including for any alleged harm caused by the Third-Party Defendants.
>
> 82. Third-Party Plaintiffs are incurring attorney's fees, court costs, and other costs in connection with defending the Plaintiffs' claims, for which the Plaintiffs seek at least in excess of $21 million, exclusive of interest and costs.
>
> 83. The nature of the relationship between Third-Party Defendants gave rise to a special relationship with PNC and Ramirez.
>
> 84. Third-Party Defendants are responsible for indemnifying PNC and Ramirez for any liability attributable to PNC and Ramirez by virtue of Third-Party Defendants' bad actions.

The only allegation regarding any special relationship possibly relating to Matthews is that: "The nature of the relationship between Third-Party Defendants gave rise to a special relationship with PNC and Ramirez." [DE 426] Third-Party Complaint, ¶ 83. There are no

4

factual allegations that Matthews had any relationship or contacts whatsoever with PNC, let alone a special relationship establishing vicarious, constructive, derivative, or technical liability. As a result, the allegations against Matthews with regard to the Third-Party Plaintiffs claim for indemnification are deficient under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* For this reason, the Third-Party Complaint should be dismissed against Matthews.

## IV.   CONCLUSION

For the reasons stated above, Third-Party Plaintiffs PNC Bank, N.A. and Ruben Ramirez's third-party claim for indemnification against Robert Matthews should be dismissed.

Dated May 17, 2019

                            Respectfully submitted,

                            */s/ Christopher Kammerer*
                            Christopher W. Kammerer
                            Florida Bar No.:  0042862
                            John F. Mariani
                            Florida Bar No. 263524
                            KAMMERER MARIANI PLLC
                            1601 Forum Place, Suite 500
                            West Palm Beach, FL 33401
                            Telephone: (561) 990-1591
                            Email: jmariani@kammerermariani.com
                            Email:ckammerer@kammerermariani.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

        By:   */s/Christopher Kammerer*
               Christopher Kammerer

**SERVICE LIST**

Lan Li, et al. v. Joseph Walsh, et al.
United States District Court, Southern District of Florida
Case No. 16-cv-81871-KAM

**Electronic Mail Notice List**

- **Devin Sean Radkay, Esq.**
  dradkay@gunster.com
  Attorney for Plaintiffs

- **Joseph Curley, Esq.**
  jcurley@gunster.com
  Attorney for Plaintiffs

- **David J. George, Esq.**
  jcurley@gunster.com
  Attorney for Plaintiffs

- **Gregory R. Elder, Esq.**
  gelderlaw@gmail.com
  Attorney for Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.

- **Adam T. Rabin, Esq.**
  arabin@mccaberabin.com
  Attorney for Gerry Matthews

- **Robert C. Glass, Esq.**
  rglass@mccaberabin.com
  Attorney for Gerry Matthews

- **Larry A. Zink, Esq.**
  zinklaw3711@yahoo.com
  Attorney for KK-PB Financial, LLC

- **Alaina Fotiu-Wojtowicz, Esq.**
  afw@olinlawfirm.com
  Attorney for Ali Herischi and Herischi & Associates, LLC

- **C. Brooks Ricca, Jr., Esq.**
  bricca@riccalawyers.com
  Attorney for Ryan Black

- **Henry B. Handler, Esq.**
  hbh@whcfla.com
  Attorney for Palm House Hotel LLLP, South Atlantic Regional Center LLC, USREDA LLC, Joseph Walsh, Joseph Walsh, Jr., and JJW Consultancy, Ltd.

- **David K. Friedman, Esq.**
  dkf@whcfla.com
  Attorney for Palm House Hotel LLLP, South Atlantic Regional Center LLC, USREDA LLC, Joseph Walsh, Joseph Walsh, Jr., and JJW Consultancy, Ltd.

- **Nina Stillman Mandel, Esq.**
  NSM@mandel.law
  Attorney for PNC Bank, N.A. and Ruben Ramirez.

- **Peter D. Hardy, Esq.**
  HardyP@hallardspahr.com
  Attorney for PNC Bank, N.A. and Ruben Ramirez.

- **Terence Grugan, Esq.**
  GruganT@hallardspahr.com
  Attorney for PNC Bank, N.A. and Ruben Ramirez.

- **Mary Treanor, Esq.**
  TreanorM@hallardspahr.com
  Attorney for PNC Bank, N.A. and Ruben Ramirez.

- **Juliana Carter, Esq.**
  CarterJ@hallardspahr.com
  Attorney for PNC Bank, N.A. and Ruben Ramirez.

**U.S. Mail List**

- **Botticelli Advisors LLC**
  c/o Leslie Robert Evans, Reg. Agent
  214 Brazilian Avenue, Suite 200
  Palm Beach, FL 33480

- **David Derrico**
  5163 Deerhurst Crescent Circle
  Boca Raton, FL 33486

- **Nicholas J. Laudano**
  638 Shore Drive
  Boynton Beach, FL 33435

- **J. Marcus Payne**
  834 Valley Road
  Glencoe, IL 60022

- **Eric Erkan Nur**
  6242 N. State Road 7, Unit 207
  Coconut Creek, FL 33073