UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-cv-81871-KAM

LAN LI, et al.,

    Plaintiffs,

v.

JOSEPH WALSH, et al.,

    Defendants.

_____/

**DEFENDANTS ROBERT MATTHEWS'S AND MARIA MATTHEWS'S MOTION
TO DISMISS KK-PB FINANCIAL, LLC'S SECOND AMENDED CROSS-CLAIMS**

    Defendants Robert Matthews and Maria Matthews, pursuant to Fed. R. Civ. P. 12(b)(6), file this motion to dismiss defendant KK-PB Financial, LLC's ("KK-PB") Second Amended Crossclaim [DE 464].

**I.    SUMMARY OF ARGUMENT**

    The Court has twice previously dismissed KK-PB's crossclaims against Robert Matthews (for fraudulent inducement, fraudulent misrepresentations, civil conspiracy with Leslie Evans, and civil conspiracy with Maria Matthews) and KK-PB's crossclaims against Maria Matthews (civil conspiracy with Robert Matthews and aiding and abetting fraud) because the allegations were conclusory and did not meet Rule 9(b)'s heightened pleading standard for claims based upon an alleged fraud. DE 409 and DE 449. In particular, the allegations in both the original Crossclaim and in the First Amended Crossclaim did not sufficiently allege, beyond conclusions, that Maria Matthews knew about the alleged fraud or that she supplied substantial assistance to to advance the alleged fraud. DE 409 at pp. 5 and 6 and DE 449 at p. 4.

    The amended allegations of the Second Amended Crossclaim in support of the crossclaims against Maria Matthews for civil conspiracy (Count IV) and aiding abetting fraud

(Count V) merely add allegations that Maria Matthews (and her children) were the beneficial owners of 160 Royal Palm, LLC to the previous conclusory allegations that the Court previously found lacking. The amended allegations remain insufficient to meet Rule 9(b)'s heightened pleading standard because they fail to adequately allege – beyond mere conclusions - that Maria Matthews knew about the alleged fraud at issue or that she supplied substantial assistance to Robert Matthews to advanced the alleged fraud at issue.

KK-PB also attaches as Exhibit E a plea agreement that Maria Matthews entered into with the United States in April of this year regarding a claim for tax evasion for failing to pay an outstanding tax liability with proceeds from a loan secured by a residential property in Connecticut. The substance of the plea agreement adds nothing to KK-PB's conclusory allegations that Maria Matthews knowingly aided and abetted and conspired to defraud KK-PB. As a result, counts IV and V of the Second Amended Crossclaim against Maria Matthews should be dismissed, now with prejudice, for the same reasons the Court previously dismissed those crossclaims twice before.

As to the cross claims against Robert Matthews, the Court (again) did not give KK-PB leave to re-file crossclaims against Robert Matthews because claims against Robert Matthews, other than plaintiff's claims against Robert Matthews, are stayed.[1] Accordingly, counts I, II, and III of the Second Amended Crossclaim should be stricken.

## II. PLEADING STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint must allege "sufficient factual

---

[1] On October 17, 218, the Court stayed this action against Robert Matthews pursuant to section 362 of the United States Bankruptcy Code, 11 U.S.C. § 362. [DE 376]. That order, however, did not lift the stay as to any other parties. [DE 409] at p. 2 n. 2

matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 556).  A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Id.*  "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal under Rule 12(b)(6)." *N.P.V. Realty Corp. v. Nationwide Mut. Ins. Co.,* 2011 U.S. Dist. LEXIS 119658, *3 (M.D. Fla. Oct. 17, 2011) (citation omitted).  Allegations that are mere conclusions are not entitled to the assumption of truth." *Id.*  In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Collective references are "only permissible if Defendants and the Court can ascertain which Defendants are alleged to have engaged in what wrongdoing." *Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1362 (S.D. Fla. 2011).

Fed. R. Civ. P. 9(b)'s heightened pleading standard requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Under Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and the manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud.

*Ray*, 126 F.Supp.3d 1336, citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380-81 (11th Cir. 1997).

**III.    ARGUMENT**

**A.    The Court twice previously dismissed the claims against Robert Matthews, Counts I, II, and III, and did not provide KK-PB with leave to re-file the crossclaims against Robert Matthews.**

The Court's Orders [DE 409 and 449] granting Robert Matthews's and Maria Matthews's motion to dismiss KK-PB's crossclaims dismissed and struck the claims against Robert Matthews, counts I, II, and III because those claims are stayed against Robert Matthews. DE 409 at 2 n. 2 and DE 449 at 5. The Court did not give KK-PB leave to re-file crossclaims against Robert Matthews. DE 409 at 6 and DE 449 at 5. Accordingly, counts I, II, and III of the Second Amended Counterclaim should be stricken (again).

**B.    KK-PB fails to state a claim for civil conspiracy against and Maria Matthews (Count IV).**

To maintain an action for civil conspiracy, a plaintiff must establish: (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy. *Raimi v. Fulong*, 702 So.2d 1272, 1284 (Fla. 3d DCA 1997). "An action for civil conspiracy must be premised on an underlying tort or cause of action." *Liappas v. Augoustis*, 47 So.2d 582, 582 (Fla. 1950); *see also Yaralli v. Am. Reprographics Co., LLC*, 165 So.3 d 785, 789 (Fla. 4th DCA 2015)("a cause of action for civil conspiracy requires an actionable underlying tort or wrong"). Where a civil conspiracy claim is based on fraud, the heightened pleading standards in Rule 9(b) apply. *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, 2011 WL 4434891, at *6 (S.D. Fla. Sept. 23, 2011). "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of

4

conspiracy." *In re Chiquita Brands Int'L, Inc. Alien Tort Statute & Sh'holder Derivative Litig.*, 690 F. Supp.2d 1296, 1311 (S.D. Fla. 2010).

The Court dismissed KK-PB's original crossclaim for civil conspiracy against Maria Matthews because it failed to comply with Rule 9(b)'s particularity requirement, citing *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067068 (11th Cir. 2007)("where a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiffs must plead this act with specificity" and an "aiding and abetting claim" must conform to Rule 9(b)). In particular, the Court held that KK-PB's crossclaims, which alleged that Robert Matthews and Maria Matthews conspired to take monies that were supposed to pay KK-PB's promissory note and instead used those monies to purchase a yacht and pay their personal expenses, were conclusory and insufficient, stating "[s]imply alleging that there was an agreement to take money for personal expenses is insufficient to allege a conspiracy." DE 409 at 6, citing *In re Chiquita Brands Int'l, Inc.*, 690 F. Supp.2d at 1311.

The Court dismissed KK-PB's amended cross claim for civil conspiracy and aiding and abetting fraud because "they suffer from the same pleading infirmaties as the prior pleading; namely, the failure to plead with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure." DE 449 at 3-4.

In an effort to avoid the same outcome, KK-PB adds a section, containing paragraphs 25 – 27, regarding a plea agreement that Robert Matthews entered into on April 25, 2019, which is attached as Exhibit D, and a plea agreement that Maria Matthews entered into on April 25, 2019, attached as Exhibit E, regarding a claim for tax evasion against her for failing to pay an outstanding tax liability with proceeds from a loan secured by a residential property in

Connecticut, the proceeds of which were disbursed to an account of Mirabia LLC for personal expenses. *See Second Amended Complaint, Exhibit E*, p. 9.

In addition, KK-PB adds a section, containing paragraphs 28 – 37, regarding excerpts from deposition testimony of Robert Matthews in which he stated that he asked his brother, Gerry Matthews, to acquire and hold 99% of the membership interest of Palm House, LLC (which in turn owned 100% of 160 Royal Palm, LLC – the entity that held title to the Palm House Hotel property) for the benefit of Maria Matthews and her children. *See Second Amended Complaint, Exhibit F*, pp. 34, 35, and 37.

The only additions KK-PB makes to the specific allegations in Count IV in support of its amended crossclaim for civil conspiracy against Maria Matthews are the following allegations, shown in bold italics:

Count IV
Civil Conspiracy against Robert V. Matthews and Maria Matthews

57. KK-PB incorporates by reference and reallleges paragraphs 1-24 above.

58.[2] On or about August 30, 2013, both Robert Matthews and on information and belief, Maria Matthews, ***the beneficial owner of the Palm House Hotel member units,*** had knowledge of the financial obligations of 160 Royal Palm, LLC on the Note given to KK-PB, and on information and belief, in furtherance of the conspiracy between ***her husband,*** Robert V. Matthews and Maria Matthews, directed and diverted money from the Evans Trust Account, intended to pay on the Note, for the personal benefit of Maria Matthews, ***as the beneficial owner of the Palm House Hotel member units***.

59.[3] On information and belief, the Evans Trust Account, Exhibit C, at the direction of co-conspirator Robert Matthews, received monies and made distributions to and for the benefit of Maria Matthews, ***the beneficial owner of the Palm House Hotel member units***, the date and amounts of which are set forth in Exhibit C.

---

[2] The allegations of paragraph 58 of the Second Amended Crossclaims against Maria Matthews are contained paragraph 45 of the First Amended Crossclaims against Maria Matthews [DE413]
[3] The allegations of paragraph 59 of the Second Amended Crossclaims against Maria Matthews are contained paragraph 46 of the First Amended Crossclaims against Maria Matthews [DE413]

60.[4]    On information and belief, *acting in concert*, Robert V. Matthews and Maria S. Matthews, *beneficial owner of the Palm House Hotel member units*, conspired and unlawfully took and used monies which were to pay the Note and purchased the 151-foot Vessel, the Alibi and paid their personal expenses and the delinquent Deutsch Bank mortgage on the Casa Bendita mansion, owned by Robert V. Matthews and resided in by the Matthews on the dates and in the amounts set forth in Exhibit C.

61.[5]    In reliance upon the allegations in the Alibi Complaint, Robert V. Matthews and Maris S. Matthews were the beneficial owners of the Vessel, the Alibi.

62.[6]    In reliance upon the allegations in paragraph 2 of the Indictment, *and Robert Matthews' deposition testimony that Maria Matthews was the beneficial owner of the Palm House Hotel Member Units*, and on information and belief, money which was used to purchase the Palm House Hotel Property and therefore pay on the Note, was unlawfully and illegally taken by Robert V. Matthews, for the benefit of Maria S. Matthews, to purchase the Vessel, the Alibi, and to pay on March 4, 2014, the Deutsch Bank Mortgage on the personal residence of Robert Matthews and Maria Matthews, as set forth in Exhibit C, for the personal financial benefit of its' beneficial owners, Robert V. Matthews and Maris S. Matthews, all in pursuance of the conspiracy between Robert V. Matthews and Maria S. Matthews.

63.[7]    On information and belief, in 2014, Robert V. Matthews and Maria S. Matthews, *as beneficial owner of the Palm House Hotel member units,* knowing the obligation owing on the Note*,* conspired to obtain $5.5 Million from Joseph Walsh which the Matthews intended and did use to pay on the Deutsch Bank loan on the Casa Bendita mansion to take the mansion out of foreclosure, *which Maria Matthews, as beneficial owner of the Member Units of 160 Royal Palm, knew should have been paid on the Note*.

64.[8]    The action of co-conspirators Robert V. Matthews and Maria S. Matthews, *as beneficial owner of the Palm House Hotel member units*, of directing, taking and receiving money, in the amounts and on the dates, as set forth in Exhibit C, from the Evans Trust Account assets, were to pay the Note, caused damage to

---

[4] The allegations in paragraph 60 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 47 of the First Amended Crossclaims against Maria Matthews [DE 413].
[5] The allegations in paragraph 61 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 48 of the First Amended Crossclaims against Maria Matthews [DE 413].
[6] The allegations in paragraph 62 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 49 of the First Amended Crossclaims against Maria Matthews [DE 413].
[7] The allegations in paragraph 63 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 50 of the First Amended Crossclaims against Maria Matthews [DE 413].
[8] The allegations in paragraph 64 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 51 of the First Amended Crossclaims against Maria Matthews [DE 413].

> KK-PB in that the Note went into default and KK-PB is owed in excess of $35,000,000.00, plus additional interest, fees and costs.
>
> 65.[9] KK-PB did not discover the existence, nature and extent of the conspiracy between Robert V. Matthews and Maria S. Matthews until the Indictment was issued and the SEC Complaint filed *and Robert Matthews entered his guilty plea*.

The additional allegations simply add allegations that Maria Matthews was the beneficial owner of 99% of Palm House, LLC to the conclusory allegations that the Court has twice previously determined were insufficient to state a claim for civil conspiracy. KK-PB does not allege, other than in conclusory fashion, an agreement between Robert Matthews and Maria Matthews to harm KK-PB. Nor does KK-PB allege, other than in conclusory fashion, an agreement between Robert Matthews and Maria Matthews whereby they "unlawfully took and used monies which were to pay the Note" as alleged in paragraph 60 of the Second Amended Crossclaim or "to obtain $5.5 Million from Joseph Walsh" as alleged in paragraph 63 of the Second Amended Crossclaim. *See Pierson v. Orlando Regional Healthcare Systems, Inc.*, 2010 WL 1408391, at *23 (M.D. Fla. April 6, 2010)(dismissing claim for civil conspiracy claim; "[c]onclusory allegations of an agreement are not sufficient to state a cause of action for conspiracy"), citing *MedTech Prods. Inc. v. Ranir, LLC*, 596 F.Supp.2d 778, 795 (S.D.N.Y. 2008)(finding civil conspiracy claim insufficiently pleaded under Rule 8 standard where the complaint "merely concludes that an agreement [among the defendants] existed without any factual basis to make the allegation plausible").

While KK-PB alleges that the money that was to be used to purchase the Palm House Hotel Property and to pay KK-PB's Note was unlawfully and illegally taken by Robert Matthews, for the benefit of Maria Matthews [DE 464 at p. 17, ¶ 62], KK-PB has not alleged,

---

[9] The allegations in paragraph 65 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 52 of the First Amended Crossclaims against Maria Matthews [DE 413].

other than in conclusory fashion, that Maria Matthews had any knowledge of, or participated in that alleged unlawful act. *See In re Chiquita Brands Int'l, Inc.*, 690 F. Supp.2d at 1311 (a complaint may justifiably be dismissed because of the conclusory, vague, and general nature of the allegations of conspiracy). Nor does Exhibit C to the Second Amended Crossclaim, a one page printout listing transactions in Evans's trust account, support a claim for civil conspiracy against Maria Matthews. None of the transactions list her as a recipient. Even if she had received any of the funds, the receipt of funds from an account, alone, is not sufficient to support a claim for civil conspiracy. *See TIC Park Centre 9, LLC v. Cabot*, 2018 WL 4828436, at *3-4 (S.D. Fla. August 31, 2018)(dismissing multiple claims against co-defendant based on alleged fraud, including aiding and abetting fraud and civil conspiracy; allegations did not demonstrate that co-defendant had any opportunity to commit fraud, failed to provide sufficient evidence that co-defendant had any control, other than nominal control, over the entities at the center of the alleged fraud, or that co-defendant had knowledge of the alleged fraud; receipt of monies from an account connected to alleged fraud did not establish that co-defendant knew that a fraud was being perpetrated). Nor does the plea agreement that Maria Matthews entered into with the United States in April regarding a claim for tax evasion for failing to pay an outstanding tax liability with proceeds from a loan secured by a residential property in Connecticut have anything to do with the allegations here – that Maria Matthews allegedly knowingly aided and abetted and conspired to defraud KK-PB. For all of those reasons, the crossclaim for civil conspiracy should be dismissed with prejudice.

### C.  KK-PB fails to state a claim for aiding and abetting fraud against Maria Matthews (Count V).

"Florida courts have presumed that a tort claim for aiding and abetting fraud has three elements: (1) the existence of an underlying fraud; (2) that the defendant had knowledge of the

fraud; and (3) that the defendant provided substantial assistance to advance the commission of the fraud." *Freeman v. JPMorgan Chase Bank N.A.*, 675 F.App'x 926, 934 (11th Cir. 2017) citing *ZP No. 54 Ltd. P'Ship v. Fid. & Deposit Co. of Md.*, 917 So.2d 368, 371-72 (Fla. 5th DCA 2005). "Substantial assistance occurs when a defendant affirmatively assists, helps conceal, or fails to act when required to do so, thereby enabling the breach to occur." *Id.*

The Court dismissed KK-PB's original crossclaim against Maria Matthews for aiding and abetting fraud for failing to provide adequate details regarding the element of knowledge or substantial assistance, stating that the allegations contained in the original crossclaims were a textbook example of a formulaic, conclusory allegation. [DE 409] at 6.

The Court dismissed KK-PB's amended cross claim for civil conspiracy and aiding and abetting fraud because "they suffer from the same pleading infirmities as the prior pleading; namely, the failure to plead with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure." DE 449 at 3-4.

In the Second Amended crossclaim for aiding and abetting fraud against Maria Matthews, the only additions KK-PB makes to the allegations in its First Amended Crossclaim for aiding and abetting fraud against Maria Matthews are the following allegations, shown in bold italics:

Count V
Aiding and Abetting fraud against Maria Matthews

66.[10]  KK-PB incorporates by reference and realleges paragraphs 1-***37*** above.

67.[11]  The matters alleged in paragraphs 1-24 and specifically the Indictment and SEC complaint, ***and Robert Matthews' deposition testimony,*** establish that

---

[10] The allegations in paragraph 66 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 53 of the First Amended Crossclaims against Maria Matthews [DE 413].
[11] The allegations in paragraph 67 of the First Second Crossclaims against Maria Matthews are contained in paragraph 54 of the First Amended Crossclaims against Maria Matthews [DE 413].

Robert V. Matthews, *acting on behalf and at the direction of Maria Matthews[12], the beneficial owner of the Palm House Hotel Member Units*, committed a fraud on KK-PB.

68.[13]  On information and belief, Maria S. Matthews, *as beneficial owner of the Member Units of the Palm House*, had knowledge of and aided and induced, for her financial benefit, the fraud perpetrated by Robert V. Matthews on KK-PB as the beneficiary of the funds distributed from the Evans Trust Account, Exhibit C, in the amounts and on the dates set forth therein.

69.[14]  On information and belief, Maria S. Matthews *as beneficial owner of the Member Units of Palm House who* personally and financially benefited from the fraud perpetrated by Robert V. Matthews by Maria Matthews, *the beneficial owner of the Palm House Hotel Member Units and* the beneficial owner of the Vessel, the Alibi. *Further,* Maria S. Matthews receiv*ed* the continued use and enjoyment of the Matthews' Casa Bendita, Palm Beach mansion, subject to the Deutsch Bank loan, which was paid on from the Evans Trust Account, Exhibit C, which Robert V. Matthews used funds to take the mansion out of foreclosure and the funds should have been used to pay down the Note.

70.[15]  On information and belief, Maria S. Matthews, *as the beneficial owner of the Palm House Hotel Member Units*, helped, aided and assisted Robert V. Matthews, commencing from the date of the August 30, 2013 Closing at Evans' offices, in perpetrating the fraud on KK-PB and took and concealed the money taken from the Evans Trust Account, in the amounts and on the dates set forth therein, for her own personal benefit.

71.[16]  On information and belief, the funds, as set forth in Exhibit C, listing the date, amount and recipient, which Robert V. Matthews used to purchase the Alibi for Maria Matthews and retrieve his Case Bendita mansion from foreclosure, were funds which should have been used to pay down the Note to KK-PB.

72.[17]  As a result of the actions of Maria S. Matthews*, as the beneficial owner of the Palm House Hotel Member Units,* help*ed*, aid*ed* and assist*ed* Robert V.

---

[12] The allegation that Robert Matthews was acting at the direction of Maria Matthews is simply a conclusory allegation made up by KK-PB. Nowhere in the excerpt of the deposition transcript of Robert Matthews that paragraph 67 refers to, does Robert Matthews state that he took any of the alleged fraudulent actions at the direction of Maria Matthews.
[13] The allegations in paragraph 68 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 55 of the First Amended Crossclaims against Maria Matthews [DE 413].
[14] The allegations in paragraph 69 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 56 of the First Amended Crossclaims against Maria Matthews [DE 413].
[15] The allegations in paragraph 70 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 57 of the First Amended Crossclaims against Maria Matthews [DE 326].
[16] The allegations in paragraph 71 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 58 of the First Amended Crossclaims against Maria Matthews [DE 413].
[17] The allegations in paragraph 72 of the Second Amended Crossclaims against Maria Matthews are contained in paragraph 59 of the First Amended Crossclaims against Maria Matthews [DE 413].

>Matthews to take and divert monies form the Evans Trust account, which were to pay the Note, she has caused KK-PB to suffer damages in that the Note went into default because funds were paid to the Matthews for their personal use and benefit, whereas said funds should have been used to pay on the Note.

The additional allegations simply add allegations that Maria Matthews was the beneficial owner of 99% of Palm House, LLC to the conclusory allegations that the Court has twice previously determined were insufficient to state a claim for aiding and abetting fraud. While KK-PB alleges that the money that was to be used to pay KK-PB's Note was allegedly unlawfully taken by Robert Matthews, KK-PB has not alleged, other than in conclusory fashion, that Maria Matthews knew about the supposed fraud. Nor has KK-PB alleged, with particularity, any substantial assistance that Maria Matthews allegedly provided Robert Matthews to advance the supposed fraud. As a result, the claim should be dismissed. *See TIC Park Centre 9, LLC v. Cabot*, 2018 WL 4828436, at *3-4 (S.D. Fla. August 31, 2018)(dismissing multiple claims against co-defendant based on alleged fraud, including aiding and abetting fraud and civil conspiracy; allegations did not demonstrate that co-defendant had any opportunity to commit fraud, failed to provide sufficient evidence that co-defendant had any control, other than nominal control, over the entities at the center of the alleged fraud, or that co-defendant had knowledge of the alleged fraud; receipt of monies from an account connected to alleged fraud did not establish that co-defendant knew that a fraud was being perpetrated). Nor does Exhibit C to the First Amended Crossclaim, a one-page printout listing transactions in Evans's trust account, support a claim for civil conspiracy against Maria Matthews. None of the transactions list her as a recipient. Even if she had received any of the funds, the receipt of funds from an account, alone, is not sufficient to support a claim for civil conspiracy. *Id.* (receipt of monies from an account connected to alleged fraud did not establish that co-defendant knew that a fraud was being perpetrated).

## IV. CONCLUSION

For the reasons stated above, KK-PB's Second Amended Crossclaims against Maria Matthews should be dismissed, with prejudice and the Second Amended Crossclaims against Robert Matthews should be stricken.

Dated June 3, 2019

        Respectfully submitted,

        */s/ Christopher Kammerer*
        Christopher W. Kammerer
        Florida Bar No.: 0042862
        John F. Mariani
        Florida Bar No. 263524
        KAMMERER MARIANI PLLC
        1601 Forum Place, Suite 500
        West Palm Beach, FL 33401
        Telephone: (561) 990-1591
        Email: jmariani@kammerermariani.com
        Email:ckammerer@kammerermariani.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

        By: */s/Christopher Kammerer*
             Christopher Kammerer

**SERVICE LIST**

**Lan Li, et al. v. Joseph Walsh, et al.**
**United States District Court, Southern District of Florida**
**Case No. 16-cv-81871-KAM**

**Electronic Mail Notice List**

- **Devin Sean Radkay, Esq.**
    dradkay@gunster.com
    Attorney for Plaintiffs

- **David J. George, Esq.**
    jcurley@gunster.com
    Attorney for Plaintiffs

- **Gregory R. Elder, Esq.**
    gelderlaw@gmail.com
    Attorney for Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.

- **Adam T. Rabin, Esq.**
    arabin@mccaberabin.com
    Attorney for Gerry Matthews

- **Robert C. Glass, Esq.**
    rglass@mccaberabin.com
    Attorney for Gerry Matthews

- **Larry A. Zink, Esq.**
    zinklaw3711@yahoo.com
    Attorney for KK-PB Financial, LLC

- **Alaina Fotiu-Wojtowicz, Esq.**
    afw@olinlawfirm.com
    Attorney for Ali Herischi and Herischi & Associates, LLC

- **Henry B. Handler, Esq.**
    hbh@whcfla.com
    Attorney for Palm House Hotel LLLP, South Atlantic Regional Center LLC, USREDA LLC, Joseph Walsh, Joseph Walsh, Jr., and JJW Consultancy, Ltd.

- **David K. Friedman, Esq.**
    dkf@whcfla.com
    Attorney for Palm House Hotel LLLP, South Atlantic Regional Center LLC, USREDA LLC, Joseph Walsh, Joseph Walsh, Jr., and JJW Consultancy, Ltd.

**U.S. Mail List**

- **Botticelli Advisors LLC**
  c/o Leslie Robert Evans, Reg. Agent
  214 Brazilian Avenue, Suite 200
  Palm Beach, FL 33480

- **David Derrico**
  5163 Deerhurst Crescent Circle
  Boca Raton, FL 33486

- **Nicholas J. Laudano**
  638 Shore Drive
  Boynton Beach, FL 33435

- **J. Marcus Payne**
  834 Valley Road
  Glencoe, IL 60022

- **Eric Erkan Nur**
  6242 N. State Road 7, Unit 207
  Coconut Creek, FL 33073