UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-81871-KAM

LAN LI, *et. al.*,

Plaintiffs,

v.

JOSEPH WALSH, *et. al.*,

Defendants.
_____/

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND[1]

This cause is before the Court upon Plaintiffs' Motion to Remand (DE 446). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On March 1, 2019, Plaintiffs, all of whom are foreign nationals, filed a state court complaint against Defendant PNC Bank, N.A. ("PNC") and Ruben Ramirez ("Ramirez") (collectively, "Defendants"), alleging that they are victims of a $50 million fraud and theft conspiracy. Defendant PNC was served on March 5, 2019. Five days later, on March 10, 2019, PNC filed a notice of removal of the case, prior to Plaintiffs effecting service on Defendant Ramirez the very next day. PNC maintains its main office in Delaware and its corporate headquarters is in Pennsylvania. Ramirez is a resident of Florida. (DE 1 in case number 19–80332-civ). Thus, there is diversity of citizenship among the parties under 28 U.S.C. § 1332.

According to Plaintiffs, Ramirez evaded service between March 5, 2019 and March 11,

---

[1] The Court presumes familiarity with its prior Orders.

2019 and PNC's counsel only offered to accept service for PNC. Defendants, however, claim that Ramirez, who was no longer an employee of PNC at this time, did not evade service, but simply was not home when Plaintiffs attempted to effect service. According to Defendants, PNC, a non-forum defendant, properly removed the complaint on March 10, 2019, before Plaintiffs served Ramirez the next day. On March 14, 2019, after Ramirez was served, he executed an agreement for legal representation with PNC's counsel.

Plaintiffs move for remand, contending that Defendants are engaging in "snap removal," a practice that has been criticized by some courts. Snap removal occurs when a defendant rushes to remove a case to federal court before the forum defendant or, in some cases, before any defendant is served. Timbercreek Asset Mgmt., Inc. v. De Guardiola, No. 9:19-CV-80062, 2019 WL 947279, at *1 (S.D. Fla. Feb. 27, 2019).[2]

Defendants contend that when Defendant PNC removed this action, Defendant Ramirez had not been served, and removal jurisdiction was proper because diversity jurisdiction existed over all the claims. Defendants point to numerous cases that approve of snap removal.

II. Discussion

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001). A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

---

[2] While "the snap removal strategy has been used by defendants for more than twenty years,[ ] its use increased substantially with the advent of electronic case filing systems, which allow defendants to easily monitor cases filed against them." Valerie M. Nannery, *Closing the Snap Removal Loophole*, 86 U. Cin. L. Rev. 541, 545 (2018).

Jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States." Id.  As previously indicated, diversity jurisdiction exists in this case.

Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal.  Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996).

The forum defendant rule provides as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (b)(2) (emphasis added).

The purpose for the inclusion of the "properly joined and served" language is to prevent gamesmanship by a plaintiff seeking to block removal by fraudulently joining a resident party, "against whom it does not intend to proceed, and whom the plaintiff does not even serve." Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014).  Based on the "properly joined and served" language, two federal appellate courts have ruled that removals of cases involving a forum defendant joined as a party are permissible if the case is removed before the forum defendant is served. See, e.g., Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir. 2019); Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 154 (3d Cir. 2018). Another federal appellate court, without analysis, also recognized that the practice was legally permissible. McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("[w]here there is complete

diversity of citizenship, . . . the inclusion of an unserved resident defendant in the action does not defeat removal." ).

While the Eleventh Circuit has not addressed this issue head on, it did discuss it *in dicta* in Goodwin. There, the district court held that the case was removable because the forum defendant had not yet been served. The plaintiff then moved to dismiss the case voluntarily without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), so that she could re-file the case in state court and serve the parties in a manner that would prevent a "snap removal." The district court granted the plaintiff's motion to dismiss without prejudice and the defendants appealed. Id. at 1218-19.

The Goodwin court first noted that "[b]y its terms, the forum defendant rule applies only if a forum defendant has been 'properly joined and served.'" Id. at 1220 -21. The Court stated "that aspect of the district court's order is not before us, and we assume *arguendo* that it is correct." Id. Nonetheless, the Court discussed the forum defendant rule and snap removal. The Court stated that the only reason the case was in federal court was because the non-forum defendants accomplished a pre-service removal by "exploiting" the plaintiff's courtesy in sending them copies of the complaint and the state court's delay in processing the plaintiff's request for service. Id.

The Court went on to note that multiple courts have interpreted the "properly joined and served language" as an effort to "prevent gamesmanship by plaintiffs;" i.e., by avoiding a plaintiff from fraudulently joining a defendant. Id. The Court stated that "[b]ecause the likely purpose of this language is to prevent gamesmanship by plaintiffs, we cannot believe that it constrains the district court's discretion under Rule 41(a)(2) to undo [d]efendants' gamesmanship

in the circumstances at bar." Id.  Thus, the Court found that when there is evidence of gamesmanship by a defendant in removing a case before a forum defendant is served, a district court does not abuse its discretion by granting a voluntary dismissal without prejudice to allow the plaintiff another opportunity to refile the case and avoid a second removal.  The Court did not hold that it is legally impermissible for a served non-forum defendant to remove a case before a forum defendant is served.

This Court does not find Goodwin controlling because: (1) the Court in Goodwin recognized that § 1441(b)(2), by its terms, only applies if a forum defendant has been "properly joined and served;" (2) the Court in Goodwin did not hold that it is impermissible for a served non-forum defendant to remove a case before service on a forum defendant is effected; (3) the Court in Goodwin was only reviewing a district court's discretion to grant a voluntary dismissal without prejudice to allow the plaintiff an opportunity to avoid the snap removal and (4) as will be discussed more fully below, there was no gamesmanship on the part of Defendants in this case which weigh against removal.

Rather, the Court finds persuasive the district court cases in this Circuit that have held that a non-forum defendant may remove despite the fact that the plaintiff has been joined but has not yet served a forum defendant. See, e g., Francis v. Great W. Cas. Co., No. 5:17-CV-432 (MTT), 2018 WL 999679, at *2 (M.D. Ga. Feb. 21, 2018); Bergmann v. State Farm Mut. Auto. Ins. Co., No. 3:16CV549-RV/CJK, 2016 WL 9414108, at *2 (N.D. Fla. Dec. 28, 2016); North v. Precision Airmotive Corp., 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009).

The Court distinguishes these cases from those where courts have invalidated snap removal when the party removing the case was a forum defendant.  See, e.g., Timbercreek, 2019

5

WL 947279, at * 3; Delaughder v. Colonial Pipeline Company, 360 F. Supp. 3d 1372, 1377-81 (N.D. Ga. 2018).  The Court also distinguishes this case from Wolfe v. Schindler Elevator Corporation, No. 17-CV-2448, 2014 WL 6470698 (M.D. Fla. Nov. 17, 2014), where district court, as in Goodwin, granted the plaintiff's motion to dismiss the case voluntarily, where the case was removed before any defendant had been served. Id. at * 3.

Based on the foregoing, the Court concludes that a served non-forum defendant may remove a case from state court, despite the fact that a forum defendant has been joined as a party but not yet served.[3]  In other words, snap removal is permissible in that circumstance.

Moreover, the Court finds that Defendants did not engage in gamesmanship which might justify a district court remanding the case.  First, this is not a case where Defendants were monitoring the docket and after learning the case had been filed, removed the case before Plaintiff could effectuate service on the forum defendant.  PNC was actually served with the complaint and waited 5 days before it removed the action.

Further, the Court finds that Ramirez did not attempt to avoid service so as to allow PNC the ability to engage in a "snap removal."  According to Plaintiffs' process server, when service was attempted on March 5, 2019, on both PNC and Ramirez at PNC's branch at Boynton Beach, Florida, the process server was told no one was available to accept service and Ramirez was no longer employed by PNC. (Denise Sucato Decl. ¶ 2, DE 446-1; David George Decl. at ¶ 5, DE 446-1)  On March 8, 2019, the process server attempted to serve Ramirez at his home.  She observed lights on the inside of the home and a car parked in the driveway, but no one answered

---

[3] The facts of this case do not require the Court to determine whether an unserved forum defendant could do the same, and the Court will not opine on that issue.

the door when she rang the doorbell. (Sucato Decl. at ¶ 8; George Decl. ¶¶ 8-9.) The process server tried to serve Ramirez again on March 9, 2010 at 11:05 a.m. but Ramirez allegedly "refused to come to the door." (Sucato Decl. at ¶ 9.) On March 11, 2019, when the process server knocked on Ramirez's door at 11:15 a.m., Ramirez came to the door and was served. (Sucato Decl. at ¶ 10; George Decl. ¶ 11.)

Based upon the documents provided by Defendants, the Court finds that Ramirez was not avoiding service. According to Ramirez, he and his wife were not home on the evening of Friday, March 8, 2019 when Plaintiffs' process server attempted service. (Ramirez Decl. ¶¶ 5, 14, DE 450-2.) Instead, they were busy hosting Ramirez's cousins, who were visiting from Columbia since late February. (Id. at ¶¶ 4-5.) They returned home around 11:00 p.m. (Id.) It is Ramirez's usual practice to leave a light on in the home in the evenings, even if no one is home. Id. The next morning, the Ramirez family departed around 7:00 a.m, to take a pre-planned trip to Key West. (Id. at ¶¶ 6-7.) They spent the night at a Quality Inn near Florida City. (Credit card statement, exhibit 1, attached to Decl.) On Sunday, the family drove their cousins to the Miami International Airport, and drove home to Palm Beach County. (Ramirez Decl. ¶ 9; Credit card statement.) The Ramirez family owns two cars and the sedan remained parked in the driveway all weekend. (Ramirez Decl. at ¶ 7.)

Plaintiffs' evidence suggesting that Ramirez intentionally evaded service is conclusory and is amply rebutted by Defendants. See State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc., No. 611CV1373ORL31GJK, 2012 WL 12905844, at *3 (M.D. Fla. Feb. 15, 2012) ("Although Mr. Marshall indicates he observed cars in Fremed's driveway, dogs present and lights on in his residence, there is no indication that Fremed is avoiding being served

7

with process. In fact. [the p]laintiffs have not presented the Court with anything that even suggests Fremed was at home when Mr. Marshall attempted service.); Addison v. Reitman Blacktop, Inc., 272 F.R.D. 72, 78 (E.D.N.Y. 2010) ("even if [the defendant] can be said to have had actual notice, the Court must not necessarily infer that the [p]laintiffs inability to effectuate proper service was because [the defendant] was evading service").

Thus, there was no "gamesmanship" here as there was in the cases upon which Plaintiffs rely. See Timbercreek, 2019 WL 947279, at * 3 (the plaintiff attempted to serve the defendant nine times, the defendant refused to open the gate to his gated community and had his secretary at work tell the process server that the defendant was not at work); Delaughder, 360 F. Supp. 3d at 1380-81 ("gamesmanship is evidenced by [the defendant's] pre-service electronic monitoring of the docket and last-minute service change."); Wolfe, 2014 WL 6470698, at * 3 (granting motion for voluntary dismissal where the defendant removed the case before either defendant had been served).

Based on the foregoing analysis, the Court concludes there is diversity jurisdiction, there was no "gamesmanship" by Defendants and therefore Defendant's removal of Plaintiff's state court case was permissible.[4]

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to

---

[4] Because there is diversity jurisdiction and Defendants' initial notice of removal was valid, the Court does not need to examine Defendants' alternative argument that 28 U.S.C. § 1454 provides original subject matter jurisdiction by Defendants' third-party complaint or any of the related arguments. Since Defendant's initial notice of removal was proper and valid and created federal jurisdiction, Defendants' amended notice of removal (DE 17) was superfluous.

Remand (DE 446) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of July, 2019.

_____
KENNETH A. MARRA
United States District Judge