UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81871-CIV-MARRA

LAN LI, an individual, et al,

Plaintiffs,

vs.

JOSEPH WALSH, an individual, et al,

Defendants.
_____ /

**ORDER GRANTING MOTION TO DISMISS**[1]

This cause is before the Court upon Defendants Robert Matthews and Maria Matthews' Motion to Dismiss KK-PB Financial, LLC's Second Amended Cross-Claims (DE 468).  The Motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On January 29, 2019, the Court granted Defendants Robert Matthews ("R. Matthews") and Maria Matthews' ("M. Matthews") (collectively, "Defendants") Motion to Dismiss KK-PB Financial, LLC's ("KK-PB") cross-claims. With respect to M. Matthews, the Court granted KK-PB leave to amend its cross-claims for civil conspiracy and aiding and abetting fraud, noting that both claims failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure. (DE 409.) The Court did not give KK-PB leave to amend the claims against R. Matthews because the Court had previously stayed the action against him pursuant to section 362 of the United States Bankruptcy Code, 11 U.S.C. §362.

---

[1] The Court presumes familiarity with its prior Orders.

On April 29, 2019, the Court once again granted Defendants' motion to dismiss the cross-claims, with leave to amend the cross-claim against M. Matthews. KK-PB's failure to plead with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure was again the basis for the dismissal. There were insufficient allegations that M. Matthews knew or participated in the civil conspiracy or aided and abetted the fraud. (DE 449.)

On May 20, 2019, KK-PB filed its Second Amended Cross-Claims ("SAC," DE 464). R. Matthews moves to strike counts one, two, and three based on the bankruptcy stay. M. Matthews moves to dismiss the civil conspiracy claim (count four) and the aiding and abetting fraud claim (count five).

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

For allegations of fraud or mistake, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply. That rule provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The Eleventh Circuit has held that:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir.1997)).  In short, "under Rule 9(b) a plaintiff must plead the who, what, when, where, and how of the allegedly false statements." Begualg Inv. Management Inc. v. Four Seasons Hotel Ltd., No. 10-22153-CIV, 2011 WL 4434891, * 2 (S.D. Fla. 2011) (quoting Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008)).

III. Discussion

The Court will discuss the various additions to the SAC and analyze whether these additions remedy the pleading deficiencies previously identified by the Court. Attached to the SAC are R. Matthews and M. Matthews' plea agreements to criminal charges brought against them in the United States District Court for the District of Connecticut (Ex. D, DE 464-4); (Ex. E, DE 464-5), and the deposition testimony of R. Matthews from a civil case pending in the Circuit Court of the Fifteenth Judicial Circuit of Florida. (Ex. F, DE 464-6). The Court will discuss these items with respect to their references to M. Matthews.

The deposition testimony, which is also referenced in the SAC, states that R. Matthews asked his brother to acquire and hold 99% of the membership interest of Palm House, LLC for the benefit of M. Matthews. (SAC ¶¶ 28-37; R. Matthews Dep. 29, 35, 37, DE 464-6.)  R. Matthews' plea agreement stipulated that he and his wife owe a substantial tax obligation and R. Matthews had his wife sign documents to secure a loan with property in Connecticut, the proceeds of which were disbursed into an account controlled by both R. and M. Matthews and the loan proceeds were used for personal expenses without paying the outstanding tax liability. (R. Matthews plea agreement, DE 464-4.)  M. Matthews' plea agreement stipulated that she failed to pay taxes.  M. Matthews executed documents to obtain a loan secured by property in Connecticut that was in the name of a shell company. The proceeds of the loan were disbursed into an account controlled by both R. and M. Matthews at a bank in Florida in the name of a shell company controlled by M. Matthews and she used the loan proceeds for personal expenses without paying any of the outstanding tax liability. (M. Matthews plea agreement, DE 464-5.)

These additional allegations and exhibits do not cure the pleading deficiencies identified

4

by the Court in the previous Orders (DE 409, 449).  The allegations remain conclusory and do not meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Specifically, the allegations do not show that M. Matthews knew about the alleged fraud in this case, or that she supplied substantial assistance to advance the fraud.  Instead, the new allegations and attached exhibits indicate that the money taken by R. Matthews was to be used for the benefit for M. Matthews, but fails to allege, other than in a conclusory fashion, that M. Matthews had any knowledge or participated in any unlawful act other than tax fraud.  Nor do the plea agreements regarding tax evasion relating to property in Connecticut have anything to do with the alleged fraud against KK-PB.

With respect to the cross-claims filed against R. Matthews, the Court will strike these cross-claims, as KK-PB was not given leave to amend. Once the bankruptcy stay is lifted, KK-PB may reassert these claims.

Lastly, when a complaint fails to state a claim for relief, a district court need not allow an amendment: 1) where there has been . . .repeated failure to cure deficiencies by amendments previously allowed; or 2) where amendment would be futile. In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014). In the instant case, KK-PB has had ample opportunity to amend, and it is apparent that permitting an additional opportunity to amend would be futile.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants Robert Matthews and Maria Matthews' Motion to Dismiss KK-PB Financial, LLC's Second Amended Cross-Claims (DE 468) is **GRANTED**. The Court will separately issue judgment for M.

Matthews.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of July, 2019.

_____
KENNETH A. MARRA
United States District Judge