# Exhibit

# "F"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:18-cr-00048-VAB |
| | : | |
| v. | : | |
| | : | |
| LESLIE R. EVANS | : | |
| | : | |
| Defendants. | : | July 3, 2019 |

## **DECLARATION OF DEFENDANT**

Pursuant to 28 U.S.C. §1746, I do hereby declare as follows:

1.     I am over eighteen and understand the obligations of an oath.

2.     I am the Defendant in *United States v. Leslie Evans*, No. 3:18-cr-00048-VAB.

3.     I have been advised by my counsel that, pursuant to 18 U.S.C. § 3161(c)(1) and (d)(1), a trial in my case must be held with 70 days of my arraignment on the indictment.

4.     I further have been advised by my counsel that, pursuant to 18 U.S.C. § 3162(a)(2), if the trial is not held within 70 days and that time is not extended, the indictment against me will be dismissed upon my motion.

5.     I recently retained new counsel to represent me in this matter, and counsel requires time to review the discovery previously produced, and to meet with me to prepare adequately for trial. I am also advised that the government is considering filing a second superseding indictment, that my counsel and the government have agreed to seek a scheduling conference with the Court in August 2019 to set a new pre-trial schedule, and that the Court has now scheduled a telephonic conference for August 6, 2019.

6.     Accordingly, I knowingly and voluntarily agree to exclude the period between July 8, 2019 and August 6, 2019 from the calculation of the time with which the trial in my case must be held under § 3161(c)(1) and (d)(1).  I understand that by making this agreement, I am waiving my rights under the Speedy Trial Act to have the trial in my case held within 70 days of my arraignment on the indictment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on ___7/3/19___

_____
**LESLIE R. EVANS**

# Exhibit G

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:18-cv-81038-Middlebrooks/Brannon

SECURITIES AND EXCHANGE COMMISSION,

      **Plaintiff,**

v.

PALM HOUSE HOTEL, LLLP, *et al.*,

      **Defendants and Relief Defendants.**

_____/

### PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENT AGAINST DEFENDANT ROBERT V. MATTHEWS

Plaintiff Securities and Exchange Commission files the attached Consent of Defendant Robert V. Matthews and moves unopposed for entry of the attached proposed Judgment of Permanent Injunction and Other Relief against Matthews.

Dated: July 1, 2019

                               Respectfully submitted,

                               By: **Alejandro O. Soto**
                                   Alejandro Soto
                                   Senior Trial Counsel
                                   Fla. Bar No. 172847
                                   Telephone: (305) 982-6313
                                   Email: sotoal@sec.gov

                                   Attorney for Plaintiff
                                   **Securities and Exchange**
                                   **Commission**
                                   801 Brickell Avenue, Suite 1800
                                   Miami, FL 33131
                                   Telephone: (305) 982-6300
                                   Facsimile: (305) 536-4154

## CERTIFICATE OF SERVICE

 **I HEREBY CERTIFY** that on July 1, 2019, a true and correct copy of the foregoing document was served on the parties indicated on the service list below, who do not appear to be authorized CM/ECF users in connection with this matter, via the methods indicated therein.

**Alejandro O. Soto**
Alejandro O. Soto

## SERVICE LIST

Via E-mail: joedirect@gmail.com
Joseph J. Walsh, Sr.

Via U.S. Mail and Email
Joseph J. Walsh, Sr., *Pro se*
c/o Henry Bennett Handler, Esq.
Weiss, Handler & Cornwell, P.A.
2255 Glades Road, Suite 218A
Boca Raton, FL 33431-7391
hbh@whcfla.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-81038-DMM

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

Palm House Hotel, LLLP, *et al.*,

      Defendants and Relief Defendants.

_____/

## CONSENT OF DEFENDANT ROBERT V. MATTHEWS

    1.     Defendant Robert V. Matthews ("Defendant") waives service of a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

    2.     Defendant has entered into a written plea agreement to plead guilty to criminal conduct relating to certain matters alleged in the Complaint in this action. Specifically, in *United States v. Robert V. Matthews, et al.*, Crim. No. 18-CR-00048-VAB (D. Conn. 2018), Defendant agreed to plead guilty to a violation of Title 18, United States Code, Section 1349, Conspiracy to Commit Wire and Mail Fraud. Defendant admits and incorporates into this Consent the statements in the factual proffer submitted in connection with his plea agreement ("Factual Proffer"), in which he acknowledged the following:

    3.     Beginning in or around 2012 and continuing through in or around January 2018, Matthews knowingly agreed with others to defraud and obtain money and property from investors participating in the Immigrant Investor Program ("EB-5 Investors") by means of material misrepresentations in connection with the Palm House Hotel located at 160 Royal Palm Way, Palm

1

Beach Florida ("Hotel"). Specifically, Matthews and others falsely and fraudulently represented to EB-5 Investors that investor proceeds would be used exclusively to acquire, develop, and operate the Hotel. Matthews made these material misrepresentations in connection with the offer and sale of securities. In reality, Matthews misappropriated investor proceeds to purchase for Matthews' benefit a residence located at 115 Lower Churchill Hill Road, Washington Depot, Connecticut (the "Lower Church Hill Residence"). On or about April 30, 2014, Matthews knowingly caused a wire transfer of $2,601,646 of investor proceeds from the bank account of NJL Development LLC ("NJL") in Palm Beach, Florida, to a bank in Connecticut to purchase the Lower Church Hill Residence. Matthews caused the Lower Church Hill Residence to be titled in the name of NJL, a shell company, to deceive the bank that then owned the Lower Church Hill Residence into selling the property. In or around November 2014, Matthews caused his wife to execute documents to obtain a loan secured by the Lower Church Hill Residence. The proceeds of this loan were disbursed into an account in the name of Mirabia LLC, which Matthews and his wife controlled. Matthews used the proceeds of the loan to pay personal expenses.

4. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Robert V. Matthews, et al.*, Crim. No. 18-CR-00048-VAB (D. Conn. 2018).

5. Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. §§ 240.10b-5.

2

6. Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from January 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

7. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

9. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer,

3

employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

      10.    Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

      11.    Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

      12.    Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

      13.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of,

4

a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

14. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission

5

may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

15. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

16. Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

17. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

**Approved as to form:**

Christopher W. Kammerer
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
**Counsel for Defendant Robert V. Matthews**

6

I, Defendant Robert V. Matthews, having had the benefit of the advice of competent legal counsel with respect to the terms of the foregoing Consent, hereby agree to the Court's entry of the Judgment described therein.

Dated: June 21, 2019

State of CT

~~STATE OF FLORIDA~~                 )

                Litchfield              )      ss:  Watertown

**COUNTY OF** ~~PALM BEACH~~        )

By: Robert V. Matthews

On this 21st day of June 2019, before me personally appeared Robert V. Matthews who _____ is personally known to me or __✓__ produced a driver's license bearing his name and photograph as identification, and who executed this Consent, and he acknowledged to me that he executed the same.

_____
Notary Public

2-29-2024
_____
Commission Expires:



**FRANK R. FINO**
**NOTARY PUBLIC**
**STATE OF CONNECTICUT**
**MY COMM. EXP.02-29-2024**

7

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:18-cv-81038-DMM

SECURITIES AND EXCHANGE COMMISSION,

     **Plaintiff,**

v.

**Palm House Hotel, LLLP,** *et al.,*

     **Defendants and Relief Defendants.**

                                 /

### JUDGMENT OF PERMANENT INJUNCTION
### AND OTHER RELIEF AS TO DEFENDANT MATTHEW V. ROBERTS

     The Securities and Exchange Commission having filed a Complaint and Defendant Matthew V. Roberts ("Roberts" or "Defendant") having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief (the "Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

### I.

### SECTION 10(b) AND RULE 10b-5
### OF THE SECURITIES EXCHANGE ACT OF 1934

     **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) the prospects for success of any product or company; or

(b) the business operation of a company; or

(c) the management of a company; or

(d) the use of investor funds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(1) to employ any device, scheme, or artifice to defraud;

(2) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) the prospects for success of any product or company; or

(b) the business operation of a company; or

(c) the management of a company; or

(d) the use of investor funds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

## DISGORGEMENT AND CIVIL PENALTY

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from January 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## IV.

## <u>INCORPORATION OF DEFENDANT'S CONSENT</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

## <u>BANKRUPTCY NONDISCHARGEABILITY</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

## <u>RETENTION OF JURISDICTION</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VII.

## <u>RULE 54(b) CERTIFICATION</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.


Done and Ordered in Chambers in _____, Florida, this ___day of

_____, 2019.


_____
**HONORABLE DONALD MIDDLEBROOKS**
**UNITED STATES DISTRICT JUDGE**