IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| LAN LI, an individual; et al., ) | |
| ) | |
| Plaintiffs, ) | Civ. No. 16-cv-81871 |
| ) | Lead Case |
| v. ) | |
| ) | |
| JOSEPH WALSH, an individual; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER [DE 283] TO EXTEND DISCOVERY CUTOFF AND SCHEDULE JOINT STATUS CONFERENCE**

Plaintiffs, Lan Li, et. al., by and through their undersigned counsel, and pursuant to Rule 16(b)(4) of the Fed. R. Civ. P., respectfully request the Court to: (a) extend the discovery cutoff deadline in this case for an additional six (6) months; (b) add an expert discovery deadline for two (2) months after the requested discovery cutoff; and (c) schedule a joint status conference to include the parties in this case and the parties in the consolidated case against PNC Bank, N.A. (the "PNC Matter") so that all issues identified in this Motion can be discussed with the Court, to occur September 4, 2019 during the previously scheduled hearing on Plaintiffs' Motion for Protective Order (the "MPO") [DE 490] and as grounds therefore state as follows:

## BACKGROUND

This Court is by now well familiar with the facts surrounding the massive fraud that is the Palm House Hotel (the "Project"). The Court knows Plaintiffs were each duped into investing $500,000 plus a $40,000-$60,000 administrative fee in hopes of obtaining permanent green cards, only to have their money stolen and be denied their green cards. The Court has seen the criminal indictments and guilty pleas, as well as the SEC's pursuit of securities fraud and disgorgement claims. And the Court has been informed of 160 Royal Palm, LLC's bankruptcy, styled In Re: *160 Royal Palm, LLC*, Case No. 18-19441-EPK, United States Bankruptcy Court, Southern District of Florida (the "160 Bankruptcy"). *See* MPO [DE 490] at ¶¶ 1-6.

The Court has already consolidated Plaintiffs' case against PNC Bank, N.A. ("PNC"), which alleges PNC and Ruben Ramirez aided and abetted the fraud, with this case for purposes of discovery. *See* Order dated March 20, 2019 [DE 417]. Despite the Court's knowledge of all these

things, the full scope and extent of the consequences of the fraud have yet to be explained to or explored by the Court. Indeed, beginning in 2014, there have been some twenty-four related cases filed in connection with the Palm House Hotel in various courts in multiple jurisdictions, and Plaintiffs' counsel has been involved in them, directly (as counsel for Plaintiffs as parties or intervenors) or indirectly (by monitoring them and/or assisting in them) for nearly four years. A table setting forth the numerous related cases is attached hereto as Exhibit "A." All told, Plaintiffs' counsel has spent in excess of 4,150 hours representing Plaintiffs' interests in connection with the Palm House Hotel fraud.

Now, after diligently seeking justice in multiple forums for all these years, there is an overlap of litigation creating a discovery crossroads (and an anomaly) that Plaintiffs respectfully request be addressed by the Court. Plaintiffs hope to avoid the financial and emotional burden of having to participate in duplicative, and perhaps triplicative discovery, including expensive and time-consuming multiple depositions of the same parties and fact witnesses, re-production of millions of pages of documents, and a very substantial waste of money neither Plaintiffs nor the other parties should have to spend. Left unremedied, this anomaly would create a long and unnecessary drain on judicial resources with respect to both discovery and trial.[1]

More specifically, there are now three separate judicial proceedings in which it is anticipated that virtually identical discovery will be needed in the future and discovery which has already occurred in this case could be duplicated in two other cases. The three judicial proceedings are: (1) this case; (2) the PNC Matter (Case No. 19-80332); and (3) objections raised by Defendant KK-PB Financial, LLC ("KK-PB') in the 160 Bankruptcy.[2] Discovery in all three matters has or will be complex, far-reaching and substantially similar.

---

[1] In its Order dated March 20, 2019 [DE 417], the Court denied PNC and Plaintiffs' joint request to consolidate this case and the PNC Matter for trial. This case is currently scheduled on the Court's two (2) week calendar commencing Friday, June 26, 2020, although the Parties anticipate trial will take nine (9) weeks. See Scheduling Order dated March 27, 2018. [DE 283]. In the PNC Matter, the Parties anticipate trial will take ten (10) weeks. See Joint Scheduling Report dated August 2, 2019 [DE 489] at ¶ (I). While Plaintiffs are not yet renewing their motion to consolidate this case with the PNC Matter for trial, they do ask the Court to take note of the substantial financial and judicial burden that would be created by having two trials of at least nine (9) weeks under the circumstances present here.

[2] In the 160 Bankruptcy, KK-PB is seeking to disallow or reduce each Plaintiffs' Proof of Claim. See, e.g., Secured Creditor KK-PB Financial, LLC's First Omnibus Objection to Claims dated

2

## **LEGAL STANDARD**

A motion to amend the scheduling order is governed by Rule 16, Fed. R. Civ. P. A scheduling order regarding discovery "may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). The primary considerations before the Court on an order to modify the scheduling order is moving party's diligence in attempting to comply with the scheduling order and its reasons for seeking an extension. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. *See Id; DAG Enters., Inc., v. Exxon Mobil Corp.,* 226 F.R .D. 95, 105 (D.D.C.2005) (quoting *Mammoth Recreations, Inc.,* at 609); S*ee also O'Connell v. Hyatt Hotels of Puerto Rico,* 357 F.3d 152, 155 (1st Cir.2004); *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir.2002); *Bradford v. DANA Corp., Inc.,* 249 F.3d 807, 809 (8th Cir.2001); *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir.2000). Ultimately, whether to allow a modification of the scheduling order is a matter within the court's discretion. *Williams v. City of Birmingham*, 323 F.Supp.3d 1324 (2018) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231 (11th Cir. 2008)).

In *Bivins v. Rogers*, Not Reported in Fed. Supp. (2017), the "[p]laintiff's counsel did explain at the discovery hearing that, due to the unique procedural posture of the case, it was reasonable for him to conduct depositions so late in the discovery period. Plaintiff's counsel also argued that, due to the fact that the depositions were taken so late in different geographical regions, it would have been difficult for him to obtain the transcripts and file Plaintiff's motions any more quickly than he did. The Court finds that Plaintiff has established good cause for filing the motions **after** the discovery cut-off." (Emphasis added.)

## **ANALYSIS**

Plaintiffs have good cause for seeking to modify the Scheduling Order and to add an Expert Discovery Deadline. Since 2014, there have been some twenty-four related cases filed in connection with the Palm House Hotel in various courts in multiple jurisdictions. The three most directly relevant here are: (1) this case; (2) the PNC Matter (Case No. 19-80332); and (3) the objections raised by Defendant KK-PB Financial, LLC ("KK-PB') in the 160 Bankruptcy.

---

October 9, 2018 filed as [DE 113] in the 160 Bankruptcy, a copy of which is attached as Exhibit "B."

An unusual and likely unintended anomaly is present here in that the current discovery cutoff in this case, September 27, 2019, will occur before discovery even begins in the PNC Matter.[3] As stated above, discovery in these three matters has or will be complex, far-reaching and substantially similar. For example, in all three cases, Defendants have already noticed, or will likely seek the depositions of each of the 43 Plaintiffs in this case. Additionally, documents which have already been produced in this case will be sought by PNC and Ruben Ramirez, Defendants in the PNC case. Further, in the context of a five-day evidentiary hearing in the 160 Bankruptcy, Plaintiffs took the depositions of Robert Matthews, Mia Matthews, Craig Galle, Glenn Straub and Sal Spano.[4] KK-PB took the depositions of Xian "Shirley" Ma, Plaintiff Halil Erseven, Qi "Kevin" Fei and Plaintiff Li Lan (in connection with the fraud and the Project). The depositions of Leslie Robert Evans, Glenn Straub, Alex Domb and Joseph Walsh, among others, were also taken in the state court cases. Plaintiffs will have to retake many of the above-referenced depositions in this case, and PNC has indicated that it may want to do the same in the PNC Matter, which would result in multiple depositions of the same witnesses, with respect to many of the same topics.

Moreover, additional documents are being sought from PNC (because prior documents obtained were incomplete), which will be necessary both for the prosecution of this case (including for the use of experts in coming to their opinions) and for the prosecution of the PNC Matter. These documents will likely also be sought by Defendants in this case, as well as by KK-PB for use in the 160 Bankruptcy.[5]

Additionally, expert discovery has and will continue to overlap. In this case, Plaintiffs anticipate introducing expert testimony regarding forensic accounting and banking issues. In the 160 Bankruptcy, forensic accountant Marcie Bour created a report and testified at the evidentiary

---

[3] The current September 27, 2019 discovery cutoff is also problematic because of the pending criminal proceedings and sentencing hearings with respect to Leslie Evans, Nicholas Laudano, and Robert, Mia and Gerry Matthews. None of these witnesses will respond substantively to any deposition questions while the criminal matters are pending, instead asserting their 5th Amendment rights with respect to every question. *See*, e.g., Deposition of Robert Matthews in the 160 Bankruptcy dated December 20, 2018, a copy of which is attached as Exhibit "C."

[4] The Evidentiary hearing in the 160 Bankruptcy was critical to Plaintiffs as it resulted in KK-PB's mortgage claim being valued at $0 such that when the Palm House Hotel was sold for $39.5 million, the proceeds became assets of the bankruptcy estate and thus distributable to creditors, including Plaintiffs.

[5] See Subpoena Duces Tecum of PNC, attached hereto as Exhibit "D," which PNC has said it will "likely move to quash."

hearing. Ms. Bour is expected to provided expert testimony in this case regarding some of the very same forensic accounting issues.[6] However, due to conflicting discovery time frames, Ms. Bour's analysis and opinions are incomplete. The additional documents being sought from PNC are necessary for Ms. Bour to be able to complete her forensic accounting work. Plaintiffs' banking expert also needs to review these documents, and Plaintiffs need additional time to complete this discovery. In addition, there should be a separate discovery deadline for expert depositions after completion of fact discovery.[7]

Finally, granting Plaintiffs additional time to complete discovery would provide the Court with the ancillary but important benefit of knowing whether any monies are paid out of the 160 Bankruptcy to the Plaintiffs, as any such payments could be held to be a set-off against any judgments obtained by Plaintiffs in either this case or the PNC Matter.

Due to the issues set forth herein, among others, the discovery cutoff cannot be met despite Plaintiffs' diligence and a separate expert discovery deadline is necessary under these circumstances.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to: (a) extend the discovery cutoff deadline in this case for an additional six (6) months; (b) add an expert discovery deadline in this case for two (2) months after the discovery cutoff; and (c) schedule a joint status conference to include the parties in this case and the parties in the PNC Matter so that all issues identified herein can be discussed, to occur September 4, 2019 during the previously scheduled hearing on Plaintiffs' Motion for Protective Order.

### LOCAL RULE 7.1 (A)(3) CERTIFICATION

Pursuant to Local Rule 7.1 (A)(3), undersigned counsel certifies that his office has conferred with Defendants' counsel in a good faith effort to resolve the issues raised in this motion. Defendants Leslie Robert Evans, Leslie Robert Evans & Associates, P.A., Robert Matthews, Maria Matthews, Bonaventure 22, LLC, Mirabia LLC, Alibi, LLC, Palm House, LLC, Palm House PB, LLC, Gerry Matthews, and 160 Royal Palm LLC advised of no objection. Defendant KK-PB Financial, LLC has advised that it neither opposes nor agrees to this motion and advised that it would provide a further response on Tuesday August 13, 2019. Defendant Herischi & Associates LLC has advised

---

[6] A copy of Ms. Bour's report is attached hereto as Exhibit "E."
[7] Plaintiffs anticipate their experts in this case may also testify in the PNC Matter.

that they do not oppose the request for a Status Conference, but otherwise oppose a modification to the Scheduling Order.

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**GEORGE GESTEN MCDONALD, PLLC**
9897 Lake Worth Road, Suite #302
Lake Worth, Florida 33467
Telephone: (561) 232-6002
Toll Free:   (833) FIND JUSTICE
             (833) 346-3587
Fax:         (888) 421-4173
E-Service:  eService@4-Justice.com

By: */s/ David J. George*
**DAVID J. GEORGE, ESQ.**
Florida Bar Number: 898570
Emails: DGeorge@4-Justice.com
**RYAN D. GESTEN, ESQ.**
Florida Bar Number: 240760
Emails: RGesten@4-Justice.com
**MATTHEW R. CHIAPPERINI, ESQ.**
Florida Bar Number: 111417
Emails: MChiapperini@4-Justice.com