UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-81871-KAM

LAN LI, *et. al.*,

Plaintiffs,

v.

JOSEPH WALSH, *et. al.*,

Defendants.
_____/

## OMNIBUS ORDER

This cause is before the Court upon Defendant Leslie Robert Evans' Motion to Dismiss Third Party Complaint of Third-Party Plaintiffs PNC Bank, N.A. and Ruben Ramirez (DE 451) and Defendant Robert Matthews' Motion to Dismiss PNC Bank, N.A.'s and Ruben Ramirez's Motion to Dismiss PNC Bank, N.A.'s and Ruben Ramirez's Third-Party Complaint (DE 463). The Motions are fully briefed and ripe for review.  The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. Background

Defendants and Third Party Plaintiffs PNC Bank, N.A. ("PNC") and Ruben Ramirez ("Ramirez") (collectively, "Third Party Plaintiffs") have brought a Third Party Complaint against Defendants Joseph Walsh ("Walsh"), Robert Matthews ("Matthews") and Leslie Robert Evans ("Evans"), alleging claims for copyright infringement by PNC pursuant to 17 U.S.C. § 106 against Walsh (count one); false association by PNC pursuant to 15 U.S.C. § 1125(a)(1)(A) against Walsh (count two); breach of contract by PNC against Walsh (count three); contractual indemnification by PNC and Ramirez against Walsh (count four) and common law

indemnification by PNC and Ramirez against Walsh, Evans and Matthews (count five). (DE 426.)

Defendants Evans and Matthews bring motions to dismiss count five because the Third Party Complaint failed to allege, other than in a conclusory fashion, that a special relationship existed between PNC, Ramirez and Matthews or Evans.

The Third Party Plaintiffs make the following allegations in the fifth claim for relief:

80. Plaintiffs have filed a lawsuit against Third-Party Plaintiffs alleging that they aided and abetted a fraud scheme perpetrated by Walsh and the other Third-Party Defendants.

81. PNC and Ramirez deny any liability to or any fault towards Plaintiffs, including for any alleged harm caused by the Third-Party Defendants.

82. Third-Party Plaintiffs are incurring attorney's fees, court costs, and other costs in connection with defending the Plaintiffs' claims, for which the Plaintiffs seek at least in excess of $21 million, exclusive of interest and costs.

83. The nature of the relationship between Third-Party Defendants gave rise to a special relationship with PNC and Ramirez.

84. Third-Party Defendants are responsible for indemnifying PNC and Ramirez for any liability attributable to PNC and Ramirez by virtue of Third-Party Defendants' bad action.

(Third Party Compl.)

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

2

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its facee." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

"For a party to prevail on a claim of common law indemnity, the party must satisfy a two-prong test. First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault. Additionally, Florida courts have required a special relationship between the parties in order for common law indemnification to exist." Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999) (internal citations omitted). There is no right to indemnity unless there is a special relationship between the parties which would make the third-party plaintiff only vicariously, constructively, derivatively, or technically liable for the

wrongful acts of the third-party defendant." Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale, LLC, No. 11-60665-CIV, 2012 WL 7635207, at *2 (S.D. Fla. Aug. 22, 2012) (internal quotation marks and brackets omitted).

As this Court previously discussed in Platinum Estates, Inc. v. TD Bank, N.A., No. 11-60670-CIV, 2012 WL 760791, at *5 (S.D. Fla. Mar. 8, 2012), the Court finds the Arnold M. Ganz Residual Trust v. Growthink Securities, Inc., No. 09–80057–CIV, 2010 WL 146847 (S.D. Fla. 2010) case to be persuasive. In that case, the plaintiff alleged to have relied on a business plan prepared by the defendant that contained material misrepresentations, causing the plaintiff to purchase shares in a company. Id. at * 1. In dismissing the claim, the court noted:

> Ganz argues that the amended counterclaim fails to allege the existence of a special relationship between Growthink and Ganz. The court agrees. The amended counterclaim alleges no facts demonstrating that Ganz owed a duty to Growthink under a contract or warranty, nor does it allege that an implied duty existed between the parties. Indeed, the amended counterclaim fails to allege any relationship or contacts whatsoever between Ganz and Growthink, let alone a special relationship establishing vicarious, constructive, derivative, or technical liability. Florida law is clear that in the absence of a contract, duty to pay, or other special relationship between the parties, an indemnity claim should be dismissed.

Id. at *2.

The only allegation regarding any special relationship relating to either Evans or Matthews is found in paragraph 83 of the Third Party Complaint which states, "The nature of the relationship between Third-Party Defendants gave rise to a special relationship with PNC and Ramirez." (Third Party Compl.¶ 83.)  Other than this conclusory allegation, there are no supporting factual allegations indicating that either Evans or Matthews had any relationship with PNC and Ramirez, "let alone a special relationship establishing vicarious, constructive, derivative, or technical liability." Growthink, 2010 WL 146847, at * 2.  Based on this

4

precedent, the Court finds that the special relationship requirement has not pled properly.

Third Party Plaintiffs, however, claim that they have met their pleading burden and that is unnecessary to plead specifically the existence of a special relationship. (Resp. at 8.)  In support, they rely upon Diplomat Properties Ltd. P'ship v. Tecnoglass, LLC, 114 So. 3d 357 (Fla. Dist. Ct. App. 2013). In that case, the Florida court stated it was unnecessary to "specifically plead the existence of a 'special relationship'" to state a claim for common law indemnity.  Id. at 362.  However, the rules of procedure that apply in federal cases, even those in which the controlling substantive law is that of a state, are the Federal Rules of Civil Procedure.  Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245 (11th Cir. 2015).  Here, the federal Iqbal standard requires that the existence of a special relationship be plead with more specificity than provided here.

Accordingly, the Court dismisses without prejudice the common law indemnification claim with leave to amend to plead a special relationship.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Leslie Robert Evans' Motion to Dismiss Third Party Complaint of Third-Party Plaintiffs PNC Bank, N.A. and Ruben Ramirez (DE 451) and Defendant Robert Matthews' Motion to Dismiss PNC Bank, N.A.'s and Ruben Ramirez's Motion to Dismiss PNC Bank, N.A.'s and Ruben Ramirez's Third-Party Complaint (DE 463) are **GRANTED**.  Third Party Plaintiffs are granted leave to amend the Third Party Complaint consistent with this Order **within 15 days of the date of entry of this**

**Order.**

        **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 28th day of August, 2019.

                                             KENNETH A. MARRA
                                             United States District Judge