# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 16-cv-81871 MARRA/MATTHEWMAN

LAN LI, an individual; YING TAN, an individual;
TAO XIONG, an individual; et al.

Plaintiffs,

vs.

JOSEPH WALSH, et al.,
______________________________/

Defendants.

**DECLARATION OF ALAINA FOTIU-WOJTOWICZ, ESQ IN SUPPORT OF THE HERISCHI DEFENDANTS' MOTION TO COMPEL**

1. My name is Alaina Fotiu-Wojtowicz, I am a partner at the law firm of Brodsky Fotiu-Wojtowicz, PLLC and am a member in good standing of the Florida Bar. I represent the Defendants, Ali Herischi and Herischi & Associates, LLC, in the above captioned matter and I make this Declaration on personal knowledge.

2. The Plaintiffs served their Initial Disclosures on July 31, 2018. Rather than identifying categories of documents, the Plaintiffs stated as follows:

> Pursuant to the Parties' agreement regarding the discovery plan, which is expressed in the Joint Scheduling Report [DE 279], copies of all documents and electronically stored information that Plaintiffs have in their possession, custody, or control and may use to support their claims or defenses will be produced starting as of the date hereof on a rolling basis until complete.

(Plaintiffs' Initial Disclosures dated July 31, 2018, attached as Exhibit A.)

3. This Plaintiffs' Initial Disclosure production stands in stark contrast to the Herischi Defendants' Initial Disclosures and production, where each particular category of documents was identified by Bates number. (Herischi Defendants' Initial Disclosures dated August 1, 2018, attached as Exhibit B.)

4. The Plaintiffs' documents were produced in three separate batches. There is no discernible rhyme or reason to the documents, and no explanation has been provided by counsel for the Plaintiffs. All of the documents obtained from the individual Plaintiffs appear to be mixed up with the documents that Plaintiffs' counsel obtained from other sources during the course of their investigation or other litigation.

5. I have reviewed and categorized the first 1,273 pages of documents. I have also scanned through additional portions in the production in an attempt to identify any rhyme or reason to the way the documents were produced. If there is an organizational scheme to the production, I have been unable to discern it.

6. In completing my review and categorization of the initial portion of the Plaintiffs' production, I have identified in **bold** the items that appear to be related to the Iranian Plaintiffs' claims and responsive to the Herischi Defendants' Request for Production. The summary of my review of the first 1,273 pages of documents is included below.

a. EB5-Investors1-7 – project construction documents;

b. EB5-Investors8 – Notice from the Department of Homeland Security to David Derrico;

c. EB5-Investors9-21 – documents related to Juewei Zhou;

**d. EB5-Investors22 – document related to Sarah Salehin**;





e. EB5-Investors23-37 – Palms House FAQ marketing documents in Chinese;

f. EB5-Investors37 – State of Florida UCC Financing Statement Amendment Form;

g. EB5-Investors38-77 – Sample investor documents;

h. EB5-Investors78-83 – English language Palm House marketing documents;

**i. EB5-Investors84-89 – Palm House marketing documents in Farsi;**

**j. EB5-Investors90 – document related to Sarah Salehin and Sanaz Salehin;**

**k. EB5-Investors91 – document related to Sarah Salehin;**

l. EB5-Investors92-117 – Blank Palm House Hotel Documents;

**m. EB5-Investors117-122 – blank Herischi & Associates Engagement Letter;**

n. EB5-Investors123-147 – Palm House Hotel Loan Documents;

o. EB5-Investors148-175 – Blank Limited Partnership Agreement, Palm House Hotel, LLLP;

**p. EB5-Investors176-180 – Palm House Hotel document in Farsi;**

q. EB5-Investors181-266 – Palm House Hotel marketing documents in Chinese;

r. EB5-Investors267-312 – Blank Palm House Hotel Private Placement Memorandum;

s. EB5-Investors312-332 – Blank Palm House Hotel Full Signatory Package;





t. EB5-Investors333-342 – Chinese Language EB-5 Foreign Immigration Application Checklist;

u. EB5-Investors343-352 – Blank EB5 documents;

v. EB5-Investors353-360 – Blank USREDA/SARC Service Agreement;

w. EB5-Investors361-374 – E-mails related to Chinese investors;

x. EB5-Investors375-379 – English language Palm House Hotel marketing documents;

y. EB5-Investors380-388 – photographs of some kind of meeting or interview not involving the Iranian Plaintiffs;

z. EB5-Investors389-1159 – documents related to Sun Xiao;

aa. EB5-Investors1160-1179 – SARC Request for Designation as a Regional Center;

bb. EB5-Investors1180-1214 – e-mails related to the Chinese investors;

cc. EB5-Investors1216-1229 – documents related to Shangyun Wang;

dd. EB5-Investors1252-1260 – e-mails related to Chinese Investors; and

ee. EB5-Investors1261-1273 – documents related to Ying Tan.

7. Within the first 1,273 pages of documents, there are 20 pages of documents that appear to relate to the Iranian Plaintiffs. And these 20 pages are buried between documents that appear to be entirely unrelated to the claims made against the Herischi Defendants.





8. There is no index to the production and there does not appear to be a way to tell even who the custodian of each documents was. If there is a way to decode or navigate the 71,136 pages of documents produced by the Plaintiffs, that information has not been provided to me.

Under penalties of perjury, I declare that I have read the foregoing Certification and that the facts stated in it are true to the best of my knowledge and belief.

Dated: October 10, 2019

ALAINA FOTIU-WOJTOWICZ