UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY_____ D.C.

DEC 02 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

| | |
|---|---|
| LAN LI, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civ. No. 16-81871 |
| v. | ) LEAD CASE |
| | ) |
| JOSEPH WALSH, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| LAN LI, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civ. No. 19-80332 |
| PNC BANK, N.A. | ) |
| and RUBEN RAMIREZ, | ) |
| | ) |
| Defendants. | ) |

**AGREED ORDER REGARDING MATERIAL DESIGNATED AS CONFIDENTIAL**

This cause, having come before this Court on the below Stipulation between the designated Plaintiffs and Defendants to the entry of a Confidentiality Order, and the Court having reviewed the file, and being otherwise advised in the Premises, it is hereupon, **ORDERED and ADJUDGED** as follows:

1. Documents Subject to Confidentiality: This Agreed Order governs all documents and other materials produced by Defendants and Plaintiffs in this matter in conjunction with discovery or in response to any Order by the Court that are designated as "Confidential" pursuant to paragraph three.

2. Disclosure of Confidential Information: Discovery Material. Written discovery, depositions, deposition or document summaries or excerpts ("Discovery Material") designated as

"Confidential" may only be disclosed subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities:

    a. The Court;

    b. Legal and administrative personnel of the Court;

    c. Counsel of record, their legal staff and their discovery vendors;

    d. Retained Experts;

    e. The Parties, and where the Party is a company, Parties shall include the officers, attorneys and records custodian for the Party;

    f. Jennifer Feng, the client representative for the Chinese EB-5 Investors and Paymun Zargar, the client representative for the Iranian and Turkish EB-5 Investors; and

    g. Court reporters before whom proceedings are conducted in this matter.

With the exception of the individuals and/or entities listed above, the parties shall not divulge, publish or disclose, or permit any other person to divulge, publish, or disclose to any person or organization, either directly or indirectly, the Confidential Information. Notwithstanding the foregoing, the parties may use confidential documents during examination of witnesses in depositions and reveal the subject documents to the witness during examination so long as counsel has a good faith basis for using the document in the deposition.

3. Procedure: Any Party producing or exchanging any document may designate all or any portion of it as "Confidential" indicating that such document contains information that is a trade secret, proprietary, commercially sensitive, private or personal, or otherwise confidential. Any such "Confidential" designations shall be made in good faith, and the designating Party shall use its best efforts not to over designate or make "blanket" designations thereby slowing down or otherwise obstructing the discovery process. The designation of Discovery Material as confidential may be made by stamping or affixing "Confidential" onto any document (in such

manner as will not interfere with the legibility thereof), or by any other reasonable means agreed to by the parties in writing. With respect to deposition testimony, any counsel representing any Party or non-party at the deposition, shall invoke the provisions of this Agreed Order prior to or during the course of the deposition (or within seven (7) business days of the completion of each day of such deposition), giving sufficient warning to counsel for the Party or non-party that testimony is deemed "Confidential." Any designations of deposition testimony as "Confidential" shall be subject to the same good faith standards as stated above and shall not be intended to slow down or otherwise obstruct the discovery process.

4. The receiving Party may file a motion with the Court for an order challenging any designation of "Confidential". However, before filing any such motion, the challenging Party shall give the designating Party a reasonable opportunity to review and revoke the "Confidentiality" designation. Unless otherwise ordered by the Court, all documents designated as "Confidential" shall remain subject to all terms herein.

5. If Discovery Material that is subject to the claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

   a. A claim of inadvertent production shall constitute a representation by that producing Party that the Inadvertent Production Material has been reviewed by an attorney for such producing Party and that there is a good-faith basis for such claim of inadvertent production.

   b. If a claim of inadvertent production is made pursuant to this Order with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall:

    i. Refrain from any further examination or disclosure of the claimed Inadvertent Production Material;

    ii. If requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to the fact; and

    iii. Not use the Inadvertent Production Material for any purpose until further order of the Court.

   c. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

  6. Nothing in this Confidentiality Order shall prevent disclosures beyond the terms of this Confidentiality Order by any Party compelled to disclose Confidential Information to any state or federal regulatory agency. Said disclosure shall be made after reasonable notice and leave of court.

7. If, in another action or proceeding, any Party in receipt of Confidential Information receives or has received a subpoena, summons, or demand which seeks Confidential Information, the Party receiving the subpoena or document demand shall (to the extent not prohibited by law):

    a. Give written notice by email within two business days of receipt of such subpoena or demand to undersigned counsel for the Party or Parties that produced and/or designated the Confidential Information; and

    b. Withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, if the Party that produced the Confidential Information takes prompt action to resolve the dispute either voluntarily or through court proceedings if necessary.

8. The parties anticipate that a substantial number of banking records will be produced in this case. The parties hereby agree that they may, in lieu of designating every banking record "Confidential", instead choose, when filing such documents with the Court, to redact all but the last four digits of each account number on any such banking record, together with any social security numbers, passport numbers, tax identification numbers, EIN's or similar identifying information.

9. In addition, with respect to any documents produced regarding the EB-5 Investors, the parties agree, when filing such documents with the Court, to redact the EB-5 Investors' passport numbers, passport control numbers, Citizen ID Card Numbers, telephone numbers and home addresses.

10. The parties agree that the banking records produced in this matter may contain the names and bank account numbers of some or all of the named Defendants in this case as well as third-parties who received funds from the bank accounts at issue in this case as a result of their

roles in or connection to the Palm House Hotel EB-5 project. When such banking records are produced, the Plaintiffs' names shall remain visible and shall not be redacted. The names and last four numbers of the bank accounts at issue in this litigation shall remain visible and shall not be redacted. All other potentially identifying information, such as social security numbers (other than the last four digits), tax identification numbers (other than the last four digits), or dates of birth, will be redacted. The purpose of this provision is to allow the parties to conduct a forensic analysis of the funds moving through the bank accounts at issue.

11. The parties, including their respective attorneys and experts, agree that within thirty (30) days after the conclusion of this lawsuit, they will return all documents containing the Confidential Information to whomever produced the documents or certify that they have destroyed all copies of said documents.

12. This Order is without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to amend, modify or rescind the restrictions of this Order. The parties may seek modification, amendment or rescission of this Order by motion or agreement. All parties reserve their respective rights to move to have any documents and/or other materials they deem fit filed under seal.

13. Nothing in this Order shall affect the parties' use of their own confidential or information for any purpose.

14. Nothing in this Order shall prevent or limit the introduction of any evidence at the trial of this case. Any document designated "Confidential" may be used at trial as any other exhibit. The Parties do not waive their right to object to the admissibility of evidence introduced.

15. The Parties' determination that any documents are to be sealed is not binding on the Court.

DONE and ORDERED in Chambers, West Palm Beach, Florida, this 2nd day of December, 2019.

William Matthewman
United States Magistrate Judge

**Stipulated and Agreed:**

/s/ Nina Stillman Mandel
NINA STILLMAN MANDEL
Fla. Bar No. 843016
**MANDEL & MANDEL LLP**
169 East Flagler Street, Suite 1224
Miami, Florida 33131
Telephone: 305.374.7771
Facsimile: 305.374.7776
nsm@mandel.law

/s/ Peter D. Hardy
Peter D. Hardy (admitted pro hac vice)
Aliza Karetnick (admitted pro hac vice)
Terence M. Grugan (admitted pro hac vice)
Mary K. Treanor (admitted pro hac vice)
Juliana B. Carter (admitted pro hac vice)
Mansi G. Shah (admitted pro hac vice)
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103

*Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez*

/s/ David J. George
DAVID J. GEORGE, ESQ.
Florida Bar No. 898570
Email: DGeorge@4-Justice.com
RYAN D. GESTEN, ESQ.
Florida Bar No. 240760
Email: RGesten@4-Justice.com
MATTHEW R. CHIAPPERINI, ESQ.
Florida Bar No. 111417
Email: MChiapperini@4-Justice.com
**GEORGE GESTEN MCDONALD, PLLC**
9897 Lake Worth Road, Suite #302
Lake Worth, Florida 33467
Telephone: 561.232.6002
Facsimile: 888.421.4173

*Counsel for Plaintiffs*