# **Exhibit A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| Lan Li, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-81871-Civ-Marra/Matthewman |
| Joseph Walsh, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: David Derrico, Derrico Law
5163 Deerhurst Crescent Circle, Boca Raton, FL 33486

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A, attached.

| Place: Mandel & Mandel LLP<br>169 E. Flagler St., Suite 1224, Miami, FL 33131 | Date and Time:<br>11/27/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/05/2019

*CLERK OF COURT*

OR _____/s/_____

_____     _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PNC Bank, N.A
_____, who issues or requests this subpoena, are:

Nina Stillman Mandel, 169 E. Flagler Street, Suite 1224, Miami, FL 33131; (305) 374-7771; nsm@mandel.law

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-81871-Civ-Marra/Matthewman

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The words and phrases used in this Attachment shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida. In addition, the following terms shall have the meanings set forth below:

1. "Action" or "Litigation" refers to the matter captioned on the subpoena.

2. "Communication," "Communicate," and "Communicated" are used in the broadest possible sense, and mean every conceivable manner or means of disclosure, transfer, or exchange of information (including electronic information) between one or more persons or entities.

3. "Concerning" is used in the broadest possible sense and means, in whole or in part, "analyzing," "comprising," "construing," "containing," "dealing with," "describing," "discussing," "evidencing," "identifying," "pertaining to," "referencing," "relating to," or "stating."

4. "Document" has the same meaning as that in Rule 34 of the Federal Rules of Civil Procedure, and thus is used in the broadest, most comprehensive sense. It refers to the original and non-identical copies of writings of every kind, including but not limited to: letters; memoranda; reports; summaries; e-mails and electronically stored information and metadata; opinions of consultants; diagrams; marginal comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; minutes of meetings; written statements; recorded statements; contracts; agreements; notes; expense records; sales records; analyses; financial projections; work papers; work orders; work sheets; diaries; calendars; lists;

catalogs; surveys; drawings; photographs; mechanical or electronic recordings in any form; records, transcripts, or memoranda of conversations or interviews; calculations; computations; spreadsheets; specifications; advertisements; web pages; brochures; bulletins; circulars; trade letters; press releases; prints; positive or negative films; slides; presentations; magnetic, electronic, or video tapes; computer files; computer print-outs; and all other identifiable objects upon which any inscription, handwriting, typing, printing, or representation by any means, whether magnetic, electronic, photo static, or any other form of communication, is recorded, reproduced, perpetuated, maintained, or preserved; and any and all containers, boxes, or other receptacles or repositories housing or containing such "documents."

5. "EB-5 Program" refers to the Immigrant Investor Visa Program administered by the USCIS.

6. "I-526 Application" refers to the Immigrant Investor Application submitted to the USCIS in connection with the EB-5 Program to obtain lawful permanent residency..

7. "Including" means "including but not limited to."

8. "Palm House Hotel Project" refers to the real estate investment project in which each Plaintiff in this Action allegedly invested.

9. "Person" refers to all individuals and entities, including any business or governmental entity or association.

10. "SARC" means South Atlantic Regional Center.

11. "USCIS" means the United States Citizenship and Immigration Service and any agent, representative, employee, partner, or other person acting on its behalf.

12. "USREDA" means the United States Regional Economic Development Authority, d/b/a EB-5 Petitions.

2

13. "You" or "Your" refers to Derrico Law and its agents, associates and representatives.

## **INSTRUCTIONS**

1. The Requests below seek all documents and information within Your possession and control, as well as the possession or control of Your attorneys, employees, agents, contractors, investigators, or representatives.

2. Each Request for documents seeks non-privileged communications concerning the subject matter of the Request.

3. You shall produce every document that can be located or discovered by reasonably diligent efforts.

4. You shall produce each document in its entirety, without abbreviation, redaction, or expurgation, including all attachments, appendices, exhibits, lists, schedules, or other matters at any time affixed thereto, regardless of whether you consider the entire document to be relevant or responsive to the Requests below.

5. If You have redacted any portion of a document, stamp the word "redacted" on each page of the redacted document.

6. Documents must be produced as they are kept in the usual course of business. Documents attached to each other should not be separated. Documents that are segregated or separated from other documents, whether by inclusion in binders, file folders, or other containers, or by the use of dividers, tabs, or any other method, shall be produced in that form.

7. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests below all material that might otherwise be construed to be outside their scope.

8. All singular terms include the plural, and all plural terms include the singular.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1**: Documents and Communications concerning the Palm House Hotel Project.

**Request No. 2**: Documents and Communications concerning, by, or between You and PNC or any PNC employee, including without limitation, Ruben Ramirez.

**Request No. 3**: Documents and Communications concerning, by, or between You and USREDA.

**Request No. 4**: Documents and Communications concerning, by, or between You and SARC.

**Request No. 5**: Documents and Communications concerning I-526 Application(s) in connection with the Palm House Hotel Project, including documents to or from, and communications by or between, the USCIS.

**Reqeust No. 6**: Documents and Communications concerning, by, or between You and any person You have reason to believe has information concerning the Palm House Hotel Project, including but not limited to:

    a) Joseph Walsh;

    b) Joseph Walsh, Jr.;

    c) J. Marcus Payne;

    d) Robert Matthews;

    e) Maria (a/k/a Mia) Matthews;

    f) Gerry Matthews;

    g) Nicholas Laudano;

    h) Ali Herischi;

    i) Glenn Straub;

j) Bernard Wolsdorf;

k) David Derrico;

l) Harry Polatske;

m) Leslie Robert Evans;

n) Anthony Reitz;

o) Christina Hernandez;

p) Kathy Fulton;

q) Zachary Franklin;

r) Jane Russell;

s) JJW Consultancy Ltd.;

t) Palm House, LLC;

u) 160 Royal Palm, LLC;

v) Royal Palm Development, LLC;

w) Palm House PB, LLC;

x) Mirabia, LLC;

y) Bonaventure 22 LLC;

z) Alibi LLC;

aa) New Haven Contracting South, Inc.;

bb) Botticelli Advisors, LLC;

cc) NJL Development Group, LLC;

dd) Herischi & Associates, LLC;

ee) Wolsdorf Rosenthal LLP;

ff) Harry D. Polatsek, P.A.;

gg) Leslie Robert Evans & Associates, P.A.;

hh) KK-PB Financial, LLC; and

    ii)    Palm House Hotel LLLP.

**Request No. 7**: Documents and Communications concerning this Action.

**Request No. 8**: Documents and Communications concerning, by or between You and Plaintiffs' counsel in this Action, including but not limited to, David George, Esquire and Ryan Gesten, Esquire.