# Exhibit D

# Kato, Nicholas (Phila)

| | |
|---|---|
| **From:** | David Derrico <david@derrico-law.com> |
| **Sent:** | Monday, March 9, 2020 11:42 AM |
| **To:** | Karetnick, Aliza (Phila) |
| **Cc:** | nsm@mandel.law; Hardy, Peter D. (Phila); Kato, Nicholas (Phila); JLEpstein@daiassociates.com; Jason Mizrahi; Katie Burghardt Kramer |
| **Subject:** | Re: Li v. Walsh discovery letter |

⚠ **EXTERNAL**

Hello Aliza,

    Yes, I am in agreement with Plaintiff's counsel that the Confidential Settlement Agreement and negotiations thereof are privileged, confidential, irrelevant, and not reasonably calculated to lead to admissible evidence. I also had hoped that revealing the general terms of the agreement would satisfy your curiosity about it.

    I am willing to have a call to discuss it if you have some explanation for how this could possibly be relevant or discoverable.

    - David

\----------------------------
David Derrico, Esq.
Licensed in California

> On Mar 9, 2020, at 10:19 AM, Karetnick, Aliza <KaretnickA@ballardspahr.com> wrote:
>
> Mr. Derrico:
> We write to confirm that you take the same position as Plaintiffs' counsel – namely, that you are unwilling to share the settlement agreement and pre-settlement negotiations with prior counsel. Kindly advise by close of business today.
>
> If you would like to discuss, please feel free to call me at 215-864-8367.
>
> Kind regards,
> Aliza
>
> ---
>
> **From:** Katie Burghardt Kramer <kkramer@daiassociates.com>
> **Sent:** Thursday, February 27, 2020 12:00 PM
> **To:** Karetnick, Aliza (Phila) <KaretnickA@ballardspahr.com>
> **Cc:** Hardy, Peter D. (Phila) <HardyP@ballardspahr.com>; Kato, Nicholas (Phila) <KatoN@ballardspahr.com>; nsm@mandel.law; david@derrico-law.com; JLEpstein@daiassociates.com; 'Jason Mizrahi' <JMizrahi@daiassociates.com>
> **Subject:** RE: Li v. Walsh discovery letter

1

⚠ **EXTERNAL**

Aliza and Peter,

In the interests of moving ahead from this issue, I'm able to provide some additional information regarding the confidential settlement between David Derrico and the plaintiffs.

As you know, Plaintiffs dismissed David Derrico without prejudice on October 18, 2017 (Li v. Walsh, DE 233).  As indicated by this dismissal without prejudice, the settlement between plaintiffs and David Derrico did not include any monetary terms.  Rather, the settlement required Mr. Derrico to cooperate with informal and formal discovery, and the settlement included a provision tolling the statute of limitations.  The settlement agreement includes a confidentiality provision that applies to the terms of the settlement.  However, Mr. Derrico and I are in agreement that we can share with you the general terms of the settlement.  There are no substantive terms of the settlement other than what I have outlined above.

We are not willing to share the pre-settlement negotiations between prior counsel for plaintiffs and Mr. Derrico.  Those communications are privileged and not relevant.  However, I expect that this information regarding the final terms of the settlement involving Mr. Derrico will be sufficient.

Please let me know if you have any remaining questions regarding this issue.

Katie


Katherine Burghardt Kramer
kkramer@daiassociates.com
Direct Dial: (917) 688-2585

---

**From:** Katie Burghardt Kramer <kkramer@daiassociates.com>
**Sent:** Tuesday, February 25, 2020 10:34 AM
**To:** 'Karetnick, Aliza' <KaretnickA@ballardspahr.com>
**Cc:** 'Hardy, Peter D.' <HardyP@ballardspahr.com>; 'Kato, Nicholas' <KatoN@ballardspahr.com>; 'nsm@mandel.law' <nsm@mandel.law>; 'david@derrico-law.com' <david@derrico-law.com>; 'JLEpstein@daiassociates.com' <JLEpstein@daiassociates.com>; 'Jason Mizrahi' <JMizrahi@daiassociates.com>
**Subject:** RE: Li v. Walsh discovery letter

Aliza,

Respectfully I disagree with your interpretation of relevance, and I'm still not understanding why you believe these settlement negotiations are relevant.  It's overly broad to say that anything relevant to David Derrico is necessarily relevant to your claims/defenses because he is subject to the same claims and defenses as your client.  Let's discuss further when we speak later this week.

Katie


Katherine Burghardt Kramer
kkramer@daiassociates.com
Direct Dial: (917) 688-2585

**From:** Karetnick, Aliza <KaretnickA@ballardspahr.com>
**Sent:** Monday, February 24, 2020 8:14 AM
**To:** Katie Burghardt Kramer <kkramer@daiassociates.com>
**Cc:** Hardy, Peter D. <HardyP@ballardspahr.com>; Kato, Nicholas <KatoN@ballardspahr.com>; nsm@mandel.law; david@derrico-law.com; JLEpstein@daiassociates.com; 'Jason Mizrahi' <JMizrahi@daiassociates.com>
**Subject:** Li v. Walsh discovery letter

Katie:

We appreciate the requirements of FRCP 26, but note that relevance is broadly defined for purposes of discovery as "any *non-privileged* matter that is relevant to any party's claim or defense." Documents regarding David Derrico (and others) subject to the same or similar claims as those stated against PNC and Ramirez are, by definition, relevant. Moreover, documents relating to or reflecting settlement amounts/terms are relevant to PNC's and Ramirez's damages. Finally, we reiterate – Rule 408 is an evidentiary, not discovery, objection. The documents sought are not privileged.

Kindly advise if you are available for a call late this afternoon to confer.

**Aliza R. Karetnick**



1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8367 direct
215.864.8999 fax

karetnicka@ballardspahr.com
linkedin | vcard

www.ballardspahr.com

---

**From:** Katie Burghardt Kramer <kkramer@daiassociates.com>
**Sent:** Thursday, February 20, 2020 3:04 PM
**To:** Kato, Nicholas (Phila) <KatoN@ballardspahr.com>; lwu@daiassociates.com
**Cc:** Hardy, Peter D. (Phila) <HardyP@ballardspahr.com>; Karetnick, Aliza (Phila) <KaretnickA@ballardspahr.com>; nsm@mandel.law; mfornaro@fornarolegal.com; dgeorge@4-justice.com; david@derrico-law.com; 'Joshua Levin-Epstein' <JLEpstein@daiassociates.com>; 'Jason Mizrahi' <JMizrahi@daiassociates.com>
**Subject:** RE: Li v. Walsh discovery letter

⚠ **EXTERNAL**

Aliza,

I have received your letter regarding the claim of privilege over settlement communications between Plaintiffs' former counsel and David Derrico.

Your email attached a copy of Mr. Derrico's response, but not the subpoena itself. Would you be able to send me a copy of the subpoena as well?

To be discoverable under FRCP 26, information must be relevant. I don't see the relevance of settlement negotiations to any claims or defenses. Your letter does not explain why or how you consider the substance of the negotiations to be relevant to this matter.

3

At this time, we maintain our objection to production of confidential settlement negotiations between Plaintiffs' counsel and current or former defendants in this action.  Please let me know if you would like to schedule a phone call to discuss further.

Thanks,
Katie


Katherine Burghardt Kramer
kkramer@daiassociates.com

---

**From:** Kato, Nicholas <KatoN@ballardspahr.com>
**Sent:** Tuesday, February 18, 2020 5:01 PM
**To:** kkramer@daiassociates.com; lwu@daiassociates.com
**Cc:** Hardy, Peter D. <HardyP@ballardspahr.com>; Karetnick, Aliza <KaretnickA@ballardspahr.com>; nsm@mandel.law; mfornaro@fornarolegal.com; dgeorge@4-justice.com; david@derrico-law.com
**Subject:** Li v. Walsh discovery letter

Counsel,

On behalf of Aliza Karetnick, please see the following letter and its attachments. A hard copy is in the mail.

Thank you,
Nick Kato
**Nick Kato**
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Direct 215.864.8330
Fax 215.864.8999
katon@ballardspahr.com
www.ballardspahr.com