DAVID DERRICO
5163 Deerhurst Crescent Cir.
Boca Raton, FL 33486
(424) 234-9556
Non-Party Respondent

FILED BY \_PCS\_ D.C.

MAR 24 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LAN LI, *et. al.*,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>JOSEPH WALSH, *et. al.*,<br><br>　　　　Defendants. | Civil Action No. 16-81871-Civ-Marra |
| LAN LI, et. al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>PNC Bank N.A., and RUBEN RAMIREZ,<br><br>　　　　Defendants. | Civil Action No. 19-80332-Civ-Marra |

**NON-PARTY DAVID DERRICO'S RESPONSE IN OPPOSITION TO**

**PNC BANK N.A.'S MOTION TO COMPEL DOCUMENTS**

Non-party respondent DAVID DERRICO, *Pro Se*, hereby responds in opposition to PNC Bank's Motion to Compel Documents from David Derrico as follows:

The documents sought by PNC Bank are wholly irrelevant to the case at hand and are nothing but an unjustified fishing expedition, with no factual basis underlying PNC Bank's unfounded speculation that such documents "may include information" related to them.

1  It is well known that there is a strong public interest in safeguarding settlement
2  negotiations, to promote the goal of pre-trial settlements, without a strong enough showing
3  of likely relevance to outweigh that public interest and the inherent confidentiality of
4  settlement negotiations. Here, no showing of relevance, let alone a strong showing, has
5  been made. PNC Bank has failed to enumerate any concrete reason (beyond unsupported
6  idle speculation) why it would be likely that settlement discussions between Plaintiffs and
7  Derrico would mention or pertain to PNC Bank at all, especially considering that at the time
8  of the settlement, *PNC Bank was not even a party to the lawsuit*. This makes a prima facie
9  case that it is unlikely that a non-party like PNC Bank would be mentioned in settlement
10 negotiations between two unrelated parties. Such a prima facie case has not been rebutted
11 with any evidence to the contrary: the entire relevant portion of PNC Bank's factual
12 argument is the unsupported assertion that "Derrico's settlement negotiation may include
13 information related to PNC's and Ramirez's — and others — supposed involvement with
14 the Palm House Hotel 'scheme.'" There then follows no facts, argument, evidence, or
15 documents that would support this hypothetical statement or make it anything more than
16 idle speculation. While PNC could just as easily say that such settlement negotiations
17 "may" include information regarding the second gunman on the grassy knoll, such a
18 statement, unsupported by facts, would be just as meaningless and just as much of a fishing
19 expedition.
20 Further, I have already informed PNC Bank that the settlement negotiations did not
21 mention PNC Bank or Mr. Ramirez (whom I had no contact with). I had even offered
22 during discussions to produce any settlement negotiations that mention PNC Bank (of
23 which there are none, to be clear). I have already provided all documents in my possession
24 (including many irrelevant ones) responsive to all other PNC requests (with the exception

of confidential settlement discussions); I have tried to be reasonable and cooperate with PNC throughout this months-long-process.

Further, I agreed to provide a summary of the key terms of the Confidential Settlement Agreement itself in the hope of avoiding a time-consuming discovery battle. However, PNC instead took that information and used it to cast unfounded aspersions, making my agreement to "cooperate" sound like something sinister. Far from being sinister, this agreement to cooperate merely meant that I would informally (without wasting the court's time through formal or contested discovery) tell the truth about what I know, answer questions, and provide requested documents. In fact, I made *the exact same offer to PNC Bank* early on, offering to sit down and talk with them and answer whatever questions they had[1] without the burden on the court and myself that this drawn-out discovery process (over ultimately irrelevant information) has entailed.

Instead, PNC used the fact that I paid no money to be dismissed from the case as some twisted rationale to question my credibility as a witness, and make it seem like there may have been some unsavory "communications and understandings." However, I can only imagine that if I *had* paid money to settle the claims, PNC would have cast even worse aspersions, claiming I must have been guilty! (This *Catch-22* logic is a perfect example of why settlement negotiations and terms are almost always kept confidential, to avoid this sort of baseless speculation and innuendo.) Should the court grant PNC Bank's Motion, they would surely attempt to similarly twist any settlement negotiations, casting further irrelevant aspersions on both myself and other settling parties.

---

[1] I do note that I am subject to the Confidential nature of the Settlement Agreement that Plaintiff's prior counsel drafted, and would not violate that agreement without plaintiff's consent or a court order. Nor would I violate attorney-client privilege if asked by PNC Bank, of course.

RESPONSE IN OPPOSITION TO PNC MOTION TO COMPEL    3

1    Finally, I note that not only has PNC Bank failed to even make a prima facie case
2    for why the information they seek is at all likely to be relevant — when the current lawsuit
3    involving PNC would not even be filed until two years later — but further weighing against
4    PNC's request is that they are imposing undue burden on an individual who is not a party to
5    the case. They have (to my knowledge) not even sought to compel production from former
6    Plaintiff's counsel in this case, instead deciding to come after an individual who is not
7    represented by counsel, who cannot file a response electronically, perhaps viewing me as an
8    easier mark to be overwhelmed by discovery.[2] And all of this regardless of the fact that I
9    did not perform a financial role in my previous employment for USREDA, and did not have
10   any contact with PNC Bank or Ruben Ramirez whatsoever (PNC Bank's zeal could be
11   more appropriate were I the Chief Financial Officer instead of an immigration attorney).
12   As a final example of the unreasonableness of PNC Bank's Document Requests and
13   their willingness to impose unreasonable burdens on non-parties, Request No. 7 broadly
14   demands "Documents and Communications concerning this Action." Presumably they are
15   now asking that I provide them with court filings in this action, of which they surely
16   already have copies, and are publicly available via a PACER account. While I volunteered
17   from the beginning to produce any documents remotely relevant to PNC Bank's discovery,
18   this appears to be an abuse of the discovery process that causes undue burden.
19   ///
20   ///
21
22
---
[2] I note that I have now had process servers sent by PNC Bank arrive at my home after dark on two separate occasions to issue subpoenas; PNC has set a deposition of me on April 29 (regardless of the Coronavirus pandemic and state of emergency where I have not left the house); I have spoken with PNC by phone at least twice that I recall; I have produced several hundred pages of responsive documents and a privilege log; had at least 42 separate emails back and forth with PNC's counsel regarding discovery; and now have only a few days to prepare and FedEx this responsive pleading. PNC has now cost me dozens of hours, and that is before the upcoming deposition or anything else they may seek.

For the foregoing reasons, non-party David Derrico respectfully requests that the Court deny PNC Bank's Motion to Compel and quash the subpoena as to any further documents (beyond those already produced) so as to avoid further time and expense on fishing expeditions.

Dated: March 23, 2020

Respectfully submitted,
DAVID DERRICO
5163 Deerhurst Crescent Cir.
Boca Raton, FL  33486
(424) 234-9556
david@derrico-law.com

By: /s/ David Derrico

| | |
|---|---|
| 1 | **Certificate of Service** |
| 2 | I hereby certify that a true and correct copy of the foregoing was served by the |
| 3 | methods of service detailed below on March 23, 2020 on parties of record on the Service |
| 4 | List below. |
| 5 | |
| 6 | _[signature]_ |
| 7 | Signature of Filer |
| 8 | |
| 9 | <u>SERVICE LIST</u> |
| 10 | |
| 11 | Nina Stillman Mandell |
| 12 | Mandel & Mandel LLP |
| 13 | 169 East Flagler Street, Suite 1224 |
| 14 | Miami, Florida 33131 |
| 15 | Telephone: 305.374.7771 |
| 16 | nsm@mandel.law |
| 17 | *Sent via email to email address above* |
| 18 | |
| 19 | Paul G. Rogers Federal Building and U.S. Courthouse |
| 20 | 701 Clematis Street |
| 21 | Room 202 |
| 22 | West Palm Beach, FL 33401 |
| 23 | *Sent via FedEx* |
| 24 | |

# FedEx Express

3/23/20, 4:08 PM

ORIGIN ID:PHKA   (424) 234-9556
DAVID DERRICO
5163 DEERHURST CRESCENT CIR
BOCA RATON, FL 33486
UNITED STATES US

SHIP DATE: 23MAR20
ACTWGT: 0.50 LB
CAD: 108722169/INET4220

BILL SENDER

TO  FEDERAL BUILDING & U.S. COURTHOUSE
701 CLEMATIS ST
RM 202
WEST PALM BEACH FL 33401
(561) 803-3400   REF: RESPONSE TO PNC MTC
INV:
PO:   DEPT:



WED - 25 MAR 10:30A
MORNING 2DAY

TRK# 0201  7700 8570 2809

3E PBIA    33401
           FL-US  PBI

RT 338   1 10:30  B
ST 4            2809
              03.24  809

Extremely Urgent

◄ Insert shipping