# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LAN LI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH WALSH, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 16-81871 <br> ) LEAD CASE <br> ) <br> ) <br> ) |
| LAN LI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK, N.A., and <br> RUBEN RAMIREZ, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 19-80332 <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER ON PENDING DISCOVERY DISPUTES
## FOLLOWING MARCH 20, 2020 HEARING

THIS CAUSE is before the Court following the lengthy telephonic discovery hearing held on March 20, 2020 [DE 604] and the parties' Joint Motion for Discovery Conference [DE 596].

Upon careful review of the parties' Joint Motion [DE 596], Joint Notice [DE 603], the entire docket in this case, and counsels' arguments at the March 20, 2020 discovery hearing, is it hereby **ORDERED** as follows:

1. All Plaintiffs, whether represented by counsel or proceeding *pro se*, shall produce all documents responsive to Defendants' discovery requests within their possession, custody or control **on or before May 4, 2020**. Each and every one of the Plaintiffs shall individually make a good faith, earnest search in an effort to locate responsive documents. The Court

notes that the fact and expert discovery cutoff date has been extended until September 30, 2020. [DE 609]. The Court requires that all responsive documents be produced in accordance with this Order well in advance of the deposition dates so that Defendants' counsel have an opportunity to review those documents prior to the depositions. Plaintiffs' counsel's argument at the hearing that the Plaintiffs could simply bring their documents to their depositions is rejected as it is not in compliance with applicable rules and Plaintiffs' discovery obligations. This case has been pending since 2016 and discovery has been delayed far too long. Failure of any Plaintiff to comply with his or her discovery obligations and the Court's Orders may result in sanctions including but not limited to dismissal of the offending Plaintiff's case. The discovery process must proceed expeditiously and promptly.

2. The Court finds that Plaintiffs have not produced all discovery to Defendants in a useful, sufficiently organized, and responsive manner. Those Plaintiffs represented by counsel shall consult with their e-discovery vendor(s) and with counsel for the Defendants and determine a manner of production which meets Plaintiffs' discovery obligations under applicable rules and this Court's Orders. For example, if a response to a request for production or interrogatory refers to documents, then that reference shall be to specific Bates numbers or Bates ranges. The reference to documents shall be responsive and Plaintiffs shall not reference documents that are not responsive to the discovery requests. Plaintiffs shall not produce an "incoherent mass of documents" as Defendants claim Plaintiffs have done. Plaintiffs shall make no boilerplate objections and shall revise any discovery responses that contain such. The Court finds that Plaintiffs reference to "Keys" and "Issue Tags" is insufficient for discovery purposes, especially in light of the substantial

discovery problems raised by Defendants. Plaintiffs' Interrogatory responses, responses to Request for Production, and Initial Disclosures which do not comply with this Order or prior Orders shall be revised and served on or before May 4, 2020. *Pro Se* Plaintiffs are also ORDERED to comply with this Order and with all of their discovery obligations as set by the applicable rules and this Court's Orders. The Court advises ALL Plaintiffs that they have an affirmative duty to produce and fully respond to discovery in this case. Plaintiffs have affirmatively chosen to file their lawsuit in this jurisdiction and shall comply in a timely manner with all rules and Orders of this Court. The Court does not want to hear excuses from Plaintiffs and instead requires prompt and full discovery production.

3. Although the COVID-19 issue will clearly have an effect on the taking of in-person depositions for an unknown period of time, it should have no effect upon document production, or revision of discovery or interrogatory responses and initial disclosures

4. Additionally, despite the current COVID-19 issues, the parties shall be setting aside deposition dates, and agreeing on deposition locations now. That is to say, if in-person depositions of some Plaintiffs cannot be taken until July or August 2020, for example, there is nothing preventing the parties from setting aside dates and locations for those depositions now. In fact, the Court is ordering all parties to take such action now and work together cooperatively during the discovery process. Plaintiffs are ordered to obtain all necessary travel documents, including visas, forthwith, so they can attend their depositions.

5. Absent agreement between the parties to conduct depositions remotely, all depositions of all Plaintiffs shall be live, in person depositions. Each Plaintiff has an affirmative obligation to seek and obtain his or her travel documents so he or she can attend their depositions as ordered by this Court and required by applicable rules.

6. The Court directs that Defendants' counsel and Plaintiffs' counsel shall email a copy of this Order to all *pro se* Plaintiffs if they have an email address for such *pro se* Plaintiffs.

7. The Clerk of Court is directed to mail a copy of this Order to: Baoping Liu, Room 1201, Building C, Dachong Business Center, Nanshan District, Shenzhen, 51800 P.R. China.

**DONE and ORDERED** in chambers, West Palm Beach, Florida, this 27th day of March 2020.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE