**From:** effie.liu
**To:** Adam Rabin
**Subject:** Re:Li v. Walsh et al. -- 20 Non-Represented Plaintiffs" Failure to Comply with Court Order
**Date:** Wednesday, April 8, 2020 4:24:25 PM
**Attachments:** A6ACB112@55DD6C64.EE328E5E

Dear Adam T. Rabin,

hope everything going well.

I am the represent of 20 plaintiffs. Before the past 3 years all of us use the same Attorney called Gunster and David George. We heard that in the very eariler time year 2017 we have got a settlement with Defendant Gerry Matthews for the REFUND fee to ALL OF US. Then $50,000 has been paid to the gunster's escrow acount for the common attorney fee.

So I really think if there any mistake happened why still need us to arrange the response documents .

Looking forward to your kindly reply.

sincerely
Baoping Liu

刘宝萍   □ 联系我

董事长/集团公司总经理
华美海外投资

华美移民 是中国因私出入境行业的领军企业之一，在上海　广州　深圳　香港拥有分支机构　华美29年的用心经营，客户和合作单位遍及全球　华美同时拥有国内外丰富网络资源　牵手众多资深移民法专家　移民律师　前移民官和签证官　移民留学协会会员　海内外各大银行及大型金融　基金公司　国内外院校　海外重大地产开发商等机构，确保客户海外投资　置业　居留的便捷和顺畅　华美拥有专业移民顾问团队，不仅具备极高的专业水平，通晓各类留学移民法规及审理程序，而且拥有专业　贴心　严谨的服务，从而保障申请个案的最大成功率　华美移民，致力于成为中国首屈一指的金牌出国服务机构　核心竞争力：　高素质精英顾问团队，全外籍律师文案操作，专业化一站式尊荣服务　服务理念：用心做事，用情做人；　专业指导，至诚服务　我们的宗旨：　为您量身定制适合的移民定居和海外投资方案，做中国最专业的移民公司

------------------ Original ------------------
**From:** "Adam Rabin"<arabin@mccaberabin.com>;
**Date:** Thu, Apr 2, 2020 03:54 AM
**To:** "effie.liu@huameiim.com"<effie.liu@huameiim.com>;
**Cc:** "Robert C. Glass"<rglass@mccaberabin.com>; "Janet Furness"<janet@mccaberabin.com>;
**Subject:** Li v. Walsh et al. -- 20 Non-Represented Plaintiffs' Failure to Comply with Court Order

Exhibit 2

Ms. Liu,

We are again providing you with a copy of the Court's February 19, 2020, order that required the 20 non-represented Plaintiffs to respond "fully and completely" to Defendant Gerry Matthews's (1) Second Set of Interrogatories; (2) Second Request for Production; and (3) First Set of Requests for Admissions **by March 20, 2020**. All of these discovery requests are also attached to this e-mail.

Please note that each of the 20 non-represented Plaintiffs must separately respond to each interrogatory in the Second Set of Interrogatories, each request in the Second Request for Production, and each request in the First Request for Admissions.

Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, respectively, govern these discovery requests. For your convenience, I have attached a copy of the Federal Rules of Civil Procedure (Rules 33, 34, and 36 are located at pages 55-60).

As to the responses to the Second Set of Interrogatories, please note that Rule 34(b)(3) provides: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." This means that **each of the 20 non-represented plaintiffs must separately respond to the Second Set of Interrogatories and separately swear to the truth of the responses under oath.**

Notwithstanding the March 20 court-ordered deadline, if the 20 non-represented plaintiffs ultimately answer the Second Set of Interrogatories, please note that Gerry Matthews did not participate in any EB5 securities offering, did not know of such offering, and never communicated with a single plaintiff. In fact, he was not even aware that his name was listed on certain Palm House documents until October 2014, a few years after the plaintiffs had already invested in the Palm House project. In this regard, Federal Rule of Civil Procedure 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—**an … unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (3) the [plaintiffs'] factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …." (Emphasis added). Falling short of this standard, however, could expose the 20 non-represented plaintiffs to monetary and/or non-monetary sanctions.

Finally, I am attaching the Court's Order on Pending Discovery Disputes Following March 20, 2020 Hearing, which our firm already e-mailed to you previously on March 27, 2020, per the Court's direction in the order. The Court's order provides in relevant part as follows:

> All Plaintiffs, whether represented by counsel or proceeding pro se, shall produce all documents responsive to Defendants' discovery requests within their possession, custody or control on or before May 4, 2020. Each and every one of the Plaintiffs shall

individually make a good faith, earnest search in an effort to locate responsive documents . . . **Failure of any Plaintiff to comply with his or her discovery obligations and the Court's Orders may result in sanctions including but not limited to dismissal of the offending Plaintiff's case**. The discovery process must proceed expeditiously and promptly . . . **Pro Se Plaintiffs are also ORDERED to comply with this Order and with all of their discovery obligations as set by the applicable rules and this Court's Orders**. The Court advises ALL Plaintiffs that they have an affirmative duty to produce and fully respond to discovery in this case. Plaintiffs have affirmatively chosen to file their lawsuit in this jurisdiction and shall comply in a timely manner with all rules and Orders of this Court. **The Court does not want to hear excuses from Plaintiffs and instead requires prompt and full discovery production**.

(Emphasis added).

In sum, the Court has required that each of the 20 non-represented plaintiffs comply with its February 19, 2020 order no later than March 20, 2020, each plaintiff must respond to Defendant Gerry Matthews's above-referenced discovery requests. Notwithstanding, the non-represented Plaintiffs have failed to comply with the Court's February 19 order that required the 20 non-represented plaintiffs to serve "full and complete" responses to the above-referenced discovery requests. Further, the Court's March 27, 2020 order provided that further failures by the pro se plaintiffs to comply with their discovery obligations and the Court's orders "may result in sanctions including but not limited to dismissal of the offending Plaintiff's case."

On Friday, March 27, you e-mailed attorney Robert Glass as follows: "Now we are just arrange the document and hopefully can submit on Monday." Given that Monday, March 31 has passed, please advise as to when we can expect to receive the 20 non-represented plaintiffs' "full and complete" responses to Gerry Matthews's discovery requests in a form that complies with the Court's various orders and Federal Rule of Civil Procedure 11. Thank you.

McCABE RABIN, P.A.
ATTORNEYS AT LAW

Adam T. Rabin
Board Certified in Business Litigation
Centurion Tower
1601 Forum Place, Suite 201
West Palm Beach, Florida 33401

Phone: 561-659-7878
www.McCabeRabin.com

\* Business, Securities & Whistleblower Litigation

CONFIDENTIAL COMMUNICATION

This electronic mail message and any attachments are intended only for the use of the addressee named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone.  Thank you.