UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LAN LI, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOSEPH WALSH, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 16-81871-Civ-Marra<br>LEAD CASE |
| LAN LI, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PNC BANK N.A., and RUBEN RAMIREZ, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 19-80332-Civ-Marra |

## 20 PRO SE PLAINTIFFS' OMNIBUS ANSWERS TO DEFENDANT GERRY MATTHEWS' SECOND SET OF REQUESTS

Plaintiff Baoping Liu, Changyu Liu, Daqin Weng, Feng Guo, Li Zhang, Ling Li, Liyan Feng, Min Cui, Qingyun Yu, Ruji Li, Shaoping Huang, Shaoqing Zeng, Tingting Sun, Tonghui Luan, Ziao Sun, Xiaoping Zhang, Yawen Li, Yi Zhao, Yingjun Yang, and Zhen Yu (together, "Pro Se Plaintiffs"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1(e), hereby Answer Defendant, GERRY MATTHEWS (a) Second Set of Interrogatories ; (b) Second Request for Production ; and (c) First Request for Admissions .

### Definitions

A. "Communication(s)" or "Communicated" shall mean the disclosure, transfer or exchange of information in writing by e-mail, SMS, MMS, Facebook, Twitter, Snapchat, WhatsApp. social media, facsimile, mail, or delivery.

B. "TAC" shall refer to the Third Amended Complaint filed in this case on or about October 23, 2018.

C. "G. Matthews" shall refer to Defendant Gerry Matthews, as well as his agents, employees, attorneys, or any other person or entity purporting to act on his behalf.

D. "Document" shall mean any of the items set forth in Rule 34(a)(1)(A).

1

Exhibit 4

E. "You" or "Your" refers to each respective Plaintiff who is responding to these requests, including any broker, attorney or agent who was acting on Your behalf.

F. The singular of a term shall include the singular and plural versions of the term; the terms "and" or "or" shall each apply to the conjunctive and disjunctive; and the term "including" means "including without limitation."

G. "Native" shall mean provide the information in one of the following formats: .mbox, .pst, .msg, or .eml.

H. The "present" means the date of each respective Plaintiff's response to this request.

### Gerry Matthews' Requests

**1. Please identify your address, telephone number, place of employment, and job title.**
**ANSWER:** Has been provided in Exhibit-1 (email the defendent's attorney dated Feb 5th.2020.)

**2. Please provide the name, address, telephone number, place of employment, and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings in this action, or any fact underlying the subject matter of this action.**
**ANSWER:** See Exhibit-1 dated Feb 5th.2020.

**3. Please state the total amount of damages you claim in this case, as well as an explanation of how you calculated those damages.**

**ANSWER:**
1).Plaintiffs are Entitled to Monetary Relief.Plaintiffs are Entitled to Compensatory Damages.

2) Plaintiffs are Entitled to Treble Damages and Punitive Damages.

3)Plaintiffs are Entitled to Prejudgment Interest.Plaintiffs are Entitled to Post-Judgment Interest.

4)Plaintiffs are Entitled to Attorneys' Fees and Costs.

===========================================================================

1. Any non-privileged documents reviewed to or relied upon in responding to G. Matthews's Second Set of Interrogatories, served November 25, 2019.

2. A complete copy of your I-526 application.

3. Any correspondence from the United States Government regarding your I-526 application.

**1\2\3 ANSWER:** See Exhibit-1 dated Feb 5th.2020. In fact, each plaintiff has a complete proof of payment. This is undoubtedly. Each application dicuments had been reviewed by experienced immigration lawyer team. If there is no evidence of the above payment, it will not be submitted to USCIS at all. It will not be accepted.
Plaintiffs' I-526 petitions were denied during the period between mid- 2015 and mid-2016. The

2

grounds stated for denial ranged from ineligibility due to inability to create 10 jobs per investment to disputes over ownership of the subject property. All of the grounds for denial were related to problems with the Palm House EB-5 project and not related to the individual investor. On appeal, Plaintiffs opposed the grounds for denial but those arguments were rejected.

The defendant and the defendant's counsel should spend more time and energy to fifigure out why the funds in the escrow account are missing, and how to fulfifill the project and fund managers fifiduciary duty, how to fifind the solution as soon as possible, and It's not tangling in these trivial details.

## FORM OF ANSWERS TO INTERROGATORIES

Plaintiffs are responding to the Interrogatories in the form of Omnibus Answers. There are objections and other matters being raised herein on behalf of all Plaintiffs, which are set forth below.

## ANSWERS TO INTERROGATORIES

### Interrogatory No. 1 You have never spoken directly to G. Matthews.

**ANSWER:** Plaintiffs did not contact Gerry Matthews directly regarding their immigration paperwork. The TAC does not allege that Gerry Matthews was ever a contact person for the middle man recruitment agencies through which Plaintiffs were informed of the progress of their petitions.

### Interrogatory No. 2 You have never corresponded in writing with G. Matthews.

**ANSWER:** See above answer, Whether there has been correspondence between letters, does not affect Gerry Matthews participated in a conspiracy to solicit funds from them on fraudulent grounds

### Interrogatory No. 3. G. Matthews never solicited any funds from you.

**ANSWER:** G. Matthews has pleaded guilty to criminal charges related to this conspiracy in the criminal prosecution, USA v. Gerry Matthews, Case No. 3:18-cr- 00043 (District of Connecticut). Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud as charged in the information;

and the defendant knew the unlawful purpose of the plan and willfully joined in it. Two or more persons, in some way or manner, agreed to try to accomplish acommon and unlawful plan to commit wire fraud as charged in the information; and the defendant knew the unlawful purpose of the plan and willfully joined in it.

### Interrogatory No. 4. G. Matthews is not "in possession" of your funds or the "proceeds" of those funds.

**ANSWER:** Gerry Matthews is the brother of Robert Matthews, brother-in-law of Maria Matthews,

3

and based upon information and belief participated with his fiimily members and other co-conspirators in the perpetration and execution of the Palm House Hotel project fraud as alleged in the TAC. In addition, the guilty plea entered by Gerry Matthews in the criminal prosecution, USA v. Gerry Matthews, Case No. 3:18-cr-00043 (District of Connecticut), provides Plaintiffs with a factual basis that Gerry Matthews participated in and attempted to, or did actually, benefit from the conspiracy to commit mail fraud. That mail fraud, as alleged in the criminal proceeding, resulted in the misappropriation of more than $34 million dollars. Moreover, this subject will be covered and addressed by expert witnesses engaged by Plaintiffs. Further, discovery in this matter is ongoing.

**Interrogatory No. 5 G. Matthews is not "taking actions to dissipate" any of your money.**

**ANSWER:** The factual basis for this allegation is contained in the TAC. In addition, the guilty plea entered by Gerry Matthews in the criminal prosecution, USA v. Gerry Matthews, Case No. 3:18-cr-00043 (District of Connecticut), provides Plaintiffs with a factual basis that Gerry Matthews participated in and attempted to, or did actually, benefit from the conspiracy to commit mail fraud. Further, discovery in this matter is ongoing.

**Interrogatory No. 6 G. Matthews has not "asserted dominion and control" over any of your money or property.**

**ANSWER:** Plaintiffs each invested $500,000 plus $45,000 administrative fees as alleged in the TAC and evidenced by the extensive investment documentation provided by the responses to the requests to produce mentioned above. Finally, this subject will be covered and addressed by expert witnesses engaged by Plaintiffs.

**Interrogatory No. 7. G. Matthews has not "knowingly aided and abetted the commission of the fraud" against you.**

**ANSWER:** Plaintiffs again object to this Interrogatory on the grounds that it purports to require Plaintiffs to know the mind of a third party. Additionally, and without waiving the objection above, please see the TAC. To reiterate, the Victual basis supporting this contention is also rooted in the guilty plea lodged by Gerry Matthews in the criminal proceeding, USA v. Gerry Matthews, Case No. 3:18-cr-00043 (District of Connecticut). Further, discovery in this matter is ongoin

**Interrogatory No. 8. G. Matthews did not assist in the inducement of your investment in the Palm House Hotel project by orchestrating the appearance of an actual real estate project.**

**ANSWER:** The factual basis for this allegation is found in the TAC and in the guilty plea lodged by Gerry Matthews in the criminal proceeding, USA v. Gerry Matthews, Case No. 3:18- cr-00043 (District of Connecticut).

**Interrogatory No. 9. G. Matthews did not know that "the loan to Palm House, LLC was conditioned on the approval of your I-526 application until you filed this case against him.**

 **ANSWER:** To reiterate, the factual basis supporting this contention is rooted in the guilty plea lodged by Gerry Matthews in the criminal proceeding. USA v. Gerry Matthews, Case No. 3:18-cr-00043 (District of Connecticut). Further, the marketing and investment materials. among other documents provided to Plaintiffs, stated that their investments were conditioned upon approval of

4

the I-526 petitions. Further, discovery in this matter is ongoing.

**Interrogatory No. 10**. **G. Matthews did not "substantially assisted or encouraged SARC, USREDA, Walsh, Walsh Jr., Payne, JJW Consultancy Ltd., Ali Herischi, and Herischi & Associates LLC to commit fraud.**

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it purports to require Plaintiffs to have been privy to private communications between the above stated individuals. Without waiving said objection, Plaintiffs would again ask Defendant to refer to their answers to Interrogatories 10 and 11. Further, the factual basis supporting this contention is rooted in the TAC and in the guilty plea lodged by Gerry Matthews in the criminal proceeding. USA v. Gerry Matthews, Case No. 3:18-cr-00043 (District of Connecticut). Further, discovery in this matter is ongoing.

**Interrogatory No. 11**. **You have not conferred a direct benefit on G. Matthews.**

**ANSWER:** Objection on the basis that Gerry Matthews is best positioned to know what Gerry Matthews retained, and what benefits were conferred upon him. Notwithstanding this objection, Gerry Matthews retained benefits in the form of assets taken from Plaintiffs and anything acquired using those wrongfully taken funds.

**Interrogatory No. 12** **G. Matthews has not committed a deceptive trade practice that has harmed you.**

**ANSWER:** Plaintiffs object to this Interrogatory because the information it seeks calls for legal conclusions. Notwithstanding the foregoing objection, Plaintiffs state that they are foreign nationals who are citizens and residents of China. As such, to the extent they speak English at all, they do so as a second language. Plaintifls have no personal knowledge of the rules, regulations, policies and/or procedures PNC and Ramirez violated.

**Interrogatory No. 13** **G. Matthews has not committed an unfair trade practice that has harmed you.**
**ANSWER:** See above No 12#

**Interrogatory No. 14** **G. Matthews does not owe you a fiduciary duty.**

**ANSWER:** As the main management member of PALM HOUSE LLC MANAGEMENT, G. Matthews is responsible for the overall management of the entire project and the supervision of the partnership. The share of the limited partnership is defifined as securities by the US securities law, so the management member has the securities law Fiduciary duty for the investment of the limited partner.

**Baoping Liu**

Effie.Liu@huameiim.com
U.S . Address: 8205, Mirasol Irvine, CA 92620
China Address:Room 1201, Building C
Dachong Business Center,
Nanshan District,Shenzhen City
Guangdong China 518057

**BAOPING LIU**

**QINGYUN YU**

**SHAOQING ZENG**

**SHAOPING HUANG**

**CHANGYU LIU**

**FENG GUO**

**TINGTING SUN**

**RUJI LI**

**XIAOPING ZHANG**

**LING LI**

**YI ZHAO**

**MIN CUI**

**DAQIN WENG**

**LIYAN FENG**

**YINGJUN YANG**

**ZHEN YU**

**XIAO SUN**

**YAWEN LI**

**LI ZHANG**

**TONGHUI LUAN**

EXHIBIT-1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 16-cv-81871-MARRA/MATTHEWMAN

LAN LI, et al.,
Plaintiffs,
v.
JOSEPH WALSH, et al.
Defendants.

### RESPONSES TO DEFENDANT GERRY MATTHEWS'S MOTION TO COMPEL RESPONSES TO DISCOVERY AND TO DEEM ADMITTED THE MATTERS SET FORTH IN THE FIRST REQUESTS FOR ADMISSIONS

**Response:**

A. The updated correspondence address given to our Service List by the Southern District Court of Florida is:

> **SERVICE LIST**
> Lan Li, et al., v. Joseph Walsh, et al.
> Case No. 9:16-cv-81871-KAM
>
> Baoping ("Effie") Liu,
> Room 1201, Building C
> Dachong Business Center, Nanshan District
> Shenzhen, 51800 P.R. China
> Effie.Liu@huameiim.com

The above address change, we have notified the court by U.S. Mail and e-mail several months ago, Gerry Matthews and his counsel still use the old Service list to send mail to our old address, of course we cannot receive it in time. It can be seen that the responsibility for delays in getting no reply or responding to requests is not with us.

B. We, 20 Pro Se EB-5 Plaintiffs, in principle, only responded to the statutory inquiries of the Florida Bankruptcy Court and the Southern District Court of Florida without a representative lawyer. We did not know each other with the representative lawyers of Mr. Gerry Matthews, so the lawyer's Email as a strange email is also buried by other spam. In the future, please communicate with us in advance by phone or mobile phone. You are also welcome to send someone to China to meet with us.

C. Due to the outbreak of the novel of coronavirus (2019 nCoV) in China, the US government has issued a ban on foreigners who have been to China in the past 14 days and are basically restricted from entering the United States.

D. In view of the above epidemic situation, many cities in China are currently in a state of public health emergency, so the population is isolated at home, and visits and interviews between people are not allowed, so it is difficult to collect relevant documents within this short time. So we ask the court to extend the deadline for the response.

E. G Matthews's Request of :
"2. A complete copy of your I-526 application.
 3. Any correspondence from the United States Government regarding your I-526 application."

**Private Placement Memorandum Summary**

FOR PALM HOUSE HOTEL, LLLP

## $39,500,000.00

| | |
|---|---|
| Securities Offered: | 79 Limited Partnership Units |
| Unit Price: | $500,000.00 |
| Offering: | $39,500,000.00 |
| Administrative Fee: | $40,000.00 |

In fact, we have submitted these documents several times before in different courts, for example, we have submitted a full set of immigration application documents, if you try to use investor's huge number of immigration application documents to identify whether we are victims is not only meaningless, but it will also lead to huge waste of legal resources and processing time. The defendant and the defendant's counsel should spend more time and energy to figure out why the funds in the escrow account are missing, and how to fulfill the project and fund managers fiduciary duty, how to find the solution as soon as possible, and It's not tangling in these trivial details.

F. *Request of* place of employment, and job title of any person.
These information has nothing to do with the case, and whether it is provided or not will not affect the trial of the case.

G. Request the total amount of damages you claim in this case
The total amount of damages is the principal of the fund Unit Price, the Administrative Fee, interest, and the opportunity cost of related losses.

H. Defendant G Matthews argues:
3.  G. Matthews never solicited any funds from you.
4. G. Matthews is not in possession of your funds or the proceed of those funds.
5. G. Matthews is not taking actions to dissipate any of your money.
6. G. Matthews has not asserted dominion and control over any of your money or property.
7. G. Matthews has not knowingly aided and abetted the commission of the fraud against you.

*8. G. Matthews did not assist in the inducement of your investment in the Palm House Hotel project by orchestrating the appearance of an actual real estate project.*

*9. G. Matthews did not know that the loan to Palm House, LLC was conditioned on the approval of your I-526 application until you filed this case against him.*

——————————————————

| | |
|---|---|
| THE GENERAL PARTNER: | South Atlantic Regional Center, LLC is the general partner of the Partnership. The initial Managers of the General Partner and summary background information regarding the Managers of the General Partner appears in the section entitled "Management Team." |
| | The General Partner shall provide overall management and supervision of the Partnership. |

As the main management member of PALM HOUSE LLC MANAGEMENT, G. Matthews is responsible for the overall management of the entire project and the supervision of the partnership. The share of the limited partnership is defined as securities by the US securities law, so the management member has the securities law Fiduciary duty for the investment of the limited partner.

I. Request "an award of attorneys' fees and costs,"

——We believe that it is normal for the communication with the parties to consume a little time. For court proceedings spanning at least 2021, it can be basically ignored. The key point is that we did not intentionally avoid the relevant requirements of the other party.

J. Request of "the name, address, telephone number, place of employment, and job title of any person"

Baoping ("Effie") Liu (by U.S. Mail and E- mail)

Effie.Liu@huameiim.com
Room 1201, Building C
Dachong Business Center,
Nanshan District,Shenzhen City
Guangdong Province
China 518057
Telephone : +86.755.82805800
Cell Phone: +86 13691802038

*On her own behalf and on behalf of Baoping Liu, Changyu Liu, Daqin Weng, Feng Guo, Li Zhang, Ling Li, Liyan Feng, Min Cui, Qingyun Yu, Ruji Li, Shaoping Huang, Shaoqing Zeng, Tingting Sun, Tonghui Luan, Ziao Sun, Xiaoping Zhang, Yawen Li, Yi Zhao, Yingjun Yang, and Zhen Yu*

Baoping Liu, Qingyun Yu, Shaoqing Zeng, Shaoping Huang, Ruji Li, Xiaoping Zhang, Ling Li, Yi Zhao, Min Cui, Daqin Weng, Liyan Feng, Yingjun Yang, Changyu Liu, Feng Guo, Tingting Sun, Zhen Yu, Xiao Sun, Yawen Li, Li Zhang, Tonghui Luan c/o Liu Baoping, Room 1201, Tower C, Dachong Business Center, Hi-Tech Park, Shenzhen, Guangdong, CHINA 518048

Courtesy copy by E-Mail on January 15, 2020 to:

Baoping ("Effie") Liu at Effie.Liu@huameiim.com

EXHIBIT-2



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  Fax (203) 773-5376
*New Haven, Connecticut 06510*  www.justice.gov/usao/ct

March 7, 2018

George G. Mowad II, Esq
83 Bank Street
Waterbury, CT 06702

Re:   United States v. Gerry Matthews
      Case No. 3:18-CR- 43(VAB)

Dear Attorney Mowad:

This letter confirms the plea agreement between your client, Gerry Matthews (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

### THE PLEA AND OFFENSE

The defendant agrees to waive his right to be indicted and to plead guilty to a single-count information charging a violation of 18 U.S.C. § 1349.

The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud as charged in the information; and

2. The defendant knew the unlawful purpose of the plan and willfully joined in it.

*March 7, 2018 letter to George G. Mowad II, Esq*
*Page 2*

### **THE PENALTIES**

#### Imprisonment

This offense carries a maximum penalty of 20 years of imprisonment.

#### Supervised Release

In addition, the Court may impose a term of supervised release of not more than 3 years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

#### Fine

This offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

#### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

#### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of the amount of restitution that may be ordered by the Court, the defendant reserves his right to move the Court to apportion restitution among this defendant and other separately charged liable defendants in a manner other than jointly and severally, pursuant to 18 U.S.C. § 3664(h). The Government agrees to respond to any such motion consistent with the facts underlying the conspiracy.

*March 7, 2018 letter to George G. Mowad II, Esq*
*Page 3*

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

### Forfeiture

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete

*March 7, 2018 letter to George G. Mowad II, Esq*
*Page 4*

and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

## Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 240 months of imprisonment, a 3-year term of supervised release, a $100 special assessment, a $250,000 fine, and restitution in any amount ordered by the Court. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

*March 7, 2018 letter to George G. Mowad II, Esq*
*Page 5*

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any

*March 7, 2018 letter to George G. Mowad II, Esq*
*Page 6*

kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his conduct underlying Count One of the Information.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

*March 7, 2018 letter to George G. Mowad II, Esq*
*Page 7*

### NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____     March 07, 2018
GERRY MATTHEWS                                    Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____     3/7/2018
GEORGE G. MOWAD II, ESQ.                   Date
Attorney for the Defendant

*March 7, 2018 letter to George G. Mowad II, Esq*
*Page 8*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court

*March 7, 2018 letter to George G. Mowad II, Esq*
*Page 9*

may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.