## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LAN LI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-81871-Civ-Marra |
| | ) | LEAD CASE |
| JOSEPH WALSH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| LAN LI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-80332-Civ-Marra |
| | ) | |
| PNC BANK N.A., and RUBEN RAMIREZ, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS REGARDING WRITTEN DISCOVERY REQUESTS TO JOSEPH J. WALSH, JR.

NOW COMES the Plaintiffs, LAN LI, WANG SHUANGYUN, ZHANG, WENHAO, SHI SHA, LOU HAO, XIANG CHUNHUA, KUANG YAOPING, ZHU BEI, DENG QIONG, ZHU QIONGFANG, GAN ZHILING, LI CUILIAN, TANG YULONG, ZHANG LILI, RAN CHEN, JUNQIANG FENG, XIANG SHU, YING TAN, XIONG TAO, WANG YUANBO, JIANG SHU, FEI YING, LI CHAOHUI, WEI RUJING, ZHOU JUEWEI, CHEN YAN, GU CHENGYU, PAN HONGRU, ZHU DONGSHENG, LI MIN, YE CHUNNING, KANG YAJUN, TANG CHEOK FAI, LI DONGSHENG, WANG XIAONAN (collectively the "Chinese Plaintiffs"), REZA SIAMAK NIA, MOHAMMADREZA SEDAGHAT, MOHAMMAD ZARGAR,  ALI ADAMPEYRA, SHAHRIAR EBRAHIMIAN (collectively the "Iranian Plaintiffs"), and HALIL ERSEVEN (the "Turkish Plaintiff"), (collectively the

1

"Represented Plaintiffs"), by and through their undersigned counsel, and pursuant to the Federal Rule of Civil Procedure ("FRCP") 37 and Local Rule 26.1(g), submits this Motion to Compel Responses to Discovery from JOSEPH J. WALSH, JR., ("Walsh Jr.").  As the basis for this motion, Represented Plaintiffs state as follows:

I.      **Introduction and Background**

As this Court is doubtlessly aware, Walsh Jr., effectively removed himself from these proceedings beginning in November of 2018, when Walsh Jr., filed his last pleading with the Court [D.E. 384].  Counsel for Walsh Jr., filed a Motion to Withdraw on May 23, 2019 [D.E. 467], and it was granted by this Court on June 10, 2019 [D.E. 469].  As of September 17, 2019, this Court had received two separate notices of undeliverable mail and declared that the Court would no longer send notices to Walsh Jr., until a new address was provided for service [D.E. 540].  No such new address has been provided to date.

On May 15, 2020, Represented Plaintiffs propounded their First Set of Interrogatories and Requests for Admission as well as their Second Set of Requests to Produce upon Walsh Jr., via email and first-class mail.  Copies of these Discovery Requests are attached hereto as Exhibit "A."  Represented Plaintiffs delivered a copy of the requests by first-class mail and also by email to the last known email address for Walsh Jr.

On May 31, 2020, Represented Plaintiffs noticed Walsh Jr.'s deposition to take place on June 12, 2020, at the offices of Represented Plaintiffs' local counsel Matthew Fornaro, located in Coral Springs, Broward County, Florida.  A copy of the Notice of Taking Deposition of Joseph J. Walsh, Jr., is attached hereto as Exhibit "B."  Represented Plaintiffs are moving separately for an order based upon Walsh Jr.'s failure to appear at his deposition.

Walsh Jr., did not appear for his duly noticed deposition on June 12, 2020.  The Certificate of Non-Appearance (the "CNA") is attached hereto as Exhibit "C."  Walsh Jr., has never received, let alone sought, a protective order for any responses to Plaintiffs' discovery requests or for his deposition.  This is the latest example of the brazen pattern of disrespectful behavior exhibited by Walsh Jr., towards this Court, these Plaintiffs, and these judicial proceedings in general.

Represented Plaintiffs have been, are, and will continue to be, prejudiced by Walsh Jr.'s failure to participate and cooperate in discovery, specifically by failing to appear for his deposition and failing to respond to Represented Plaintiffs' discovery requests.  As a direct result of Walsh Jr.'s failure to participate or cooperate in the discovery process, Represented Plaintiffs have incurred additional attorney's fees and costs, including but limited to the expense of obtaining the CNA.

## II.    **<u>Argument</u>**

### A.  **The Court Should Sanction Joseph J. Walsh, Jr., for his Failure to Answer or Respond to Written Discovery Requests**

Represented Plaintiffs served their First Set of Interrogatories and Requests for Admission in tandem with their Second Set of Requests to Produce upon Walsh Jr., on May 15, 2020 via email and first-class mail.  Responses to those requests were due to be received by Represented Plaintiffs 30 days later, on June 15, 2020.  *See* FRCP 33(b)(2) and 34(b)(2).  Notwithstanding this requirement, Represented Plaintiffs have not received a response to any of their requests.

FRCP 37(d)(1)(A)(ii) provides that this Court may, in its discretion and upon motion, order sanctions against Walsh Jr., for his failure to answer and respond to Represented Plaintiffs' Interrogatories, Requests for Admission and Requests to Produce.  Given the recent pattern of

conduct by Walsh Jr., it is apparent that Walsh Jr., has abandoned his efforts to defend this suit, and that his failure to appear at his duly-noticed deposition was willful and unexcused.

FRCP 37(d)(3) authorizes a court to impose a myriad array of sanctions against noncompliant parties who fail to answer or respond to written discovery requests, including awarding fees and costs to the movant, up to striking the noncompliant party's pleadings and entering a default judgment against them. "The extensive sanctions available to courts under Rule 37 for failure to comply with discovery…are necessary to compensate the court and parties, facilitate discovery and deter abuse of the discovery process." *Sutherland v. Mesa Air Group, Inc.*, 98-10061-CIV, 2003 WL 21402549, at *2 (S.D. Fla. June 6, 2003) (court struck answer and entered default judgment against noncompliant party).  Pro Se parties are subject to the same rules and sanctions as represented parties under FRCP 37.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

FRCP 37 does not require a court to formally issue an order compelling discovery prior to authorizing sanctions.  *See Allstate Ins. Co. v. Palterovich*, No 04-21402, 2008 WL 2741119, at *1, n.2 (S.D. Fla. 2008).  In this circumstance in particular, Plaintiffs respectfully submit that sanctions are warranted against Walsh Jr., for failure to respond to written discovery requests. As a party to this action, Walsh Jr., is obligated to participate in the discovery process, and despite being given such proper and reasonable notice as is required under FRCP 33, 34, and 36, he willfully failed to do so.  Pursuant to FRCP 37(d)(3), an order of sanctions striking his pleadings and entering a notice of default against Walsh Jr., here would be appropriate.

Prior to the imposition of a default judgment sanction against a noncompliant party under FRCP 37, courts within the Eleventh Circuit must satisfy the following test: (i) willful or bad faith noncompliance by the defendant; (ii) prejudice to the opposing party; and (iii) no adequate

lesser sanctions are available to the opposing party.  *See Malautea v. Suzuki Motor Company, Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  A finding of bad faith can be had where the noncompliant party "has made the discovery process…unnecessarily complicated and difficult." *Silver Creek Farms, LLC v. Fullington*, 16-80353-CV-MARRA/MATTHEWMAN, 2017 WL 4339650, at *5 (S.D. Fla. 2017) (noncompliant party "constantly" changed counsel, ignored court orders to participate in discovery, and did not respond to written discovery requests).  Walsh Jr.'s counsel withdrew from the case more than a year ago, and since no new counsel has appeared on his behalf, he is therefore an unrepresented Pro Se party in this proceeding.  Walsh Jr., has made no affirmation of an intention to comply with any discovery requests or orders in this matter and has insisted on continued willful noncompliance.  Represented Plaintiffs have been, are, and will continue to be, prejudiced by Walsh Jr.'s failure to participate or cooperate in the discovery process.  As a party to the proceedings, Walsh Jr., is capable of providing relevant and potentially crucial information surrounding Represented Plaintiffs' claims.  In light of an apparent disregard for proceedings before this Court, it would appear that Walsh Jr., has effectively bowed out from the action at hand.  Subsequently, at this juncture, there are no lesser adequate sanctions available.

Accordingly, Represented Plaintiffs request the imposition of sanctions against Walsh Jr., for failure to respond to written discovery requests pursuant to FRCP 37(d)(3).  Specifically, Represented Plaintiffs request sanctions of striking the pleadings of Walsh Jr., and entering a notice of default pursuant to FRCP 37(b)(2)(A)(iii) and FRCP 37(b)(2)(A)(vi).  Represented Plaintiffs request the imposition of additional sanctions against Walsh Jr., of fees and costs pursuant to FRCP 37(a)(5) and 37(d)(3).

### B.  The Court Should Deem Each Request for Admission as Admitted

In addition, pursuant to FRCP Rule 36(a)(3), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Represented Plaintiffs served their First Set of Requests for Admission upon Walsh Jr., on May 15, 2020 via email and first-class mail.  Represented Plaintiffs served these discovery requests upon Walsh Jr., at his last known address as provided to this Court.  Responses to those requests were due to be received by Represented Plaintiffs 30 days later, on June 15, 2020.  *See* FRCP 36(a)(3).  Notwithstanding this procedural requirement, Represented Plaintiffs have not received a response to any of their requests.

Walsh Jr., did not respond to this discovery request within 30 days of service nor did he request an extension of time within which to do so.  *See e.g.*, *Affonso v. Se. Fla. Transp. Grp., LLC*, No. 14-81309-CIV, 2016 WL 7507851, at *1-2 (S.D. Fla. Apr. 29, 2016) (deeming matters to have been admitted where the opposing party failed to respond or otherwise seek an extension of time to respond).

In light of his ongoing pattern of flouting the orders of this Court and this specific instance of ignoring Represented Plaintiffs duly propounded Requests for Admission, Represented Plaintiffs respectfully request that this Court deem each of the requests as admitted.

### C.  In the Alternative, the Court Should Compel Joseph J. Walsh, Jr., to Respond to the Interrogatories, Requests for Admission, and Requests to Produce

In the alternative, if the Court declines to impose sanctions under FRCP 37(d)(3) and pursuant to FRCP 36(a)(3), Represented Plaintiffs move for an entry of an order compelling Walsh Jr., to answer and respond to their Interrogatories, Requests for Admission, and Requests to Produce.  FRCP 37(a)(3)(B)(iii) – (iv) permits Represented Plaintiffs to seek an order

compelling discovery or disclosure by a noncompliant party specifically discovery or disclosure pertaining to duly propounded Interrogatories and Requests to Produce.

Represented Plaintiffs served their First Set of Interrogatories and First Set of Requests for Admission in tandem with their Second Set of Requests to Produce upon Walsh Jr., on May 15, 2020 via email and first-class mail.  Represented Plaintiffs served these discovery requests upon Walsh Jr., at his last known address as provided to, and known by, this Court.  Responses to those requests were due to be received by Represented Plaintiffs 30 days later, on June 15, 2020.  *See* FRCP 33(b)(2) and 34(b)(2).  Notwithstanding this procedural requirement, Represented Plaintiffs have not received a response to any of their requests.

In accordance with FRCP 37(a)(3)(B) any party "seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party "fails to answer an interrogatory submitted under Rule 33," or if a party "fails to produce documents or fails to respond that inspection will be permitted…as requested under Rule 34."  *See* FRCP 37(a)(3)(b)(iii) – (iv).  In the alternative, should this Court decline to impose sanctions against Walsh Jr., Represented Plaintiffs respectfully request that this Court, in its discretion, issue an order compelling Walsh Jr., to respond to Plaintiffs' First Set of Interrogatories and Requests for Admission and Second Set of Requests to Produce.

**III.**      <u>**Conclusion**</u>

Accordingly, Represented Plaintiffs respectfully request that this Court enter an order for the following relief: (a) imposing sanctions on Joseph J. Walsh, Jr., in the form of striking his pleadings to permit entry of default, along with fees and costs incurred in bringing this motion; (b) an order granting Represented Plaintiffs their reasonable attorney's fees and costs for bringing this motion pursuant to FRCP 37(a)(5); (c) an order deeming each Request as set forth

in Represented Plaintiffs' First Set of Requests for Admission to be admitted pursuant to FRCP

36(a)(3); (d) an order compelling Joseph J. Walsh, Jr., to respond to Represented Plaintiffs' First

Set of Interrogatories and Requests for Admission and Second Set of Requests to Produce

pursuant to FRCP 37(a)(3)(B); and (e) any other and such further relief as the Court finds just

and proper.

## LOCAL RULE 7.1(a)(3) AND FRCP 37(a)(1) AND 37(d)(1)(B) GOOD FAITH CONFERENCE

Counsel for Represented Plaintiffs hereby certifies that they have attempted to confer

with all parties and/or non-parties who may be affected by the relief sought in this motion in a

good faith effort to resolve by agreement (without court action) the issues raised in this motion

and have been unable to do so.


Dated: New York, New York
      June 19, 2020

              By: /s/ Katherine Burghardt Kramer
              Dai & Associates, P.C.
              Katherine Burghardt Kramer, Esq.
              RongPing Wu, Esq.
              Joshua D. Levin-Epstein, Esq.
              (*Pro Hac Vice*)
              1500 Broadway, 22nd Floor
              New York, NY 10036
              Tel. No.: (212) 730-8880
              Email: kkramer@daiassociates.com
              *Attorneys for Represented Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 19, 2020, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via e-mail or U.S. Mail.

> By: /s/ Katherine Burghardt Kramer
> DAI & ASSOCIATES, P.C.
> Katherine Burghardt Kramer, Esq.
> (*Pro Hac Vice*)
> 1500 Broadway; 22nd Floor
> New York, NY 10036
> Tel. No.: (212) 730-8880
> Email: kkramer@daiassociates.com
> *Attorneys for Represented Plaintiffs*

**SERVICE LIST**

**Lan Li, et al., v. Joseph Walsh, et al.**

**Case No. 9:16-cv-81871-KAM**

| | |
|---|---|
| Matthew Fornaro<br>Matthew Fornaro, P.A.<br>11555 Heron Bay Blvd; Ste. 200<br>Coral Springs, FL 33076<br>Tel: (954) 324-3651<br>Email: mfornaro@fornarolegal.com | Larry A. Zink, Esq.<br>Zink, Zink & Zink Co., L.P.A.<br>Florida Office:<br>1198 Hillsboro Mile – Suite 244<br>Hillsboro Beach, FL 33062<br>Ohio Office:<br>3711 Whipple Avenue, N.W.<br>Canton, OH 44718-2933<br>Email:  zinklaw3711@yahoo.com<br>*Attorney for KK-PB Financial, LLC* |
| Gregory R. Elder, Esq.<br>Law Offices of Gregory R. Elder, LLC<br>108 SE 8th Avenue, Suite 114<br>Fort Lauderdale, FL 33301<br>Email:  gelderlaw@gmail.com<br><br><br>*Attorney for Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.* | Adam T. Rabin, Esq.<br>Robert C. Glass, Esq.<br>McCabe Rabin, P.A.<br>1601 Forum Place, Suite 201<br>West Palm Beach, FL 33401<br>Email:  arabin@mccaberabin.com<br>rglass@mccaberabin.com<br>e-filing@mccaberabin.com<br><br>*Attorney for Gerry Matthews* |

9

| | |
|---|---|
| Christopher W. Kammerer, Esq.<br>Kammerer Mariani PLLC<br>1601 Form Place, Suite 500<br>West Palm Beach, FL 33401<br>Email: ckammerer@kammerermariani.com<br><br>*Attorneys for Robert Matthews, Maria Matthews, Bonaventure 22, LLC, Mirabia LLC, Alibi, LLC, Palm House, LLC, 160 Royal Palm, LLC, and Palm House PB, LLC* | Philip Joseph Landau, Esq.<br>Shraiberg, Landau & Page, P.A.<br>2385 NW Executive Center Drive, Suite 300<br>Boca Raton, Florida 33431<br>Email: plandau@slp.law |
| | Baoping ("Effie") Liu,<br>Room 1201, Building C<br>Dachong Business Center, Nanshan District<br>Shenzhen, 51800 P.R. China<br>Effie.Liu@huameiim.com |
| Mandel & Mandel LLP<br>Alfred I. DuPont Building<br>169 East Flagler Street, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 374-7771<br>Fax: (305) 374-7776<br>Email: nsm@mandel.law<br><br><br>*Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* | Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>Tel: (215) 864-8838<br>Fax: (215) 864-8999<br>Email: karetnicka@ballardspahr.com<br>hardyp@ballardspahr.com<br>Aliza Karetnick, Esq.<br>Nicholas Kato, Esq.<br>Peter Hardy, Esq. (admitted *pro hac vice*)<br>Mary Treanor, Esq. (admitted *pro hac vice*)<br>Juliana Carter, Esq. (admitted *pro hac vice*)<br>*Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* |
| Joseph Walsh, Sr.<br>9200 Belvedere Road, Suite 202<br>Royal Palm Beach, Florida 33411<br>Email: joedirect@gmail.com | Joseph Walsh, Jr.<br>9200 Belvedere Road, Suite 202<br>Royal Palm Beach, Florida 33411<br>Email: jwalshjr@gmail.com |