UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LAN LI, *et al.*,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>JOSEPH WALSH, *et al.*,  )<br>  )<br>Defendants.  )<br>_____) | Civil Action No. 16-81871-Civ-Marra<br>**LEAD CASE** |
| LAN LI, *et al.*,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>PNC BANK N.A., and RUBEN RAMIREZ,  )<br>  )<br>Defendants.  )<br>_____) | Civil Action No. 19-80332-Civ-Marra |

**PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS REGARDING
<u>DEPOSITION OF JOSEPH J. WALSH, SR.</u>**

NOW COMES the Plaintiffs, LAN LI, WANG SHUANGYUN, ZHANG, WENHAO, SHI SHA, LOU HAO, XIANG CHUNHUA, KUANG YAOPING, ZHU BEI, DENG QIONG, ZHU QIONGFANG, GAN ZHILING, LI CUILIAN, TANG YULONG, ZHANG LILI, RAN CHEN, JUNQIANG FENG, XIANG SHU, YING TAN, XIONG TAO, WANG YUANBO, JIANG SHU, FEI YING, LI CHAOHUI, WEI RUJING, ZHOU JUEWEI, CHEN YAN, GU CHENGYU, PAN HONGRU, ZHU DONGSHENG, LI MIN, YE CHUNNING, KANG YAJUN, TANG CHEOK FAI, LI DONGSHENG, WANG XIAONAN (collectively the "Chinese Plaintiffs"), REZA SIAMAK NIA, MOHAMMADREZA SEDAGHAT, MOHAMMAD ZARGAR, ALI ADAMPEYRA, SHAHRIAR EBRAHIMIAN (collectively the "Iranian Plaintiffs"), and HALIL ERSEVEN (the "Turkish Plaintiff"), (collectively the

1

"Represented Plaintiffs"), by and through their undersigned counsel, and pursuant to the Federal Rule of Civil Procedure ("FRCP") 37 and Local Rule 26.1, submits this Motion to Compel the Deposition of JOSEPH J. WALSH, SR., ("Walsh").  In support of this motion, Represented Plaintiffs state the following:

**I.        Introduction and Background**

As this Court is undoubtedly aware, Walsh effectively removed himself from these proceedings beginning in November of 2018, when Walsh filed his last pleading with the Court [D.E. 383].  Counsel for Walsh filed a Motion to Withdraw on May 23, 2019 [D.E. 467], and it was granted by this Court on June 10, 2019 [D.E. 469].  As of September 17, 2019, this Court had received two separate notices of undeliverable mail and declared that the Court would no longer send notices to Walsh until a new address was provided for service [D.E. 540].  No such new address has been provided to date.

Represented Plaintiffs previously filed a Motion to Compel Walsh to Participate in Discovery on October 3, 2019, after he failed to appear for his first duly noticed deposition, which was originally scheduled for August 8, 2019 [D.E. 544].  On October 28, 2019, this Court partially granted the Motion and ordered Walsh to appear for his deposition, rescheduled for November 10, 2019, and comply with Represented Plaintiffs' discovery requests [D.E. 559].  Walsh ignored the order of this Court and did not appear for his second duly noticed deposition.  On April 22, 2020, Represented Plaintiffs moved for sanctions against Walsh for failure to appear, in the form of striking his pleadings and an entry of default.  [D.E. 622].  On May 12, 2020, the Court denied that motion but entered an order for attorney's fees.  [D.E. 632].  Walsh has failed to satisfy the attorney's fees order entered by the Court.

On May 31, 2020, Represented Plaintiffs noticed Walsh's deposition to take place on June 11, 2020, at the offices of Represented Plaintiffs' local counsel Matthew Fornaro, located in Coral Springs, Broward County, Florida. A copy of the Notice of Taking Deposition of Joseph J. Walsh, Sr., is attached hereto as Exhibit "A." In addition, Represented Plaintiffs sent a copy of the deposition notice to the last known email address for Walsh. A copy of that email is attached hereto as Exhibit "B." Walsh did not appear for his <u>third</u> duly noticed deposition on June 11, 2020. The Certificate of Non-Appearance (the "CNA") is attached hereto as Exhibit "C."

Walsh has never received, let alone sought, a protective order for any responses to Represented Plaintiffs' discovery requests or for his depositions. This act of noncompliance is the latest example of the brazen pattern of behavior exhibited by Walsh towards this Court, these Plaintiffs, and the judicial proceedings in general. Represented Plaintiffs have been, are, and will continue to be, prejudiced by Walsh's repeated refusal to participate and cooperate in discovery, specifically by failing on three separate occasions to appear for his deposition. As a direct result of Walsh's latest failure to participate or cooperate in the discovery process, Represented Plaintiffs have incurred additional attorney's fees and costs, including but limited to the expense of obtaining the latest CNA.

**II.     Argument**

    **A. The Court Should Sanction Joseph J. Walsh, Sr., for his Failure to Appear for Deposition**

Represented Plaintiffs served their Notice of Deposition upon Walsh via email on May 20, 2020 and certified mail return receipt on May 31, 2020. In line with the Court's September 17, 2019 minute entry, Represented Plaintiffs used the only mailing address currently on file with the Court [D.E. 540]. In addition, Represented Plaintiffs delivered a copy of the deposition notice by email. (Exhibit C). This now stands as the third deposition that Walsh has failed to

appear for after being duly served with notice. Moreover, the second duly-noticed deposition was ordered by this Court. *See* DE 559.

FRCP 37(d)(1) provides that this Court may, in its discretion and upon motion, impose sanctions against Walsh for his repeated failures to appear at his own deposition after being duly served with proper notice. Given the recent pattern of conduct by Walsh, it is beyond apparent that Walsh has abandoned his efforts to defend this suit, and that his failure to appear at his third duly-noticed deposition was willful and unexcused.

A "party desiring to take the deposition within the State of Florida of any person upon oral examination must give at least seven (7) days' notice in writing to every other party to the action and to the deponent (if the deposition is not of a party)." Local Rule 26.1(h). Represented Plaintiffs complied with this requirement for both methods of service chosen, email and certified mail return receipt.

FRCP 37 authorizes a court to enter a myriad array of sanctions against noncompliant parties who fail to appear for their own depositions, including awarding fees and costs to the movant, up to striking the noncompliant party's pleadings and entering a default judgment against them. "The extensive sanctions available to courts under Rule 37 for failure to comply with discovery orders are necessary to compensate the court and parties, facilitate discovery and deter abuse of the discovery process." *Sutherland v. Mesa Air Group, Inc.*, 98-10061-CIV, 2003 WL 21402549, at *2 (S.D. Fla. June 6, 2003) (court struck answer and entered default judgment against noncompliant party). Pro Se parties are subject to the same rules and sanctions as represented parties under FRCP 37. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

FRCP 37 does not require a court to formally issue an order compelling discovery prior to authorizing sanctions. *See Allstate Ins. Co. v. Palterovich*, No. 04-21402, 2008 WL 2741119,

4

at *1, n.2 (S.D. Fla. 2008).  In this circumstance in particular, Represented Plaintiffs respectfully submit that sanctions are warranted against Walsh for failure to appear at his <u>third</u> duly noticed deposition.  As a party to this action, Walsh is obligated to appear for his deposition, and despite being given such proper and reasonable notice as is required under FRCP 37 and Local Rule 26.1(h), he has repeatedly refused to do so.  Pursuant to FRCP 37(d)(3), an order of sanctions striking his pleadings and entering a notice of default against Walsh would be appropriate here.

Prior to the imposition of a default judgment sanction against a noncompliant party under FRCP 37, courts within the Eleventh Circuit must satisfy the following test: (i) willful or bad faith noncompliance by the defendant; (ii) prejudice to the opposing party; and (iii) no adequate lesser sanctions are available to the opposing party.  *See Malautea v. Suzuki Motor Company, Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  A finding of bad faith can be had where the noncompliant party "has made the discovery process…unnecessarily complicated and difficult." *Silver Creek Farms, LLC v. Fullington*, 16-80353-CV-MARRA/MATTHEWMAN, 2017 WL 4339650, at *5 (S.D. Fla. 2017) (noncompliant party "constantly" changed counsel, ignored court orders to participate in discovery, and did not respond to written discovery requests). Walsh's counsel withdrew from the case more than a year ago, and since no new counsel has appeared on his behalf, he is therefore an unrepresented Pro Se party in this proceeding.  Walsh has made no affirmation of an intention to comply with any discovery requests or orders in this matter and has insisted on a pattern of continued willful noncompliance.  Indeed, Walsh has gone so far as to ignore an order of this Court directing him to appear for a deposition after Plaintiffs had filed a motion to compel.  Represented Plaintiffs have been, are, and will continue to be, prejudiced by Walsh's failure to participate or cooperate in the discovery process.  Although the Court ordered payment of attorney's fees [D.E. 632] for Walsh's failure to appear at his prior

5

deposition, Walsh has disregarded that order and has failed to satisfy the payment obligation. As a party to the proceedings, Walsh is capable of providing relevant and potentially crucial information surrounding Represented Plaintiffs' claims. In light of an apparent disregard for proceedings before this Court, it would appear that Walsh has effectively bowed out from the action at hand. Subsequently, at this juncture, there are no lesser adequate sanctions available.

Accordingly, Represented Plaintiffs request the imposition of sanctions against Walsh for failure to appear at his deposition pursuant to FRCP 37(d)(3). Specifically, Represented Plaintiffs request sanctions of striking the pleadings of Walsh and entering a notice of default pursuant to FRCP 37(b)(2)(A)(iii) and FRCP 37(b)(2)(A)(vi). Represented Plaintiffs request the imposition of additional sanctions against Walsh of fees and costs pursuant to FRCP 37(a)(5) and 37(d)(3).

**B. In the Alternative, if the Court Declines to Impose Sanctions, Plaintiffs Request an Order Compelling Walsh To Appear for a Deposition at a Date in the Near Future**

In the alternative, if the Court declines to impose sanctions under FRCP 37(d)(3), Plaintiffs move for entry of an order compelling Walsh to appear at a deposition on a specified date in the near future. FRCP 37(a)(3)(C) permits Represented Plaintiffs to seek an order compelling discovery or disclosure related to a deposition. As a party to this litigation, and in light of his refusal to appear, Walsh can be ordered by the Court to appear for a duly rescheduled and noticed deposition.

Represented Plaintiffs served the Notice of Deposition upon Walsh via email on May 20, 2020 and certified mail return receipt on May 31, 2020. In line with the Court's September 17, 2019 minute entry, Represented Plaintiffs used the only mailing address currently on file with the Court [D.E. 540]. Despite being properly noticed of his deposition via the only avenues

known to this Court and Represented Plaintiffs, Walsh refused to appear. Consequently, Represented Plaintiffs are forced to seek assistance from this Court, in the alternative, in the form of an order compelling Walsh's attendance at his deposition, to be scheduled in accordance with Local Rule 26.1(h), seven (7) days from the date of the order.

**III.       Conclusion**

Accordingly, Represented Plaintiffs respectfully request that this Court enter an order: (a) imposing sanctions on Joseph J. Walsh, Sr., in the form of striking his pleadings to permit entry of default, along with an award of fees and costs incurred in bringing this motion; or (b) compelling Joseph J. Walsh, Sr., to appear for his deposition at the offices of local counsel Matthew Fornaro in Coral Springs, Broward County, Florida within seven (7) days of the order; and (c) any other and such further relief as this Court finds just and proper.

**LOCAL RULE 7.1(a)(3) AND FRCP 26(c)(1) GOOD FAITH CONFERENCE**

Counsel for Represented Plaintiffs hereby certifies that they have attempted to confer with all parties and/or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve by agreement (without court action) the issues raised in this motion and have been unable to do so.

Dated: New York, New York
June 19, 2020

By: /s/ Katherine Burghardt Kramer
Dai & Associates, P.C.
Katherine Burghardt Kramer, Esq.
RongPing Wu, Esq.
Joshua D. Levin-Epstein, Esq.
(*Pro Hac Vice*)
1500 Broadway, 22nd Floor
New York, NY 10036
Tel. No.: (212) 730-8880
Email: kkramer@daiassociates.com
*Attorneys for Represented Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2020, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via e-mail or U.S. Mail.

By: /s/ Katherine Burghardt Kramer
DAI & ASSOCIATES, P.C.
Katherine Burghardt Kramer, Esq.
(*Pro Hac Vice*)
1500 Broadway; 22nd Floor
New York, NY 10036
Tel. No.: (212) 730-8880
Email: kkramer@daiassociates.com
*Attorneys for Represented Plaintiffs*

## SERVICE LIST

**Lan Li, et al., v. Joseph Walsh, et al.**

**Case No. 9:16-cv-81871-KAM**

| | |
|---|---|
| Matthew Fornaro<br>Matthew Fornaro, P.A.<br>11555 Heron Bay Blvd; Ste. 200<br>Coral Springs, FL 33076<br>Tel: (954) 324-3651<br>Email: mfornaro@fornarolegal.com | Larry A. Zink, Esq.<br>Zink, Zink & Zink Co., L.P.A.<br>Florida Office:<br>1198 Hillsboro Mile – Suite 244<br>Hillsboro Beach, FL 33062<br>Ohio Office:<br>3711 Whipple Avenue, N.W.<br>Canton, OH 44718-2933<br>Email: zinklaw3711@yahoo.com<br>*Attorney for KK-PB Financial, LLC* |
| Gregory R. Elder, Esq.<br>Law Offices of Gregory R. Elder, LLC<br>108 SE 8th Avenue, Suite 114<br>Fort Lauderdale, FL 33301<br>Email: gelderlaw@gmail.com<br><br>*Attorney for Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.* | Adam T. Rabin, Esq.<br>Robert C. Glass, Esq.<br>McCabe Rabin, P.A.<br>1601 Forum Place, Suite 201<br>West Palm Beach, FL 33401<br>Email: arabin@mccaberabin.com<br>rglass@mccaberabin.com<br>e-filing@mccaberabin.com<br><br>*Attorney for Gerry Matthews* |

| | |
|---|---|
| Christopher W. Kammerer, Esq.<br>Kammerer Mariani PLLC<br>1601 Form Place, Suite 500<br>West Palm Beach, FL 33401<br>Email: ckammerer@kammerermariani.com<br><br>*Attorneys for Robert Matthews, Maria Matthews, Bonaventure 22, LLC, Mirabia LLC, Alibi, LLC, Palm House, LLC, 160 Royal Palm, LLC, and Palm House PB, LLC* | Philip Joseph Landau, Esq.<br>Shraiberg, Landau & Page, P.A.<br>2385 NW Executive Center Drive, Suite 300<br>Boca Raton, Florida 33431<br>Email: plandau@slp.law |
| | Baoping ("Effie") Liu,<br>Room 1201, Building C<br>Dachong Business Center, Nanshan District<br>Shenzhen, 51800 P.R. China<br>Effie.Liu@huameiim.com |
| Mandel & Mandel LLP<br>Alfred I. DuPont Building<br>169 East Flagler Street, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 374-7771<br>Fax: (305) 374-7776<br>Email: nsm@mandel.law<br><br>*Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* | Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>Tel: (215) 864-8838<br>Fax: (215) 864-8999<br>Email: karetnicka@ballardspahr.com<br>hardyp@ballardspahr.com<br>Aliza Karetnick, Esq.<br>Nicholas Kato, Esq.<br>Peter Hardy, Esq. (admitted *pro hac vice*)<br>Mary Treanor, Esq. (admitted *pro hac vice*)<br>Juliana Carter, Esq. (admitted *pro hac vice*)<br>*Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* |
| Joseph Walsh, Sr.<br>9200 Belvedere Road, Suite 202<br>Royal Palm Beach, Florida 33411<br>Email: joedirect@gmail.com | Joseph Walsh, Jr.<br>9200 Belvedere Road, Suite 202<br>Royal Palm Beach, Florida 33411<br>Email: jwalshjr@gmail.com |