# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| LAN LI, *et al.*, | ) | |
| | ) | **Civil Action No. 16-81871-Civ-Marra** |
| Plaintiffs, | ) | **LEAD CASE** |
| | ) | |
| v. | ) | |
| | ) | |
| WALSH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————— | ) | |
| | ) | |
| LAN LI, *et al.*, | ) | |
| | ) | |
| | ) | **Civil Action No. 19-80332** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PNC BANK, N.A., and | ) | |
| RUBEN RAMIREZ, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————— | ) | |

## PLAINTIFFS' OMNIBUS FIRST SET OF INTERROGATORIES TO JOSEPH J. WALSH, SR.

Plaintiffs, LAN LI, WANG SHUANGYUN, ZHANG, WENHAO, SHI SHA, LOU HAO, XIANG CHUNHUA, KUANG YAOPING, ZHU BEI, DENG QIONG, ZHU QIONGFANG, GAN ZHILING, LI CUILIAN, TANG YULONG, ZHANG LILI, RAN CHEN, JUNQIANG FENG, XIANG SHU, YING TAN, XIONG TAO, WANG YUANBO, JIANG SHU, FEI YING, LI CHAOHUI, WEI RUJING, ZHOU JUEWEI, CHEN YAN, GU CHENGYU, PAN HONGRU, ZHU DONGSHENG, LI MIN, YE CHUNNING, KANG YAJUN, TANG CHEOK FAI, LI DONGSHENG, WANG XIAONAN (collectively the "Chinese Plaintiffs"), REZA SIAMAK NIA, SHARIAR EBRAHIMIAN, MOHAMMADREZA SEDAGHAT, MOHAMMAD ZARGAR, ALI ADAMPEYRA (collectively the "Iranian

1

Plaintiffs"), and HALIL ERSEVEN (the "Turkish Plaintiff") (collectively, the Chinese Plaintiffs, the Iranian Plaintiffs, and the Turkish Plaintiff, the "Represented Plaintiffs"), by and through their undersigned counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, hereby request that Defendant JOSEPH J. WALSH, SR., respond to the following Interrogatories within thirty (30) days of service, in accordance with the Definitions and Instructions below.

## DEFINITIONS

The words and phrases used in these Interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida. In addition, the following terms shall have the meanings set forth below:

1.      "Account" and "Accounts" are used in the broadest possible sense, and mean every conceivable account, including, but not limited to, each and every attorney-at-law, escrow, special, restricted, attorney trust, fiduciary, trust, checking, saving, interest checking, money market, and/or other account.

2.      "Complaint" refers to the operative complaint filed by Plaintiffs in this Action.

3.      "Communication," "Communicate," and "Communicated" are used in the broadest possible sense, and mean every conceivable manner or means of disclosure, transfer, or exchange of information (including electronic information) between one or more persons or entities.

4.      "Concerning" is used in the broadest possible sense and means, in whole or in part, "analyzing," "comprising," "construing," "containing," "dealing with," "defining,"

"describing," "discussing," "embodying," "evidencing," "identifying," "pertaining to,"

"referencing," "relating to," "stating," "supporting," or "prepared as a result of."

5.     "Control" refers to the power to influence to direct people's behavior or the

course of events.

6.     "Defendants" shall refer to, both individually and collectively, all current and

previously dismissed named defendants in the matters of *Li, et al v. Walsh, et al* 16-cv-81871-

KAM and *Li, et al v. PNC Bank N.A., et al* 19-cv-80332-KAM.

7.     "Document" has the same meaning as that in Rule 34 of the Federal Rules of

Civil Procedure, and thus is used in the broadest, most comprehensive sense. It refers to the

original and each and every non-identical copy of all writings of every kind, including but not

limited to: letters; memoranda; reports; summaries; e-mails and electronically stored information

and metadata; opinions of consultants; diagrams; marginal comments appearing on any

documents; accounts; studies; lists of persons attending meetings or conferences; minutes of

meetings; written statements; recorded statements; contracts; agreements; notes; expense

records; sales records; analyses; financial projections; work papers; work orders; work sheets;

diaries; calendars; lists; catalogs; surveys; drawings; photographs; mechanical or electronic

recordings in any form; records, transcripts, or memoranda of conversations or interviews;

calculations; computations; spreadsheets; specifications; advertisements; web pages; brochures;

bulletins; circulars; trade letters; press releases; prints; positive or negative films; slides;

presentations; magnetic, electronic, or video tapes; computer files; computer print-outs; and all

other identifiable objects upon which any inscription, handwriting, typing, printing, or

representation by any means, whether magnetic, electronic, photo static, or any other form of

communication, is recorded, reproduced, perpetuated, maintained, or preserved; and any and all containers, boxes, or other receptacles or repositories housing or containing such "documents."

8.      "EB-5 program" refers to the Congressionally-approved immigration program administered by the United States Citizenship and Immigration Services ("USCIS") wherein potential immigrant investors can receive permanent residency status within the United States should their investments meet certain requirements, such as the creation of ten (10) qualified jobs.

9.      "Escrow" is defined as a legal document or property delivered by a promisor to a third party to be held by the third party for a given amount of time or until the occurrence of a condition, at which time the third party is to hand over the document or property to the promise.

10.      "Identify," with respect to a natural person, means state that person's full name, last known address, home, mobile, and business telephone numbers, and present business affiliation. When the terms "identify," "identity," or "identification" are used in reference to a person other than a natural person, describe the nature of such person (that is, whether it is a corporation, partnership, etc., under the definition of "person" below), and to state that entity's last known address, telephone number, and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only. "Identify," with respect to documents, means give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s), and recipient(s).

11.      "Including" means "including but not limited to."

12.      "Relevant period" shall be interpreted as referring to the time period beginning on January 1, 2010 and concluding with the present day.

13. "Palm House Hotel Project" refers to the real estate investment project as set forth in the Complaint.

14. "Person" refers to all individuals and entities, including any business or governmental entity or association.

15. "PNC" refers to Defendant PNC Bank N.A., including, without limitation, PNC's employees, agents, consultants, accountants and lawyers, and all other persons who are acting or who have acted on behalf or, or who are or have been subject to the direction or control of PNC.

16. "Ramirez" or "Ruben" refer to defendant Ruben Ramirez.

17. "State," "describe," or "explain in detail" shall mean to set forth fully and in detail all factual information and/or data that are in any way related to the subject matter of the particular request seeking such statement or description.

18. "Walsh," or "Joseph Walsh" shall refer solely to the Defendant Joseph J. Walsh, Sr.

19. "Walsh entities" shall refer to, separately and collectively, South Atlantic Regional Center, LLC. ("SARC"), United States Regional Economic Development Authority, LLC. ("USREDA"), EB-5 Petition, LLC., JJW Consultancy, Ltd. ("JJW"), and Palm House Hotel, LLLP.

20. "Wire redemption" refers to the electronic transfer of monies from one person or entity to another, either from one bank account to another or through a transfer of cash at a cash office.

21. "You" or "Your" refer to the defendant Joseph J. Walsh, Sr., as well as any person answering these Interrogatories on their behalf.

22. The singular includes the plural and the plural includes the singular.

## <u>INSTRUCTIONS</u>

1.      YOU shall answer Plaintiffs' First Set of Interrogatories to Defendant Joseph Walsh, Sr., under oath.

2.      If YOU maintain that any information responsive to these Interrogatories is protected by a privilege, identify the factual and legal bases for YOUR claim of privilege.

3.      If YOU are unable to respond fully to any Interrogatory, respond to the extent possible and specify the reasons for YOUR inability to respond in full.

4.      Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in YOUR possession, custody or control, or in the possession, custody or control of YOUR staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of YOUR proprietary knowledge, information or documents.

5.      If YOU deny knowledge or information sufficient to answer any Interrogatory or any part thereof, state the name and address of each person, if any, known or believed to have such knowledge.

6.      YOUR duty to respond to these Interrogatories shall be deemed continuing until the time of trial in accordance with Federal Rule of Civil Procedure 26(e).  Pursuant to Fed. R. Civ. P. 26(e), YOU are under a duty seasonably to amend any answer to these Interrogatories for which YOU learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

7.      All information in YOUR knowledge, possession, custody or control shall be provided.

8.      Unless otherwise indicated, YOU shall respond to these Interrogatories by listing all Documents referred to in formulating YOUR response. Where only a portion of a Document relates or refers to the subject indicated, the entire document, along with all attachments, appendices and/or exhibits, shall be noted in YOUR response. If any Interrogatory is answered by a reference to Documents, compilations, abstracts and/or other records, attach same as exhibits to YOUR responses to these Interrogatories.

9.      Unless otherwise indicated, these requests shall pertain to the time period from January 1, 2010 through and including the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

## INTERROGATORIES

**Interrogatory No. 1.**  Identify each person who assisted You in the preparation of responses to these Interrogatories, and include in Your response a list of the Interrogatories he or she assisted with and the nature of the assistance (including any information) provided.

**RESPONSE**:


**Interrogatory No. 2.**  Describe Your understanding of the EB-5 program, including when and how You first became aware of the EB-5 program, the basis for Your understanding of the EB-5 program, the nature of Your understanding, and whether the nature of Your understanding has changed over time, and if so, how and why.

**RESPONSE**:


**Interrogatory No. 3.**  Identify each and all business entities that YOU created, managed, operated, held any interest in, or otherwise controlled that were in any way involved with the EB5 program generally and/or the Palm House Project specifically.

**RESPONSE**:

**Interrogatory No. 4.**  Identify and describe all of the presentations, investment seminars, formal meetings, and informal meetings that you conducted regarding the Palm House EB-5 Project with potential investors, including when, where, what documents or information you presented, and who else was with you.

**RESPONSE**:

**Interrogatory No. 5.**  Identify all false statements that You made to the Represented Plaintiffs regarding the Palm House Project, whether known at the time to be false or later learned to be false.

**RESPONSE**:


**Interrogatory No. 6.**  Identify any business entity in which You hold an interest, either directly or indirectly, and describe Your interest in the business entity.

**RESPONSE**:


**Interrogatory No. 7.**  Identify all documents sufficient to demonstrate the corporate and/or internal structure of each and all business entities identified in Your answers to Interrogatory 3 above during the relevant period, including but not limited to any organizational charts or graphic representations setting forth the name(s) of the individual(s) holding each such position.

**RESPONSE**:


**Interrogatory No. 8.**  Identify all bank accounts at PNC Bank between January 1, 2011 and the present that were owned by, held by, controlled by, or concerning any Palm House Defendant, Walsh entity, or entity otherwise identified in Your answer to Interrogatory 3 above, including bank account name(s), account title, all other identifying information, last four digits of the account numbers, who controlled the account, and the date the account was opened and the date the account was closed.

**RESPONSE**:


**Interrogatory No. 9.**  Identify all bank accounts held at any bank other than PNC between January 1, 2010 and the present that were owned by, held by, controlled by, or concerning any Palm House Defendant, Walsh entity, or entity otherwise identified in Your answer to Interrogatory 3 above, including bank account name(s), account title, all other identifying information, last four digits of the account numbers, and the date the account was opened and the date the account was closed.

**RESPONSE**:

**Interrogatory No. 10.**  Identify any real property in which You hold or have held an interest from 2010 to the present, either directly or indirectly, and describe Your interest in the property.

**RESPONSE**:


**Interrogatory No. 11.**  For any real property identified above in which You no longer hold an interest, identify when and to whom You transferred Your interest in the property, and describe the value received in return.

**RESPONSE**:


**Interrogatory No. 12.**  Identify and describe any facts supporting each of Your affirmative defenses asserted in Your Answer to Plaintiffs' Third Amended Complaint, including, without limitation, your assertion that (a) "Plaintiffs and/or their paid designated representatives participated in acts that Plaintiffs now allege were fraudulent or wrongful" so as to preclude relief; (b) "Plaintiffs are equitably estopped from alleging conversion or civil theft, or have consented to the release of such funds from escrow"; (c) Plaintiff's' claims are barred by "the doctrine of unclean hands"; (d) Any misrepresentations were "forward looking," and "immaterial to investors' decisions"; (e) Plaintiffs' securities fraud claims are barred in whole or in part by the "bespeaks caution" doctrine or the safe harbor provisions of the PSLRA; (f) To the extent that Plaintiffs' breach of fiduciary duty claims alleges that WALSH acted negligently, any damages awarded should be reduced proportionately by the Plaintiffs' own comparative negligence, including the negligence of their paid designated representatives; and (g) Plaintiffs' equitable claims are barred by "the doctrine of laches."

**RESPONSE**:


Dated:  New York, New York
      May 15, 2020

By: _____

DAI & ASSOCIATES, P.C.
Katherine Burghardt Kramer, Esq. (pro hac vice)
Joshua D. Levin-Epstein, Esq. (pro hac vice)
Rongping Wu, Esq. (pro hac vice)
1500 Broadway, 22nd Floor
New York, NY 10036
Tel. No.: (212) 730-8880
Email: kkramer@daiassociates.com
*Attorneys for Represented Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2020, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via e-mail or U.S. Mail.

By: /s/ Katherine Burghardt Kramer
DAI & ASSOCIATES, P.C.
Katherine Burghardt Kramer, Esq.
(*Pro Hac Vice*)
1500 Broadway; 22nd Floor
New York, NY 10036
Tel. No.: (212) 730-8880
Email: kkramer@daiassociates.com
*Attorneys for Represented Plaintiffs*

## SERVICE LIST

**Lan Li, et al., v. Joseph Walsh, et al.**

**Case No. 9:16-cv-81871-KAM**

| | |
|---|---|
| Matthew Fornaro<br>Matthew Fornaro, P.A.<br>11555 Heron Bay Blvd; Ste. 200<br>Coral Springs, FL 33076<br>Tel: (954) 324-3651<br>Email: mfornaro@fornarolegal.com | Larry A. Zink, Esq.<br>Zink, Zink & Zink Co., L.P.A.<br>Florida Office:<br>1198 Hillsboro Mile – Suite 244<br>Hillsboro Beach, FL 33062<br>Ohio Office:<br>3711 Whipple Avenue, N.W.<br>Canton, OH 44718-2933<br>Email:  zinklaw3711@yahoo.com<br>*Attorney for KK-PB Financial, LLC* |
| Gregory R. Elder, Esq.<br>Law Offices of Gregory R. Elder, LLC<br>108 SE 8th Avenue, Suite 114<br>Fort Lauderdale, FL 33301<br>Email:  gelderlaw@gmail.com<br>*Attorney for Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.* | Adam T. Rabin, Esq.<br>Robert C. Glass, Esq.<br>McCabe Rabin, P.A.<br>1601 Forum Place, Suite 201<br>West Palm Beach, FL 33401<br>Email:  arabin@mccaberabin.com<br>rglass@mccaberabin.com<br>e-filing@mccaberabin.com<br>*Attorney for Gerry Matthews* |

| | |
|---|---|
| Christopher W. Kammerer, Esq.<br>Kammerer Mariani PLLC<br>1601 Form Place, Suite 500<br>West Palm Beach, FL 33401<br>Email: ckammerer@kammerermariani.com<br>*Attorneys for Robert Matthews, Maria Matthews, Bonaventure 22, LLC, Mirabia LLC, Alibi, LLC, Palm House, LLC, 160 Royal Palm, LLC, and Palm House PB, LLC* | Philip Joseph Landau, Esq.<br>Shraiberg, Landau & Page, P.A.<br>2385 NW Executive Center Drive, Suite 300<br>Boca Raton, Florida 33431<br>Email: plandau@slp.law |
| Alaina R. Fotiu-Wokjtowicz, Esq.<br>Brodksy Fotiu-Wojtowicz, PLLC<br>200 SE 1st Street, Suite 400<br>Miami, Florida 33131<br>Email: alaina@bfwlegal.com<br>docketing@bfwlegal.com<br>*Attorney for Herischi & Associates LLC* | Baoping ("Effie") Liu,<br>Room 1201, Building C<br>Dachong Business Center, Nanshan District<br>Shenzhen, 51800 P.R. China<br>Effie.Liu@huameiim.com |
| Mandel & Mandel LLP<br>Alfred I. DuPont Building<br>169 East Flagler Street, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 374-7771<br>Fax: (305) 374-7776<br>Email: nsm@mandel.law<br><br><br>*Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* | Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>Tel: (215) 864-8838<br>Fax: (215) 864-8999<br>Email: karetnicka@ballardspahr.com<br>hardyp@ballardspahr.com<br><br>Aliza Karetnick, Esq.<br>Nicholas Kato, Esq.<br>Peter Hardy, Esq. (admitted *pro hac vice*)<br>Mary Treanor, Esq. (admitted *pro hac vice*)<br>Juliana Carter, Esq. (admitted *pro hac vice*)<br><br>*Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* |
| Joseph Walsh, Sr.<br>9200 Belvedere Road, Suite 202<br>Royal Palm Beach, Florida 33411<br>Email: joedirect@gmail.com<br><br>Copy sent via USPS Certified Mail Return Receipt | Joseph Walsh, Jr.<br>9200 Belvedere Road, Suite 202<br>Royal Palm Beach, Florida 33411<br>Email: jwalshjr@gmail.com<br><br>Copy sent via USPS Certified Mail Return Receipt |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **LAN LI,** *et al.*, | ) | |
| | ) | **Civil Action No. 16-81871-Civ-Marra** |
| **Plaintiffs,** | ) | **LEAD CASE** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WALSH,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| **LAN LI,** *et al.*, | ) | |
| | ) | **Civil Action No. 19-80332** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PNC BANK, N.A., and** | ) | |
| **RUBEN RAMIREZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' OMNIBUS FIRST SET OF REQUESTS FOR ADMISSION TO JOSEPH J. WALSH, SR.**

Plaintiffs, LAN LI, WANG SHUANGYUN, ZHANG, WENHAO, SHI SHA, LOU HAO, XIANG CHUNHUA, KUANG YAOPING, ZHU BEI, DENG QIONG, ZHU QIONGFANG, GAN ZHILING, LI CUILIAN, TANG YULONG, ZHANG LILI, RAN CHEN, JUNQIANG FENG, XIANG SHU, YING TAN, XIONG TAO, WANG YUANBO, JIANG SHU, FEI YING, LI CHAOHUI, WEI RUJING, ZHOU JUEWEI, CHEN YAN, GU CHENGYU, PAN HONGRU, ZHU DONGSHENG, LI MIN, YE CHUNNING, KANG YAJUN, TANG CHEOK FAI, LI DONGSHENG, WANG XIAONAN (collectively the "Chinese Plaintiffs"), REZA SIAMAK NIA, MOHAMMADREZA SEDAGHAT, MOHAMMAD ZARGAR, SHARIAR EBRAHIMIAN, ALI ADAMPEYRA (collectively the

1

"Iranian Plaintiffs"), and HALIL ERSEVEN (the "Turkish Plaintiff") (collectively, the Chinese Plaintiffs, the Iranian Plaintiffs, and the Turkish Plaintiff, the "Represented Plaintiffs"), by and through their undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure and Local Rule 26.1, hereby request that Defendant JOSEPH J. WALSH, SR., respond to the following Requests for Admission within thirty (30) days of service, in accordance with the Definitions and Instructions below.

## DEFINITIONS

The words and phrases used in these Requests to Produce shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida. In addition, the following terms shall have the meanings set forth below:

1.      "Account" and "Accounts" are used in the broadest possible sense, and mean every conceivable account, including, but not limited to, each and every attorney-at-law, escrow, special, restricted, attorney trust, fiduciary, trust, checking, saving, interest checking, money market, and/or other account.

2.      "Complaint" refers to the operative complaint filed by Plaintiffs in this Action.

3.      "Communication," "Communicate," and "Communicated" are used in the broadest possible sense, and mean every conceivable manner or means of disclosure, transfer, or exchange of information (including electronic information) between one or more persons or entities.

4.      "Concerning" is used in the broadest possible sense and means, in whole or in part, "analyzing," "comprising," "construing," "containing," "dealing with," "defining,"

2

"describing," "discussing," "embodying," "evidencing," "identifying," "pertaining to,"

"referencing," "relating to," "stating," "supporting," or "prepared as a result of."

5.      "Control" refers to the power to influence to direct people's behavior or the

course of events.

6.      "Defendants" shall refer to, both individually and collectively, all current and

previously dismissed named defendants in the matters of *Li, et al v. Walsh, et al* 16-cv-81871-

KAM and *Li, et al v. PNC Bank N.A., et al* 19-cv-80332-KAM.

7.      "Document" has the same meaning as that in Rule 34 of the Federal Rules of

Civil Procedure, and thus is used in the broadest, most comprehensive sense. It refers to the

original and each and every non-identical copy of all writings of every kind, including but not

limited to: letters; memoranda; reports; summaries; e-mails and electronically stored information

and metadata; opinions of consultants; diagrams; marginal comments appearing on any

documents; accounts; studies; lists of persons attending meetings or conferences; minutes of

meetings; written statements; recorded statements; contracts; agreements; notes; expense

records; sales records; analyses; financial projections; work papers; work orders; work sheets;

diaries; calendars; lists; catalogs; surveys; drawings; photographs; mechanical or electronic

recordings in any form; records, transcripts, or memoranda of conversations or interviews;

calculations; computations; spreadsheets; specifications; advertisements; web pages; brochures;

bulletins; circulars; trade letters; press releases; prints; positive or negative films; slides;

presentations; magnetic, electronic, or video tapes; computer files; computer print-outs; and all

other identifiable objects upon which any inscription, handwriting, typing, printing, or

representation by any means, whether magnetic, electronic, photo static, or any other form of

communication, is recorded, reproduced, perpetuated, maintained, or preserved; and any and all containers, boxes, or other receptacles or repositories housing or containing such "documents."

8.      "EB-5 program" refers to the Congressionally-approved immigration program administered by the United States Citizenship and Immigration Services ("USCIS") wherein potential immigrant investors can receive permanent residency status within the United States should their investments meet certain requirements, such as the creation of ten (10) qualified jobs.

9.      "Escrow" is defined as a legal document or property delivered by a promisor to a third party to be held by the third party for a given amount of time or until the occurrence of a condition, at which time the third party is to hand over the document or property to the promise.

10.      "Identify," with respect to a natural person, means state that person's full name, last known address, home, mobile, and business telephone numbers, and present business affiliation. When the terms "identify," "identity," or "identification" are used in reference to a person other than a natural person, describe the nature of such person (that is, whether it is a corporation, partnership, etc., under the definition of "person" below), and to state that entity's last known address, telephone number, and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only. "Identify," with respect to documents, means give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s), and recipient(s).

11.      "Including" means "including but not limited to."

12.      "Relevant time period" shall be interpreted as referring to the time period beginning on January 1, 2010 and concluding with the present day.

13.     "Palm House Hotel Project" refers to the real estate investment project as set forth in the Complaint.

14.     "Person" refers to all individuals and entities, including any business or governmental entity or association.

15.     "PNC" refers to Defendant PNC Bank N.A., including, without limitation, PNC's employees, agents, consultants, accountants and lawyers, and all other persons who are acting or who have acted on behalf or, or who are or have been subject to the direction or control of PNC.

16.     "Ramirez" or "Ruben" refer to defendant Ruben Ramirez.

17.     "State," "describe," or "explain in detail" shall mean to set forth fully and in detail all factual information and/or data that are in any way related to the subject matter of the particular request seeking such statement or description.

18.     "Walsh," or "Joseph Walsh" shall refer solely to the Defendant Joseph J. Walsh, Sr.

19.     "Walsh entities" shall refer to, separately and collectively, South Atlantic Regional Center, LLC. ("SARC"), United States Regional Economic Development Authority, LLC. ("USREDA"), EB-5 Petition, LLC., JJW Consultancy, Ltd. ("JJW"), and Palm House Hotel, LLLP.

20.     "Wire redemption" refers to the electronic transfer of monies from one person or entity to another, either from one bank account to another or through a transfer of cash at a cash office.

21.     "You" or "Your" refer to the defendant Joseph J. Walsh, Sr., as well as any person responding to these Requests to Produce on their behalf.

22.     The singular includes the plural and the plural includes the singular.

## INSTRUCTIONS

1.      If Joseph Walsh, Sr., fails to respond or object to any Request for Admission within 30 days of the service of these Requests, the matter shall be deemed admitted under Federal Rule of Civil Procedure 36.

2.      As is more fully set out in Federal Rule of Civil Procedure 36(a), Joseph Walsh, Sr., must admit or deny each request, and, where necessary, specify the parts of each request to which he objects or cannot in good faith admit or deny.  If Walsh objects to only part of a Request, he must admit or deny the remainder of the Request.  In the event that Walsh objects to or denies any Request or portion of a Request, YOU must state the reasons for his objection or denial.

3.      Each Request solicits all information obtainable by Joseph Walsh, Sr., from his attorneys, investigators, agents, employees and representatives.  If YOU answer a Request on the basis that YOU lack sufficient information to respond, describe any and all efforts YOU made to inform yourself of the facts and circumstances necessary to answer or respond.

4.      These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR ADMISSION

1.      Admit that during the relevant time period, YOU and/or the Walsh entities under YOUR control, created, distributed, and caused to be used as advertisements for various EB-5 programs, the marketing materials referred to in the Third Amended Complaint as the Private Placement Memorandum, the Subscription Agreement, the Palm House PowerPoint presentation, Full Signatory Package, and the Investment Portfolio.

2.      Admit that during the relevant time period, YOU were in control, managed, or otherwise directed the activities of each and every one of the Walsh entities, including but not limited to any movement of funds from bank accounts associated with one entity to bank accounts associated with a separate entity.

3.      Admit that during the relevant time period, YOU authorized the false representations made to prospective Investors that caused the inducement of their individual investments, which are contained within the Private Placement Memorandum, Subscription Agreement, Palm House PowerPoint presentation, Full Signatory Package, and the Investment Portfolio.

4.      Admit that YOU conducted EB-5 program business with SunTrust Bank, specifically for the EB5 project administered by SARC known as Royal Palm Town Center IV wherein SunTrust Bank held an escrow account for the receipt of investor funds, and that escrow account was administered by a third-party agent, NES Financial Corp., prior to the creation of the Palm House Hotel Project.

5.      Admit that YOU caused the closure of the SunTrust Bank accounts related to the EB5 programs administered by SARC and USREDA as a result of YOUR dissatisfaction with the specific methodology employed by SunTrust Bank in relation to escrow accounts held by that bank.

6.      Admit that in or around January 2012, YOU met with representatives of PNC, one of whom was Ruben Ramirez, to discuss PNC's escrow products and services in relation to YOUR EB-5 projects as administered by SARC and USREDA, and that at the conclusion of this meeting, Walsh decided that PNC would not satisfy your requirements with regards to escrow account administration.

7.      Admit that in or around January 2012, one of the Defendants, Anthony Reitz, did inform Walsh of a possible "work around" offered by PNC that would satisfy Walsh's requirements for escrow account administration.

8.      Admit that YOU decided to use the "work around" as it was proposed by PNC's employees, subsequently bringing the business of the Walsh entities to PNC.

9.      Admit that YOU participated in setting up a bank account at PNC Bank (last four digits 7626) to appear as an escrow account to foreign investors in the Palm House Hotel Project.

10.      Admit that YOU knew the EB-5 Investors were providing funds to be exclusively used in connection with the Palm House Hotel Project, per the language contained within the various marketing materials distributed to the Investors.

11.      Admit that YOU and the Walsh entities arranged with, at a minimum, the other Defendants to divert, use, or otherwise appropriate portions of the EB-5 funds for their personal benefit, directly contravening the authorized uses of the funds.

12.      Admit that You and the Walsh entities represented to potential EB-5 Investors and their respective agents the following as relates to the Palm House Hotel Project:

a. There would be a guaranteed return of investment if an I-526 petition was denied by USCIS;

b. The entire amount invested by each foreign investor would be held in an escrow account at PNC Bank until their I-526 petition was granted;

c. The investment funds would be exclusively invested in the Palm House Hotel to create jobs;

d. The Palm House Hotel would be open for business by Season 2013/2014;

e. The investment funds would create more than ten (10) full time jobs for each $500,000 invested;

f. The investment funds were in addition to $22 million the developer invested and a $29 million bridge loan;

g. Each investor's investment would be fully secured by the real property and a UCC-3 filing;

h. The Palm House Hotel Project would have a net profit in excess of $7 million;

i. The real property at issue, on which the Palm House Hotel was being renovated, was presently worth over $110,000,000 before completion.  "This makes the Palm House Hotel one of the safest EB5 offerings from a Job Creation and Investment position";

j. The job count for the Palm House project would be 953 jobs, while the project needs only 790 jobs, so over 20% more jobs will be created than required by law;

k. The investor's visa would be approved in less than 6 months; and

l.  "The investor need not worry if the project will perform and meet the rigid standards required by the USCIS."

13. Admit that YOU and the Walsh entities knew at the time they made the following representations, that these representations were false with respect to the Palm House Hotel Project and were designed to induce each Investor into choosing to invest in the Palm House Hotel Project:

a. There would be a guaranteed return of investment if an I-526 petition was denied by USCIS;

b. The entire amount invested by each foreign investor would be held in an escrow account at PNC Bank until their I-526 petition was granted;

c. The investment funds would be exclusively invested in the Palm House Hotel to create jobs;

d. The Palm House Hotel would be open for business by Season 2013/2014;

e. The investment funds would create more than ten (10) full time jobs for each $500,000 invested;

f. The investment funds were in addition to $22 million the developer invested and a $29 million bridge loan;

g. Each investor's investment would be fully secured by the real property and a UCC-3 filing;

8

    h.   The Palm House Hotel Project would have a net profit in excess of $7 million;

    i.   The real property at issue, on which the Palm House Hotel was being renovated, was presently worth over $110,000,000 before completion.  "This makes the Palm House Hotel one of the safest EB5 offerings from a Job Creation and Investment position";

    j.   The job count for the Palm House project would be 953 jobs, while the project needs only 790 jobs, so over 20% more jobs will be created than required by law;

    k.   The investor's visa would be approved in less than 6 months; and

    l.   "The investor need not worry if the project will perform and meet the rigid standards required by the USCIS."

14.    Admit that all I-526 petitions filed with the USCIS pursuant to an investment with the Palm House Hotel Project were subsequently denied by the USCIS.

15.    Admit that no document exists by which the prospective EB-5 program investors were told that 20% of their investments would be "held back" for any reason.

16.    Admit that YOU knew of the KK-PB Financial, LLC., mortgage dated in August of 2013 on the Palm House Hotel property, as it was secured by defendant Robert Matthews in the amount of $27,468,750 with a maturity date of August 30, 2018, in favor of KK-PB Financial, LLC and Glenn Straub, and that this mortgage was not properly recorded until March 28, 2014.

17.    Admit that YOU knew defendant Robert Matthews intended to use Palm House Hotel Project funds to re-acquire title to his former property located on Lower Church Hill Rd, in Washington Depot, Connecticut and explicitly approved of his actions.

18.    Admit that YOU participated in the drafting and production of the Private Placement Memorandum, Limited Partnership Agreement and Subscription Agreement, and other marketing documents provided to foreign investors and their agents, in connection with their investments in the Palm House Hotel EB-5 project.

19.    Admit that PNC "escrow" account information was included in the Palm House Project marketing materials which were provided to foreign investors and their agents as the account to wire their $500,000 EB-5 investments.

20.    Admit that YOU retained exclusive authority to authorize any distribution of funds from any bank account linked to any of the Walsh entities, including but not limited to SARC and USREDA.

Dated: New York, New York
       May 15, 2020

By: _____

DAI & ASSOCIATES, P.C.
Katherine Burghardt Kramer, Esq. (pro hac vice)
Joshua D. Levin-Epstein, Esq. (pro hac vice)
Rongping Wu, Esq. (pro hac vice)
1500 Broadway, 22nd Floor
New York, NY 10036
Tel. No.: (212) 730-8880
Email: kkramer@daiassociates.com
*Attorneys for Represented Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2020, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via e-mail or U.S. Mail.

By: /s/ Katherine Burghardt Kramer
DAI & ASSOCIATES, P.C.
Katherine Burghardt Kramer, Esq.
(*Pro Hac Vice*)
1500 Broadway; 22nd Floor
New York, NY 10036
Tel. No.: (212) 730-8880
Email: kkramer@daiassociates.com
*Attorneys for Represented Plaintiffs*

## SERVICE LIST

**Lan Li, et al., v. Joseph Walsh, et al.**

**Case No. 9:16-cv-81871-KAM**

| | |
|---|---|
| Matthew Fornaro<br>Matthew Fornaro, P.A.<br>11555 Heron Bay Blvd; Ste. 200<br>Coral Springs, FL 33076<br>Tel: (954) 324-3651 | Larry A. Zink, Esq.<br>Zink, Zink & Zink Co., L.P.A.<br>Florida Office:<br>1198 Hillsboro Mile – Suite 244<br>Hillsboro Beach, FL 33062 |

| | |
|---|---|
| Email: mfornaro@fornarolegal.com | Ohio Office:<br>3711 Whipple Avenue, N.W.<br>Canton, OH 44718-2933<br>Email: zinklaw3711@yahoo.com<br>*Attorney for KK-PB Financial, LLC* |
| Gregory R. Elder, Esq.<br>Law Offices of Gregory R. Elder, LLC<br>108 SE 8th Avenue, Suite 114<br>Fort Lauderdale, FL 33301<br>Email: gelderlaw@gmail.com<br><br>*Attorney for Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.* | Adam T. Rabin, Esq.<br>Robert C. Glass, Esq.<br>McCabe Rabin, P.A.<br>1601 Forum Place, Suite 201<br>West Palm Beach, FL 33401<br>Email: arabin@mccaberabin.com<br>rglass@mccaberabin.com<br>e-filing@mccaberabin.com<br><br>*Attorney for Gerry Matthews* |
| Christopher W. Kammerer, Esq.<br>Kammerer Mariani PLLC<br>1601 Form Place, Suite 500<br>West Palm Beach, FL 33401<br>Email: ckammerer@kammerermariani.com<br><br>*Attorneys for Robert Matthews, Maria Matthews, Bonaventure 22, LLC, Mirabia LLC, Alibi, LLC, Palm House, LLC, 160 Royal Palm, LLC, and Palm House PB, LLC* | Philip Joseph Landau, Esq.<br>Shraiberg, Landau & Page, P.A.<br>2385 NW Executive Center Drive, Suite 300<br>Boca Raton, Florida 33431<br>Email: plandau@slp.law |
| Alaina R. Fotiu-Wokjtowicz, Esq.<br>Brodksy Fotiu-Wojtowicz, PLLC<br>200 SE 1st Street, Suite 400<br>Miami, Florida 33131<br>Email: alaina@bfwlegal.com<br>docketing@bfwlegal.com<br><br>*Attorney for Herischi & Associates LLC* | Baoping ("Effie") Liu,<br>Room 1201, Building C<br>Dachong Business Center, Nanshan District<br>Shenzhen, 51800 P.R. China<br>Effie.Liu@huameiim.com |
| Mandel & Mandel LLP<br>Alfred I. DuPont Building<br>169 East Flagler Street, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 374-7771<br>Fax: (305) 374-7776<br>Email: nsm@mandel.law | Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>Tel: (215) 864-8838<br>Fax: (215) 864-8999<br>Email: karetnicka@ballardspahr.com<br>hardyp@ballardspahr.com<br>Aliza Karetnick, Esq.<br>Nicholas Kato, Esq.<br>Peter Hardy, Esq. (admitted *pro hac vice*) |

| | Mary Treanor, Esq. (admitted *pro hac vice*) |
|---|---|
| *Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* | Juliana Carter, Esq. (admitted *pro hac vice*) *Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* |
| Joseph Walsh, Sr. 9200 Belvedere Road, Suite 202 Royal Palm Beach, Florida 33411 Email: joedirect@gmail.com | Joseph Walsh, Jr. 9200 Belvedere Road, Suite 202 Royal Palm Beach, Florida 33411 Email: jwalshjr@gmail.com |
| Copy sent via USPS Certified Mail Return Receipt | Copy sent via USPS Certified Mail Return Receipt |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| LAN LI, *et al.*, | ) | |
| | ) | **Civil Action No. 16-81871-Civ-Marra** |
| Plaintiffs, | ) | **LEAD CASE** |
| | ) | |
| v. | ) | |
| | ) | |
| WALSH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ───────────────── | ) | |
| | ) | |
| LAN LI, *et al.*, | ) | |
| | ) | |
| | ) | **Civil Action No. 19-80332** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PNC BANK, N.A., and | ) | |
| RUBEN RAMIREZ, | ) | |
| | ) | |
| Defendants. | ) | |
| ───────────────── | ) | |

<u>**PLAINTIFFS' OMNIBUS SECOND SET OF REQUESTS TO PRODUCE TO JOSEPH J.**</u>
<u>**WALSH, SR.**</u>

Plaintiffs, LAN LI, WANG SHUANGYUN, ZHANG, WENHAO, SHI SHA, LOU

HAO, XIANG CHUNHUA, KUANG YAOPING, ZHU BEI, DENG QIONG, ZHU

QIONGFANG, GAN ZHILING, LI CUILIAN, TANG YULONG, ZHANG LILI, RAN CHEN,

JUNQIANG FENG, XIANG SHU, YING TAN, XIONG TAO, WANG YUANBO, JIANG

SHU, FEI YING, LI CHAOHUI, WEI RUJING, ZHOU JUEWEI, CHEN YAN, GU

CHENGYU, PAN HONGRU, ZHU DONGSHENG, LI MIN, YE CHUNNING, KANG

YAJUN, TANG CHEOK FAI, LI DONGSHENG, WANG XIAONAN (collectively the

"Chinese Plaintiffs"), REZA SIAMAK NIA, MOHAMMADREZA SEDAGHAT,

MOHAMMAD ZARGAR, SHARIAR EBRAHIMIAN, ALI ADAMPEYRA (collectively the

1

"Iranian Plaintiffs"), and HALIL ERSEVEN (the "Turkish Plaintiff") (collectively, the Chinese Plaintiffs, the Iranian Plaintiffs, and the Turkish Plaintiff, the "Represented Plaintiffs"), by and through their undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.1, hereby request that Defendant JOSEPH J. WALSH, SR., respond to the following Requests to Produce within thirty (30) days of service, in accordance with the Definitions and Instructions below.

## DEFINITIONS

The words and phrases used in these Requests to Produce shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida. In addition, the following terms shall have the meanings set forth below:

1.      "Account" and "Accounts" are used in the broadest possible sense, and mean every conceivable account, including, but not limited to, each and every attorney-at-law, escrow, special, restricted, attorney trust, fiduciary, trust, checking, saving, interest checking, money market, and/or other account.

2.      "Complaint" refers to the operative complaint filed by Plaintiffs in this Action.

3.      "Communication," "Communicate," and "Communicated" are used in the broadest possible sense, and mean every conceivable manner or means of disclosure, transfer, or exchange of information (including electronic information) between one or more persons or entities.

4.      "Concerning" is used in the broadest possible sense and means, in whole or in part, "analyzing," "comprising," "construing," "containing," "dealing with," "defining,"

2

"describing," "discussing," "embodying," "evidencing," "identifying," "pertaining to,"

"referencing," "relating to," "stating," "supporting," or "prepared as a result of."

5.      "Control" refers to the power to influence to direct people's behavior or the

course of events.

6.      "Defendants" shall refer to, both individually and collectively, all current and

previously dismissed named defendants in the matters of *Li, et al v. Walsh, et al* 16-cv-81871-

KAM and *Li, et al v. PNC Bank N.A., et al* 19-cv-80332-KAM.

7.      "Document" has the same meaning as that in Rule 34 of the Federal Rules of

Civil Procedure, and thus is used in the broadest, most comprehensive sense. It refers to the

original and each and every non-identical copy of all writings of every kind, including but not

limited to: letters; memoranda; reports; summaries; e-mails and electronically stored information

and metadata; opinions of consultants; diagrams; marginal comments appearing on any

documents; accounts; studies; lists of persons attending meetings or conferences; minutes of

meetings; written statements; recorded statements; contracts; agreements; notes; expense

records; sales records; analyses; financial projections; work papers; work orders; work sheets;

diaries; calendars; lists; catalogs; surveys; drawings; photographs; mechanical or electronic

recordings in any form; records, transcripts, or memoranda of conversations or interviews;

calculations; computations; spreadsheets; specifications; advertisements; web pages; brochures;

bulletins; circulars; trade letters; press releases; prints; positive or negative films; slides;

presentations; magnetic, electronic, or video tapes; computer files; computer print-outs; and all

other identifiable objects upon which any inscription, handwriting, typing, printing, or

representation by any means, whether magnetic, electronic, photo static, or any other form of

communication, is recorded, reproduced, perpetuated, maintained, or preserved; and any and all containers, boxes, or other receptacles or repositories housing or containing such "documents."

8.      "EB-5 program" refers to the Congressionally-approved immigration program administered by the United States Citizenship and Immigration Services ("USCIS") wherein potential immigrant investors can receive permanent residency status within the United States should their investments meet certain requirements, such as the creation of ten (10) qualified jobs.

9.      "Escrow" is defined as a legal document or property delivered by a promisor to a third party to be held by the third party for a given amount of time or until the occurrence of a condition, at which time the third party is to hand over the document or property to the promise.

10.      "Identify," with respect to a natural person, means state that person's full name, last known address, home, mobile, and business telephone numbers, and present business affiliation. When the terms "identify," "identity," or "identification" are used in reference to a person other than a natural person, describe the nature of such person (that is, whether it is a corporation, partnership, etc., under the definition of "person" below), and to state that entity's last known address, telephone number, and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only. "Identify," with respect to documents, means give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s), and recipient(s).

11.      "Including" means "including but not limited to."

12.      "Relevant period" shall be interpreted as referring to the time period beginning on January 1, 2010 and concluding with the present day.

4

13.     "Palm House Hotel Project" refers to the real estate investment project as set forth in the Complaint.

14.     "Person" refers to all individuals and entities, including any business or governmental entity or association.

15.     "PNC" refers to Defendant PNC Bank N.A., including, without limitation, PNC's employees, agents, consultants, accountants and lawyers, and all other persons who are acting or who have acted on behalf or, or who are or have been subject to the direction or control of PNC.

16.     "Ramirez" or "Ruben" refer to defendant Ruben Ramirez.

17.     "State," "describe," or "explain in detail" shall mean to set forth fully and in detail all factual information and/or data that are in any way related to the subject matter of the particular request seeking such statement or description.

18.     "Walsh," or "Joseph Walsh" shall refer solely to the Defendant Joseph J. Walsh, Sr.

19.     "Walsh entities" shall refer to, separately and collectively, South Atlantic Regional Center, LLC. ("SARC"), United States Regional Economic Development Authority, LLC. ("USREDA"), EB-5 Petition, LLC., JJW Consultancy, Ltd. ("JJW"), and Palm House Hotel, LLLP.

20.     "Wire redemption" refers to the electronic transfer of monies from one person or entity to another, either from one bank account to another or through a transfer of cash at a cash office.

21.     "You" or "Your" refer to the defendant Joseph J. Walsh, Sr., as well as any person responding to these Requests to Produce on their behalf.

22.     The singular includes the plural and the plural includes the singular.

## **INSTRUCTIONS**

1.      Unless otherwise specified, these Requests seek documents dating back to January 1, 2010.

2.      These Requests seek all documents and information within YOUR possession and control, as well as the possession or control of YOUR attorneys, employees, agents, contractors, investigators, or representatives.

3.      Each Request for documents seeks non-privileged communications concerning the subject matter of the Request.

4.      YOU shall produce every document that can be located or discovered by reasonably diligent efforts.

5.      YOU shall produce separately copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings, or were sent to different individuals than were the originals, or that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added), and all drafts prepared in connection with any writing, whether used or not.

6.      YOU shall produce each document in its entirety, without abbreviation, redaction, or expurgation, including all attachments, appendices, exhibits, lists, schedules, or other matters at any time affixed thereto, regardless of whether YOU consider the entire document to be relevant or responsive to these Requests.

7.      If YOU have redacted any portion of a document, stamp the word "redacted" on each page of the redacted document. Privileged redactions must be included in a privilege log; any non-privileged redaction must also be included in a log describing the basis for the redaction.

8.      YOU shall produce all electronically stored documents and information pursuant to the terms upon which the parties shall agree.

9.      Documents must be produced as they are kept in the usual course of business. Documents attached to each other should not be separated. Documents that are segregated or separated from other documents, whether by inclusion in binders, file folders, or other containers, or by the use of dividers, tabs, or any other method, shall be produced in that form.

10.      If YOU are unable to respond fully to any Request, explain why the response is incomplete, the efforts made to obtain the information, and the source from which all responsive information may be obtained to the best of YOUR knowledge or belief.

11.      All objections must comply with Federal Rule of Civil Procedure 34 by, *inter alia*, setting forth the specific basis for the objection, stating whether any responsive documents are being withheld pursuant to that objection, and responding to all parts of the Request to which there is no objection.

12.      If a responsive document is no longer in YOUR possession, custody, or control, identify each such document by author, addressee, date, number of pages, and subject matter, and state what disposition was made of the documents and the date of such disposition, and identify all persons having knowledge of the document's contents.

13.      If a responsive document is no longer in YOUR possession, but a copy has been maintained by any agents or advisors (including accountants, auditors, attorneys, financial advisers, or experts), YOU shall include such documents in the production.

14.      If any document responsive to any Request has been destroyed, lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter, and set forth its content, the present location of any copies, the date of

7

destruction, and the name of the person who destroyed the document or ordered or authorized its destruction.

15.     The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all material that might otherwise be construed to be outside their scope.

16.     All singular terms include the plural, and all plural terms include the singular.

17.     These Requests are continuing in character so as to require production of additional documents if obtained. Moreover, pursuant to Federal Rule of Civil Procedure 26(e), YOU are under a duty to timely supplement any response to these Requests for which YOU learn that the response in some material respect is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Defendants during the discovery process or in writing.

## **REQUESTS TO PRODUCE**

**Request No. 1**:  All documents YOU or someone who assisted YOU relied upon in answering the Plaintiffs' First Set of Interrogatories.

**Request No. 2**:  All documents reflecting communications between YOU and any other Defendant concerning the Palm House Hotel Project or any other EB-5 project, including any notes or other records of any in-person meeting and/or any phone calls.

**Request No. 3**:  All other documents and communications concerning, regarding, relating or pertaining to the Palm House Hotel Project or any of the Defendants, excluding any privileged communications with Your counsel.

**Request No. 4**:  All calendars or other documents reflecting YOUR schedule, sufficient to identify all meetings, either in-person or telephonic, between YOU and any of the Defendants.

**Request No. 5**:  All text messages, social media posts whether public or private, emails, or other direct messages stored on or accessible through YOUR cell phone, tablet, computer, or other internet-connected or digital communication device(s), regarding the EB5 program, the Palm House Hotel Project, or any Defendant.

**Request No. 6**:  All documents You intend to rely on in defense to the Complaint.

Dated: New York, New York
      May 15, 2020

By: _____

    DAI & ASSOCIATES, P.C.
Katherine Burghardt Kramer, Esq. (pro hac vice)
Joshua D. Levin-Epstein, Esq. (pro hac vice)
    Rongping Wu, Esq. (pro hac vice)
    1500 Broadway, 22nd Floor
    New York, NY 10036
    Tel. No.: (212) 730-8880
    Email: kkramer@daiassociates.com
    *Attorneys for Represented Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2020, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via e-mail or U.S. Mail.

By: /s/ Katherine Burghardt Kramer
    DAI & ASSOCIATES, P.C.
    Katherine Burghardt Kramer, Esq.
    (*Pro Hac Vice*)
    1500 Broadway; 22nd Floor
    New York, NY 10036
    Tel. No.: (212) 730-8880
    Email: kkramer@daiassociates.com
    *Attorneys for Represented Plaintiffs*

## SERVICE LIST

**Lan Li, et al., v. Joseph Walsh, et al.**

**Case No. 9:16-cv-81871-KAM**

| | |
|---|---|
| Matthew Fornaro<br>Matthew Fornaro, P.A.<br>11555 Heron Bay Blvd; Ste. 200<br>Coral Springs, FL 33076<br>Tel: (954) 324-3651 | Larry A. Zink, Esq.<br>Zink, Zink & Zink Co., L.P.A.<br>Florida Office:<br>1198 Hillsboro Mile – Suite 244<br>Hillsboro Beach, FL 33062 |

| | |
|---|---|
| Email: mfornaro@fornarolegal.com | Ohio Office:<br>3711 Whipple Avenue, N.W.<br>Canton, OH 44718-2933<br>Email: zinklaw3711@yahoo.com<br>*Attorney for KK-PB Financial, LLC* |
| Gregory R. Elder, Esq.<br>Law Offices of Gregory R. Elder, LLC<br>108 SE 8th Avenue, Suite 114<br>Fort Lauderdale, FL 33301<br>Email: gelderlaw@gmail.com<br><br>*Attorney for Leslie Robert Evans and Leslie Robert Evans & Associates, P.A.* | Adam T. Rabin, Esq.<br>Robert C. Glass, Esq.<br>McCabe Rabin, P.A.<br>1601 Forum Place, Suite 201<br>West Palm Beach, FL 33401<br>Email: arabin@mccaberabin.com<br>rglass@mccaberabin.com<br>e-filing@mccaberabin.com<br><br>*Attorney for Gerry Matthews* |
| Christopher W. Kammerer, Esq.<br>Kammerer Mariani PLLC<br>1601 Form Place, Suite 500<br>West Palm Beach, FL 33401<br>Email: ckammerer@kammerermariani.com<br><br>*Attorneys for Robert Matthews, Maria Matthews, Bonaventure 22, LLC, Mirabia LLC, Alibi, LLC, Palm House, LLC, 160 Royal Palm, LLC, and Palm House PB, LLC* | Philip Joseph Landau, Esq.<br>Shraiberg, Landau & Page, P.A.<br>2385 NW Executive Center Drive, Suite 300<br>Boca Raton, Florida 33431<br>Email: plandau@slp.law |
| Alaina R. Fotiu-Wokjtowicz, Esq.<br>Brodksy Fotiu-Wojtowicz, PLLC<br>200 SE 1st Street, Suite 400<br>Miami, Florida 33131<br>Email: alaina@bfwlegal.com<br>docketing@bfwlegal.com<br><br>*Attorney for Herischi & Associates LLC* | Baoping ("Effie") Liu,<br>Room 1201, Building C<br>Dachong Business Center, Nanshan District<br>Shenzhen, 51800 P.R. China<br>Effie.Liu@huameiim.com |
| Mandel & Mandel LLP<br>Alfred I. DuPont Building<br>169 East Flagler Street, Suite 1200<br>Miami, Florida 33131<br>Tel: (305) 374-7771<br>Fax: (305) 374-7776<br>Email: nsm@mandel.law | Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>Tel: (215) 864-8838<br>Fax: (215) 864-8999<br>Email: karetnicka@ballardspahr.com<br>hardyp@ballardspahr.com<br>Aliza Karetnick, Esq.<br>Nicholas Kato, Esq.<br>Peter Hardy, Esq. (admitted *pro hac vice*) |

| | Mary Treanor, Esq. (admitted *pro hac vice*) |
|---|---|
| *Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* | Juliana Carter, Esq. (admitted *pro hac vice*) *Counsel for Defendants PNC Bank, N.A. and Ruben Ramirez, an individual* |
| Joseph Walsh, Sr. 9200 Belvedere Road, Suite 202 Royal Palm Beach, Florida 33411 Email: joedirect@gmail.com  Copy sent via USPS Certified Mail Return Receipt | Joseph Walsh, Jr. 9200 Belvedere Road, Suite 202 Royal Palm Beach, Florida 33411 Email: jwalshjr@gmail.com  Copy sent via USPS Certified Mail Return Receipt |