**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LAN LI, *et al*., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 16-81871 |
| | ) LEAD CASE |
| JOSEPH WALSH, *et al*., | ) |
| | ) |
| Defendants. | ) |
| _____ | |
| LAN LI, *et al*., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 19-80332 |
| | ) |
| PNC BANK, N.A., and | ) |
| RUBEN RAMIREZ, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |



FILED BY____KJZ____D.C.

*Sep 14, 2020*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

<u>**ORDER GRANTING IN PART AND DENYING IN PART THE REPRESENTED**</u>
<u>**PLAINTIFFS' MOTIONS TO COMPEL AND FOR SANCTIONS RELATED TO**</u>
<u>**DEFENDANT JOSEPH WALSH, JR. [DEs 648, 649]**</u>

**THIS CAUSE** is before the Court upon the Represented Plaintiffs'[1] Motion to Compel and for Sanctions Regarding Deposition of Joseph J. Walsh, Jr. [DE 648], and Motion to Compel and for Sanctions Regarding Written Discovery Requests to Joseph J. Walsh, Jr. [DE 649]. This matter was referred to the undersigned by the Honorable United States District Judge Kenneth A. Marra. *See* DE 81.

---

[1] The Represented Plaintiffs are LAN LI, WANG SHUANGYUN, ZHANG, WENHAO, SHI SHA, LOU HAO, XIANG CHUNHUA, KUANG YAOPING, ZHU BEI, DENG QIONG, ZHU QIONGFANG, GAN ZHILING, LI CUILIAN, TANG YULONG, ZHANG LILI, RAN CHEN, JUNQIANG FENG, XIANG SHU, YING TAN, XIONG TAO, WANG YUANBO, JIANG SHU, FEI YING, LI CHAOHUI, WEI RUJING, ZHOU JUEWEI, CHEN YAN, GU CHENGYU, PAN HONGRU, ZHU DONGSHENG, LI MIN, YE CHUNNING, KANG YAJUN, TANG CHEOK FAI, LI DONGSHENG, WANG XIAONAN, REZA SIAMAK NIA, MOHAMMADREZA SEDAGHAT, MOHAMMAD ZARGAR, ALI ADAMPEYRA, SHAHRIAR EBRAHIMIAN, and HALIL ERSEVEN.

The Represented Plaintiffs' Motions were filed on June 22, 2020. Pursuant to the Court's Order Setting Discovery Procedure, Defendant Joseph J. Walsh, Jr.'s Responses to the Motions were due on Monday, June 29, 2020. No response to either motion has been filed to date.

## I.      DISCUSSION

The Court has carefully reviewed the Represented Plaintiffs' Motions and finds that it may grant the Motions by default due to the Defendant's failure to respond to the Motions. According to Local Rule 7.1(c)[2], failure to file a response "may be deemed sufficient cause for granting the motion by default." *Id*. Accordingly, pursuant to Local Rule 7.1(c), the Represented Plaintiffs' Motions are hereby granted in part by default due to the Defendant's failure to respond. *See James v. Wal-Mart Stores E., LP*, No. 18-CV-81325, 2019 WL 124308, at *1 (S.D. Fla. Jan. 8, 2019); *Affonso v. Se. Fla. Transportation Grp., LLC*, No. 14-81309-CV, 2016 WL 7507851, at *1 (S.D. Fla. Apr. 29, 2016).

Moreover, after careful review, the Court finds that it will grant in part and deny in part the Motions on the merits and enter sanctions. Defendant has effectively removed himself from this litigation since November of 2018, when he filed his last papers with the Court at DE 383.[3] Counsel for Defendant filed a Motion to Withdraw on May 23, 2019 [DE 467], on the grounds that Defendant had failed to fulfill his obligations to the Court and to the attorney, and the motion was granted on June 10, 2019 [DE 469]. Apparently, Defendant never retained new counsel, as no attorney has since entered an appearance on his behalf, and he is now proceeding *pro se*.

---

[2] Local Rule 7.1 provides a party with 14 days to respond to a motion. However, the Court's Setting Discovery Procedure explicitly shortens that time period to five (5) days for discovery motions. The Court's Order Setting Discovery Procedure also explicitly states, "[t]o the extend that this Order conflicts with the procedures set forth in the Local Rules for the Southern District of Florida, this Order takes precedence." Nonetheless, it has now been more than two months since Plaintiffs filed their Motions, and Defendant has failed to respond.

[3] The Clerk of Court previously received two notices of undeliverable mail, and per its policy has noted that it would no longer send documents to Defendant at his listed address, and the Clerk has not received a new address [DEs 486, 540].

### a.  Motion Regarding Joseph Walsh Jr.'s Deposition [DE 648]

In this Motion, the Represented Plaintiffs seek an order compelling Defendant Walsh, Jr. to attend a deposition, and they seek sanctions for his failure to attend a prior, duly noticed deposition. Represented Plaintiffs assert that they served notice of the deposition on May 31, 2020, to take place on June 12, 2020, at the offices of Represented Plaintiffs' local counsel Matthew Fornaro, Esq., located in Coral Springs, Broward County, Florida. [DE 648-1]. Defendant Walsh Jr. did not attend. [DE 648-2].

The Court finds that the Represented Plaintiffs have identified sanctionable conduct on the part of Defendant Walsh, Jr.  Federal Rule of Civil Procedure 37(d)(1) provides that a court may impose sanctions against a litigant for their failure to appear at their own deposition after being duly served with proper notice. Thus, an order compelling this Defendant's attendance at a deposition, and entering sanctions pursuant to Rule 37(d)(1) against Defendant, is appropriate here.

### b.  Motion Regarding Written Discovery Requests to Joseph Walsh, Jr. [DE 649]

In this Motion, the Represented Plaintiffs seek an Order compelling Defendant to Respond to their written discovery requests. Represented Plaintiffs assert that they served their First Set of Interrogatories and Requests for Admission and their Second Set of Requests to Produce upon Walsh, Jr., on May 15, 2020, via email and first-class mail.  Responses to those requests were due to be received by Represented Plaintiffs 30 days later, on June 15, 2020.  *See* FRCP 33(b)(2) and 34(b)(2).  To date, they assert that they have not received a response or any communication regarding this written discovery.

The Court finds that the Represented Plaintiffs have identified sanctionable conduct on the part of Defendant. A party may not flatly fail to respond to requests for written discovery. Thus,

an order compelling a response to the discovery, and entering sanctions against Defendant, is appropriate here.

## II.    DETERMINING THE APPROPRIATE SANCTIONS

Based upon the foregoing, Defendant Joseph Walsh, Jr. has engaged in sanctionable conduct.  The Represented Plaintiffs ask this Court to enter default against him.

The Court has "broad discretion" in employing the sanctions set forth in Rule 37(b)(2). *Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 949 (11th Cir. 2017).  "If a pro se litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Federal Rule of Civil Procedure 37(b)(2)(A) states in part that, if a party "fails to obey an order to provide or permit discovery," the court where the action is pending "may issue further orders." Fed. R. Civ. P. 37. These orders may include the following: directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i-vii).

Although a court is granted broad discretion in imposing appropriate sanctions for discovery violations, that discretion is not without limit. *KLX, Inc., v. Your Container Solutions., Inc.*, 2018 WL 6978698, at *3 (S.D. Fla. Nov. 15, 2018); *see also Taylor v. Bradshaw et al.*, 2015 WL 11256306, at *3 (S.D. Fla. Apr. 8, 2015), aff'd sub nom. *Taylor v. Bradshaw et al.*, 2018 WL 3414344 (11th Cir. 2018).  To impose the ultimate sanction of default or dismissal requires a

finding of bad faith on the part of the non-complying party. *Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958). A discovery violation caused by simple negligence, misunderstanding, or inability to comply will not justify a default judgment or dismissal.  *In re Chase Sanborn Corp*., 872 F.2d 397, 400 (11th Cir. 1982). Finally, the severe sanction of default or dismissal is appropriate only as a last resort, when less draconian sanctions will not cure the prejudice or otherwise ensure future compliance with discovery obligations. *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988)

In this case, the Court finds that the sanction of default is not appropriate at this juncture. It is true that this Defendant failed to provide responses to written discovery requests and also failed to attend his own duly noticed deposition. However, at this point, the Represented Plaintiffs cannot point to an order of court that Defendant has violated. While it certainly appears that this Defendant has abandoned his defense of these claims, such appearance is based upon nearly two years of inactivity that has not yet run afoul of Court Orders directed specifically to him.  At this juncture, this Defendant certainly must respond to the written discovery propounded upon him and also must attend his deposition. **If he fails to comply, he is hereby specifically warned that he is subject to the sanctions specified above per Rule 37 and the entry of a default judgment against him pursuant to the inherent power of the Court**

However, at this juncture, the Court cannot find that lesser sanctions will not suffice, as it has not yet imposed lesser sanctions against this Defendant. Thus, an entry of an award of attorney's fees shall be entered against this Defendant. Specifically, he shall be ordered to pay the reasonable attorneys' fees and costs of the Represented Plaintiffs that were incurred in (1) formulating, drafting, and propounding the written discovery, (2) preparing for, travelling to, and attending the deposition which he failed to attend as reflected by the Certificate of Non-

Appearance, (3) preparing all related motions, and (4) all costs associated with a subsequent deposition.

Accordingly, it is hereby **ORDERED** that the Represented Plaintiffs' Motion to Compel and for Sanctions Regarding Deposition of Joseph J. Walsh, Jr. [DE 648] and Motion to Compel and for Sanctions Regarding Written Discovery Requests to Joseph J. Walsh, Jr. [DE 649] are hereby **GRANTED** in part and **DENIED** in part, as follows: Defendant Joseph Walsh, Jr. shall pay the Represented Plaintiffs' Attorneys' Fees and Costs incurred for the tasks specified above in this Order.  In order to determine the amount of reasonable costs and attorney's fees that shall be paid by Defendant Joseph J. Walsh, Jr., to the Represented Plaintiffs, counsel for the Represented Plaintiffs shall file an affidavit specifying their reasonable attorneys' fees and costs incurred, time incurred, and reasonable hourly rate sought, on or before September 21, 2020. Defendant Walsh, Jr. shall be permitted to respond and object to the amount of attorneys' fees and costs claimed on or before September 28, 2020. The Court will then determine the amount of reasonable attorneys' fees and costs to be paid by Defendant Walsh, Jr. to the Represented Plaintiffs and issue a further order thereon.

Further, Defendant Joseph J. Walsh, Jr. is hereby **ORDERED** to fully participate in discovery moving forward.  To that end, he shall respond to the written discovery that was already served upon him by the Represented Plaintiffs, on or before **September 25, 2020. Additionally, he is ordered to appear and sit for a deposition on September 25, 2020, at 10:00 a.m., in the manner to be noticed by the Represented Plaintiffs. In this regard, the Represented Plaintiffs shall forthwith issue a Notice of Taking Deposition to Defendant Walsh, Jr. for September 25, 2020, at 10:00 a.m., upon the location and terms selected by the Represented Plaintiffs.**

**SHOULD DEFENDANT WALSH, JR. FAIL TO COMPLY WITH THIS ORDER,**

HE IS ADVISED THAT, PURSUANT TO FED. R. CIV. P. 37(B)(2)(A) AND THE COURT'S INHERENT AUTHORITY, THE COURT SHALL IMPOSE FURTHER SANCTIONS INCLUDING BUT NOT LIMITED TO THE FOLLOWING: (I) DIRECTING THAT DESIGNATED FACTS BE TAKEN AS ESTABLISHED FOR PURPOSES OF THE ACTION; (II) PROHIBITING HIM FROM SUPPORTING OR OPPOSING DESIGNATED CLAIMS OR DEFENSES OR FROM INTRODUCING DESIGNATED MATTERS INTO EVIDENCE; (III) STRIKING HIS PLEADINGS IN WHOLE OR IN PART; (IV) STAYING THESE PROCEEDINGS UNTIL THE COURT'S ORDER IS OBEYED; (V) RENDERING A DEFAULT AGAINST HIM; OR (VI) FINDING HIM IN CONTEMPT OF COURT.

Should Defendant Walsh, Jr. fail to comply with this Order, the Represented Plaintiffs shall forthwith file a renewed motion seeking appropriate relief.

DONE and ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of September 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge

7