# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LAN LI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH WALSH, *et al.*, <br><br> Defendants. | Civ. No. 16-81871 <br> LEAD CASE |
| LAN LI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK, N.A., and <br> RUBEN RAMIREZ, <br><br> Defendants. | Civ. No. 19-80332 |

FILED BY ____KJZ____ D.C.

**Sep 14, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION THAT THE REPRESENTED PLAINTIFFS' MOTIONS [DEs 650, 651] RELATED TO DEFENDANT JOSEPH J. WALSH, SR., BE GRANTED, HIS PLEADINGS BE STRICKEN, AND THAT A DEFAULT BE ENTERED AGAINST HIM

**THIS CAUSE** is before the Court upon the Represented Plaintiffs'[1] Motion to Compel and for Sanctions Regarding Deposition of Joseph J. Walsh, Sr. [DE 650], and Motion to Compel and For Sanctions Regarding Written Discovery Requests to Joseph J. Walsh, Sr. [DE 651]. This

---

[1] The Represented Plaintiffs are LAN LI, WANG SHUANGYUN, ZHANG, WENHAO, SHI SHA, LOU HAO, XIANG CHUNHUA, KUANG YAOPING, ZHU BEI, DENG QIONG, ZHU QIONGFANG, GAN ZHILING, LI CUILIAN, TANG YULONG, ZHANG LILI, RAN CHEN, JUNQIANG FENG, XIANG SHU, YING TAN, XIONG TAO, WANG YUANBO, JIANG SHU, FEI YING, LI CHAOHUI, WEI RUJING, ZHOU JUEWEI, CHEN YAN, GU CHENGYU, PAN HONGRU, ZHU DONGSHENG, LI MIN, YE CHUNNING, KANG YAJUN, TANG CHEOK FAI, LI DONGSHENG, WANG XIAONAN, REZA SIAMAK NIA, MOHAMMADREZA SEDAGHAT, MOHAMMAD ZARGAR, ALI ADAMPEYRA, SHAHRIAR EBRAHIMIAN, and HALIL ERSEVEN.

matter was referred to the undersigned by the Honorable United States District Judge Kenneth A. Marra. *See* DE 81.

The Represented Plaintiffs' Motions were filed on June 22, 2020. Pursuant to the Court's Order Setting Discovery Procedure, Defendant Joseph J. Walsh, Sr.'s Responses to the Motions were due on Monday, June 29, 2020. No responses have been filed to date.

## I.     DISCUSSION

The Court has carefully reviewed the Represented Plaintiffs' Motions and finds that the Court may first grant the Motions by default due to the Defendants' failure to respond to the Motions. According to Local Rule 7.1(c)[2], failure to file a response "may be deemed sufficient cause for granting the motion by default." *Id.* Accordingly, pursuant to Local Rule 7.1(c), the Represented Plaintiffs' Motions should be **GRANTED** by default due to the Defendant's failure to respond. *See James v. Wal-Mart Stores E., LP*, No. 18-CV-81325, 2019 WL 124308, at *1 (S.D. Fla. Jan. 8, 2019); *Affonso v. Se. Fla. Transportation Grp., LLC*, No. 14-81309-CV, 2016 WL 7507851, at *1 (S.D. Fla. Apr. 29, 2016).

Second, after careful review, the Court should grant the Motions on the merits and enter sanctions. Defendant has effectively removed himself from this litigation since November of 2018, when he filed his last papers with the Court at DE 383.[3]  Counsel for Defendant filed a Motion to Withdraw on May 23, 2019 [DE 467], on the grounds that Defendant had failed to fulfill his obligations to the Court and to the attorney, and the motion was granted on June 10, 2019 [DE

---

[2] Local Rule 7.1 provides a party with 14 days to respond to a motion. However, the Court's Setting Discovery Procedure explicitly shortens that time period to five (5) days for discovery motions. The Court's Order Setting Discovery Procedure also explicitly states, "[t]o the extend that this Order conflicts with the procedures set forth in the Local Rules for the Southern District of Florida, this Order takes precedence." Nonetheless, it has now been more than two months since Plaintiffs filed their Motions, and Defendant has failed to respond.

[3] The Clerk of Court previously received two notices of undeliverable mail, and pursuant to its policy the Clerk stated that it would no longer send documents to Defendant at his listed address, and the Clerk has not received a new address for Defendant. [DEs 486, 540].

2

469]. Apparently, Defendant never retained new counsel, as no attorney has since entered an appearance on his behalf, and he is now proceeding *pro se.*

In this Report and Recommendation, the Court will first address whether each Motion alleges sanctionable conduct, and then will analyze whether the requested sanctions—striking of Defendant's pleadings and entry of a default against him—which are common to both motions, are appropriate in this case.

### a. **Motion Regarding Joseph Walsh, Sr.'s Deposition [DE 650]**

In this Motion [DE 650], the Represented Plaintiffs allege that Walsh, Sr., has failed to appear for three duly noticed depositions. The Represented Plaintiffs assert that they previously filed a Motion to Compel Walsh, Sr., to Participate in Discovery on October 3, 2019, after he failed to appear for his first duly noticed deposition, which was originally scheduled for August 8, 2019 [DE 544].  On October 28, 2019, this Court partially granted the Motion and ordered Walsh to appear for his deposition, rescheduled for November 10, 2019, and ordered him to comply with Represented Plaintiffs' discovery requests [DE 559].

Demonstrating a complete lack of regard for Orders of Court, Walsh, Sr. ignored this Order and failed to appear for his second duly noticed deposition. On April 22, 2020, the Represented Plaintiffs moved for sanctions against Walsh, Sr., for failure to appear, in the form of striking his pleadings and an entry of default.  [DE 622]. On May 12, 2020, the Court denied that motion but entered an order for attorney's fees.  [DE 632]. Walsh, Sr., has failed to satisfy the attorney's fees order, further evincing a disregard for his obligations in this case. On May 31, 2020, Represented Plaintiffs noticed Walsh's deposition to take place on June 11, 2020, at the offices of Represented Plaintiffs' local counsel, Matthew Fornaro, Esq., located in Coral Springs, Broward County, Florida.  [DE 650-1]. Defendant Walsh, Sr., did not attend the deposition. [DE 650-3]. Thus, he

has now failed to appear for three depositions, failed to respond to written discovery, and ignored multiple Court Orders. The Court finds Defendant's conduct to be willful, in bad faith, dilatory, and designed to delay these proceedings. Defendant has also abandoned his defense in this case.

The Court finds that the Represented Plaintiffs have identified sanctionable conduct on the part of Defendant Walsh, Sr., as he has flatly failed to comply with multiple Court Orders spanning multiple years. Based on Defendant's bad faith failure to comply with his discovery obligations and this Court's orders, and based upon the Court's other findings in this Order, the imposition of severe sanctions against this Defendant are appropriate at this juncture.

### b. Motion Regarding Joseph Walsh, Sr.'s Failure to Respond to Written Discovery Requests [DE 651]

In this Motion [DE 651], the Represented Plaintiffs assert that they served their First Set of Interrogatories and Requests for Admission as well as their Second Set of Requests to Produce upon Walsh, via email and first-class mail, on May 15, 2020. [DE 651-1]. Responses to those requests were due 30 days later, on June 15, 2020. *See* FRCP 33(b)(2) and 34(b)(2). To date, no response has been served. The Court previously entered an Order [DE 559] directing Defendant to comply with discovery requests and his discovery obligations.

The Court finds that the Represented Plaintiffs have identified sanctionable conduct on the part of Defendant Walsh, Sr. Defendant's failure to comply with his discovery obligations, and with orders of this Court, is willful, in bad faith, and designed to delay and frustrate these proceedings. A party may not flatly fail to comply with Court orders and fail to respond to requests for written discovery. Thus, an order imposing severe sanctions against this Defendant is appropriate at this juncture.

## II.   DETERMINING THE APPROPRIATE SANCTIONS

Based upon the foregoing, Defendant Joseph Walsh Sr. has engaged in sanctionable

4

conduct. The Represented Plaintiffs ask this Court to strike his pleadings and enter a default against him.

The Court has "broad discretion" in employing the sanctions set forth in Rule 37(b)(2). *Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 949 (11th Cir. 2017). "If a pro se litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Federal Rule of Civil Procedure 37(b)(2)(A) states in part that, if a party "fails to obey an order to provide or permit discovery," the court where the action is pending "may issue further orders." Fed. R. Civ. P. 37. These orders may include the following: directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i-vii). A court may also enter the sanction of default pursuant to its inherent authority when a Defendant engages in bad faith, dilatory misconduct as Defendant has in this case.

Although a court is granted broad discretion in imposing appropriate sanctions for discovery violations, that discretion is not without limit. *KLX, Inc., v. Your Container Solutions., Inc.*, 2018 WL 6978698, at *3 (S.D. Fla. Nov. 15, 2018); *see also Taylor v. Bradshaw et al.*, 2015 WL 11256306, at *3 (S.D. Fla. Apr. 8, 2015), aff'd sub nom. *Taylor v. Bradshaw et al.*, 2018 WL 3414344 (11th Cir. 2018). To impose the ultimate sanction of default or dismissal requires a finding of bad faith on the part of the non-complying party. *Societe Internationale pour*

*Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958). A discovery violation caused by simple negligence, misunderstanding, or inability to comply will not justify a default judgment or dismissal. *In re Chase Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1982). Finally, the severe sanction of default or dismissal is appropriate only as a last resort, when less draconian sanctions will not cure the prejudice or otherwise ensure future compliance with discovery obligations. *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988)

In this case, it is clear to the Court that Defendant has engaged in a clear pattern of bad faith, extreme delay and willful contempt of multiple Orders of Court.  As discussed above, he was subject to numerous Court Orders compelling him to respond to discovery, sit for three separate depositions, and pay attorneys' fees. However, he has not even minimally complied with these Orders; instead, he is ignoring Court orders and delaying and frustrating this proceeding. He has effectively abandoned his defense in this case. The Represented Plaintiffs have been prejudiced by having to prepare for three separate depositions, all of which were unattended, and producing and propounding written discovery, all of which has been unresponded-to. They are, and will continue to be, prejudiced by having to litigate in a vacuum caused by Defendant's apparent absence.

The Court must determine the nature of the sanctions that should be imposed. The striking of Defendant's pleadings and entry of Default against Defendant is a severe sanction and one that this Court only imposes as a last resort. That point has now arrived.

Having considered all of the filings in this case, the Court finds that Defendant's pleadings should be stricken and a default should be entered against him, pursuant to  Rule 37 and the inherent authority of this Court, for failing to comply with numerous Court Orders, for his countless discovery violations, for acting in bad faith, for delaying and frustrating this litigation,

6

and for the other improper conduct found in this Order. The Court does not make this decision lightly. However, the facts before the Court dictate that the severe sanction of striking Defendant's pleading and entering default against him should be imposed here. As discussed above, there is a clear pattern of delay and willful contempt by this Defendant of his discovery obligations and the Court's Orders.

After contemplating lesser sanctions, the Court finds that none would suffice; instead, the striking of pleadings and entry of default is the least severe sanction that will remedy this Defendant's complete abandonment of his defense and bad faith misconduct in this case. The Court has issued numerous orders directed to this Defendant and he has not minimally complied with one of these orders. He has been warned that the sanction of default could be entered, but nonetheless has still apparently abandoned his defense of the present case.

The degree of this Defendant's noncompliance with Court orders rises to the level of that which prompted an entry of default in *KLX, Inc.*, *supra*, at *3. In that case, it appeared to the court that the defendant "does not intend to participate in any meaningful way going forward." *Id*. at *3. The Court noted that it had provided "multiple opportunities for [the defendant] to comply with his discovery obligations," but nonetheless, the defendant still "choose[] to ignore his obligations in this lawsuit. *Id*. Thus, the Court struck the defendant's pleadings, and recommended that default be entered. *Id*.

Likewise, in this case, this Defendant has demonstrated, by his full and total abandonment of his defense in this case, that he does not intend to participate in discovery in good faith. Thus, his pleadings should be stricken, and default should be entered against him.

Accordingly, it is hereby **RECOMMENDED** that

The Court **GRANT** the Represented Plaintiffs' Motion to Compel and for Sanctions

Regarding Deposition of Joseph J. Walsh, Sr. [DE 650], and Motion to Compel and For Sanctions Regarding Written Discovery Requests to Joseph J. Walsh, Sr. [DE 651]. Defendant's pleadings should be stricken and a Default should be entered against Defendant Joseph Walsh, Sr.

## **NOTICE OF RIGHT TO OBJECT**

A party shall file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of September 2020.

*[signature: William Matthewman]*

WILLIAM MATTHEWMAN
United States Magistrate Judge