UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LAN LI, et al., ) | |
| ) | Civil Action No. 16-81871-Civ-Marra |
| Plaintiffs, ) | LEAD CASE |
| ) | |
| v. ) | |
| ) | |
| WALSH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**EVANS DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE**

Defendants', Leslie Robert Evans and Leslie Robert Evans & Associates. P.A. (collectively, "Evans Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Evid. 201, move this Honorable Court to take judicial notice of:

(1) The "Order Estimating The Claim Of KK-PB Financial, LLC And Deny Ability To Credit Bid" ("Order") in the related case styled, "In re: 160 Royal Palm, LLC, Debtor," pending in the United States Bankruptcy Court, Southern District Of Florida, West Palm Beach Division, assigned Case No. 18-19441-EPK (hereinafter, "Bankruptcy Action"). (Said Order is attached hereto as Exhibit "A");

(2) Judge Kimball's finding in the Order that the value of KK-PB's claim is $0.00, and denying KK-PB's ability to credit bid at the sale of the Palm House Hotel, after finding that KK-PB's $27,468,750 mortgage was voidable as a fraudulent transfer;

(3) Judge Kimball's finding in the Order that: "The question of whether a Debtor's remaining assets are unreasonably small, in this context, typically requires an

3

analysis of whether at the time of the transfer there was a likelihood of future insolvency or inability to pay debts as they become due. Based on the evidence admitted in this matter, on the date of the closing, it was very likely that the Debtor would be unable to pay the debt service to KK-PB. Indeed, it is undisputed that the Debtor was able to make only 3 payments to KK-PB before defaulting. For the same reason, the evidence supports the conclusion that the Debtor should reasonably have believed that it would be unable to pay KK-PB's note obligation, which was its largest ongoing payment obligation. <u>The recording of KK-PB's mortgage only increased the Debtor's financial stress by making it less likely the Debtor could obtain additional capital</u>. Thus all of the elements for relief under section 726.105(1)(b) are satisfied in this case." (emphasis added).;

(4)  Judge Kimball's finding in the Order that: "The final element for relief under section 726.106 is insolvency. The Debtor must either have been insolvent at the time of the transfers or was made insolvent by the transfers. The evidence admitted in this matter indicates that the Debtor was rendered insolvent by the note obligation to KK-PB entered into at the closing in August 2013, and the Debtor remained insolvent at the time the mortgage was recorded in March 2014";

(5)  Judge Kimball's finding in the Order that: "Under Florida statues section 726.109(4) a good faith transferee has certain rights equivalent to the value given to the Debtor. But here no value was given to the Debtor itself, and so KK-PB may not take advantage of the good faith defense.";

(6)  Judge Kimball's finding in the Order that: "As a result of these rulings, the note obligation would be avoidable under section 544 and the mortgage would

3

also be avoidable under section 544 and would be recoverable for the estate under section 550. I find that the evidence admitted in this matter proves these claims by a preponderance of the evidence. In other words, if this was a trial on the merits of a complaint presenting the fraudulent transfer claims under section 544, the Debtor would have won. The result of this analysis is that the Court will estimate the claim of KK-PB, for all purposes in this bankruptcy case, as an unsecured claim and will estimate the claim amount as zero dollars. <u>Because KK-PB has neither a lien</u> nor an allowed claim, KK-PB is not permitted to credit bid under the explicit text of section 363(k). Thus, the Debtor's motion seeking an order prohibiting KK-PB from credit bidding will be granted." (emphasis added);

(7) The proceedings in the United States Supreme Court in KK-PB Financial, LLC v. 160 Royal Palm, LLC, Case no 19-1456, denying KK-PB Financial's Writ of Certiorari;

(8) The proceedings in KK-PB Financial, LLC v. 160 Royal Palm, LLC, Case No. 19-11402 (11th Cir. 2019), rehearing denied on January 29, 2020;

(9) The proceedings in KK-PB Financial, LLC v. 160 Royal Palm, LLC, Case No. 19-14527 (11th Cir.2019), dismissed for lack of jurisdiction on February 6, 2020;

(10) The proceedings in KK-PB Financial, LLC v. 160 Royal Palm, LLC, Case No. 19-90020 (11th Cir. 2019), petition denied on February 6, 2020; and

(11) The proceedings in KK-PB Financial, LLC v. 160 Royal Palm, LLC, Case No. 19-10962 (11th Cir.2019), voluntarily dismissed April 1, 2019.

(12) Order Approving Sale in In re: 160 Royal Palm, LLC, Debtor," pending in the United States Bankruptcy Court, Southern District Of Florida, West Palm Beach

Division, assigned Case No. 18-19441-EPK. (Exhibit B hereto).

(13) January 8, 2013 transcript, Volume I-A A.M. Session, in In re: 160 Royal Palm, LLC, Debtor," pending in the United States Bankruptcy Court, Southern District Of Florida, West Palm Beach Division, assigned Case No. 18-19441-EPK. (Exhibit C hereto).

(14) The Palm House Hotel property has been sold pursuant to the Bankruptcy Court's orders in "In re: 160 Royal Palm, LLC, Debtor," pending in the United States Bankruptcy Court, Southern District Of Florida, West Palm Beach Division, assigned Case No. 18-19441-EPK

## I. STATEMENT OF FACTS

KK-PB Financial, LLC's First Amended Cross Claims [DE 317] and Motion for Summary Judgment [DE 767] seek judgment against Evans Defendants predicated primarily on their alleged delay of approximately 6 months in recording a certain mortgage. However, the United States Bankruptcy Court, Southern District Of Florida, West Palm Beach Division, Case No. 18-19441-EPK, issued an order that KK-PB's $27,468,750 mortgage was invalid, unenforceable and voidable as a fraudulent transfer, and allowed the sale of the Palm House Hotel property free and clear of the mortgage and other liens. Moreover, in the Order, the Bankruptcy Court made absolutely no adverse findings regarding the timing as to when the mortgage was recorded.

## II. APPLICABLE LAW

Rule 201 governs only judicial notice of adjudicative facts,  and states in rl3evant fact:

"(a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
(b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
(1) is generally known within the trial court's territorial jurisdiction; or
(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
(c) Taking Notice. The court:

3

>(1) may take judicial notice on its own; or
>(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>(d) Timing. The court may take judicial notice at any stage of the proceeding."

*Fed. R. Evid. 201*

"Traditionally, judicial notice has been used to eliminate the need for formal proof by the introduction of evidence of certain matters which either are so universally known and accepted as to be beyond doubt or matters which, while not universally known, are so certain as to beyond doubt." 60 Am. Jur. Proof of Facts 3d 175 (2001). A Court may take judicial notice of adjudicative facts that are not subject to reasonable dispute where (1) they are generally known within the Court's territorial jurisdiction; or (2) they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; *Couch v. Broward County,* No. 11-62126-CIV, 2012 WL 2007148 (S.D. Fla. June 5, 2012) (citing *Shahar v. Bowers,* 120 F.3d 211, 214 (11th Cir.1997) (en banc).

"Generally, a court can take judicial notice of "what was said and <u>what the judge ruled in another court proceeding,</u> as such matters are not subject to reasonable dispute; however, the Court may not take judicial notice of any statements for their truth, as the veracity of statements are subject to reasonable dispute." *In re Cole v. Patton*, No. 6:19-CV-699-ORL-40, 2019 WL 3413525, at *1 (M.D. Fla. July 29, 2019), ( citations omitted) (emphasis added).

II.     ARGUMENT

The various matters listed above are each adjudicative facts that are not subject to reasonable dispute and are accurately and readily determined from sources whose accuracy cannot be reasonably questioned. These facts establish that KK-PB has no claim against Evans Defendants, based on the alleged late filing of the mortgage, since the mortgage has been adjudicated invalid for other reasons. Moreover, notwithstanding that Evans Defendants deny that they owed any duty or have any liability

3

whatsoever to KK-PB Financial, the Order of the bankruptcy Court establishes the lack of any causal relationship between Evans Defendants' alleged liability and any claimed damages. As such, the Court should take judicial notice of them.

**WHEREFORE,** Plaintiffs request that this Honorable Court take judicial notice of the aforesaid matters.

Respectfully submitted,

**LAW OFFICES OF GREGORY R. ELDER, PLLC**

By: /s/ Gregory R. Elder
Gregory R. Elder, Esq.
Florida Bar No. 54006
Law Offices of Gregory R. Elder, PLLC
2300 NW Corporate Blvd., Suite 215
Boca Raton, FL 33431
Phone: (305) 546-1061
Email: gelderlaw@gmail.com
*Attorney for Evans Defendants*

### LOCAL RULE 7.1 AND FED. R. CIV. P. 26(c)(1) CONFERENCE

Counsel for Evans Defendants hereby certifies that they conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement (without court action) the issues raised in the motion and have been unable to reach an agreement.

### CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, on this 12th day of May, 2021, and that the foregoing document is being served this day on all counsel of record identified on the Service List below, via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Gregory R. Elder

Service List:

> Larry A. Zink, Esq.
> Florida Bar No. 0109592
> ZINK, ZINK & ZINK CO., L.P.A.
> **Florida Office:**
> 1198 Hillsboro Mile - Suite 244 Hillsboro Beach, FL 33062
> **Ohio Office:**
> 3711 Whipple Ave., N.W.
> Canton, OH 44718-2933
> Telephone: (330) 492-2225
> Facsimile: (330) 492-3956
> Cell Phone: (330) 495-0171 Email: zinklaw3711@yahoo.com
> *Counsel for Defendant, KK-PB Financial, LLC*