UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-81871-MARRA/MATTHEWMAN

LAN LI, *et al.*,

    Plaintiffs,

v.

JOSEPH WALSH, *et al.*,

    Defendants.

_____/

**FILED BY SW D.C.**
**May 5, 2023**
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**ORDER SCHEDULING HEARING ON THE 17 PLAINTIFFS' MOTION TO COMPEL COMPLIANCE FROM NON-PARTY YAHOO INC. OR, IN THE ALTERNATIVE, CONFIRM CONSENT OF DEFENDANT PAYNE**

**THIS CAUSE** is before the Court upon the 17 Plaintiffs' Motion to Compel Subpoena Compliance from Non-Party Yahoo Inc. or, in the Alternative, Confirm Consent of Defendant Payne ("Motion") [DE 934].[1] Non-Party Yahoo Inc. has filed a Response [DE 940], and the 17 Plaintiffs have filed a Reply [DE 941]. Upon review of the 17 Plaintiffs' and Non-Party Yahoo Inc.'s papers, the Court finds it necessary to set a hearing to address the Motion [DE 934].

**PRELIMINARY STATEMENT AS TO DEFENDANT PAYNE'S YAHOO EMAILS**

This case involves somewhat of a unique situation. First, according to counsel for the 17 Plaintiffs, *pro se* Defendant Payne has admitted that he has "been deleting his emails on [a] regular basis." [DE 934 at 4]. Accordingly, in an effort to obtain Defendant Payne's emails, counsel for the 17 Plaintiffs issued a subpoena to Yahoo Inc. (after giving advance notice to Payne) seeking all emails from Yahoo for the period of January 1, 2010, to present. [DE 934-1 at

---

[1] Specifically, the 17 Plaintiffs are Baoping Liu, Changyue Liu, Daqin Weng, Feng Guo, Li Zhang, Ling Li, Liyan Feng, Min Cui, Qingyun Yu, Shaoping Huang, Shaoqing Zeng, Tingting Sun, Tonghui Luan, Xiao Sun, Yawen Li, Yi Zhao, and Zheng Yu.

1

2]. Defendant Payne did not object to the subpoena. In response, Yahoo Inc. has asserted that it will not produce the emails because Defendant Payne has not affirmatively consented to Yahoo Inc.'s production of his emails, as is assertedly required for civil subpoenas under the Stored Communications Act. These are thorny issues which require thoughtful consideration and a fair ruling.

Accordingly, the Court **ORDERS** as follows:

1. A hearing on the 17 Plaintiffs' Motion shall be conducted via Zoom video teleconference (VTC) on **May 17, 2023 at 1:00 p.m.** in the West Palm Beach Division before United States Magistrate Judge William Matthewman. Counsel for the 17 Plaintiffs, counsel for Yahoo Inc., and *pro se* Defendant Payne are directed to attend the hearing via Zoom VTC. To log in through ZoomGov Meeting, use Meeting ID: 160 540 3826 and Passcode: 246129.

2. During the hearing, the 17 Plaintiffs, Defendant Payne, and Non-Party Yahoo Inc. shall be prepared to discuss all issues relevant to this dispute, including: (1) issues surrounding actual or implied consent of Defendant Payne to the subpoena pursuant to the Stored Communications Act, 18 U.S.C. § 2701; (2) whether an evidentiary hearing is necessary as to the status of the allegedly deleted emails and Defendant Payne's consent or lack of consent to the subpoena to Yahoo Inc.; and (3) whether the emails at issue, allegedly deleted by Defendant Payne, give rise to a spoliation hearing.[2]

---

[2] *See, e.g.*, *Hyundai Motor Am. Corp. v. N. Am. Auto. Servs., Inc.*, No. 20-82102-Civ, 2021 WL 3111191 (S.D. Fla. July 22, 2021); *Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, 343 F.R.D. 230 (S.D. Fla. 2022).

3. Counsel for the 17 Plaintiffs shall forthwith serve via email a copy of this Order on Defendant Payne. The Clerk shall also mail a copy of this Order to Defendant Payne.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of May, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge