UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-81871-MARRA/MATTHEWMAN

LAN LI, *et al.*,

    Plaintiffs,

v.

JOSEPH WALSH, *et al.*,

    Defendants.

_____/

**ORDER GRANTING 17 PLAINTIFFS' MOTION
TO COMPEL SUBPOENA COMPLIANCE FROM NON-PARTY
ILLINOIS DEPARTMENT OF REVENUE [DE 933]**

**THIS CAUSE** is before the Court upon: (1) the 17 Plaintiffs' Motion to Compel Subpoena Compliance from Non-Party Illinois Department of Revenue [DE 933]; and (2) the 17 Plaintiffs' Notice of Filing a Response to Court Order D.E. 935 by Non-Party Illinois Department of Revenue [DE 939], wherein the 17 Plaintiffs state that non-party Illinois Department of Revenue ("Illinois DOR") was "unable to obtain counsel in the Southern District of Florida to assist . . . with filing a response . . . [but] does not dispute Plaintiffs' ability to obtain" an order compelling compliance with the subpoena at issue. [DE 939 at 1]. Thus, the matter is now ripe for review.

**I.   BACKGROUND**

On March 27, 2023, the Court granted the 17 Plaintiffs' Motion to Reopen Discovery. [DE 932]. Specifically—noting that the 17 Plaintiffs sought to reopen discovery to obtain bank records, tax returns, and email records from third parties—the Court found that such third-party

1

discovery was "not burdensome on Defendant Payne." [DE 932 at 1]. The Court also found that the requested third-party discovery "may contain relevant information relating to the merits of th[e] case and therefore could assist the trier of fact coming to a proper resolution of the case on the merits." *Id.* And, the Court found and that there would not be any prejudice to Defendant Payne in allowing discovery from third parties. *Id.* Consequently, pursuant to the Court's March 27, 2023 Order [DE 932], the 17 Plaintiffs issued a subpoena duces tecum to the Illinois DOR, seeking "[a]ll tax returns and schedules for [Defendant] John Marcus Payne . . . from 2010 to the present." [DE 933 at 9–12].

## II. **MOTION AND RESPONSE**

A. <u>The 17 Plaintiffs' Motion [DE 933]</u>

In the 17 Plaintiffs' Motion to Compel Subpoena Compliance from Non-Party Illinois Department of Revenue [DE 933], the 17 Plaintiffs note that "[o]n April 3, 2023 and April 11, 2023, respectively, [they] properly issued and served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises In a Civil Action upon [the] Illinois Department of Revenue . . . ." [DE 933 at 2]. After explaining the subpoena's compliance with Rule 45 of the Federal Rules of Civil Procedure, the 17 Plaintiffs note that Defendant did not assert any privileges or objections to the subpoena. *Id.* Moreover, as to the propriety of the subpoena, the 17 Plaintiffs claim that the requested documents "are crucial for Plaintiffs to ascertain [Defendant] Payne's streams of income (or lack thereof) while . . . allegedly a resident of the State of Illinois at the times of the alleged wrongful conduct at the heart of this matter." *Id.* at 3.

However, in response to the 17 Plaintiffs' subpoena duces tecum, the Illinois DOR stated as follows:

> The Department regrets that it cannot comply with the command of the subpoena and hereby objects in writing to producing the requested information. Information received by the Department of Revenue from tax returns and investigations of taxpayers is confidential pursuant to Section 917 of the Illinois Income Tax Act (35 ILCS 5/917). The Department may not disclose such information even pursuant to subpoena. There are statutory exceptions to the disclosure prohibition. However, it does not appear that an exception is applicable here. In order to product the information requested in the subpoena, [the Illinois DOR] must receive a court order signed by a judge.

[DE 933 at 17]. Accordingly, the 17 Plaintiffs now seek a court order requiring the Illinois DOR to produce the records requested by way of subpoena duces tecum. *Id.* at 4.

B. Illinois DOR's Response [DE 939]

On April 20, 2023, the Court entered a Paperless Order, requiring the Illinois DOR to file a response to the 17 Plaintiffs' Motion to Compel Subpoena Compliance [DE 933] on or before April 27, 2023. [DE 935]. However, because the Illinois DOR was "unable to obtain counsel in the Southern District of Florida to assist . . . with filing a response to [the] motion," DE 939-1 at 2, the 17 Plaintiffs filed a Notice of Filing a Response to Court Order D.E. 935 [DE 939] on behalf of the Illinois DOR. Specifically, attached to the Notice of Filing is a letter from the Illinois DOR [DE 939-1], wherein the Illinois DOR simply states that its objection to the subpoena duces tecum is a "formality required by Illinois law," and that it is required "pursuant to Section 917 of the Illinois Income Tax Act, to object in writing and obtain a court order prior to producing Illinois Income Tax records." [DE 939-1 at 2]. According to the Illinois DOR, it simply "need[s] a court order to produce the information [the 17 Plaintiffs] seek." *Id.* at 3.

### III. ANALYSIS & RULING

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena must: (1) "state the court from which it is issued"; (2) "state the title of the action and its civil-action number"; (3) "command each person to whom it is directed to do the following at a specified time and place: .

3

. . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control"; and (4) "set out the text of Rule 45(d) and (e)." Fed. R. Civ. P. 45(a)(1)(A). "If the subpoena commands the production of documents . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Further, for purposes of Rule 45(c), a subpoena may command "production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). And, it is "the court for the district where compliance is required [that] must quash or modify a subpoena" that fails to comply with Rule 45(c). Fed. R. Civ. P. 45(d)(3)(A).

Here, the subpoena at issue is fully compliant with Rule 45(a)(1)(A), as it: (1) states the court from which it is issued; (2) states the title of the action and the civil action number; (3) commands the Illinois DOR to produce designated documents;[1] and (4) sets out the text of Rule 45(d) and (e). [DE 933 at 9–12]. Additionally, before the subpoena was served on the Illinois DOR, a copy of the subpoena duces tecum was provided to Defendant Payne via email.[2] [DE 933 at 14]. Thus, had the Illinois DOR objected, it is an Illinois federal court—utilizing precedent from the United States Court of Appeals for the Seventh Circuit—that would have considered any motion to quash or modify the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A).

Accordingly, relying upon *United States SEC v. Hyatt*, 621 F.3d 687 (7th Cir. 2009), for the premise that an intervening court order is required if the subpoena recipient objects in writing the production of documents, and based upon language from 35 Ill. Comp. Stat. 5/917 that "all

---

[1] While the subpoena duces tecum directs the Illinois DOR to provide the documents to a Miami address that would necessarily be more than 100 miles of where the Illinois DOR is located, the Illinois DOR did not object on that basis. *See* DE 939-1 at 3 ("IDOR does not dispute your ability to obtain such an order or the federal court's authority to order IDOR to produce the records.").

[2] Although Rule 45(a)(4) requires the subpoena to be *served* on each party before it is served on the person to whom it is directed, Defendant Payne has not objected to the subpoena.

information received by the Department from returns filed under th[e Illinois Income Tax] Act . . . . shall be confidential, . . . and any person who divulges any such information in any manner, except . . . in accordance with a proper judicial order, shall be guilty of a Class A misdemeanor," the Illinois DOR contends that it simply "need[s] a court order to produce the [requested] information." [DE 939-1 at 3].

Therefore, in light of the fact that the Illinois DOR does not object to the subpoena duces tecum and merely needs a court order to protect itself from the provisions of 35 Ill. Comp. Stat. 5/917, the Court finds that the 17 Plaintiffs' Motion to Compel Subpoena Compliance from Non-Party Illinois Department of Revenue [DE 933] is due to be granted. This is especially the case because the Court has already found that obtaining bank records, tax returns, and email records from third parties: (1) is not burdensome on Defendant Payne; (2) could assist the trier of fact; and (3) would not cause Defendant Payne any prejudice. [DE 932 at 1].

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that the 17 Plaintiffs' Motion to Compel Subpoena Compliance from Non-Party Illinois Department of Revenue [DE 933] is **GRANTED**. Specifically:

1. Counsel for the 17 Plaintiffs shall forthwith produce a copy of this Order to the Illinois DOR.

2. The Illinois DOR shall then treat this Order as a "proper judicial order" under 35 Ill. Comp. Stat. 5/917 and shall produce "[a]ll tax returns and schedules for John Marcus Payne . . . from 2010 to the present" on or before **May 17, 2023.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of May, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge